UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

PRIME CAPITAL VENTURES, LLC,                              Case No. 24-11029-REL
                                                          Chapter 11

                                Debtor.

## DEBTOR'S APPLICATION TO RETAIN
## KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
## AS ITS GENERAL COUNSEL, EFFECTIVE AS OF SEPTEMBER 16, 2024

Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case (the "Bankruptcy Case"), as and for its application (the "Application") for entry of an order in the form annexed hereto as Exhibit A, pursuant to 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as its general counsel effective as of September 16, 2024.  In support of this Application, the Debtor submits the declaration of Fred Stevens (the "Stevens Declaration") attached hereto as Exhibit B, and respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014, and Rule 2014-1 of

the Local Bankruptcy Rules for the Northern District of New York (the "Local Bankruptcy Rules").

## INTRODUCTION

5. On September 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") [Docket No. 1].

6. Information regarding the Debtor is set forth in the *Local Bankruptcy Rule 2015 Affirmation* [Docket No. 6].

7. As of the date of this Application, no chapter 11 trustee, examiner, or creditors' committee has been appointed in the Bankruptcy Case.

## RELIEF REQUESTED

8. The Debtor seeks to retain KWJS&S as its general counsel pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 effective as of September 16, 2024, the day on which KWJS&S began work on this matter at the request of the Debtor.

9. Section 327 (a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10. Rule 2014(a) of the Bankruptcy Rules provides, in relevant part:

*Application for an Order of Employment.* An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts

showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

### **RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

11. The Debtor respectfully submits that it requires general counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

   a. advise the Debtor with respect to its rights, powers and duties as debtor and debtor-in-possession in the liquidation of its assets;

   b. attend meetings and negotiate with governmental authorities, and representatives of creditors and other parties in interest and advise and consult on the conduct of the Bankruptcy Case, including all of the legal and administrative requirements of operating under chapter 11;

   c. take all necessary action to protect and preserve the Debtor's estate, including prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved and objections to claims filed against the estate;

   d. prepare on behalf of the Debtor such motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

   e. assist the Debtor in analysis and negotiations with any third-party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

   f. represent the Debtor at all hearings and other proceedings;

   g. assist the Debtor in analysis of matters relating to the legal rights and obligations of the Debtor with respect to various agreements and applicable laws;

   h. review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Debtor as to its propriety;

3

      i. assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives;

      j. assist and advise the Debtor with regard to communications to governmental authorities, and the general creditor body regarding any proposed chapter 11 plan or other significant matters in the Bankruptcy Case;

      k. assist the Debtor with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to Sections 1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan; and

      l. perform such other legal services as may be required and/or deemed to be in the interest of the Debtor in accordance with its powers and duties as set forth in the Bankruptcy Code.

      12. The Debtor has selected KWJS&S because it has extensive experience and knowledge in the fields of debtors' and creditors' rights, general corporate law, debt restructuring, investigations, corporate reorganizations, and litigation, among others. Further, KWJS&S has significant experience in representing debtors and other interested parties in bankruptcy cases, including cases analogous or otherwise relevant to the Debtor's case in many ways. Accordingly, the Debtor believes that KWJS&S is well qualified to represent it as its general counsel in the Bankruptcy Case.

## **PROFESSIONAL COMPENSATION**

      13. KWJS&S has indicated its willingness to serve as general counsel to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S. The current hourly rates charged for attorneys and paralegals are set forth in the Stevens

Declaration. KWJS&S will seek compensation payable to KWJS&S on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KWJS&S.

14. To the best of the Debtor's knowledge, KWJS&S has not performed any services for the Debtor and is, therefore, not a creditor of the Debtor's estate. Additionally, KWJS&S does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or its respective attorneys, except to the extent set forth in the Stevens Declaration.

15. To the best of the Debtor's knowledge, and except as otherwise disclosed in the Stevens Declaration, (i) KWJS&S does not hold or represent any interest adverse to the Debtor's estate, (ii) KWJS&S is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, (iii) neither KWJS&S nor its professionals have any connection with the Debtor, its estate or creditors, and (iv) KWJS&S's employment is necessary and in the best interests of the Debtor's estate.

## NO PRIOR RELIEF

16. No previous application for the relief sought herein has been made to this or any other court.

*[Continued on next page]*

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, in substantially the same form as that annexed hereto as Exhibit A, granting it authority to retain KWJS&S as its general counsel effective as of September 16, 2024, and granting such other and further relief as may be just and proper.

Dated:   Albany, New York
         September 19, 2024

**PRIME CAPITAL VENTURES, LLC**

By:   */s/ Christian H. Dribusch*
      Christian H. Dribusch, in his capacity as the
      Manager of Prime Capital Ventures, LLC

Proposed General Counsel:

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Fred Stevens*
      Fred Stevens
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com
             lkiss@klestadt.com

      *Proposed General Counsel to the
        Debtor*