# Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

PRIME CAPITAL VENTURES, LLC,    Case No. 24-11029-REL
                                Chapter 11

                    Debtor.

**DECLARATION OF DISINTERESTEDNESS IN
SUPPORT OF DEBTOR'S APPLICATION TO RETAIN
KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
AS ITS GENERAL COUNSEL, EFFECTIVE AS OF SEPTEMBER 16, 2024**

**FRED STEVENS**, declares under penalty of perjury as follows:

1. I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Court for the Northern District of New York. I am a partner at the law firm known as Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"). KWJS&S maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, New York 10036-7203.

2. I am familiar with the matters set forth herein and make this declaration in support of the application of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor to employ KWJS&S as its general counsel.

3. Insofar as I have been able to ascertain, KWJS&S does not hold and does not represent any interest adverse to the Debtor, its creditors, professionals or any other party in interest, or any of their respective attorneys or professionals, except as disclosed herein.

4. To the best of my knowledge, after due inquiry, KWJS&S:

   a) is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

    b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

    c) does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Accordingly, I believe KWJS&S is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code.

    5.    KWJS&S maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine KWJS&S's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that KWJS&S has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness. Though it does not rise to the level of conflict, it warrants disclosure that I am a member of the panel of private chapter 7 bankruptcy trustees in the Southern District of New York established by the United States Trustee pursuant to 28 U.S.C. §586(a)(1).

    6.    In addition, while they do not represent a conflict of interest, the following connections and relationships warrant disclosure:

- Bond Schoeneck & King, PLLC ("BSK"), served as counsel to the Debtor in its last Chapter 11 bankruptcy case (Case No. 24-10531 (REL)), and is a creditor in this case. BSK currently serves as counsel to KWJS&S partner Fred Stevens, solely in his capacity as Plan Administrator in the Chapter 11 case of *In re M. Burton Marshall*, Case No. 23-

2

    60263 (PGR) (Bankr. N.D.N.Y.); and

- KWJS&S partner Fred Stevens was proposed to be a receiver in the matter of *ER Tennessee LLC v. Prime Capital Ventures LLC, et al.*, Index No. 650231/2024 (N.Y. Sup. Ct., NY Cty.), but was never actually appointed and the matter was deemed closed without relief or appointment of any receiver due to the Debtor's prior bankruptcy filing.

7.    Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. Currently, partners of the firm bill from $695 to $950 per hour; associates bill at $550 per hour; and the firm's paralegals bill at $250 per hour. My current hourly rate is $825 per hour. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are expected to increase on January 1, 2025. KWJS&S shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with Section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

8.    The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate KWJS&S for its work, the work of its associates and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses. KWJS&S's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court.

KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

9.  This declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). KWJS&S intends to apply to this Court for compensation for professional services rendered in connection with this case. KWJS&S has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. KWJS&S does not have, nor will it agree to have, an agreement with any other entity to share with such entity any compensation KWJS&S receives.

I declare under penalty of perjury that the foregoing is true and correct on this the 19th day of September, 2024.

*/s/ Fred Stevens*
Fred Stevens

4