# EXHIBIT "1"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC

                    Plaintiff,

        - against -                          **Case No. 24-cv-55 (MAD/DJS)**

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL
PARTNER, LLC, BERONE CAPITAL LLC,
BERONE CAPITAL EQUITY FUND I, LP,
405 MOTORSPORTS LLC F/K/A BERONE
CAPITAL EQUITY PARTNERS, LLC,

                    Defendants.
---------------------------------------------------------------


## <u>FOURTH REPORT OF PERMANENT RECEIVER</u>


                                   Respectfully submitted,


                                   Paul A. Levine, Esq.
                                   RECEIVER
                                   LEMERY GREISLER LLC
                                   Office and P.O. Address
                                   677 Broadway, 8th Floor
                                   Albany, New York 12207
                                   Ph:  (518) 433-8800
                                   Fax:  (518) 433-8823

                                   plevine@lemerygreisler.com

## TABLE OF CONTENTS

**Page**

1. INVESTIGATIVE ACTIVITIES............................................................................... 1

    a. Forensic Accounting.................................................................................. 1
    b. Prime Capital's Accounts.......................................................................... 2
    c. Berone's Accounts.................................................................................... 2
    d. Investigation as to Prime........................................................................... 3
    e. Investigation – Berone............................................................................... 4
    f. Relationship Between Prime and Berone..................................................... 5

2. LITIGATION ACTIVITIES..................................................................................... 7

    a. ER Tennessee........................................................................................... 7
    b. Caruso...................................................................................................... 7
    c. 135 Railroad............................................................................................. 8
    d. Reign........................................................................................................ 8
    e. B and R Acquisition Partners, LLC, et al.................................................... 9
    f. Onward..................................................................................................... 9
    g. Camshaft.................................................................................................. 9
    h. 1800 Park Avenue..................................................................................... 10

3. STATUS OF ASSETS OVER WHICH THE RECEIVER HAS CONTROL................ 10

    a. Real Estate............................................................................................... 10
    b. Investment Assets..................................................................................... 10
    c. Vehicles................................................................................................... 11
    d. Watch...................................................................................................... 11
    e. Bank Accounts.......................................................................................... 11
    f. Loan Receivables...................................................................................... 11

4. STATUS OF ISSUES REMAINING IN PRIME INVOLUNTARY............................. 12

5. STATUS OF ROGLIERI CHAPTER 11................................................................. 13

6. GENERAL COMMUNICATIONS FROM VICTIMS................................................. 15

7. ACCOUNTING TO COURT................................................................................. 15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC

Plaintiff,

- against -                                    **Case No. 24-cv-55 (MAD/DJS)**

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL
PARTNER, LLC, BERONE CAPITAL LLC,
BERONE CAPITAL EQUITY FUND I, LP,
405 MOTORSPORTS LLC F/K/A BERONE
CAPITAL EQUITY PARTNERS, LLC,

Defendants.
----------------------------------------------------------------

## <u>FOURTH REPORT OF PERMANENT RECEIVER</u>

To:    Hon. Mae D'Agostino, United States District Court Judge

In order to keep the Court and parties advised on matters since his Third Report, Paul A.
Levine, Esq., Permanent Receiver (the "Receiver") for Defendants Prime Capital Ventures LLC
("Prime") Berone Capital Fund, LP, Berone Capital Partner, LLC, Berone Capital LL C, Berone
Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners, LLC
(collectively "Berone") (Prime and Berone are collectively the "Defendants") respectfully
submits his Fourth Report to the Court as follows.

## 1.  <u>INVESTIGATIVE ACTIVITIES</u>

    a.  **<u>Forensic Accounting</u>**

The Receiver has retained BST & Co. CPAs, LLC ("BST") to conduct a forensic
accounting analysis of Prime's and Berone's bank accounts.  BST has reviewed substantial
banking records, has conferred several times with the Receiver and has rendered several reports

1

as to the various accounts which detail, to the extent information is available from the banking records themselves, the sources of deposits into the accounts and disbursements from the accounts. A summary memo with attached schedules from BST to the Receiver is attached hereto as Exhibit "A[1]." Highlights include:

    b. **Prime Capital's Accounts**

- Wire transfer information from Farmers Bank showed that approximately $99,340,492 in ICA deposits were initially identified wherein approximately $24,307,178 was returned to third-party borrowers.

- An examination of KeyBank and Citibank accounts showed a total of approximately $83,662,632 in potential additional ICA deposits were identified wherein approximately $33,328,750 was returned to the third-party borrowers.

- Potential personal expenditures from a KeyBank account totaled $3,469,172.88.

- Potential personal expenditures from a Citibank account totaled $15,542,761.47.

- With respect to Prime's Citibank account a total of $143,608,453.02 was deposited and $142,857,067.81 was withdrawn over the time period September 2022 to January 2023.

As is apparent, tens upon tens of millions of dollars were transferred by Prime to numerous third parties.

    c. **Berone's Accounts**

- BST identified a transfer in of $20,000,000 from Signature Bank account x3581 on October 26, 2022.
- BST also identified a $20,000,000 transfer made on October 24, 2022 from Berone Capital Fund LP to Signature Bank account x3581 (unknown bank account).
- A total of $21,000,000 went to unknown Signature bank accounts.
- $6,000,000 was transferred to a "M Caro Esq IOLTA" account on October 27, 2022.
- $11,800,000 was transferred to a "M Caro Esq IOLTA" account on October 27, 2022.
- Personal expenditures of approximately $944,909 were identified.

---

[1] In places, the report references the Receiver having subpoenaed records. That was the Receiver's intent as expressed to BST but, as explained below, the Receiver is presently constrained from doing so pending the Second Circuit's decision on Prime's appeal.

     d.  **Investigation as to Prime**

It had been the Receiver's intent upon receiving BST's work, to begin serving a rolling series of subpoenas on parties receiving the substantial monies identified through BST's work. The Receiver considers serving such subpoenas critical to identifying possible sources of recovery of funds in this case. By text order entered April 15, 2024 (Doc. No. 170), in response to the Receiver's inquiry, the Court clarified that at the present time, and until the Second Circuit decides Prime's appeal of the January 24, 2024 Memorandum-Decision and Order, no discovery is to take place other than in the arbitration between Prime and Compass-Charlotte 1031, LLC. At such time as the Second Circuit decides the appeal, and assuming that decision keeps the Receiver in place, the Receiver will resume his work in this regard.

With regard to Signature Bank, the parties have all signed a Confidentiality Stipulation that has been so ordered by the Court with respect to the FDIC producing bank statements from Signature Bank which had become insolvent and certain of its records are in the custody of the FDIC. The Receiver's counsel is working with FDIC counsel to obtain production of those records but has been informed that the FDIC requires a subpoena to produce records which, as explained above, the Receiver is prevented from issuing at this time.

The Receiver has also been in contact with the Barclay Damon LLP[2] law firm which served as Prime's counsel and, according to Mr. Roglieri, conducted the "soft closings" prior to funding. The Receiver was advised that the law firm would produce records if issued a subpoena. Again, the Receiver is constrained from doing so presently.

---

[2] Sheppard Mullin, the law firm that did the "hard closings" for Prime, when loans were funded, voluntarily produced information and documents to the Receiver.

e. **Investigation - Berone**

As to Berone, and in direct response to the Court's inquiry on page 41 of its March 19, 2024 Memorandum-Decision and Order (Doc. 160), the Receiver has not yet obtained any evidence that Berone came into possession of Plaintiff's ICA deposit. It is unlikely that the Signature Bank records will provide information in this regard inasmuch as Signature Bank was closed and came under FDIC control on March 12, 2023[3] and Plaintiff's complaint states that it did not pay its ICA deposit until April 27, 2023 (Doc. 1 ¶130).

As part of his investigation, the Receiver sent a letter on March 25th to Berone's counsel requesting information. Exhibit "B." That letter was responded to on April 12th with an attached summary of information provided by Berone. Exhibit "C."

The Receiver has reviewed the responses and the documents provided.  Of concern to the Receiver are the following:

- In response to Receiver request no. 3 for internal financial records such as profit and loss statements, check registers, income and expense statements and balance sheets, Berone fell back on the explanation that the Receivership has allegedly terminated its access to financial records. That Berone would not have access, on its own computers, to <u>any internal bookkeeping and other records</u> does not seem credible.

- In response to Receiver request no. 9, Berone identified certain of its clients with current concerns regarding their accounts.  Two emails to Berone in this regard were provided to the Receiver and information was provided as to 4 or 5 other

---

[3] https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/signature-ny.html

clients. As he has previously stated, the Receiver is prepared to work with Berone's counsel to assist any clients as he may be able. To date, none have contacted the Receiver.

  f.  **Relationship Between Prime and Berone**

The Receiver's counsel has further reviewed the various agreements by and between Berone and Prime and finds that Berone and Prime did, in fact, have an investment relationship pursuant to the following:

- A Limited Partnership Agreement dated November 23, 2021.

- A Subscription Agreement dated October 7, 2022 pursuant to which Prime was to pay $20,000,000 for a limited partnership interest in Berone Capital Fund LP (DE) with a two year lock-up period.  Given that Prime presumably derived the monies from ICA deposits and would need access to monies to refund ICA deposits or make loans, the lock-up period seems unusual.

- An Investment Advisory Agreement dated June 7, 2023 pursuant to which Berone was the advisor and Prime was the client.  This agreement also had a two year lock-up period.

The Receiver has also reviewed the alleged Joint Venture Agreement dated August 16, 2022 which Berone asserts is a forgery and Prime asserts is genuine. See Doc. 1-25.  In the Receiver's opinion the authenticity of that agreement is suspect. Unlike the other agreements cited above, it does not have wet ink signatures. Rather it has what appear to be facsimile signatures and not of the type that services such as DocuSign generate.  The term of the agreement is "perpetual" which seems unusual for any business agreement.  While it has a notice provision typical to most contracts, it does not have attorneys listed as notice parties. As compared to the other agreements between Prime and Berone listed above, which are

comprehensive and with wet ink signatures, it seems odd that the parties would enter into the alleged Joint Venture Agreement in the midst of their other agreements. For example, how would the Joint Venture Agreement integrate with the other agreements, if at all? And, it seems unusual for an investment advisor to also become a business partner with a client.

As to the alleged RBC statement which according to Prime was presented to it by Berone showing that $52,364,000 was on deposit at RBC (Doc. 13-13), the statement is suspect on its face for at least the following reasons:

- It states it is "Page 1 of 1." Statements that the Receiver obtained from RBC have more than one page, usually several pages.

- It has Prime's Albany address rather than, as other RBC statements for Berone do, Berone's Georgia address.

- It is missing the words "Please see 'About your Statement' on page 2 for further information;" the statements that the Receiver obtained directly from RBC have these words printed on them.

- It adds the words ""if you have any questions, please reach out to your financial advisor."

Compare Exhibits "D" and "E" hereto (which the Receiver has marked to show the differences). As to who is responsible for the false account statement and the dispute over whether the Joint Venture Agreement is genuine, Prime and Berone have accused each other of fraud and the Receiver defers to the Court for the ultimate determination of such matters in either this case or any criminal case that may follow.

2. **LITIGATION ACTIVITIES**

    a. **ER Tennessee**

ER Tennessee LLC ("ER") commenced an action against Prime and Berone Capital LLC in New York State Supreme Court, New York County (Index No. 650231/2024). ER alleges fraud and other causes of action against Prime and Berone relating to a deposit in the amount of $5,000,000 ER made in connection with a proposed loan from Prime. The loan was not made, and the deposit was not returned. The Receiver first had to respond to a motion by ER for the appointment of a Receiver. The Motion was denied. Supreme Court delayed further proceedings in the case pending this Court's decision on whether Kris Roglieri's Chapter 11 bankruptcy filing stayed cases against Prime. Since the Court's March 19, 2023 Memorandum-Decision and Order on that, and many other issues, a deadline to answer or move with respect to the ER lawsuit was established. Berone, through its counsel, had already answered the lawsuit. Prime through the Hogan firm moved to dismiss the complaint. The Receiver submitted an answer for both Prime and Berone. Supreme Court conferenced the case and directed briefing on the authority and ability of Prime and Berone to litigate the case separate and apart from the Receiver. The parties timely submitted their memorandums and declarations to Supreme Court. Just today (April 18th) Supreme Court struck Hogan's motion and directed the Receiver to amend his answer to clarify that the Receiver is answering on behalf of Prime. Supreme Court also deferred to the Receiver's discretion in allowing Berone's counsel to defend the case for Berone. Supreme Court has also imposed a scheduling order.

    b. **Caruso**

Caruso Home Builders, LLC and Sage Estates Malta, LLC ("Caruso") commenced an action in New York Court, Saratoga County (Index No. EF2024312) against Prime alleging

breach of a loan agreement. Caruso paid Prime $2,600,000 and received $5,000,000 in partial loan proceeds with regard to its construction project in Saratoga County. Caruso, unlike most victims in this case, was a "net winner" having received more in loan proceeds than it paid – a net of approximately $2,400,000.

While the Receiver prepared and is ready to serve an answer and counterclaims in the case, just before the answer was to be served, the parties agreed to extend the time to answer in order to focus efforts on resolution rather than on litigation. Very recently, in response to the Receiver's requests, Caruso's counsel has supplied information to the Receiver and a settlement proposal. The Receiver is reviewing the information and anticipates continuing discussions with Caruso's counsel. The Receiver anticipates resolving the case with monies being paid to the Receiver in exchange for a release of liens.

     c. **135 Railroad**

135 Railroad, LLC entered into a loan transaction pursuant to which it paid to Prime $400,000 as a loan deposit and received $400,000 in loan proceeds. The Receiver was contacted by 135 Railroad, LLC's principal and has spoken with him at least twice since this case was commenced. The principal represented that 135 Railroad LLC's project was his last project involving the redevelopment of a property in a small town in Texas and that it represented, once developed and sold, he and his wife's retirement. The borrower retained counsel who commenced an action in Texas to void Prime's liens and for damages under various Texas state law causes of action.  Counsel and the Receiver have been in contact with regard to a resolution of the case and the Receiver anticipates reaching an agreement in the near future.

     d. **Reign**

Prime commenced litigation against Reign in the U.S. District Court, NDNY (23-CV 00207). This is the case that involves Martin Karo, Esq. and Berone having sent a total of

$11,000,000 to Mr. Karo's IOLTA accounts at JP Morgan Chase. Reign's counsel in the case, Boies Schiller Flexner LLP withdrew pursuant to court order after the Receiver had requested information about the monies. Earlier this month, new counsel for Reign entered an appearance in the case and the Receiver has reached out to this new counsel to informally, given the current stay on discovery, to renew his requests for information. Further, in light of the Court's text order on discovery, the Receiver is ready to immediately serve subpoenas on Mr. Karo's bank to learn more about the disposition of the monies Berone sent to Mr. Karo as soon as the Second Circuit decides Prime's appeal; of course assuming the Receiver is still in place.

e.  **B and R Acquisition Partners LLC et al.**

In this arbitration, B and R Acquisition Partners LLC was granted an award of $4,300,000.00. That award was converted to a judgment by New York State Supreme Court, Albany County on February 8, 2024. That judgment has been domesticated in Virginia Beach Circuit Court, Virginia.

f.  **Onward**

Onward sued Prime and Mr. Roglieri in U.S. District Court, District of Utah and, due to Prime's involuntary bankruptcy, was awarded a default judgment against Mr. Roglieri only but he filed his personal bankruptcy case prior to any enforcement action on that judgment being taken.

g.  **Camshaft**

In this case Camshaft CRE 1 LLC is suing Prime in state court in Florida, for nearly identical misconduct as alleged in this case for the return of a $12.4 million ICA deposit.

Camshaft CRE 1 LLC obtained new counsel in place of the Hogan firm in the Florida case in early March and since that time, no further activity has occurred in the case.[4]

### h. **1800 Park Avenue**

1800 Park Avenue LLC commenced an adversary proceeding in Mr. Roglieri's personal Chapter 11 case objecting to his discharge and also seeking recovery of its $5,000,000 from him along with Prime and Prime Commercial Lending LLC and other individual defendants.  The answer in that case is due on May 6, 2024.

### 3. <u>**STATUS OF ASSETS OVER WHICH THE RECEIVER HAS CONTROL**</u>

### a. **Real Estate**

As previously reported the Receivership estate includes a valuable luxury beach house in Virginia Beach, Virginia that was purchased, for cash, by Prime in January 2023 for $3,750,000. The Receiver's law firm had to advance funds to pay the insurance premium due on the house but has since been reimbursed.  The Receiver has received a serious inquiry for the sale of the house.  However, due to the Court's prohibition on filing substantive motions pending the Second Circuit appeal the Receiver is not presently moving forward in this regard.

### b. **Investment assets**

In its response to the Receiver's March 25, 2023 inquiry, Berone provided additional information as to its investments and the Receiver is reviewing that information, but they appear to be, as previously reported, presently illiquid.

---

[4] Of note is that the Hogan firm has entered an appearance in a bankruptcy appeal as co-counsel on behalf of certain other Camshaft entities in the United States District Court for the District of Delaware (In re BYJU's Alpha, Inc.) (District Court Case No. 24-358, Doc. 4). The appeal is from an order finding contempt against a Camshaft officer.

      c.  **Vehicles**

The FBI has seized the numerous vehicles which the Receiver had targeted in his third party action thereby preventing the Receiver from taking any meaningful action in this regard.

      d.  **Watch**

For the same reasons expressed above with regard to the house, the Receiver is holding off taking any action with regard to the Richard Mille Skull Watch which Mr. Roglieri caused Prime to purchase for $2,275,000 and which remains in the Receiver's possession secured in a safe deposit box at a local bank.

      e.  **Bank accounts**

The funds in the Receiver's possession are reported below and in attached financial reports.  The only bank accounts not yet closed are at KeyBank which holds a small amount (less than $2,000 and which the Receiver is working with KeyBank to transfer) and Citibank which holds $751,385.21.  While Citibank has frozen the account it has previously stated it will not turn over the funds pending resolution of the stay motion by this Court. The Receiver has inquired as to whether this position still applies given this Court's denial of a stay and in light of the pending motion for a stay pending appeal in the 2nd Circuit.

      f.  **Loan Receivables**

Contrary to what Mr. Roglieri has represented to the public and the Receiver, based on information obtained from the Shepard Mullins law firm, the firm that Mr. Roglieri stated did the "hard closing" when loans were funded, it appears that Prime closed and fully funded at most 4 or 5 loans. Fully funded current loan receivables appear to be:

          SRA-CH Richland LLC - $17,366,250

          Brightsmith Tulsa LLP - $7,875,000

Hudson & Hudson, LLC - $5,250,000

The Receiver has provided written notice to each borrower of the Receiver's appointment and that all loan repayments must be sent to the Receiver.

In addition, the Receiver is investigating a loan made to Indigo Pharmaceutical LLC which was supposed to be funded in the amount of $20,000,000. The Receiver's attorney is in contact with Indigo's counsel to verify the amount actually funded. To be clear, Indigo claims damages as a result of an alleged partial funding and, for this reason, the loan is not included on the balance sheet of assets described below and attached hereto.

### 4.    STATUS OF ISSUES REMAINING IN PRIME INVOLUNTARY

As the Court is aware, Prime's involuntary bankruptcy case (23-11302 NDNY) was dismissed with the Court retaining jurisdiction over the disposition of $5,000,000 paid by 1800 Park Avenue LLC that was misappropriated by Prime and Mr. Roglieri, as well as Prime's motion under Bankruptcy Code §303(g) for the posting of a bond to secure any alleged damages suffered by Prime as a result of the involuntary filing. Given the remoteness of Prime prevailing in showing that it is something more than a fraudulent Ponzi or other scheme, and to save the expense of Prime litigating such issues through the Hogan Lovells firm, in the exercise of his discretion the Receiver notified the Bankruptcy Court that he wished to withdraw the motion. In light of the pending appeal to the Second Circuit, the Bankruptcy Court instead adjourned the motion pending a decision by the Circuit.

Assuming the Receiver is in place following a decision from the Second Circuit, the Receiver intends to seek recovery of the $925,000 in retainer monies to two different law firms relating to the Prime bankruptcy case which were derived from monies the Receiver contends were fraudulently conveyed by Prime to its affiliates.

12

In Prime's bankruptcy case, Hogan filed a Rule 2016 statement which disclosed the following:

> On December 29, 2023, Hogan Lovells received a retainer payment in the amount of $400,000.00 from Prime Commercial Lending LLC. That retainer is being held in a trust account pending resolution of a dispute over ownership of the funds. On January 16, 2024, Hogan Lovells received $200,000.00 from Commercial Capital Training Group and $200,000.00 from National Alliance of Commercial Loan Brokers. On January 30, 2024, Hogan Lovells received another retainer payment in the amount of $50,000.00 from Commercial Capital Training Group.

Prime Commercial Lending LLC, Commercial Capital Training Group and the National Alliance of Commercial Loan Brokers are all defendants in the Receiver's Third-Party Action in which he has asserted fraudulent conveyance claims.

Similarly, Prime's first attorneys in the involuntary bankruptcy case, Cullen and Dykman LLP filed a Rule 2016 disclosure stating that it received a total of $75,000 from Prime Commercial Lending LLC.

## 5.    STATUS OF ROGLIERI CHAPTER 11

As the Court is aware, on February 15, 2024, Mr. Roglieri filed a personal bankruptcy case under Subchapter V of Chapter 11 in the United States Bankruptcy Court for the Northern District of New York (Case No. 24-10157). The Receiver has been actively engaged in the case including receiving and reviewing the initial bare bones petition that was filed, the schedules and statement of financial affairs and other documents that were filed to complete the debtor's initial case filings.

An issue of concern arose over the source of Mr. Roglieri's bankruptcy attorneys $100,000 retainer that was paid in connection with the case. Creditor 1800 Park Avenue LLC, the Receiver and the U.S. Trustee all raised concerns that the monies paid to the attorneys was improperly diverted from 1800 Park Avenue LLC's deposit paid in connection with a Prime loan

transaction. The attorneys quickly recognized the issue and agreed to disgorge the entire retainer.

It was agreed, and the ordered by the Bankruptcy Court, that the retainer would be disgorged and

the funds would be remitted to the Receiver to be held pending further order of this Court.  The

monies have in fact been paid over to the Receiver and they are being held in a segregated

interest-bearing account at M&T Bank. A similar issue has arisen with respect to Mr. Roglieri's

application to retain the Dreyer Boyajian law firm as special criminal defense counsel and the

source of its $100,000 retainer.

Other notable events in the case include:

- The meeting of creditors took place over two days, first via teleconference and then a second day of in person testimony.

- At the first meeting of creditors, Mr. Roglieri was very firm that it was he, and he alone, that had access to Prime's bank accounts.

- At the second meeting of creditors, Mr. Roglieri was unable to testify to any business purpose for the millions of dollars that were transferred from Prime to his affiliated companies that are named in the Receiver's Third-Party Complaint.

- And, just this week, Mr. Roglieri filed Periodic Reports (official bankruptcy form 426) for Prime Commercial Lending, LLC, Commercial Capital Training Group, LLC, Digital Marketing Training Group, LLC, Prime Capital Ventures, LLC, National Alliance of Commercial Loan Brokers, LLC, Shark Ventures, LLC and FUPME, LLC; entities of which he is the sole member.  With the single exception of Prime Capital Ventures, LLC, each Periodic Report states that the entity in question "did not maintain formal financial records such as (1) balance sheets (2)

statement of income (loss), or (3) statement of cash flows or that "no financial information is available for this entity" or "no financial information exists." This admitted complete lack of financial information by these affiliated entities provides strong support for the Receiver's claims against them.

The Receiver believes that these factors would support his claim to recover retainer monies paid to Prime's bankruptcy attorneys that, in the Receiver's view, derived from fraudulent conveyance claims by Prime to its affiliates.

Creditor 1800 Park Avenue LLC has filed an adversary proceeding objecting to both dischargeability under Bankruptcy Code §523 as to Mr. Roglieri and other relief as to Prime and other parties relating to the misappropriate of its $5,000,000 ICA deposit.

The Receiver intends to file an adversary proceeding objecting to both dischargeability under Bankruptcy Code §523 and to discharge under Bankruptcy Code §727.  The Receiver will also be filing a proof of claim in the case on behalf of Prime.

## 6.    GENERAL COMMUNICATIONS FROM VICTIMS

The Receiver continues to be contacted from victims of Prime's fraud; including those that have contacted him in the past and new parties seeking information.

## 7.    ACCOUNTING TO THE COURT

All funds received by the Receiver are on deposit, at interest, at M&T Bank.

Because of the sophisticated nature of the accounting required, the Receiver directed BST to assist the Receiver with his accountings.  Attached hereto for the Receivership estate are the following reports which have been prepared by BST:

15

- Prime Balance Sheet February 29, 2024. Exhibit "F."[5]

- Prime Balance Sheet March 31, 2024. Exhibit "G."[6]

- Prime Profit and Loss February 29, 2024. Exhibit "H."

- Prime Profit and Loss March 31, 2024. Exhibit "I."

- Prime Transaction Detail February, 2024. Exhibit "J."

- Prime Transaction Detail March, 2024. Exhibit "K."

- Berone Balance Sheet February 29, 2024. Exhibit "L."[7]

- Berone Balance Sheet March 31, 2024. Exhibit "M."

- Berone Profit and Loss February 29, 2024. Exhibit "N."

- Berone Profit and Loss March 31, 2024. Exhibit "O."

- Berone Transaction Detail February, 2024. Exhibit "P."

- Berone Transaction Detail March, 2024. Exhibit "Q."

As the attached reports reflect, as of the date of this report the Receiver has paid his professionals and himself for services rendered through the end of February, 2024.

- BST billed and was paid $9,833.75 at hourly rates ranging from $115 to $400.

- The Receiver's law firm Lemery Greisler LLC billed and was paid $105,063.80 for 275.7 hours worked in January and February at an hourly rate of $381.08 which, at the Receiver's direction, reflects a 10% courtesy discount from their standard rates.

---

[5] It was not until February that the Receiver was able to transfer funds. The balance sheet notes a loan receivable for 135 Railroad in the amount of $2,100,000. As noted above, the Receiver has since determined that the loan was not fully funded and is of no value to the Receivership estate.

[6] Same note as above.

[7] The Berone balance sheets do not reflect investments as they are illiquid and the Receiver is not presently able to put a fair value on them.

- The Receiver has been compensated (the money has gone to his law firm) in the amount of $60,907.45 for 150.7 hours worked at an hourly rate of $450.00. This payment also reflects a courtesy discount of 10%.

- In addition, Lemery Greisler LLC was reimbursed a total of $11,870.88 for necessary expenses such as advancing the insurance premium due on the Virginia Beach house, services of local Virginia counsel for preparing and filing a notice of pendency against the house, service of process, overnight delivery service, business entity reports from Montana, title search fees, court filing fees and investigation services relating to the vehicles.

- Additional professional services for BST's work, Lemery Greisler LLC and the Receiver continue to be incurred and will be paid in the ordinary course. BST's work on the forensic accounting and reporting will be reflected in a larger bill for March. Lemery Greisler LLC's and the Receiver's billings for March, as a result of Mr. Roglieri's bankruptcy case and the resulting more than a month long pause of certain matters, is significantly less than that billed for January and February.

As he has noted in prior reporting, and as is evidenced by:

- the extensive docket in this case and very aggressive litigation posture of Prime through the Hogan firm;

- the extensive docket in Mr. Roglieri's personal bankruptcy case;

- the ongoing docket in the dismissed Prime involuntary bankruptcy case;

17

- the state court litigations;

- the regular interaction requested by victims of Prime's fraud and their attorneys;

- the Receiver's ongoing work with BST on forensic matters, the Receiver's diligence in opening accounts and, with BST's assistance, in providing detailed accounting of funds and assets for the Court;

- the work identifying and contacting the few borrowers with fully funded loans to secure Prime's rights to repayment;

- the extensive investigation that went into identifying and, through the third party action, attempting to secure vehicles and other valuable assets;

- several court appearances in this Court and bankruptcy court;

- attendance at two meetings of creditors in Mr. Roglieri's personal Chapter 11 case; and

- receiving and reviewing the enormous amount of information involved in this case

hardly a day goes by (and this includes all weekends since the case was commenced) without the Receiver having to devote significant attention to his duties.

Pursuant to Bankruptcy Court order, the Receiver also paid the Interim Trustee Christian Dribusch, Esq. who served in Prime's involuntary bankruptcy case.  The total fee paid was $39,591.38 for fees and expenses.  Both the fee and expense awards and that the Receiver paid were without objection by Prime, the United States Trustee or the petitioning creditors in that case and approved by the Bankruptcy Court.  The order providing for the payment reserved the Receiver's right to seek reimbursement for that expense should the Bankruptcy Court award damages, costs and attorney's fees against the petitioning creditors under Bankruptcy Code §303(i).

18

WHEREFORE it is respectfully requested that the Court consider this Fourth Report and grant such other and further relief as is just, necessary and proper.

Dated: April 18, 2024

Respectfully submitted,

/s/Paul A. Levine
Paul A. Levine, Esq.
RECEIVER
LEMERY GREISLER LLC
Office and P.O. Address
677 Broadway, 8th Floor
Albany, New York 12207
Ph:  (518) 433-8800
Fax:  (518) 433-8823

plevine@lemerygreisler.com

# EXHIBIT "A"

# MEMORANDUM

**Date:**       **April 15, 2024**

**To:**         **Paul A. Levine, Esq, as Receiver for Prime Capital Ventures, LLC**

**From:**       **BST & Co. CPAs, LLP**

**Re:**         **Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC., et al.**

---------------------------------------------------------------------------------------------------------------------

### Scope

BST & Co. CPAs, LLP ("BST") was retained to provide forensic accounting services as it relates to assessing potential claims with respect to the Defendants at issue in the litigation matter referenced above. Specifically, BST was retained to perform a forensic accounting tracing interest credit account ("ICA") deposits and disbursements from various bank accounts for the following entities: Prime Capital Ventures, LLC, Berone Capital Fund, LP, Berone Capital Partners LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motor Sports LLC.  Additionally, as part of the third-party complaint, BST was asked to perform a forensic accounting of the deposits and disbursements from various bank accounts for the following Third-Party Defendant entities: Kris D. Roglieri, Tina M. Roglieri, Prime Commercial Lending, LLC and Commercial Capital Training Group.[1]

### BST Procedures

The procedures we performed in arriving at our conclusions were as follows:

1. Analyzed bank statements, wire transfer information, deposit information in order to identify and trace ICA deposits from various entities and individuals;
2. Traced funds to and from related entities;
3. Researched individuals, vendors and/or entities for additional information identified from bank statement transactions;
4. Located additional potential ICA deposits;
5. Reviewed and analyzed banks statements to identify unknown bank accounts;
6. Reviewed bank statements to quantify potential large personal expenditures.

---

[1] Kimberly A. Humphrey, a/k/a Kimmy Humphrey, The Finance Marketing Group, National Alliance of Commercial Loan Brokers LLC and FUPME, LLC are also Defendants in the third-party complaint.  Should we receive banking information for these entities, we may be asked to perform a forensic accounting for these bank accounts.

## FINDINGS

### *ICA Deposits Identified*

We reviewed the Verified Third-Party Complaint and Prime Capital Ventures, LLC ("PCV") wire transfer information from Farmers Bank to ascertain the total number of ICA deposits to date and determine how much was paid back to the third-party borrowers. **See Schedule 1.** A total of approximately $99,340,492 in ICA deposits were initially identified wherein approximately $24,307,178 was returned to third-party borrowers.

Subsequently, we reviewed and analyzed the PCV KeyBank account x2233 and the PCV Citibank account x6945 to ascertain potential additional ICA deposits and payments made to and from the various Defendant entities. **See Schedule 2.** A total of approximately $83,662,632 in potential additional ICA deposits were identified wherein approximately $33,328,750 was returned to the third-party borrowers[2]

### *PCV KeyBank Account x2233*

We reviewed and analyzed the PCV KeyBank statements for account x2233 for the period March 1, 2022, through December 31, 2023. Findings for this account are as follows (See **Schedule 4** for a complete summary):

### Internal Transfers

The internal transfers to (credit) and from (debit) the PCV Keybank account x2233 are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| BERONE CAPITAL FUND LP[3] | | 1,865,000.00 |
| TINA AND KRIS ROGLIERI x5837[4] | 25,100.00 | |
| TINA AND KRIS ROGLIERI x2848[5] | 6,502,683.93 | 750,000.00 |
| PRIME COMMERCIAL LENDING x4465[6] | 5,511,415.00 | 9,500.00 |
| COMMERCIAL CAPITAL TRAINING x4541[7] | 5,087,625.70 | 288,000.00 |
| PRIME CAPITAL VENTURES x0095[8] | | 4,300,000.00 |
| PRIME CAPITAL VENTURES x6945[9] | 4,991,000.00 | 18,155,704.93 |
| | **$ 22,117,824.63** | **$ 25,368,204.93** |

---

[2]More documentation is needed to verify these are all ICA deposits. It is our understanding that the Receiver is investigating these deposits.

[3] The $1,865,000.00 was traced from the Berone Capital Fund Keybank account x0011.

[4] The $25,100.00 was transferred to Tina and Kris Roglieri joint Keybank account x5837.

[5] A total of approximately $6,502,684 was transferred to and $750,000 transferred from Tina and Kris Roglieri Keybank account x2848.

[6] A total of $5,511,415 was transferred to and $9,500 transferred from Prime Commercial Lending Keybank account x4465.

[7] A total of approximately $5,087,626 was transferred to and $288,000 transferred from Commercial Capital Training Group Keybank account x4541.

[8] The $4,300,000 was traced from Prime Capital Ventures Interactive Broker account ending x0095.

[9] $4,991,000 was traced to and approximately $18,155,705 was traced from the PCV Citi account x6945.

### Unknown Transfers to/from PCV Keybank x2233

BST identified unknown bank account transactions and withdrawals that we were unable to trace to any of the accounts we were provided statements for. It is our understanding that the Receiver has subpoenaed this information. A total of approximately $3,884,334 went into unknown bank accounts.

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| TRANSFERS TO FARMERS STATE BANK | 140,000.00 | |
| TRANSFER TO DDA x0768 | 193,200.00 | |
| TRANSFER TO / FROM DDA x2134 | 594,750.00 | 104,000.00 |
| TRANSFERS TO/FROM PRIME CAPITAL VENTURES[10] | 600.00 | 8,421,207.28 |
| TRANSFERS TO ROYAL BANK OF CA LOAN PMT | 57,000.00 | |
| WITHDRAWAL | 2,898,784.02 | |
| | $ 3,884,334.02 | $ 8,525,207.28 |

### Personal Expenditures to and from PCV Keybank x2233

The total large transactions that were identified as personal expenditures were approximately $3,469,173 as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| LUXURY - PRIVATE JETS / CHARTERED PLANES[11] | 556,812.00 | |
| LUXURY - PURCHASES[12] | 275,950.99 | |
| LUXURY - WATCHES[13] | 1,180,110.00 | |
| POTENTIAL AUTOMOTIVE EXPENSE[14] | 1,456,299.89 | 778,364.62 |
| | $ 3,469,172.88 | $ 778,364.62 |

### Unknown Disbursements and Deposits

We have identified other transactions within this account wherein we need additional supporting information to determine whether they are ICA deposits and/or payments or personal

---

[10] We were not able to trace the credits or debits to the Prime Capital Ventures statements we currently have.
[11] These payments were made to XO Global LLC.
[12] These payments were for 1STDIBS.com and they consisted of expenditures for antiques, jewelry, fashion and art.
[13] The $1,180,110 were payments for Luxury Bazaar, Timepiece Trading and Wrist Aficionado.
[14] The potential automotive payments were made to AI Design, Hunter Motor Sport, Renntech Inc, Rockland Auto and Superior Auto. There was a credit of approximately $778,365 from RM Auctions Inc.

expenditures. It is our understanding that the Receiver has sent subpoenas to various parties for the documentation. **See Schedule 3**

### *PCV Citibank Account x6945*

We reviewed and analyzed the PCV Citibank statements for account x6945 for the period September 1, 2022, through December 31, 2023. Findings for this account are as follows (See **Schedule 5** for a complete summary):

**Internal Transfers**

The internal transfers to and from the PCV Citibank account x6945 are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| INTERACTIVE BROKERS LLC[15] | 5,600,000.00 | |
| PRIME CAPITAL VENTURES - KEYBANK x2233 | 18,155,704.93 | 4,991,000.00 |
| PRIME COMMERCIAL LENDING- KEYBANK x4465 | 121,478.00 | |
| | $ 23,877,182.93 | $ 4,991,000.00 |

**Unknown Transfers to/from PCV Citibank x6945**

BST identified unknown bank account transactions and withdrawals that we were unable to trace to any of the accounts we were provided statements for. It is our understanding that the Receiver has subpoenaed this information from various parties. A total of approximately $42,385,746 went into unknown bank accounts (see chart below).

There is a transfer of $20,000,000.00 to Berone Capital Fund LP Signature Bank account x3581 on October 24, 2022. On October 26, 2022, a deposit of $20,000,000.00 was made into Berone Capital Fund LP RBC account x0011.[16]

---

[15] The $5,600,000 is traced to PCV Interactive Broker account x0095.

[16] It is our understanding the Receiver has requested the Signature bank statements from the FDIC.

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| BANK OF CALIFORNIA | 157,953.08 | |
| BANK OF STOCKTON | 87,867.63 | |
| BERONE CAPITAL FUND LP | 20,000,000.00 | |
| PRIME CAPITAL ADVENTURES LLC - UNSPECIFIED | | 500,000.00 |
| PRIME CAPITAL VENTURES - HEADE PORATION TRUST CENTER | 5,040,000.00 | 5,040,000.00 |
| PRIME CAPITAL VENTURES - HEADE PORATION TRUST CENTER | | 999,950.00 |
| PRIME CAPITAL VENTURES - OPERA CORPORATION TRUST CENTER CITI x6953 | 12,049,925.00 | |
| PRIME CAPITAL VENTURES - OPERA NULL CORPORATION TRUST CENTER CITI x6953 | | 7,371,988.00 |
| PRIME CAPITAL VENTURES - SHORE UNITED BANK x6661 | 50,000.00 | |
| PRIME CAPITAL VENTURES - WELLS FARGO x1058 | 5,000,000.00 | |

| | | |
|---|---|---|
| $ | 42,385,745.71 | $ 13,911,938.00 |

**Personal Expenditures to and from PCV Citibank x6945**

The total large transactions that were identified as personal expenditures were approximately $15,542,761 as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| LUXURY - PRIVATE JETS / CHARTERED PLANES | 278,320.00 | |
| LUXURY - WATCHES | 2,593,000.00 | 125,000.00 |
| POTENTIAL AUTOMOTIVE EXPENSE | 12,671,441.47 | 21,001.02 |

| | | |
|---|---|---|
| $ | 15,542,761.47 | $ 146,001.02 |

**Unknown Disbursements and Deposits**

We have identified other transactions within this account wherein we need additional supporting information to determine whether they are ICA deposits and/or payments or personal expenditures. It is our understanding that the Receiver has sent subpoenas for the documentation. **See Schedule 3**

### Berone Capital Fund LP RBC Account x0011

We reviewed and analyzed the Berone Capital Fund LP RBC statements for account ending x0011 for the period May 1, 2022, through December 31, 2023. Findings for this account are as follows (See **Schedule 6** for a complete summary):

### Internal Transfers

The internal transfers to and from Berone Capital Fund LP RBC account x0011 are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| BERONE CAPITAL FUND [17] | 10,527,390.42 | |
| PRIME CAPITAL VENTURES LLC [18] | 1,865,000.00 | |
| BERONE CAPITAL FUND[19] | | 441,303.00 |
| | $ 12,392,390.42 | $ 441,303.00 |

### Unknown Transfers to/from Berone Capital Fund LP RBC x0011

BST identified a transfer in of $20,000,000 from Signature Bank account x3581 on October 26, 2022. To date, we do not have any Signature Bank statements. However, there was a $20,000,000 transfer made on October 24, 2022 from Berone Capital Fund LP to Signature Bank account x3581 (unknown bank account). It is our understanding that the Receiver has subpoenaed this information.

A total of $21,000,000 went to unknown Signature bank accounts.

### Unknown Disbursements and Deposits

We have identified other transactions within this account wherein we need additional supporting information to determine whether they are ICA deposits and/or payments or personal expenditures. Additionally, it should be noted that $6,000,000 was transferred to a "M Caro Esq IOLTA" account on October 27, 2022.  It is unknown what this transaction pertains to.[20]    **See Schedule 3**

---

[17] The $10,527,390.42 in transfers from Berone Capital Fund LP RBC x0011 was traced to Berone Capital Fund LP Flagstar account x3727.

[18] The 1,865,000 in transfers from Berone Capital Fund LP RBC x0011 was traced to Prime Capital Ventures LLC Keybank account x2233.

[19] The transfers to Berone Capital Fund LP RBC x0011 of $441,303 was traced from Berone Capital Fund LP Flagstar account x3727.

[20] It's our understanding that the Receiver is further investigating this transaction.

### *Berone Capital Fund LP Flagstar Account x3727*

We reviewed and analyzed Berone Capital Fund LP Flagstar statements for account x3727 for the period June 1, 2022, through December 31, 2023. Findings for this account are as follows (See **Schedule 7** for full summary):

**Internal Transfers**

The internal transfers to and from Berone Capital Fund LP Flagstar account x3727 are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS |
|---|---|---|
| BERONE CAPITAL FUND LP TO/FROM RBC x0011 | 441,303.00 | 10,527,390.42 |
| BERONE CAPITAL FUND LP TO TD x1876 | 1,326,288.34 | |
| BERONE CAPITAL FUND LP TO FLAGSTAR x5292 | 19,193.00 | |
| | $    1,786,784.34 | $   10,527,390.42 |

**Unknown Transfers to Berone Capital Fund LP Flagstar x3727**

BST identified unknown bank account deposits that we were unable to trace from any of the accounts we were provided statements for, they are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS |
|---|---|---|
| BANK OF AMERICA [21] | | 14,955.00 |
| BERONE CAPITAL FUND LP [22] | | 5,900,000.00 |
| DEPOSIT | | 330,000.00 |
| | $        - | $    6,244,955.00 |

**Personal Expenditures from Berone Capital Fund LP Flagstar x3727**

The total large transactions that were identified as personal expenditures were approximately $944,909 as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS |
|---|---|---|
| LUXURY – PURCHASES | 154,000.00 | |
| POTENTIAL AUTOMOTIVE EXPENSE | 690,909.03 | |
| LUXURY - PRIVATE JETS / CHARTERED PLANES | 100,000.00 | |
| | $       944,909.03 | $        - |

---

[21] The Flagstar wire documents referred to this credit as "Unable to apply need valid credit account".

[22] The Flagstar wire documents referred to this credit as "UTA Due to need account to credit org ref". Per the Receiver, this is potentially a reversal of transfers made to Martin Karo, ESQ IOLTA.

**Unknown Disbursements and Deposits**

We have identified other transactions within this account wherein we need additional supporting information to determine whether they are ICA deposits and/or payments or personal expenditures. Additionally, it should be noted, $11,800,000 was transferred to a "M Caro Esq IOLTA" account on October 27, 2022.  It is unknown what this transaction pertains to.[23]    **See Schedule 3**

### *Berone Capital LLC TD Account x1876*

We reviewed and analyzed Berone Capital LLC TD statements for account x1876 for the period January 1, 2022, through December 31, 2023. Findings for this account are as follows (See **Schedule 8** for full summary):

**Internal Transfers**

The internal transfers to and from Berone Capital LLC TD account x1876 are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS |
|---|---|---|
| BERONE CAPITAL LLC TD x6689 | 623,783.36 | 148,966.05 |
| BERONE CAPITAL LLC TD x7006 | 357,371.62 | 15,000.00 |
| BERONE CAPITAL FUND LP FLAGSTAR x3727 | | 1,326,288.34 |

|  | $ | 981,154.98 | $ | 1,490,254.39 |
|---|---|---|---|---|

**Unknown Transfers to/from Berone Capital LLC TD x1876**

BST identified unknown bank account deposits and/or credit transfers that we were unable to trace from any of the accounts we were provided statements for. A total of approximately $76,864 went into unknown bank accounts.

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS |
|---|---|---|
| ATM WITHDRAWAL | 20,049.37 | |
| BERONE CAPITAL L | 36,017.60 | |
| DEBIT | 14,000.00 | |
| TRANSFER TO / FROM TD CHECKING x6800 | 6,797.10 | 5,530.00 |

|  | $ | 76,864.07 | $ | 5,530.00 |
|---|---|---|---|---|

---

[23] It's our understanding that the Receiver is further investigating this transaction.

**Personal Expenditures from Berone Capital LLC TD x1876**

The total transactions that were identified as personal expenditures were approximately $93,288 as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS |
|---|---|---|
| POTENTIAL AUTOMOTIVE EXPENSE | 63,718.39 | |
| LUXURY – PURCHASES [24] | 4,699.90 | |
| PERSONAL – TRAVEL [25] | 24,869.49 | |

| | | | |
|---|---|---|---|
| $ | 93,287.78 | $ | - |

### *Prime Commercial Lending Keybank Account x4465*

We reviewed and analyzed Prime Commercial Lending Keybank statements for account x4465 for the period March 1, 2022, through December 31, 2023. Findings for this account are as follows (See **Schedule 9** for full summary):

**Internal Transfers**

The internal transfers to and from Prime Commercial Lending Keybank account x4465 are as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| TINA AND KRIS ROGLIERI KEYBANK x2848 | 51,700.00 | 433,924.90 |
| PRIME CAPITAL VENTURES KEYBANK x2233 | 9,500.00 | 5,511,415.00 |
| COMMERCIAL CAPITAL TRAINING GROUP LLC KEYBANK x4541 | 397,000.00 | 82,000.00 |
| TINA AND KRIS ROGLIERI KEYBANK x5837 | 18,000.00 | |
| PRIME CAPITAL VENTURE CITI x6945 | | 121,478.00 |

| | | | |
|---|---|---|---|
| $ | 476,200.00 | $ | 6,148,817.90 |

**Unknown Transfers to/from Prime Commercial Lending Keybank x4465**

BST identified unknown bank account transactions and withdrawals that we were unable to trace to any of the accounts we were provided statements for. It is our understanding that the Receiver has subpoenaed this information. A total of approximately $1,433,497 went into unknown bank accounts.

---

[24] These payments consisted of expenditures for jewelry and name brand cigars.
[25] These expenditures consisted of airfare, hotels, and car rentals.

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| INTERNAL | 1,378,047.05 | |
| INTERNET TRANSFER TO/FROM DDA x0768 | 23,450.00 | 7,500.00 |
| INTERNET TRANSFER TO/FROM DDA x2134 | 32,000.00 | 62,100.00 |

|  | $ 1,433,497.05 | $ 69,600.00 |
|---|---|---|

**Personal Expenditures to and from Prime Commercial Lending Keybank x4465**

The total large transactions that were identified as personal expenditures were approximately $602,081 as follows:

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT |
|---|---|---|
| POTENTIAL AUTOMOTIVE EXPENSE | 98,805.43 | |
| LUXURY - PRIVATE JETS / CHARTERED PLANES | 101,000.00 | |
| LUXURY – PURCHASES [26] | 178,579.90 | |
| LUXURY - WATCHES | 111,000.00 | |
| PERSONAL – TRAVEL [27] | 112,695.23 | 3,759.25 |

|  | $ 602,080.56 | $ 3,759.25 |
|---|---|---|

**Unknown Disbursements and Deposits**

We have identified other transactions within this account wherein we need additional supporting information to determine whether they are ICA deposits and/or payments or personal expenditures. **See Schedule 3**

***Status***

We are currently continuing our analysis of the following accounts:

- Commercial Capital Training Group KeyBank account x4541
- PCV Farmers account x5665
- PCV RBC account x0017
- PCV Interactive Brokers x0095
- Berone Capital Fund LP TD accounts x6689 and x7006
- Berone Capital Fund LP Flagstar account x5292
- Berone Capital Partners LLC Interactive Brokers accounts x4802 and x4888
- Chris & Tina joint KeyBank accounts x2848 and x5837

---

[26] These payments consisted of expenditures for entertainment and name brand cigars.
[27] These expenditures consisted of airfare, hotels, and car rentals.

**SCHEDULE 1**

**SUMMARY OF ICA DEPOSITS FROM THIRD-PARTY BORROWERS**

SOURCE: EXECUTED VERIFIED THIRD PARTY COMPLAINT AND PCV WIRES FROM FARMERS BANK ACCOUNT x5665

| THIRD PARTY BORROWER | | ICA DEPOSIT DATE | ORIGINAL LOAN AMOUNT | ICA DEPOSIT AMOUNT | DATE OF WIRE TO BORROWERS | AMOUNT RETURNED TO THIRD PARTY BORROWER | UNACCOUNTED FOR ICA DEPOSIT AMOUNT |
|---|---|---|---|---|---|---|---|
| ONWARD PARTNERS LLC | (1) | 09/22/22 | $ 107,000,000.00 | $ 20,000,000.00 | | $ 16,000,000.00 | $ 4,000,000.00 |
| B&R ACQUISITION PARTNERS | (2) | 11/30/22 | 22,575,000.00 | 4,300,000.00 | | | 4,300,000.00 |
| 526 MULFREESBORO LLC | (3) | 04/07/23 | 18,112,500.00 | 4,312,500.00 | | | 4,312,500.00 |
| HCW BIOLOGICS INC | (4) | 04/21/23 | 26,250,000.00 | 5,250,000.00 | | | 5,250,000.00 |
| COMPASS - CHARLOTTE | (5) | 04/27/23 | 79,511,250.00 | 15,902,250.00 | | | 15,902,250.00 |
| CAMSHAFT CRE 1 LLC | (6) | 05/12/23 | | 13,400,000.00 | | 1,000,000.00 | 12,400,000.00 |
| NEWLIGHT TECHNOLOGIES INC | (7) | 05/23/23 | 13,125,000.00 | 2,500,000.00 | | | 2,500,000.00 |
| ER TENNESSEE LLC | (8) | 08/25/23 | 46,350,000.00 | 15,000,000.00 | | | 15,000,000.00 |
| MOTOS AMERICA INC | (9) | 09/21/23 | 15,000,000.00 | 3,000,000.00 | | | 3,000,000.00 |
| LOFTS PHASES 2 & 3 LLC - PARAGON | (10) | | | 2,369,400.00 | 09/26/23 | 2,369,400.00 | - |
| REDEEM - 18 S MAIN LLC - LION GROUP | (10) | | | 800,000.00 | 09/26/23 | 800,000.00 | - |
| SEYBURN LAW PLLC - HERITAGE | (10) | | | 333,333.33 | 09/26/23 | 333,333.33 | - |
| SHEPPARD MULLIN RICHTER & HAMPTON LLP | (10) | | | 108,678.23 | 10/04/23 | 108,678.23 | - |
| BRIGHTSMITH TULSA LLP | (10) | | | 120,766.27 | 10/04/23 | 40,766.27 | 80,000.00 |
| THE WALLICK FAMILY 2022 TRUST | (10) | | | 175,000.00 | | | 175,000.00 |
| 3D LUNDY LTD - CARUSO BUILDERS | (10) | | | 1,563,563.71 | | | 1,563,563.71 |
| CARUSO HOME BUILDERS LLC - CARUSO BUILDERS | (10) | | | 1,150,000.00 | | | 1,150,000.00 |
| SOUTH LAND TITLE LLC ESCROW ACCT - 135 RAILROAD | (10) | | | 400,000.00 | | | 400,000.00 |
| BARCLAY DAMON LL TRUST ACCOUNT - BARCLAY DAMON LLP | (10) | | | 2,000,000.00 | 09/26/23 | 2,000,000.00 | - |
| KETAN MASTERS | (10) | | | 600,000.00 | 09/26/23 | 600,000.00 | - |
| REDEEM TEMPLE COURTYARD LLC | (10) | | | 200,000.00 | 09/26/23 | 200,000.00 | - |
| BARCLAY DAMON LL TRUST ACCOUNT - BARCLAY DAMON LLP | (10) | | | 600,000.00 | 09/27/23 | 600,000.00 | - |
| CHRISTOPHER B LOWE - CBL INVESTMENTS LLC | (10) | | | 80,000.00 | 10/04/23 | 80,000.00 | - |
| SCOTT S WALLICK & MARY LEE WALLICK | (10) | | | 175,000.00 | 10/04/23 | 175,000.00 | - |
| 1800 PARK AVENUE LLC | (11) | 12/22/23 | 98,905,467.00 | 5,000,000.00 | | | 5,000,000.00 |
| | | | | | | | |
| | | | 426,829,217.00 | 99,340,491.54 | | $ 24,307,177.83 | $ 75,033,313.71 |

**FOOTNOTES:**

(A) THE AMOUNT OF UNACCOUNTED FOR ICA DEPOSITS FROM THE COMPLAINT IS $63,364,750. THERE IS A DIFFERENCE OF $8,300,000.

(1) ONWARD PARTNERS ENTERED INTO A BUSINESS EXPANSION LINE OF CREDIT IN THE AMOUNT OF $107,000,000 AND REQUIRED ONWARD ESTABLISH AN ICA (INTEREST CREDIT ACCOUNT) WITH A WIRE PAYMENT OF $20,000,000.
   A COMPLAINT WAS LATER FILED AGAINST PRIME FOR FAILURE TO MAKE FIRST ADVANCE. ONWARD WAS ABLE TO GET PRIME TO REFUND $16,000,000, BUT THERE IS AN OUTSTANDING BALANCE OF $4,000,000.

(2) B&R HAS ALLEGED THAT IT MADE A $4,300,000 ICA PAYMENT ON NOVEMBER 30, 2022 FOR A PURPORTED $22,575,000 LOAN, BUT THE LOAN WAS NEVER MADE AND THE DEPOSIT NEVER RETURNED.

(3) MURFREESBORO ENTERED INTO A DEVELOPMENT LINE OF CREDIT IN THE MAX AMOUNT OF $18,112,500 AND REQUIRED MURFREESBORO TO CREATE AN ICA BY DEPOSITING $4,312,500 INTO PRIME'S ACCOUNT.

SUMMARY OF ICA DEPOSITS FROM THIRD-PARTY BORROWERS

SOURCE: EXECUTED VERIFIED THIRD PARTY COMPLAINT AND PCV WIRES FROM FARMERS BANK ACCOUNT x5665

PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

(4) HCW BIOLOGICS ENTERED INTO A DEVELOPMENT LINE OF CREDIT IN THE PRINCIPAL AMOUNT OF $26,250,000 AND REQUIRED HCW TO WIRE PRIME $5,250,000 TO SERVE AS A DEPOSIT. PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

(5) COMPASS - CHARLOTTE ENTERED INTO A DEVELOPMENT LINE OF CREDIT IN THE PRINCIPAL AMOUNT OF $79,511,250. COMPASS PAID $15,902,250 TO PRIME AS AN ICA PAYMENT. PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

(6) CAMSHAFT MA.E AN ICA PAYMENT IN THE AMOUNT OF $13,400,000 AND PRIME FAILED TO RETURN THE DEPOSIT. PRIME ALLEGEDLY PAID $1,000,000 BACK TO CAMSHAFT IN RESPONSE TO THE ISSUANCE OF FINAL JUDGMENT AND STILL OWES CAMSHAFT $12,400,000.

(7) NEWLIGHT TECHNOLOGIES  ENTERED INTO A LINE OF CREDIT IN THE PRINCIPAL AMOUNT OF $13,125,000. NEWLIGHT WIRED $2,500,000 TO PRIME AS PER THEIR AGREEMENT. PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

(8) ER TENNESSEE  ENTERED INTO A LINE OF CREDIT IN THE PRINCIPAL AMOUNT OF $46,350,000. ER MADE AN ADVANCE OF $15,000,000 TO PRIME IN FURTHERANCE OF THE  BUINESS EXPANSION LINE OF CREDIT.  PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

(9) MOTOS AMERICA INC  ENTERED INTO A REVOLVING BUSINESS EXPANSION LINE OF CREDIT IN THE PRINCIPAL AMOUNT OF $15,000,000. MOTOS MADE AN ICA DEPOSIT OF  $3,000,000 TO PRIME. PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

(10) THE PCV WIRE INFORMATION WAS PROVIDED FROM THE FARMERS BANK ACCOUNT INFORMATION

(11) 1800 PARK AVENUE  ENTERED INTO A CONSTRUCTION LOAN LINE OF CREDIT IN THE PRINCIPAL AMOUNT OF $98,905,467. 1800 PARK WIRED $5,000,000 TO KEYBANK ACCOUNT PROVIDED BY KIMMY HUMPHREY. PRIME HAS NOT FUNDED THE LOAN OR RETURNED THEIR ICA DEPOSIT.

SCHEDULE 2
SUMMARY OF POTENITAL ADDITIONAL ICA DEPOSITS FROM REVIEW OF BANK STATEMENTS
SOURCE: BANK STATEMENTS [A]

| POTENTIAL THIRD PARTY BORROWER | ICA DEPOSIT DATE | BANK | ACCOUNT # | ICA DEPOSIT AMOUNT | DATE OF WIRE TO BORROWERS | BORROWER BANK | BORROWER ACCOUNT # | AMOUNT RETURNED TO THIRD PARTY BORROWER |
|---|---|---|---|---|---|---|---|---|
| ICA TRUST PAYMENT PER EVE PARK LONDON DEVELOPMENT CREDIT AGREEEMENT Refers to S2E Technologies Inc as payor | 10/18/22 | CITI | | $   5,999,975.00 | | | | $        - |
| S2E TECHNOLOGIES | 08/11/22 | KEYBANK | | 24,980.00 | | | | |
| EVE PARK LONDON | | CITI | | | 04/17/23 | BANK OF NOVA SCOTIA | | 2,000,000.00 |
| EVEPARK LONDON | | CITI | | | 05/02/23 | BANK OF NOVA SCOTIA | | 4,000,000.00 |
| ICA DEPOSIT - ALWAYS THERE TRANSPORT CORP | 10/24/22 | CITI | | 2,600,000.00 | | | | |
| ALWAYS THERE TRANSPORT CORP | 09/19/22 | KEYBANK | | 25,000.00 | | | | |
| ALWAYS THERE TRANSPORT CORP | | KEYBANK | | | 11/03/23 | | | 1,900,000.00 |
| ALWAYS THERE TRANSPORT CORP | | KEYBANK | | | 11/13/23 | | | 25,000.00 |
| ALWAYS THERE TRANSPORT CORP | | KEYBANK | | | 11/17/23 | | | 700,000.00 |
| ICA FOR PR TZEDEK refers to Truss Financial LLC as payor | 10/26/22 | CITI | | 1,950,000.00 | | | | |
| PRI TZEDEK LLC | 08/17/22 | KEYBANK | | 25,000.00 | | | | |
| ICA FOR PRESETON MEADOWS TEXAS refers to Truss Financial LLC as payor | 10/26/22 | CITI | | 1,950,000.00 | | | | |
| PRESTON MEADOWS | 08/17/22 | KEYBANK | | 25,000.00 | | | | |
| TRUSS FINANCIAL LLC | 11/09/22 | CITI | | 90,000.00 | | | | |
| TRUSS FINANCIAL LLC | 12/05/22 | CITI | | 2,500,000.00 | | | | |
| TRUSS FINANCIAL LLC | | CITI | | | 05/25/23 | FLAGSTAR BANK | | 6,500,000.00 |
| TRUSS FINANCIAL | 07/22/22 | KEYBANK | | 2,000,000.00 | | | | |
| TRUSS FINANCIAL | 05/31/23 | KEYBANK | | | | | | 3,000,000.00 |
| TRUSS FINANCIAL | 06/02/23 | KEYBANK | | | | | | 225,000.00 |
| SEYBURN LAW PLLC [1] | | CITI | | | 05/22/23 | JPMORGAN CHASE | | 1,200,000.00 |
| SEYBURN LAW PLLC | | KEYBANK | | | 07/05/23 | | | 333,333.33 |
| SK LAW GROUP PLLC - HERITAGE FARM LOAN [2] | 12/23/22 | CITI | | 2,400,000.00 | | | | |
| SK LAW GROUP LLC | | KEYBANK | | | 08/11/23 | | | 333,333.00 |
| SK LAW GROUP LLC | | KEYBANK | | | 10/10/23 | | | 333,333.33 |
| PARTIAL ICA FUNDS FOR 18 S MAIN STREET PROPERTY - THE LION GROUP DFW LLC [3] | 01/12/23 | CITI | | 1,000,000.00 | | | | |
| ARDENT ACQUISITION | 08/23/23 | CITI | | 250,000.00 | | | | |
| ARDENT ACQUISITION | 08/25/23 | KEYBANK | | 200,000.00 | | | | |
| ARDENT ACQUISITION | 08/25/23 | KEYBANK | | 300,000.00 | | | | |
| ARDENT ACQUISITION | 09/08/23 | KEYBANK | | 100,000.00 | | | | |
| ARDENT ACQUISITION | 09/08/23 | KEYBANK | | 150,000.00 | | | | |
| ARX ACCURATE RX | 05/13/22 | KEYBANK | | 20,000.00 | | | | |
| ARX ACCURATE RX | 06/03/22 | KEYBANK | | 1,000,000.00 | | | | |
| BLOACK, LONGO, LAMARCA & BRZEZINSKI | 02/16/23 | CITI | | 2,100,000.00 | | | | |
| CHARLES W SHOFFNER - TJM PROPERTIES | 11/14/22 | CITI | | 5,000,000.00 | | | | |
| CJI TRADING LLC | 12/02/22 | CITI | | 7,000,000.00 | | | | |
| CJI TRADING LLC | | KEYBANK | | | 08/30/22 | | | 3,048,750.00 |
| CMTH DEVELOPMENT | 09/20/22 | KEYBANK | | 15,000.00 | | | | |
| CMTH DEVELOPMENT | 12/20/22 | CITI | | 1,541,000.00 | | | | |
| CMTH DEVELOPMENT | 12/20/22 | CITI | | 1,000,000.00 | | | | |
| CMTH DEVELOPMENT | | KEYBANK | | | 08/02/23 | | | 20,000.00 |
| FIELDPOINT EQUITY INFRASTRUCTURE | 11/29/22 | CITI | | 800,030.00 | | | | |
| FIELDPOINT EQUITY LLC | 11/30/22 | CITI | | 299,850.00 | | | | |

| POTENTIAL THIRD PARTY BORROWER | ICA DEPOSIT DATE | BANK | ACCOUNT # | ICA DEPOSIT AMOUNT | ADDITIONAL INFORMATION IF AVAILABLE | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | DATE OF WIRE TO BORROWERS | BORROWER BANK | BORROWER ACCOUNT # | AMOUNT RETURNED TO THIRD PARTY BORROWER |
| GARRET B WALES - BUSINESS INVESTMENT | 12/01/22 | CITI | | 1,000,000.00 | | | | |
| HOWARD LLC | 03/21/23 | CITI | | 1,700,000.00 | | | | |
| HOWARD LLC | | CITI | | | 05/03/23 | BUSINESS FIRST BANK | | 1,700,000.00 |
| HUDSON & HUDSON LLC | 03/06/23 | CITI | | 1,000,000.00 | | | | |
| HUDSON AND HUDSON | | KEYBANK | | | 11/27/23 | | | 10,000.00 |
| JHM LENDING VENTURES LLC | 11/30/22 | CITI | | 2,200,000.00 | | | | |
| LABORE ET HONORE LLC | 09/22/22 | CITI | | 1,508,888.30 | | | | |
| LAKE EDGES INVESTMENTS | 07/26/22 | KEYBANK | | 25,000.00 | | | | |
| LAKES EDGE DEVELOPMENT GROUP LLC | 10/13/22 | CITI | | 3,000,000.00 | | | | |
| LAKES EDGE DEVELOPMENT GROUP LLC | | CITI | | | 04/07/23 | WOODLANDS BANK | | 3,000,000.00 |
| MY T PHAM - LOAN CLOSING | 01/31/23 | CITI | | 1,526,000.00 | | | | |
| ONWARD HOLDINGS LLC | (4) | CITI | | | 12/12/22 | WELLS FARGO | | 3,000,000.00 |
| ONWARD HOLDINGS LLC | | CITI | | | 04/17/23 | WELLS FARGO | | 2,000,000.00 |
| PIPER CAPITAL FU... | 05/31/23 | KEYBANK | | 600,000.00 | | | | |
| PIPER CAPITAL FU... | 05/31/23 | KEYBANK | | 5,000,000.00 | | | | |
| PIPER CAPITAL FU... | 05/31/23 | KEYBANK | | 5,000,000.00 | | | | |
| PIPER CAPITAL FU... | 08/04/23 | KEYBANK | | 1,000,000.00 | | | | |
| PIPER CAPITAL FU... | 08/11/23 | KEYBANK | | 350,000.00 | | | | |
| PIPER CAPITAL FU... | 08/11/23 | KEYBANK | | 500,000.00 | | | | |
| PIPER CAPITAL FU... | 08/11/23 | KEYBANK | | 500,000.00 | | | | |
| SP ALPHA OPPORTUNITIES | 11/07/23 | KEYBANK | | 1,500,000.00 | | | | |
| SP HARBOR QOZB L... | 05/16/23 | KEYBANK | | 40,000.00 | | | | |
| SP HARBOR QOZB L... | 10/05/23 | KEYBANK | | 2,500,000.00 | | | | |
| SQRL HOLDINGS | 08/14/23 | KEYBANK | | 40,000.00 | | | | |
| SQRL HOLDINGS | 10/18/23 | KEYBANK | | 4,462,500.00 | | | | |
| SRA-CH RICHLAND II LLC | 01/06/23 | CITI | | 3,000,000.00 | | | | |
| WAYNAR SCHMIDT - BRIDGE LOAN FOR ANVIL MECHANICAL INC | 12/14/22 | CITI | | 2,000,000.00 | | | | |
| WIRE TRANSFER - RETURNING YOUR: | 12/09/22 | CITI | | 2,344,409.00 | | | | |
| ZELLER INVESTMENT LLC | 03/22/23 | CITI | | 2,500,000.00 | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | 83,662,632.30 | | | | $ 33,328,749.66 |

**FOOTNOTES:**

(A) PRIME VENTURE CAPITAL CITI x6945 (9/2022 - 12/2023), KEYBANK x2233 (3/1/2022 - 12/31/2023)

(1) THE SEYBURN LAW PLLC - HERITAGE IS IDENTIFIED IN THE PCV WIRES FROM FARMERS BANK ACCOUNT AS A THIRD PARTY BORROWER, HOWEVER THE AMOUNT WAS $333,333.33.

(2) THE SEYBURN LAW PLLC - HERITAGE IS IDENTIFIED IN THE PCV WIRES FROM FARMERS BANK ACCOUNT AS A THIRD PARTY BORROWER, THERE IS AN ENTRY IN THE CITIBANK STATEMENT FOR SK LAW GROUP PLLC - HERITAGE FARM LOAN.

(3) THE LION GROUP DFW LLC IS IDENTIFIED IN THE COMPLAINT, HOWEVER THE AMOUNT ON THE COMPLAINT WAS $800,000.

(4) THIS MIGHT BE RELATED TO ONWARD PARTNERS.

**SCHEDULE 3**

**SUMMARY OF UNKNOWN TRANSACTIONS WITH INSUFFICIENT INFORMATION (DEBITS/CREDITS) IDENTIFIED FROM REVIEW OF BANK STATEMENTS**

SOURCE: CITIBANK X6945 (9/2022 - 12/2023), KEYBANK X2233 (3/2022 - 12/2023), RBC X0011 (5/1/2022 - 12/31/2023), FLAGSTAR X3727 (6/1/2022 - 12/31/2023), TD X1876 (1/1/2022 - 12/31/2023) AND KEYBANK X4465 (3/1/2022 - 12/31/2023)

| BANK | ACCOUNT # | DATE | TRANSACTION TYPE | TRANSACTION DESCRTIPTION | WIRE / REF SERIAL # | DEBIT | CREDIT |
|------|-----------|------|------------------|--------------------------|---------------------|-------|--------|
| KEYBANK | 2233 | 04/18/22 | WIRE DEPOSIT | ADAM B LAWLER | | | 1,393,889.59 |
| KEYBANK | 2233 | 05/10/22 | WIRE WITHDRAWAL | CHRIS SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 06/03/22 | WIRE DEPOSIT | MATTHEW D THACKE | | | 25,000.00 |
| KEYBANK | 2233 | 06/22/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 07/22/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 07/25/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 09/07/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 09/07/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 09/13/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 5,000.00 | |
| CITIBANK | 6945 | 09/22/22 | TRANSFER CREDIT | ANDREA M CLARKE | | | 12,291,111.70 |
| KEYBANK | 2233 | 09/22/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 5,000.00 | |
| CITIBANK | 6945 | 10/04/22 | TRANSFER DEBIT | INDIGO PHARMACEUTICAL | | 1,000,000.00 | |
| CITIBANK | 6945 | 10/04/22 | TRANSFER DEBIT | INDIGO PHARMACEUTICAL | | 1,000,000.00 | |
| CITIBANK | 6945 | 10/13/22 | TRANSFER DEBIT | INDIGO PHARMACEUTICAL | | 2,000,000.00 | |
| CITIBANK | 6945 | 10/26/22 | TRANSFER DEBIT | INDIGO PHARMACEUTICAL | | 2,000,000.00 | |
| RBC | 0011 | 10/27/22 | WIRE TRANSFER | M KARO ESQ IOLTA | REFERENCE | 6,000,000.00 | |
| CITIBANK | 6945 | 10/28/22 | TRANSFER CREDIT | ROBERT B STRUM | | | 2,000,000.00 |
| FLAGSTAR | 3727 | 11/04/22 | OUTGOING WIRE | PHOENIX AMERICAN FINANCIAL SERVICE | | 850,000.00 | |
| KEYBANK | 2233 | 11/07/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 20,000.00 | |
| CITIBANK | 6945 | 11/07/22 | TRANSFER DEBIT | INDIGO PHARMACEUTICAL | | 1,698,750.00 | |
| FLAGSTAR | 3727 | 11/09/22 | OUTGOING WIRE | MARTIN KARO, ESQ IOLTA | | 5,900,000.00 | |
| FLAGSTAR | 3727 | 11/09/22 | OUTGOING WIRE | MARTIN KARO, ESQ IOLTA | | 5,900,000.00 | |
| CITIBANK | 6945 | 11/18/22 | TRANSFER DEBIT | RM LTD | | 4,729,745.00 | |
| KEYBANK | 2233 | 11/23/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| CITIBANK | 6945 | 11/29/22 | TRANSFER DEBIT | NORWELL VENTURES | | 300,000.00 | |
| CITIBANK | 6945 | 12/12/22 | TRANSFER DEBIT | RM INC | | 2,337,710.00 | |
| CITIBANK | 6945 | 12/14/22 | TRANSFER DEBIT | INDIGO PHARMACEUTICAL | | 3,000,000.00 | |
| CITIBANK | 6945 | 12/15/22 | TRANSFER DEBIT | WILSHIRE FINANCE PARTNERS INC | | 1,692,663.17 | |
| KEYBANK | 2233 | 12/23/22 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 15,000.00 | |
| CITIBANK | 6945 | 12/23/22 | TRANSFER DEBIT | NEW COUNTRY GROUP | | 2,055,312.00 | |
| CITIBANK | 6945 | 01/06/23 | TRANSFER DEBIT | PRIORITY TITLE AND ESCROW | | 100,000.00 | |
| KEYBANK | 2233 | 01/09/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 20,000.00 | |

| BANK | ACCOUNT # | DATE | TRANSACTION TYPE | TRANSACTION DESCRTIPTION | WIRE / REF SERIAL # | DEBIT | CREDIT |
|------|-----------|------|------------------|------------------------|------------------|-------|--------|
| RBC | 0011 | 01/23/23 | WIRE TRANSFER | ALEXANDER CAPITAL VENTURES | | 500,000.00 | |
| KEYBANK | 2233 | 01/27/23 | WIRE WITHDRAWAL | NORWELL VENTURES | | 1,683,653.70 | |
| KEYBANK | 2233 | 01/31/23 | WIRE WITHDRAWAL | PRIORITY TITLE A... | | 3,672,067.50 | |
| KEYBANK | 2233 | 02/08/23 | WIRE WITHDRAWAL | NORWELL VENTURES | | 1,100,000.00 | |
| KEYBANK | 2233 | 02/15/23 | WIRE WITHDRAWAL | INDIGO PHARMACEUTICALS | | 4,700,000.00 | |
| KEYBANK | 2233 | 02/17/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 03/03/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 30,000.00 | |
| RBC | 0011 | 03/16/23 | WIRE TRANSFER | PHOENIX AMERICAN | | 1,700,000.00 | |
| RBC | 0011 | 03/20/23 | WIRE TRANSFER | ALEXANDER CAPITAL VENTURES | | 500,000.00 | |
| KEYBANK | 2233 | 03/27/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 5,000.00 | |
| CITIBANK | 6945 | 04/07/23 | TRANSFER CREDIT | DANIEL COSGROVE | | | 4,312,500.00 |
| KEYBANK | 2233 | 04/12/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 6,000.00 | |
| KEYBANK | 2233 | 04/27/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 8,000.00 | |
| CITIBANK | 6945 | 05/02/23 | TRANSFER DEBIT | QUAD CITY BANK AND TRUST COMPANY | | 3,094,000.00 | |
| CITIBANK | 6945 | 05/09/23 | TRANSFER DEBIT | GOTTMAN LAW PC | | 3,700,000.00 | |
| KEYBANK | 2233 | 05/10/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 15,000.00 | |
| CITIBANK | 6945 | 05/18/23 | TRANSFER DEBIT | COM COMPANY LLC | | 2,000,000.00 | |
| CITIBANK | 6945 | 05/25/23 | TRANSFER DEBIT | CHRIS SNYDER | | 50,000.00 | |
| KEYBANK | 2233 | 06/09/23 | WIRE WITHDRAWAL | FIRST AMERICAN T... | | 4,100,000.00 | |
| KEYBANK | 2233 | 06/13/23 | WIRE WITHDRAWAL | QUAD CITY | | 200,000.00 | |
| KEYBANK | 2233 | 07/07/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 25,000.00 | |
| KEYBANK | 2233 | 08/14/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 08/25/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 15,000.00 | |
| KEYBANK | 2233 | 09/12/23 | WIRE WITHDRAWAL | INDIGO PHARMACEUTICALS | | 200,000.00 | |
| KEYBANK | 2233 | 09/15/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 8,000.00 | |
| KEYBANK | 2233 | 09/20/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 15,000.00 | |
| KEYBANK | 2233 | 10/02/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 10,000.00 | |
| KEYBANK | 2233 | 10/12/23 | WIRE WITHDRAWAL | MATTHEW THACKER | | 5,000,000.00 | |
| KEYBANK | 2233 | 10/17/23 | WIRE WITHDRAWAL | INDIGO PHARMACEUTICALS | | 200,000.00 | |
| KEYBANK | 2233 | 10/20/23 | WIRE WITHDRAWAL | FARMERS STATE BANK | | 140,000.00 | |
| KEYBANK | 2233 | 10/24/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 20,000.00 | |
| KEYBANK | 2233 | 10/24/23 | WIRE WITHDRAWAL | INDIGO PHARMACEUTICALS | | 200,000.00 | |
| KEYBANK | 2233 | 10/27/23 | WIRE WITHDRAWAL | CLARKE CAPITAL P... | | 4,000,000.00 | |
| KEYBANK | 2233 | 11/10/23 | WIRE WITHDRAWAL | CLARKE CAPITAL P... | | 2,000,000.00 | |
| KEYBANK | 2233 | 11/10/23 | WIRE DEPOSIT | MASSON JEAN PIER | | | 1,199,982.50 |
| KEYBANK | 2233 | 11/14/23 | WIRE WITHDRAWAL | CLARKE CAPITAL P... | | 1,000,000.00 | |

| BANK | ACCOUNT # | DATE | TRANSACTION TYPE | TRANSACTION DESCRTIPTION | WIRE / REF SERIAL # | DEBIT | CREDIT |
|------|-----------|------|------------------|--------------------------|--------------------|-------|--------|
| KEYBANK | 2233 | 11/14/23 | INTERNAL WIRE | JEFF PETERSON | | | 1,000,000.00 |
| KEYBANK | 2233 | 11/27/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 15,000.00 | |
| KEYBANK | 2233 | 12/15/23 | WIRE WITHDRAWAL | CHRISTOPHER SNYDER | | 15,000.00 | |
| KEYBANK | 4465 | 12/22/23 | WIRE WITHDRAWAL | CPH LLC | | 2,000,000.00 | |

|  |  |
|---|---|
| $ 82,645,901.37 | $ 22,222,483.79 |

**SCHEDULE 4**

COMPASS - CHARLOTTE 1031 LLC v  PRIME CAPITAL VENTURES LLC et al

ENTITY - PRIME CAPITAL VENTURES LLC

SOURCE: BANK STATEMENTS FOR KEYBANK x2233 FOR THE PERIOD 3/1/2022 TO 12/31/2023

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| 1800 PARK AVE LLC | | $    5,085,000.00 | IDENTIFIED AS THIRD PARTY BORROWER IN SCH 1 |
| 1STDIBS.COM | 275,950.99 | | LUXURY PURCHASES |
| 3D LUNDY LTD | 1,577,570.14 | | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| 6 TV HOLDINGS LLC | | 20,000.00 | |
| AC BRANDS LLC | | 35,000.00 | |
| ACCRETE INC | | 25,000.00 | |
| ACV MCCARTY LANE | | 30,000.00 | |
| ADAM B LAWLER | | 1,393,889.59 | UNKNOWN - INSUFFICIENT INFORMATION |
| ADAM STEINBERG | 10,000.00 | | |
| AI DESIGN | 1,248,567.65 | | POTENTIAL AUTOMOTIVE EXPENSE |
| AJUSTCO LLC | 25,000.00 | 25,000.00 | |
| ALEXANDER PALINE | 35,400.00 | | |
| ALWAYS THERE TRANSPORT CORP | $    2,625,000.00 | $      25,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| AMERICAN VENTURE… | 30,000.00 | | |
| ANVIL MECHANICAL | | 25,000.00 | |
| APARTMENT WORTH | | 20,000.00 | |
| ARDENT ACQUISITION | | 1,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| ARX ACCURATE RX | | 1,020,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| ASHLINE DEVELOPMENT | | 25,000.00 | |
| ASPEN COMMMERCIAL | 35,000.00 | 10,000.00 | |
| ATACAMA YELLOWTA… | | 50,000.00 | |
| BANK OF AMERICA NYC | | 25,000.00 | |
| BASILDON ESTATES | | 25,000.00 | |
| BAY CAPITAL ADVISORS | 15,000.00 | | |
| BEGINNING BALANCE | | | |
| BERONE CAPITAL FUND LP | | 1,865,000.00 | TRACED FROM BERONE CAPITAL FUND KEYBANK x0011 |
| BGC CAPITAL | 25,000.00 | | |
| BLANCO SOCIEDAD | | 75,000.00 | |
| BRANCH 0423 NY | 10,050.00 | 3,696.39 | |
| BRANCH 0586 NY | 12,000.00 | | |
| BRANDON WHEELESS | 190,000.00 | | |
| BRIGHTSMITH CAPITAL | | 30,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| BRODY TRADING INC | | 35,000.00 | |
| BRUNSWICK FOOD A… | 6,955.10 | | |
| CAC REALTY LLC | | 40,000.00 | |
| CAMSHAFT CAPITAL | | 1,400,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| CAMSHAFT CRE1… | 1,000,000.00 | | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| CAN STORES INC | | 25,000.00 | |
| CANADIAN IMPERIA CATT | | 3,036.00 | |
| CARUSO HOME BUILDCORP PAY | | 15,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| CBRE INC AGENT F… | | 75,000.00 | |
| CEDRIC DUPONT AN… | 165,100.00 | | |
| CHC DESIGN AND… | | 5,000.00 | |
| CHOICE FINANICAL CPF VENDOR | 7,614.37 | | |
| CHRISTAL PAULINE | 36,400.00 | | |
| CHRISTOPHER SNYDER | 342,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| CJI TRADING LLC | 3,048,750.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| CJM IRRV TR UTA | | 40,000.00 | |
| CLARK HILL PLC | 10,000.00 | | |
| CLARKE CAPITAL P… | 7,000,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| CMTH DEVELOPMENT | 20,000.00 | 15,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| CMTH HOLDINGS INC | 2,541,000.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |

| TRANSACTION DESCRITPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| COCAPITAL FUNDING | 100,000.00 | | |
| COMMERICAL CAPITAL | | 35,000.00 | |
| COMMMUNITY GARDEN | | 25,000.00 | |
| CONEXTIONS INC | | 950,000.00 | |
| CONSORCIO HOTELE... | | 74,990.00 | |
| COOK KEITH DAVI... | 1,999.22 | | |
| CORNERSTONE GROUP | | 35,000.00 | |
| CORVUS DEVELOPMENT | | 20,000.00 | |
| COSGROVE CAPITAL | | 40,000.00 | |
| CROWN REAL ESTATE | | 25,000.00 | |
| CYPRESS POINT HOLDINGS | | 30,000.00 | |
| DAYUMA LLC | | 25,000.00 | |
| DENNIS M ALBERT | 20,000.00 | 20,000.00 | |
| DONALD TOSH | | 25,000.00 | |
| DONNA MOCK | 42,850.00 | | |
| DRE FILMS INC | 125,000.00 | | |
| EAGLES NEST DEVELOPMENT | | 50,000.00 | |
| EASTSIDE | 20,000.00 | | |
| EASTSIDE BLOCK P | | 20,000.00 | |
| ECOSTAR ENERGY LLC | | 50,000.00 | |
| ELFPERTS INC | 59,925.00 | | |
| ENHANCED SUPPORT | | 35,000.00 | |
| ERASE TECHNOLOGIES | 5,125.00 | | |
| EVOLT ENTERPRISES | | 50,000.00 | |
| EVOLVE DEVELOPMENT | | 75,000.00 | |
| EXOTICARE 60 BUR... | 590.00 | | |
| FARMERS STATE BANK 0398 | 140,000.00 | | UNABLE TO TRACE |
| FEES | 4,021.00 | | |
| FELLERS SNIDER B | 1,850.00 | | |
| FENIX FAM INC | 218,500.00 | | POTENTIAL HEALTHCARE |
| FIRST AMERICAN T... | 4,100,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| FMTC CUSTODIAN | | 19,000.00 | |
| FPB CR CARD INTERNET | 783.48 | | |
| GARDINER ROBERTS | 50,000.00 | | |
| GIA CAPITAL LLC | | 200,000.00 | INVESTMENT ADVISORY FIRM |
| GIGANTI AND GIGA... | 121,700.00 | | |
| GIRVIN FERLAZZO | 59,372.00 | | |
| GLOBAL IMPACT ASACCT... | | 200,000.01 | |
| GRE CAPITAL LLC | 24,000.00 | | |
| GRENIUS LLC | | 35,000.00 | |
| HARD AF SELTZER | 20,000.00 | 40,000.00 | |
| HARD TO BEAT CON... | | 25,000.00 | |
| HAVEN AT LAKE CO | | 30,000.00 | |
| HAWTHORNE DEVELOPMENT | | 40,000.00 | |
| HAWTHORNEWORLD V | | 25,000.00 | |
| HCW BIOLOGICS INC | | 40,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| HEFFNER PERFORMANCE | 12,847.52 | | |
| HEGGEN LAW OFFICE | 5,180.00 | | LAW OFFICE |
| HENRY BROWN MF P... | | 50,000.00 | |
| HERITAGE FARMS M... | | 25,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| HIGH WEST CAPITAL | 5,200.00 | | |
| HILL WARD HENDER | 7,500.00 | | |
| HITESH R PATEL | | 25,000.00 | |
| HOME RENTALS COR | | 20,000.00 | |
| HUDSON AND HUDSON | 10,000.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| HUNTER MOTOR SPORT | 70,000.00 | | POTENTIAL AUTOMOTIVE EXPENSE |
| HX5 GLOBAL LLP | | 500,000.00 | |

| TRANSACTION DESCRITION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| INDIGO PHARMACEUTICALS | 5,300,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| INTERARTIONAL GR... | | 50,000.00 | |
| INTERNET TRANSFER TO / FROM  DDA x5837 | 25,100.00 | | INTERNAL TRANSFERS - TINA AND KRIS ROGLIERI |
| INTERNET TRANSFER TO / FROM DDA x0768 | 193,200.00 | | UNABLE TO TRACE |
| INTERNET TRANSFER TO / FROM DDA x2134 | 594,750.00 | 104,000.00 | UNABLE TO TRACE |
| INTERNET TRANSFER TO / FROM DDA x2848 | 6,502,683.93 | 750,000.00 | INTERNAL TRANSFERS - TINA AND KRIS ROGLIERI |
| INTERNET TRANSFER TO / FROM DDA x4465 | 5,511,415.00 | 9,500.00 | TRACED TO/FROM PRIME COMMERCIAL LENDING |
| INTERNET TRANSFER TO / FROM DDA x4541 | 5,087,625.70 | 288,000.00 | TRACED TO/FROM COMMERCIAL CAPITAL TRAINING GROUP |
| INVESTEX LTD | | 25,000.00 | |
| ITEM 9 LABS CORP | 465,000.00 | 25,000.00 | |
| JA JOHNSON | 22,500.00 | | |
| JACKSON COUNTY A... | 25,785.13 | | |
| JAMS INC | 4,000.00 | | |
| JARCON OPENCAST | | 75,000.00 | |
| JARED S HEGGEM P... | 2,105.00 | | |
| JEFF PETERSON | | 1,000,000.00 | UNKNOWN - INSUFFICIENT INFORMATION |
| JIM GIRARD LANDS | 3,817.35 | | |
| JK TECHNOLOGIES | 468,079.98 | | |
| JOHNSON ELECTRIC | 59,079.93 | | |
| JPL HAWAII LLC | | 25,000.00 | |
| KALISER AND ASSO... | | 50,000.00 | |
| KARMA DEVELOPERS | | 35,000.00 | |
| KARN BRIJ | | 17,500.00 | |
| KEHOE NORTHWEST | 35,000.00 | 35,000.00 | |
| KER VENTURES LLC | | 75,000.00 | |
| KETAN MASTERS | 2,200,000.00 | 30,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| KEY STONE PARTNERS | | 200,000.00 | |
| LAKE EDGES INVESTMENTS | | 25,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| LAUREN MCGEE | 8,333.00 | | |
| LAWYERS TRUST FU... | | 6,110.41 | |
| LEE PALMATEER LASALE | 1,750.00 | | |
| LEMAR INDUSTRIES | | 35,000.00 | |
| LFP FINANCIAL LLC | 33,400.00 | 75,000.00 | |
| LI ONE LLC | | 30,000.00 | |
| LODE CAPITAL | 565.00 | | |
| LUXURY BAZAAR | 260,000.00 | | LUXURY - WATCHES |
| MARC F DEMSHOCK | 73,769.07 | | |
| MARC JANNONE | | 20,000.00 | |
| MARCK C DAVIS | | 6,000.00 | |
| MARK PALINES | 21,528.66 | | |
| MASSON JEAN PIER | | 1,199,982.50 | UNKNOWN - INSUFFICIENT INFORMATION |
| MATTHEW D THACKER | 5,000,000.00 | 25,000.00 | UNKNOWN - INSUFFICIENT INFORMATION |
| MIAMI VIP MARINE | 26,250.00 | | |
| MICHAELS WILDER | | 17,500.00 | |
| MIKE TIMKO | 5,000.00 | | |
| MIRROR LAKE CONS... | 87,000.00 | 7,000.00 | |
| MOTOS AMERICA, I... | | 3,035,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| MOUNTAIN VIEW HOLDINGS | 41,014.25 | | |
| MR PAUL STEPTHEN | | 50,000.00 | |
| NATIONAL ADHESIVE | | 35,000.00 | |
| NATIONAL VALUATION | 14,000.00 | | |
| NEWLIGHT TECHNOLOGIES | | 40,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| NEWMARK VALUATION | 3,500.00 | | |
| NEWPORT BEACH AU... | 7,500.00 | | |
| NORTH SIDE BANK OANS | | 30,000.00 | |
| NORWELL VENTURES | 2,783,653.70 | | UNKNOWN - INSUFFICIENT INFORMATION |
| NOVA NET LEASE | | 35,000.00 | |

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| NUBRIDGE COMMERC... | 166,713.85 | | COMMERCIAL LENDING |
| ONE NIGHT HOLDINGS | | 75,000.00 | |
| ONWARD PARTNERS | | 50,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| P43 HOLDINGS LLC | | 40,000.00 | |
| PARAGON LOFTS LLC | | 25,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| PIITECH INC | | 35,000.00 | |
| PIPER CAPITAL FU... | | 12,950,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| PORTSIDE CUSTOMS | 301.65 | | |
| PRESTON MEADOWS, ... | | 25,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| PRI TZEDEK LLC | | 25,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| PRIME CAPITAL VENTURES | 600.00 | 8,421,207.28 | UNABLE TO TRACE |
| PRIME CAPITAL VENTURES  - IB x0095 | | 4,300,000.00 | TRACED TO PRIME CAPITAL VENTURES IB x0095 |
| PRIME CAPITAL VENTURES - CITI x6945 | 4,991,000.00 | 18,155,704.93 | TRACED TO/FROM  PRIME CAPITAL VENTURES CITI x6945 |
| PRINCETON DEVELOPMENT | | 75,000.00 | |
| PRIORITY TITLE A... | 3,672,067.50 | | UNKNOWN - INSUFFICIENT INFORMATION |
| PRIORITYLEADS.COM | 3,500.00 | | |
| PRIVE PORTER BCC | 85,000.00 | | |
| PRIVY BRANDS LLC | | 50,000.00 | |
| PRTI INC | | 25,000.00 | |
| PV BLOCK 97 LLC | 31,500.00 | 35,000.00 | |
| QUAD CITY | 200,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| RANCHO COOPOERTIO... | | 700,000.00 | |
| RBC CAPITAL MARK... | 1,000.00 | 450.00 | |
| REDEEM 18 S MAIN... | 200,000.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| REEVES CAPITAL M... | 88.00 | | |
| RENNTECH INC | 110,582.24 | | POTENTIAL AUTOMOTIVE EXPENSE |
| REV2 LLC | 52,500.00 | 3,000.00 | |
| RIALPA'S WORLD S... | | 75,000.00 | |
| RICHEMONT NORTH | 60,480.00 | | |
| RM AUCTIONS INC | | 778,364.62 | POTENTIAL AUTOMOTIVE EXPENSE |
| ROCKIES WEST FIN... | | 75,000.00 | |
| ROCKLAND AUTO TR... | 27,150.00 | | POTENTIAL AUTOMOTIVE EXPENSE |
| ROOTED DEVELOPMENT | | 35,000.00 | |
| ROYAL ABSTRACT N... | 31,205.50 | | |
| ROYAL BANK OF CA LOAN PMT | 57,000.00 | | UNABLE TO TRACE |
| S2E TECHNOLOGIES | | 24,980.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| S2T LLC | 142,185.63 | | |
| SEQUOIA EXPLORATION | | 35,000.00 | |
| SEYBURN LAW PLLC | 333,333.33 | | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| SHALL DO HAYES D... | | 25,000.00 | |
| SHANE WALLS OR P... | | 30,000.00 | |
| SHEPPARD MULLIN | 499,849.25 | | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| SHOPPING CENTER | | 75,000.00 | |
| SIENA DEV LLC | | 50,000.00 | |
| SINA HOSPITALITY | | 35,000.00 | |
| SK LAW GROUP LLC | 999,999.66 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SKYLER HARTMAN | | 25,000.00 | |
| SOUTH LAND TITLE | 400,000.00 | | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 |
| SP ALPHA OPPORTUNITIES | | 1,500,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SP HARBOR QOZB L... | | 2,540,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SPRING FOREST DU... | | 50,000.00 | |
| SQRL HOLDINGS | | 4,502,500.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SRMG LLC | | 40,000.00 | |
| STARBOARD REALTY | | 55,000.00 | |
| STARSIGHT.IO INC | | 75,000.00 | |
| STILLWATERS DEVELOPMENT | | 25,000.00 | |
| SUMMIT EQUITIES | | 45,000.00 | |

| TRANSACTION DESCRTIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| SUPERIOR AUTO SA... | 126,629.50 | | POTENTIAL AUTOMOTIVE EXPENSE |
| SYRACUSE FINANICAL | | 25,000.00 | |
| TAMPA AMTRAC ASS... | 25,000.00 | | |
| TAYLOR MULLEN | 25,000.00 | | |
| THE 450 PROJECT,... | | 35,000.00 | |
| THE LANDING AT G... | | 50,000.00 | |
| THE MIRADOR GROUP | | 25,000.00 | |
| THE PECORA LLC | | 75,000.00 | |
| THE STARGATE GROUP | | 50,000.00 | |
| TIMEPIECE TRADING | 670,000.00 | | LUXURY - WATCHES |
| TIMOTHY STEVEN R... | | 30,000.00 | |
| TRACEY AND ADAM | 5,000.00 | | |
| TRACY A BECKETT | 28,000.00 | | |
| TRADEWIND | 13,694.35 | | |
| TRUSS FINANCIAL | 3,225,000.00 | 2,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| TS WORLDWIDE LLC | 14,000.00 | | |
| UNO INVERSIONES | 35,000.00 | 35,000.00 | |
| US FOOD INC | 54,415.88 | | |
| VANQUISH INVESTMENT | 55,000.00 | 55,000.00 | |
| VB ALLIANCEN A/S | | 74,970.00 | |
| VC FUND | 21,418.00 | | |
| VCAY.COM | | 35,000.00 | |
| VIKING CAPITAL M... | 3,000.00 | | |
| VISBEEN ARCHITECT | 215,189.28 | | HOME DESIGN |
| WARDMORAN PROPER... | | 100,000.00 | |
| WELLS FARGO SF... | | 50,000.00 | |
| WILLIAMS HILL... | 3,605.26 | | |
| WITHDRAWAL    0411 | 2,051,632.00 | | UNABLE TO TRACE |
| WITHDRAWAL    1246 | 2,958.20 | | UNABLE TO TRACE |
| WITHDRAWAL    2607 | 140,000.00 | | UNABLE TO TRACE |
| WITHDRAWAL    4972 | 5,600.00 | | UNABLE TO TRACE |
| WITHDRAWAL    5529 | 7,000.00 | | UNABLE TO TRACE |
| WITHDRAWAL    6706 | 14,803.66 | | UNABLE TO TRACE |
| WITHDRAWAL    9204 | 540,878.93 | | UNABLE TO TRACE |
| WITHDRAWAL    2391 | 135,911.23 | | UNABLE TO TRACE |
| WITHDRAWAL 60 BURNCRES DRIVE | 3,036.00 | | |
| WITHDRAWAL MILLER KREKLEWET | 5,500.00 | | |
| WLGT HOLDINGS LLC | | 150,000.00 | |
| WRIST AFICIONADO | 250,110.00 | | LUXURY - WATCHES |
| XO GLOBAL LLC | 556,812.00 | | LUXURY - PRIVATE JETS / CHARTERED PLANES |
| ZY LABS LLC | | 20,000.00 | |
| Grand Total | $  80,686,458.07 | $  80,686,381.73 | |

**FOOTNOTE:**
IT SHOULD BE NOTED THAT SOME OF THE TRANSACTIONS SUMMARIZED ABOVE ARE MADE UP OF MULTIPLE TRANSACTIONS

**SCHEDULE 5**

COMPASS - CHARLOTTE 1031 LLC v PRIME CAPITAL VENTURES LLC et al

ENTITY - PRIME CAPITAL VENTURES LLC

SOURCE: BANK STATEMENTS FOR CITIBANK x6945 FOR THE PERIOD 09/01/2022 - 12/31/2023 (NO ACTIVITY AFTER MAY 2023)

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| AI DESIGN | 529,587.12 | | POTENTIAL AUTOMOTIVE EXPENSE |
| ANDREA M CLARKE | | 12,291,111.70 | UNKNOWN - INSUFFICIENT INFORMATION |
| ASPEN COMMERCIAL LENDING LLC | 225,000.00 | | |
| BANK OF CALIFORNIA | 157,953.08 | | UNKNOWN ACCOUNT BANC OF CALIFORNIA |
| BANK OF STOCKTON | 87,867.63 | | UNKNOWN ACCOUNT BANK OF STOCKTON |
| BARCLAY DAMON LLP | 3,900,000.00 | | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 SHOWS ON FARMER WIRE THAT THIS WAS PAID IN FULL $600,000 9/27/23 |
| BERONE CAPITAL FUND LP | 20,000,000.00 | | UNKNOWN ACCOUNT SIGNATURE BANK x3581 |
| BLOACK, LONGO, LAMARCA & BRZEZINSKI | | 2,100,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| BOGLAN DEVELOPMENT LLC - BRADLEY PROJECT | | 300,000.00 | |
| BONHAMS BUTTERFIELDS TRUST | 3,811,000.00 | | POTENTIAL AUTOMOTIVE EXPENSE |
| BRANDON WHEELESS | 10,000.00 | | |
| CAMSHAFT CAPITAL FUND LP | | 11,675,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| CAMSHAFT CAPITAL FUND LP - TEST WIRE | | 100.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| CAPITAL FORD INC | 88,247.39 | | POTENTIAL AUTOMOTIVE EXPENSE |
| CARS USA SHIPPING | 218,447.96 | | POTENTIAL AUTOMOTIVE EXPENSE |
| CASSELS BROCK AND BLACKWELL LLP | 543,098.00 | | CANADIAN LAW FIRM |
| CFR CLASSIC LLC | 35,251.00 | | POTENTIAL AUTOMOTIVE EXPENSE |
| CHARLES W SHOFFNER - TJM PROPERTIES | | 5,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 TJM PROPERTIES, PRIME CAPITAL VENTURES LLC |
| CHRIS SNYDER | 50,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| CHRISTOPHER B LOWE - REMITTER | | 49,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 SHOWS ON FARMER WIRE THAT THIS WAS PAID IN FULL $80,000 10/4/23 |
| CJI TRADING LLC | | 7,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| CLAUD M MCBRIDE | 50,000.00 | | |
| CMTH DEVELOPMENT INC | | 2,541,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| COM COMPANY LLC | 2,000,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| COMPASS-CHARLOTTE | | 15,902,250.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| DANIEL COSGROVE | | 4,312,500.00 | UNKNOWN - INSUFFICIENT INFORMATION |
| DREFIRMS | 25,000.00 | | |
| ELLINGSON LLC | 275,145.00 | | |
| ENTERPRISES MID-SOUTH LLC | 250,000.00 | | |
| EVE PARK LONDON | 6,000,000.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| EVOLT ENTERPRISES | 50,000.00 | | |
| FENIX FAM INC | 15,000.00 | | |
| FIELDPOINT EQUITY INFRASTRUCTURE | | 800,030.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| FIELDPOINT EQUITY LLC | | 299,850.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| FIRST FED | 264,138.89 | | |
| FISHER KNOX ENTERPRISES | 40,000.00 | | |
| FLINT SPRINGS LTD | | 200,000.00 | |
| FUNDING CIRCLE | 113,505.05 | | |
| GARDINER ROBERTS LLP | 38,552.57 | | |
| GARRET B WALES - BUSINESS INVESTMENT | | 1,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| GIA CAPITAL LLC | 400,000.00 | | INVESTMENT ADVISORY FIRM |
| G-MAN LLC | 340,000.00 | | |
| GOTTMAN LAW PC | 3,700,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| HAWTHORNE DEVELOPMENT CORPORATION | 40,000.00 | | |

1 OF 3

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| HCW BIOLOGICS INC | | 5,250,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| HOWARD LLC | 1,700,000.00 | 1,700,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| HUDSON & HUDSON LLC | | 1,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| ICA DEPOSIT - ALWAYS THERE TRANSPORT CORP | | 2,600,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| ICA FOR PR TZEDEK | | 1,950,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 REFERS TO TRUSS FINANCIAL LLC AS PAYOR |
| ICA FOR PRESETON MEADOWS TEXAS | | 1,950,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 REFERS TO TRUSS FINANCIAL LLC AS PAYOR |
| ICA TRUST PAYMENT PER EVE PARK LONDON DEVELOPMENT CREDIT AGREEEMENT | | 5,999,975.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 REFERS TO S2E TECHNOLOGIES INC AS PAYOR |
| INDIGO PHARMACEUTICAL | 10,698,750.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| INTERACTIVE BROKERS LLC | 5,600,000.00 | | TRACED TO PRIME CAPITAL VENTURES IB x0095 |
| ITEM 9 LABS CORP | | 500,000.00 | |
| JHM LENDING VENTURES LLC | | 2,200,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| KETAN MASTERS | | 2,600,000.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 SHOWS ON FARMER WIRE THAT THIS WAS PAID IN FULL $600,000 9/26/23 |
| KINGS CO LLC - INTEREST RESERVE ON LOFTS PHASES 2 AND 3 LLC LOAN | | 2,369,400.00 | IDENTIFIED AS THIRD PARTY BORROWER SCH 1 SHOWS ON FARMER WIRE THAT THIS WAS PAID IN FULL $2,369,400 9/26/23 |
| LABORE ET HONORE LLC | | 1,508,888.30 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| LAKES EDGE DEVELOPMENT GROUP LLC | 3,000,000.00 | 3,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 ALSO REFERRED TO AS "PINE RIDGE CONSTRUCTION" |
| MY T PHAM - LOAN CLOSING | | 1,526,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| NACLB LLC | 20,000.00 | | |
| NEW COUNTRY GROUP | 2,055,312.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| NEWLIGHT TECHNOLOGIES INC | | 2,500,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| NORWELL VENTURES | 300,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION INVESTMENT FIRM |
| ONWARD HOLDINGS LLC | 5,000,000.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| ONWARD PARTNERS | | 6,200,000.00 | IDENTIFIED AS ORIGINAL ICA DEPOSITS SCH 1 |
| PARTIAL ICA FUNDS FOR 18 S MAIN STREET PROPERTY - THE LION GROUP DFW LLC | | 1,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 SHOWS ON FARMER WIRE THAT THIS WAS PAID IN FULL $800,000 9/26/23 |
| PLATINUM TIMES LLC | 2,225,000.00 | | LUXURY - WATCHES - Kris had purchased watch and has since turned the watch over by his attorney to the Receiver. Receiver is in receipt of watch. |
| PRIME CAPITAL ADVENTURES LLC - UNSPECIFIED | | 500,000.00 | UNABLE TO TRACE REFERS TO BOWDEN DOUGLAS AND WELLS FARGO |
| PRIME CAPITAL VENTURES - HEADE PORATION TRUST CENTER | 5,040,000.00 | 5,040,000.00 | UNABLE TO TRACE |
| PRIME CAPITAL VENTURES - HEADE PORATION TRUST CENTER | | 999,950.00 | UNABLE TO TRACE |
| PRIME CAPITAL VENTURES - KEYBANK X2233 | 18,155,704.93 | 4,991,000.00 | TRACED TO KEYBANK X2233 |
| PRIME CAPITAL VENTURES - KEYBANK X4465 | 121,478.00 | | TRACED TO KEYBANK X4465 |
| PRIME CAPITAL VENTURES - OPERA CORPORATION TRUST CENTER CITI x6953 | 12,049,925.00 | | UNKNOWN ACCOUNT CITI X6953 |
| PRIME CAPITAL VENTURES - OPERA NULL CORPORATION TRUST CENTER CITI x6953 | | 7,371,988.00 | UNKNOWN ACCOUNT CITI X6953 |
| PRIME CAPITAL VENTURES - SHORE UNITED BANK x6661 | 50,000.00 | | UNKNOWN ACCOUNT SHORE UNITED BANK X6661 |
| PRIME CAPITAL VENTURES - WELLS FARGO x1058 | 5,000,000.00 | | UNKNOWN ACCOUNT WELLS FARGO X1058 |
| PRIORITY TITLE AND ESCROW | 100,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| PROCOIN LIMITED | 1,371.00 | | |
| QUAD CITY BANK AND TRUST COMPANY | 3,094,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| RM AUCTIONS | 2,000,000.00 | | POTENTIAL AUTOMOTIVE EXPENSE |

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| RM AUCTIONS LIMITED - REFUND OVERPAYMENT | | 21,001.02 | POTENTIAL AUTOMOTIVE EXPENSE |
| RM INC | 2,337,710.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| RM LTD | 4,729,745.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| ROBERT B STRUM | | 2,000,000.00 | UNKNOWN - INSUFFICIENT INFORMATION |
| SCOTT HENDRICKS | 197,898.00 | | |
| SCOTT OLIVER LAW | 4,688,908.00 | | POTENTIAL AUTOMOTIVE EXPENSE |
| SEA BEACH CAPITAL | 30,000.00 | | |
| SELECT PORTFOLIO SERVICING | 63,773.83 | | |
| SEYBURN LAW PLLC | 1,200,000.00 | | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SK LAW GROUP PLLC - HERITAGE FARM LOAN | | 2,400,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SRA-CH RICHLAND II LLC | | 3,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| SUELLEN LESTER | | 400,000.00 | |
| TIMEPIECE TRADING LLC | | 125,000.00 | LUXURY - WATCHES |
| TOPGEAR LLC | 1,300,000.00 | | POTENTIAL AUTOMOTIVE EXPENSE |
| TRUSS FINANCIAL LLC | 6,500,000.00 | 2,590,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| U.S. DOLLAR ACCOUNT SERVICE FEES | 715.19 | | |
| WAYNAR SCHMIDT - BRIDGE LOAN FOR ANVIL MECHANICAL INC | | 2,000,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| WILSHIRE FINANCE PARTNERS INC | 1,692,663.17 | | UNKNOWN - INSUFFICIENT INFORMATION |
| WIRE TRANSFER - RETURNING YOUR SSN | | 2,344,409.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| WRIST AFICIONADO | 368,000.00 | | LUXURY - WATCHES |
| XO GLOBAL LLC | 278,320.00 | | LUXURY - PRIVATE JETS / CHARTERED PLANES |
| ZELLER INVESTMENT LLC | | 2,500,000.00 | IDENTIFIED AS ADDITIONAL ICA DEPOSITS IN SCHEDULE 2 |
| Grand Total | $ 142,857,067.81 | $ 143,608,453.02 | |

**FOOTNOTE:**

IT SHOULD BE NOTED THAT SOME OF THE TRANSACTIONS SUMMARIZED ABOVE ARE MADE UP OF MULTIPLE TRANSACTIONS

**SCHEDULE 6**

COMPASS - CHARLOTTE 1031 LLC  v  PRIME CAPITAL VENTURES LLC et al

ENTITY - BERONE CAPITAL FUND LP

SOURCE: ACCOUNT STATEMENTS FOR RBC  x0011 FOR THE PERIOD 5/1/2022 TO 12/31/2023

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| ALEXANDER CAPITAL VENTURES | 1,000,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| BERONE CAPITAL FUND LP TO/FROM FLAGSTAR x3727 | 10,527,390.42 | | TRACED TO BERONE CAPITAL FUND FLAGSTAR x3727 |
| BOIS D'ARC | 50,000.00 | | |
| CHECK RECEIVED | | 73,847.53 | |
| GERMAN AMER       RETURN WI, BNF ACCT MISMATCH | | 50,000.00 | |
| LATE STAGE INVESTMENT FUND | 100,002.50 | | |
| MARTIN KARO ESQ IOLTA | 6,000,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| MATTHEW CUMMINGS | 50,000.00 | | |
| PHOENIX AMERICAN | 1,700,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| PRIME CAPITAL VENTURES LLC - TO/FROM KEYBANK x2233 | 1,865,000.00 | | TRACED TO PRIME CAPITAL VENTURES LLC KEYBANK x2233 |
| SIGNATURE BANK NY | | 21,000,000.00 | UNABLE TO TRACE |
| SIGNATURE BANK NY - FROM BCF FLAGSTAR x3727 | | 441,303.00 | TRACED FROM BERONE CAPITAL FUND LP FLAGSTAR x3727 |
| Grand Total | $   21,292,392.92 | $   21,565,150.53 | |

**FOOTNOTE:**

IT SHOULD BE NOTED THAT SOME OF THE TRANSACTIONS SUMMARIZED ABOVE ARE MADE UP OF MULTIPLE TRANSACTIONS

**SCHEDULE 7**

COMPASS - CHARLOTTE 1031 LLC v PRIME CAPITAL VENTURES LLC et al

ENTITY - BERONE CAPITAL FUND LP

SOURCE: BANK STATEMENTS FOR FLAGSTAR x3727 FOR THE PERIOD 6/1/2022 TO 12/31/2023

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS | BST COMMENTS |
|---|---|---|---|
| ALEXANDER STONE | $       5,000.00 | | |
| AMY RICART DE RUIS | 30,000.00 | | |
| ANA MULTA RUIZ | 3,742.72 | | |
| LUXURY - PURCHASES | 154,000.00 | | LUXURY - PURCHASES |
| POTENTIAL AUTOMOTIVE EXPENSE | 690,909.03 | | POTENTIAL AUTOMOTIVE EXPENSE |
| BANK OF AMERICA | | 14,955.00 | UNABLE TO TRACE |
| BENEFICIARY TRANSIT NUMBER | 1,950.00 | | |
| BERONE CAPITAL FUND LP | | 5,900,000.00 | THIS CAME FROM AN UNKNOWN ACCOUNT |
| BERONE CAPITAL FUND LP TO/FROM RBC x0011 | 441,303.00 | 10,527,390.42 | TRACED TO/FROM BERONE CAPITAL FUND LP RBC x0011 |
| BERONE CAPITAL FUND LP TO/FROM TDx1876 | 1,326,288.34 | | TRACED TO/FROM BERONE CAPITAL LLC TD x1876 |
| CAROY GROUP, S. R. L. | 4,108.71 | | |
| DANILO MUSIC SRL | 36,010.37 | | |
| DEPOSIT | | 330,000.00 | UNABLE TO TRACE |
| EDGAR JOEL URENA DIAZ | 3,087.00 | | |
| FLORIDA A M UNIVERSITY FOUNDATION | 120,000.00 | | |
| FOWLER O'QUINN FEENEY AND SNEED | 219,593.00 | | LAW FIRM |
| HUGOPOL CONSTRUCCIONES SRL. | 2,750.00 | | |
| ID TECH LLC | 33,300.00 | | |
| JACKSON STATE UNIVERSITY | 120,000.00 | | |
| LUXURY - PRIVATE JETS / CHARTERED PLANES | 100,000.00 | | LUXURY - PRIVATE JETS / CHARTERED PLANES |
| LISANDER LARA PENA | 1,652.00 | | |
| MARCELLA MCCRAKIN | 15,000.00 | | |
| MARTIN KARO, ESQ IOLTA | 11,800,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION<br>2 OUTGOING WIRES OF $5,900,000<br>EACH TO CHASE x0137 AND x3169 |
| OMEGA 14 INC | 300,000.00 | | |
| ONLINE TRANSFER TO X5292 | 19,193.00 | | BERONE CAPITAL FUND LP FLAGSTAR x5292 |
| PBL 5JS HOLDINGS INC | 110,900.00 | | |
| PHOENIX AMERICAN FINANCIAL SERVICE | 850,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| PRESLEY JUNIOR VASQUEZ | 2,750.00 | | |
| PURE 100, SRL | 212,418.80 | | |
| REGISTRATION (RNC) NUM X5711 | 6,060.00 | | |
| ROLLING STONE MEDIA LLC | 12,600.00 | | |
| TROPICAL REALTY PC SRL | 149,729.45 | | |
| **Grand Total** | **$   16,772,345.42** | **$   16,772,345.42** | |

**FOOTNOTE:**

IT SHOULD BE NOTED THAT SOME OF THE TRANSACTIONS SUMMARIZED ABOVE ARE MADE UP OF MULTIPLE TRANSACTIONS

**SCHEDULE 8**

COMPASS - CHARLOTTE 1031 LLC v PRIME CAPITAL VENTURES LLC et al

BERONE CAPITAL LLC

SOURCE: BANK STATEMENTS FOR TD BANK x1876 FOR THE PERIOD 1/1/2022 TO 12/31/2023

| TRANSACTION DESCRIPTION | TOTAL DEBITS | TOTAL CREDITS | BST COMMENTS |
|---|---|---|---|
| ATM WITHDRAWAL | 20,049.37 | | UNABLE TO TRACE |
| POTENTIAL AUTOMOTIVE EXPENSE | 63,718.39 | | POTENTIAL AUTOMOTIVE EXPENSE |
| AUTOMOTIVE EXPENSES | 19,599.96 | 22,350.00 | |
| BANK OF AMERICA | 4,000.00 | | |
| BELLON BAVARO | 560.27 | | |
| BERONE CAPITAL L -ACH SETTLEMENT | 10,200.00 | 10,200.00 | |
| BERONE CAPITAL L | 36,017.60 | | UNABLE TO TRACE |
| BLOOMBERG FINANCE LP | 25,563.40 | | |
| CAPITAL FUND LAW GROUP | 470.00 | | |
| CAPITAL ONE | 683.98 | | |
| CEPM PLAZA FRIUSA | 1,555.45 | | |
| CHRISTOPHER BLANDING | 5,500.00 | | |
| CLARO CAC PUNTA CANA | 614.69 | | |
| COMCAST | 5,062.78 | | |
| COMERCIAL DANNY | 1,231.72 | | |
| CREDIT CARD | 63,866.76 | | |
| DEBIT | 14,000.00 | | UNABLE TO TRACE |
| DELAWARE DMV | 12,069.00 | | |
| DEPOSIT | | 3,353.00 | |
| DINING - FOOD | 6,824.07 | | |
| ENTERTAINMENT | 15,552.00 | | |
| FABIAN STONE | 30,000.00 | 30,000.00 | |
| FINRA | 590.00 | | |
| IN STATE POLICE SEARCH | 16.32 | | |
| INVER HOSKING | 299.18 | | |
| J W LEE INC | 1,900.00 | | |
| JEREMIAH BEGUESSE | 5,000.00 | | |
| KYRA A LYNN ESQ | 1,040.00 | | LAW OFFICE |
| LIGHTHOUSE LIFE CAPITAL, LLC | 199,500.00 | | BUYS LIFE INSURANCE POLICIES |
| LIGHTHOUSE LIFE DISTRIP | | 5,950.00 | |
| LIZBETH MAYORGA | 60,000.00 | | |
| LOLELIFE | 145.52 | | |
| LUXURY - PURCHASES | 4,699.90 | | LUXURY - PURCHASES |
| MARBA DOMINICANA | 4,118.32 | | |
| NICHOLAS A LOTITO IOLTA | 10,000.00 | | |
| PAFS-LHL1 DISTRIB. | | 11,900.00 | |
| PANDA DOCE CLUB | 308.31 | | |
| PERSONAL EXPENSE | 20,211.70 | 2,434.82 | PERSONAL - EXPENSES |
| PRESLEY VASQUEZ IAT | 704.99 | | |
| PRICELINE TVL PROTECT | 78.00 | 78.00 | |
| PROVISIONAL CREDIT | | 1,538.24 | |
| PUBLIC STORAGE | 2,200.00 | | |
| QT 713 | 128.92 | | |
| RBC CAPITAL MARK RBC | | 48,753.13 | |
| THE SET ENTERPRISES | 406.00 | | |
| BERONE CAPITAL LLC TD X6689 | 623,783.36 | 148,966.05 | BERONE CAPITAL TD X6689 |
| TRANSFER TO / FROM TD CHECKING X6800 | 6,797.10 | 5,530.00 | UNABLE TO TRACE |
| BERONE CAPITAL LLC TD x7006 | 357,371.62 | 15,000.00 | BERONE CAPITAL LLC TD x7006 |
| BERONE CAPITAL FUND LP FLAGSTAR X3727 | | 1,326,288.34 | BERONE CAPITAL FUND LP FLAGSTAR X3727 |
| PERSONAL - TRAVEL | 24,869.49 | | PERSONAL - TRAVEL |
| TWIN PEAKS | 305.66 | | |
| VITRINAS RAQUEL | 1,355.87 | | |
| **Grand Total** | **$    1,662,969.70** | **$    1,632,341.58** | |

**FOOTNOTE:**

IT SHOULD BE NOTED THAT SOME OF THE TRANSACTIONS SUMMARIZED ABOVE ARE MADE UP OF MULTIPLE TRANSACTIONS

**SCHEDULE 9**

COMPASS - CHARLOTTE 1031 LLC  v  PRIME CAPITAL VENTURES LLC et al

ENTITY - PRIME COMMERCIAL LENDING

SOURCE: BANK STATEMENTS FOR  KEYBANK x4465 FOR THE PERIOD 3/1/2022 TO 12/31/2023

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| 18 SIERRA FINANCE | 9,520.50 | | |
| 677 PRIME | 407.80 | | |
| 9 MAPLE AVE | 197.75 | | |
| AACFB | 1,798.00 | | |
| ADVENTURE COMMER | 3,920.00 | | |
| ALL PURPOSE LEND | 7,500.00 | | |
| ALTA COMMERCIAL | 540.00 | | |
| AMBRO MANU | 22,938.77 | | |
| AMBROSIA DINER | 85.68 | | |
| AMERICAN-FINANCE | 12,000.00 | | |
| ANDERSON CAPITAL | 160.00 | | |
| ANDREW ALTSCHULE | 800.00 | | |
| ARF FINANCIAL | | 12,710.54 | |
| ASCENT LAW LLC | 300.00 | | |
| ASPEN CAPITAL | 55,890.00 | | |
| ATLAS FINANCE SO | 1,224.00 | | |
| ATM | 408.00 | | |
| POTENTIAL AUTOMOTIVE EXPENSE | 98,805.43 | | POTENTIAL AUTOMOTIVE EXPENSE |
| AUTOMOTIVE EXPENSE | 916.95 | | CAR EXPENSE - GAS AND WASH |
| B2B FINANCING | | 3,500.00 | |
| BANC OF CALIFORNIA | 5,531.46 | | |
| BAYVIEW ASSET | | 46,711.50 | |
| BEDFORD FINANCIAL | 600.00 | | |
| BHB FUNDING | 6,250.00 | 51,225.00 | |
| BK AMER NYC | | 11,496.00 | |
| BLESSING CAPITAL | 1,372.50 | | |
| BRANDON WHEELESS | 25,000.00 | | |
| BRIGHTVIEW COMME | 12,540.00 | | |
| CAPITAL PARTNERS | | 214,348.52 | |
| CAPITALAX LLC | 2,000.00 | | |
| CHARIS COMMERICAL | 8,050.00 | | |
| CHARLES ANDERSON | 16,720.00 | | |
| CHICAGO TITLE CO | | 2,956.80 | |
| CISION-PRNE | 905.00 | | |
| CLEARPOINT CAPIT | 1,000.00 | | |
| COLLECTION PAYMENTS | 876.60 | | |
| COMMERCIAL CAPIT | 5,193.00 | | |
| COOK KEITH DAVI | 1,700.82 | | |
| CORELOGIC CREDC | 8,903.54 | | |
| COTE KOREAN STE | 4,058.50 | | |
| COTE MIAMI | 4,320.00 | | |
| CPH LLC | 2,000,000.00 | | UNKNOWN - INSUFFICIENT INFORMATION |
| CROSS COMMERCIAL | 9,405.00 | | |
| CTI CHICAGO METR | | 24,853.13 | |
| CULLEN AND DYKMA | 75,000.00 | | LAW FIRM |
| DAL COMMERCIAL C | 14,400.00 | | |
| DELAWARE CORP & | 300.00 | | |
| DEPOSIT | | 60,915.00 | |
| DIFFERENT DRUMM ALBANY | 867.75 | | |
| DINING - FOOD | 20,188.91 | | |
| DORRA FINANCIAL | 500.00 | | |
| EAST SIDE LOUNG | 162.32 | | |

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| ELEVATE CAPITAL | 10,768.00 | | |
| ENTERPRISE FUNDING | 3,160.00 | | |
| ERIK J MARTIN | 7,068.32 | | |
| EXA JOE'S KWIK MARTS | 105.67 | | |
| EXOTICARE | 550.00 | | |
| EXPRESS TRA SAINT LOUIS | 1,438.80 | | |
| FAINE ENTERPRISES | 700.00 | | |
| FALL CREEK FINAN | 2,934.00 | | |
| FEDERAL RESERVE | | 1,452.40 | |
| FIRST INTERNATIO | | 2,340.00 | |
| FISCHER KNOX ENT | 9,728.53 | | |
| FUN MONEY VENTURES | 700.00 | | |
| FUNDATION OPS | | 2,084.53 | |
| GARY LOCKWOOD | 23,517.83 | | |
| GEMINI TITLE AND | | 15,040.00 | |
| GLOBAL PRIVATE | 252.37 | | |
| GOOP MAUNA LANI WAIMEA | 110.77 | | |
| GOTHAM ABSTRACT | | 6,100.00 | |
| GRAFTON FUNDING | 480.00 | | |
| GREENLIGHT COMME | 750.00 | | |
| HEART PINE CAPITAL | 360.00 | | |
| HOGAN LOVELLS | 400,000.00 | | LAW FIRM |
| IAN TUCKER MANAGEMENT | 1,920.00 | | |
| INIFINITY LENDING | 5,300.00 | | |
| INTERNAL | 1,378,047.05 | | UNABLE TO TRACE |
| TINA AND KRIS ROGLIERI KEYBANK x2848 | 51,700.00 | 433,924.90 | TINA AND KRIS ROGLIERI JOINT KEYBANK x2848 |
| INTERNET TRANSFER TO/FROM DDA x0768 | 23,450.00 | 7,500.00 | UNABLE TO TRACE |
| INTERNET TRANSFER TO/FROM DDA x2134 | 32,000.00 | 62,100.00 | UNABLE TO TRACE |
| PRIME CAPITAL VENTURES KEYBANK x2233 | 9,500.00 | 5,511,415.00 | PRIME CAPITAL VENTURES KEYBANK x2233 |
| COMMERCIAL CAPITAL TRAINING GROUP LLC KEYBANK x4541 | 397,000.00 | 82,000.00 | COMMERCIAL CAPITAL TRAINING GROUP LLC KEYBANK x4541 |
| TINA AND KRIS ROGLIERI KEYBANK x5837 | 18,000.00 | | TINA AND KRIS ROGLIERI JOINT KEYBANK x5837 |
| J AND S FINANCIA | 1,200.00 | | |
| JADE EMERALD CAP | 680.00 | | |
| JAMES A FAUCI AT | 3,000.00 | | |
| JEFFREY J. WALKE | | 3,000.00 | |
| JHF CAPITAL | 12,100.00 | | |
| KEY MERCHANT | 10,080.89 | 87,190.00 | |
| LAUREN MCGEE | 15,666.00 | | |
| LAW OFFCIE OF SC | | 3,827.00 | |
| LEE PALMATEER LASALE | 950.00 | | |
| LNS GROUP LLC | 45,500.00 | 240.00 | |
| LODE CAPITAL LLC | 18,000.00 | | |
| LOPORTO RISTORA TROY | 603.48 | | |
| LOTUS COMMERCIAL | 10,000.00 | | |
| LUXURY - PRIVATE JETS / CHARTERED PLANES | 101,000.00 | | PRIVATE JETS AND CHARTERED PLANES |
| LUXURY - PURCHASES | 178,579.90 | | LUXURY PURCHASES |
| LUXURY - WATCHES | 111,000.00 | | LUXURY WATCHES |
| MC HOTEL NETWO EASYSAVINGS | | 9.72 | |
| MEANS COMMERCIAL | 5,000.00 | | |
| MERCH BNKCD NSD FEE | 95.55 | | |
| MERIT TITLE LLC | | 2,556.00 | |
| MICHAEL A REED | | 3,695.00 | |
| MIRROR LAKE CONS | 7,000.00 | | |
| MONTEREY COMMERC | 10,800.00 | | |
| NEW ANGLE CAPITA | 526.00 | 526.00 | |
| NEWCOAST CAPITAL | 308.66 | | |
| NORTHERN TITLE A | | 10,100.00 | |

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| NORTHFIELD REALT | 329.00 | 329.00 | |
| NUSRET NEW YORK | 3,065.86 | | |
| OAKMONT COMMERCI | | 34,073.80 | |
| OCEANVIEW ACQUISITION | | 31,625.76 | |
| OCEANVIEW LIFE A | | 9,180.00 | |
| ONE FUNDER INC | | 63,800.00 | |
| ONELAKESIDE ASPEN | 558.94 | | |
| ORYX CAPITAL SOL | 450.00 | | |
| OTIS ATGRPH MAR | 1,231.41 | | |
| OUTDOOR FINANCIAL | 2,221.93 | | |
| OUTSIDE THE BOX | 1,650.00 | | |
| PAC WESTERN FINANCIAL | 1,564.00 | | |
| PARRISH FUNDING | 520.00 | | |
| PARSONSKELLOGG | 4,335.00 | | |
| PAYPAL - ACCESS | 297.00 | | |
| PAYPAL - FATJOE | 101.99 | | |
| PAYPAL - VALUECA | 7,329.98 | | |
| PEARL TOWER ASSO | 27,946.10 | | |
| PENSION PROS | 500.00 | | |
| PERSONAL - TRAVEL | 112,695.23 | 3,759.25 | PERSONAL TRAVEL EXPENSES |
| PET EXPENSES | 365.50 | | |
| POSTED ITEM CORRECTION | | 4,095.00 | |
| PRIME CAPITAL VENTURE CITI x6945 | | 121,478.00 | TRACED TO PCV CITIBANK x6945 |
| PRIME COMMERCIAL | | 1,500.00 | |
| PRIME COMMERCIAL LENDING MRCH SRV | 236.39 | | |
| PRIVATE CAPITAL | 1,300.00 | | |
| PRIVATE CLIENT C | 1,500.00 | | |
| PROSPER FIRST FU | 4,620.00 | | |
| PURCHASES - ELECTRONICS | 86.38 | | |
| PURCHASES - PERSONAL | 1,389.91 | | |
| QUAINT OAK BANK | | 11,500.00 | |
| QUEENSBURY | 529.65 | | |
| RAM CAPITAL SOLU | 940.00 | | |
| RED ROCK ADV RO LAS VEGAS | 2,032.87 | | |
| REEVES CAPITAL | 13,386.00 | | |
| RENNERT VOGEL | | 42,675.00 | |
| RES TITLE INC | | 18,680.00 | |
| REXFORD COMMERCI | 450.00 | | |
| RIGHT COMMERCIAL | 1,500.00 | | |
| ROBERT CROSS | 1,502.00 | | |
| ROTAY CAPITAL FI | 2,000.00 | | |
| ROYALL CAPITAL F | 990.00 | | |
| RUSTWOOD CAPITAL | 2,341.00 | | |
| SAIF DAGHESTANI | 585.00 | | |
| SARATOGA CAPITAL | 84,327.30 | | ASSET MANAGEMENT GROUP |
| SBF FINANCE AND | 18,400.00 | | |
| SERVICELINK | | 14,050.00 | |
| SILVER HILL FUND | 84,065.00 | 8,940.00 | FINANCE BROKERS (LOCATED IN FL) |
| SPARTAN BUSINESS | | 29,600.00 | |
| SPARTAN TOWING C | 12,345.00 | | |
| SPEARING | 285.00 | | |
| SPEED FUNDING | 4,500.00 | | |
| SPEEDWAY | 197.49 | | |
| SQUARE INC | 0.01 | 12,953.18 | |
| STEVENSON CAPITA | 3,192.00 | | |
| STRIPE | | 28,310.08 | |
| SUPERIOR EXECUT | 1,082.53 | | |

| TRANSACTION DESCRIPTION | TOTAL DEBIT | TOTAL CREDIT | BST COMMENTS |
|---|---|---|---|
| THE NEW YORK RA | 972.00 | | |
| THE NORTH DAKOTA | | 5,747.00 | |
| TITANIUM CAPITAL | 3,600.00 | | |
| TONY FERRI | 1,620.00 | | |
| TREVOR COLE COMM | 6,750.00 | | |
| TRIPLE CAPITAL | 18,901.50 | | |
| TSALACH LLC | 11,718.50 | | |
| USILIACS DBA TITA | 4,000.00 | | |
| VALERO 7 ELEVEN KING CITY | 60.43 | | |
| VALUE ASSIST CAP | 502.00 | | |
| VANTAGE | | 34,584.23 | |
| WF PERIGO | | 2,118.60 | |
| WKI*CTCORPORATI | 1,569.00 | | |
| Grand Total | $   5,813,529.00 | $   7,142,815.94 | |

**FOOTNOTE:**

IT SHOULD BE NOTED THAT SOME OF THE TRANSACTIONS SUMMARIZED ABOVE ARE MADE UP OF MULTIPLE TRANSACTIONS

# EXHIBIT "B"

# LEMERYGREISLER LLC
### ATTORNEYS AT LAW

Paul A. Levine, Member

plevine@lemerygreisler.com
Ph: (518) 433-8800 ext. 313

March 25, 2024

**VIA E-MAIL**
**TMcnamara@certilmanbalin.com**

Thomas J. McNamara, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue – 9th Floor
East Meadow, New York 11554

> **Re:** **Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.**
> **24-cv-00055**

Dear Tom:

Please have your clients produce for me:

1. All documents in their possession relating to the investments set forth on the schedule sent to me which I attached as Exhibit "5" to my declaration in opposition to your motion to vacate the receivership as to Berone including account statements, prospectuses, and any other documents that would allow me to investigate how to liquidate the investments.

2. All paper banking records relating to the Berone Defendants.

3. All financial records as to the Berone Defendants such as, but not limited to, profit and loss statements, check registers, income and expense statements and balance sheets.

4. All email communications, text messages and any other correspondence with Prime Capital Ventures, LLC, Kris Roglieri and / or Kimberly Humphrey.

5. The titles, registrations and proof of insurance, as well as the location, for the Ferrari and Rolls Royce.

677 Broadway, 8th Floor
Albany, New York 12207
**518.433.8800**

**www.LemeryGreisler.com**

March 25, 2024
Page -2-

6.  Records of all funds received by Berone from Prime Capital Ventures, LLC.

7.  Records of all funds received by Berone from Prime Capital Ventures, LLC that were transferred elsewhere including, but not limited to, Reign and / or Martin Karo.

8.  The physical location of the "basement" office you referenced at the court hearing, who owns the property and how I may obtain access for purposes of inspecting and taking possession of records.

9.  Any communications from any Berone client indicating that the Receivership is or has created an impediment to their account and, if any losses are claimed, provide supporting documentation quantifying and evidencing the loss. As I said in my papers in opposition to the motion and at court, I am prepared to work with your clients so that its unrelated clients are not prejudiced. If they wish to do this, please provide this information and contact me.

10. All records related to the Berone Defendants opening of any accounts for Prime Capital Ventures, LLC.

11. All documents relating to the Berone Defendants' due diligence process for vetting clients or investors, and all due diligence performed relating to Prime Capital Ventures, LLC or Kris Roglieri.

12. Any records of compliance procedures, internal audits, or investigations related to Prime Capital Ventures, LLC's accounts or transactions.

13. Detailed logs or records of all transactions conducted on behalf of Prime Capital Ventures, LLC, including dates, amounts, counterparties, and any associated fees or charges.

14. Any risk assessments or evaluations conducted by the investment firm regarding Prime Capital Ventures, LLC 's investment profile, risk tolerance, and suitability for certain investment products or strategies.

15. Electronic audit trails or logs documenting user activity and system access related to Prime Capital Ventures, LLC's account.

March 25, 2024
Page -3-

16.    Any agreements or arrangements between the Berone Defendants and third parties (such as other financial institutions, advisors, or service providers) that may be relevant to Prime Capital Ventures, LLC's accounts or transaction.

Given that I need to file a report with the Court on or before April 18th, I request your clients' prompt response to these requests.

Very truly yours,

LEMERY GREISLER LLC

Paul A. Levine

PAL:ph
cc:    William Esser, Esq. (Via E-mail)

# EXHIBIT "C"

**To:**      Paul A. Levine, Lemery Greisler LLC
**From:**    Berone Defendants

This is in response to the Receiver's request for information and documents contained in the Receiver's letter to Berone's counsel dated March 25, 2024. For ease of reference, I have reiterated the requests below using the same numbering given in the letter, and Berone's responses to each request follow directly below:

Request #1:   All documents in their possession relating to the investments set forth on the schedule sent to me which I attached as Exhibit "5" to my declaration in opposition to your motion to vacate the receivership as to Berone including account statements, prospectuses, and any other documents that would allow me to investigate how to liquidate the investments.

Response to #1:  There is another investor that is subscribed to Berone Capital Fund LP: "P. Holdings" (name redacted to protect investor identity), who made an initial investment of $1,000,000.00.[1] Attempting to liquidate this investment would cause proportional damage to this investor, that has nothing to do with Plaintiff's ICA deposit or Prime Capital Ventures. As per the liquidation, there is a legitimate process to follow based on the contractual obligations between Berone Capital Fund LP and the various Administrators so as not to cause harm to another investor in the Fund.  See Exhibit A attached.

Request #2:   All paper banking records relating to the Berone Defendants.

Response to #2:  We never received paper bank statements and relied entirely on electronic access for banking records.  As a result of the Receivership Order, we can no longer access those electronic records via online banking portals. The Receiver is already in possession of TD Bank

---

[1] Unredacted names will be provided upon agreement of Receiver not to file them publicly, in order to preserve client/investor privacy.

{LG 00746428 1 } 1

statements and Signature Bank statements. In fact, our relationship with TD Bank was terminated as a result of the Receivership. See Exhibit B attached.

Request #3:    All financial records as to the Berone Defendants such as, but not limited to, profit and loss statements, check registers, income and expense statements and balance sheets.

   Response to #3: All access to financial portals, where we would obtain copies of such financial records, has been terminated due to the appointment of a Receiver. Please refer to RBC Capital Market, Signature Bank and TD Bank documents already in the Receiver's possession. See the attached Exhibit C for records of overdue notices and collections actions.

Request #4:    All email communications, text messages and any other correspondence with Prime Capital Ventures, LLC, Kris Roglieri and / or Kimberly Humphrey.

   Response to #4:        Attached at Exhibit D are text message and email communications.

Request #5:    The titles, registrations and proof of insurance, as well as the location, for the Ferrari and Rolls Royce.

   Response to #5:        There is no proof of insurance as it has not been paid since the appointment of Receiver. The vehicles were not purchased with Prime's money; they were purchased from amounts which Berone earned as fees and expenses. See the attached Exhibit E for documents regarding the unpaid insurance.

Request #6:    Records of all funds received by Berone from Prime Capital Ventures, LLC.

   Response to #6:        Without any access to our online banking portal, please rely on the Signature Bank, TD Bank and RBC Capital Market statements in the Receiver's possession to verify that only $20M was ever received by Berone Capital Fund LP from Prime Capital Ventures, LLC.

Request #7:    Records of all funds received by Berone from Prime Capital Ventures, LLC that were transferred elsewhere including, but not limited to, Reign and / or Martin Karo.

Response to #7:    No funds were transferred by Berone Capital Fund LP elsewhere on behalf of Prime Capital Ventures. Transfers were made on the request of Prime Capital Ventures through its RBC entity account in the name of Prime Capital Ventures. See attached at Exhibit F.

Request #8:    The physical location of the "basement" office you referenced at the court hearing, who owns the property and how I may obtain access for purposes of inspecting and taking possession of records

Response to #8:    We have entirely lost the use of this home office due to the inability to pay for utilities to service this office. As a result, the books and records are now maintained at my apartment in Miramar, Florida. Attached as Exhibit G are our home office overdue notices.

Request #9:    Any communications from any Berone client indicating that the Receivership is or has created an impediment to their account and, if any losses are claimed, provide supporting documentation quantifying and evidencing the loss. As I said in my papers in opposition to the motion and at court, I am prepared to work with your clients so that its unrelated clients are not prejudiced. If they wish to do this, please provide this information and contact me.

Response to #9: Attached as Exhibit H are two such e-mail communications. Additionally, the following clients of Berone Capital LLC have expressed the following concerns via telephone:

- Anthony W. transitioned from his role and would like to discuss restricted company stock that will be coming online soon and what our strategy moving forward will be. He also wants to add silver and gold positions to this IRA;

- Jamil E. who worked at VMWare(bought out by Broadcom) has left his role at VMWare with a substantial sized 401(k) he will need to transition. We are running

up against the deadline to transfer his assets to his account as we are at 45 days out of 60 days to complete this transfer;

- Tracie E. (Nurse Practitioner) would like to discuss the lack of servicing for her IRA this quarter as she would like to increase her contributions in order to max out her IRA FY '24;

- Leonardo B. needs to discuss strategy on what to do with potential real estate windfall and his outstanding Credit Access Line and servicing.

- Ryan Y. S., is looking to add Bitcoin exposure utilizing some currently approved ETFs for his individual and IRA accounts. Also, he would like to discuss portfolio repositioning;

- Prospective client Richard P., a referral from Jamil E., has reached out looking for advice on 401k transition also;

We have also lost opportunities to pursue clients that could have invested approximately $34,000,000.00 as a result of this Receivership. The names of these potential clients, along with their intended investment amount, are listed below, redacted as they are high-profile accredited investors that value privacy:

- William R., musician, $5,000,000
- Jay W.J., musician, $5,000,000
- Stephen J., athlete, $2,000,000
- Josh P., athlete, $1,000,000
- U.R., musician, $5,000,000
- Y.B., music group, $1,000,000
- Todd G., athlete, $5,000,000
- N.C., musician, $3,000,000
- Sterling H., athlete, $5,000,000
- Chris H., athlete, $2,000,000
- **Total: $34,000,000**

Request #10:  All records related to the Berone Defendants opening of any accounts for Prime Capital Ventures, LLC.

Response to #10:     See attached at Exhibit I.

Request #11:  All documents relating to the Berone Defendants' due diligence process for vetting clients or investors, and all due diligence performed relating to Prime Capital Ventures, LLC or Kris Roglieri.

Response to #11:      Due diligence related to Prime Capital Ventures, LLC and Kris Roglieri included but not limited to OFAC, corporate, individual and internet searches. See attached at Exhibit J. Berone Capital Fund LP also relies on the representations made by Prime Capital in our subscriptions agreement, including but not limited to the representation that the source of funds for the investment is "earnings" (provided in response to #1 above). In addition, Berone Capital LLC relies on representations in account applications that source of funds is "operating income" (provided in response to #10 above).

Request #12:  Any records of compliance procedures, internal audits, or investigations related to Prime Capital Ventures, LLC's accounts or transactions.

Response to #12:     See attached at Exhibit K.

Request #13:  Detailed logs or records of all transactions conducted on behalf of Prime Capital Ventures, LLC, including dates, amounts, counterparties, and any associated fees or charges.

Response to #13:  The only transactions conducted on behalf of Prime Capital Ventures are done in its entity account through Berone Capital LLC the Registered Investment Advisor. See attached as Exhibit L. There are no transactions conducted on behalf of Prime Capital Ventures through Berone Capital Fund LP. Berone Capital Fund LP is a registered Hedge Fund with the SEC(Securities and Exchange Commission). Berone Capital Fund LP when in receipt of deposits

from subscribers, operates within its offering documents on behalf of Fund objectives and mandates. Prime Capital Ventures LLC is a subscriber to the Berone Capital Fund LP which provides Special Powers of Attorney to invest on behalf of the Fund objectives. Please see offering documents for Berone Capital Fund LP (provided in response to request #1). There is also another subscriber to Berone Capital Fund LP that is being damaged by the Receivership (P. Holdings, referred to above in response to request #1).

Request #14:  Any risk assessments or evaluations conducted by the investment firm regarding Prime Capital Ventures, LLC 's investment profile, risk tolerance, and suitability for certain investment products or strategies.

    Response to #14:    Berone Capital Fund LP does not make investment allocations based on individual risk profiles. An individual risk profile (i.e., for Berone Capital LLC clients) includes target date to retirement, individual goals and objectives and whether an individual is aggressive, moderate or conservative. Berone Capital Fund LP's risk factors are included in our offering document and attested to through our subscription agreement, which was already provided in response to # 1 above (Exhibit A).

Request #15:  Electronic audit trails or logs documenting user activity and system access related to Prime Capital Ventures, LLC's account.

    Response to #15:    RBC Capital Markets, not Berone, will have audit trails or logs documenting user activity and system access related to Prime Capital Ventures, LLC's account. The Receiver already gained access to Prime's only entity account at RBC Capital Markets. It is recommended the Receiver reach out to RBC Capital Markets as they are the ones who create and maintain the accounts, not Berone, and would have user activity and system access related to Prime Capital Ventures LLC's account.

Request #16:  Any agreements or arrangements between the Berone Defendants and third parties

(such as other financial institutions, advisors, or service providers) that may be relevant to Prime

Capital Ventures, LLC's accounts or transaction.

    Response to #16:     There are none.


Dated:      April 12, 2024

_____

                                        Jeremiah Beguesse

# EXHIBIT "D"



**BERONE CAPITAL**

## ACCOUNT STATEMENT
December 1, 2023 - December 26, 2023

Account number:

*Page 1 of 1*

BERONE CAPITAL FUND LP
for benefit of :

Prime Capital Ventures, LLC
66 South Pearl Street
10th Floor
Albany NY 12207
UNITED STATES
Attn: Kris Roglieri

**Partnership Account**

**Your Financial Advisor**
Jeremiah Beguesse
3595 Canton RD
Suite 312-223
Marietta GA 30066
Telephone:
E-mail:

### ACCOUNT VALUE SUMMARY

|  | THIS PERIOD | THIS YEAR |
|---|---|---|
| Beginning account value | $ 52,414,000.00 | |
| Deposits | 0.00 | |
| Withdrawals | 0.00 | |
| Taxable income | 0.00 | |
| Change in asset value | 50,000.00 | |
| Ending account value | $ 52,364,000.00 | |
| | | |
| Estimated annualized income | | |

### YOUR MESSAGE BOARD

*RBC Clearing & Custody is a division of RBC Capital Markets, LLC (RBC CM),
Member NYSE/FINRA/SIPC. RBC CM provides brokerage, back-office, and related
services to investment advisors. RBC CM is the custodian of your brokerage account,
and this statement is provided solely for that account.*

*If you have any questions, please reach out to your financial advisor.*

# EXHIBIT "E"



**BERONE**
**CAPITAL**

BERONE CAPITAL FUND LP
3595 CANTON RD / STE 312—223
MARIETTA GA  30066

YD0GA
BC1

**Partnership Account**

**Your Financial Advisor**
Jeremiah Beguesse
3595 Canton RD
Suite 312-223
Marietta GA  30066
Telephone:
E-mail:



# ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number
Page 1 of 11

## ACCOUNT VALUE SUMMARY

|  | THIS PERIOD | THIS YEAR |
|---|---|---|
| Beginning account value | $11,011,554.01 | $0.00 |
| Deposits | 441,303.00 | 21,441,303.00 |
| Withdrawals | −5,900,020.00 | −15,914,799.45 |
| Taxable income | 11,001.56 | 12,942.85 |
| Change in asset value | 7,489.80 | 31,881.97 |
| Ending account value | $5,571,328.37 | $5,571,328.37 |
|  |  |  |
| Estimated annualized income |  | $10,164.00 |

*Please see "About Your Statement" on page 2 for further information.*

## YOUR MESSAGE BOARD

*RBC Clearing & Custody is a division of RBC Capital Markets, LLC (RBC CM), Member NYSE/FINRA/SIPC. RBC CM provides brokerage, back-office, and related services to investment advisors. RBC CM is the custodian of your brokerage account, and this statement is provided solely for that account.*

RBCWM_PrimeCap_



BERONE CAPITAL FUND LP
3595 CANTON RD / STE 312–223

Account number:

Page 2 of 11

**GO PAPERLESS** – Certain client documents are available for electronic delivery by accessing your account online at www.RBCAdvisorConnect.com. Upon signing up for this service, you will choose which documents you do not want to receive in the mail. You will then be notified by email when they are available for viewing and printing via the Internet. You may change your paperless elections at any time by going to the Suppress Mailings link on the website.

**ABOUT YOUR ACCOUNT** – This brokerage account statement is provided by RBC Capital Markets, LLC (RBC). RBC provides brokerage and custody services to you or to your advisor listed on this statement. RBC does not endorse or recommend any advisor or investment strategy for your account. The advisor, if listed, is responsible for all investment advisory services for your account. RBC only provides brokerage and custody services related to this account and has no responsibility to monitor the suitability of any trading activity in your account. Inquiries concerning the positions and balances in your account may be directed to us at 612-371-7830. All other inquiries regarding your account or the activity therein should be directed to your advisor. RBC may provide other products and services to your advisor that are unrelated to your account. The amount charged to the advisor by RBC for these additional products and services may be based in part on the amount of assets placed in RBC brokerage accounts, and therefore your advisor may have an incentive to recommend or require its clients to maintain brokerage accounts at RBC.

Securities in your account are protected up to $500,000 (cash up to $250,000) by the Securities Investor Protection Corporation (SIPC). RBC has purchased an additional policy covering up to $99.5 million per SIPC qualified account, subject to a total maximum aggregate for RBC of $400 million. This protection applies to the physical loss or destruction of your securities; it does not apply to any decline in the market value of your securities. Other investments shown on your statement but not held at RBC may not be protected by the SIPC or private insurance policies purchased by RBC. Certain investments and transactions are ineligible under SIPC such as commodity futures contracts and currency, as well as investment contracts (such as limited partnerships), fixed annuity contracts that are not registered with the U.S. Securities and Exchange Commission under the Securities Act of 1933 and foreign currency transactions. For more details, please talk to your advisor, contact SIPC for a brochure by calling 202-371-8300 or visit www.sipc.org.

All securities that we hold for you that are not registered in your name ("street name" securities) are commingled with identical securities being held for other clients. In the event that any such securities are "called" by the issuer, we will determine which clients' securities are redeemed using an impartial selection system, as required by Financial Industry Regulatory Authority (FINRA) rules. RBC's lottery procedures for callable securities may be found on our website at https://www.rbcclearingandcustody.com/en-us/legal/ under "Partial Redemption of Callable Securities". A printed copy of these procedures may be requested from your Financial Advisor.

To report a lost or stolen VISA Platinum® card, call 800-933-9946 or 877-486-3696. Questions regarding check activity, money funds balances and VISA Platinum® card activity should be directed to Client Account Services at 800-933-9946.

A financial statement of this organization is available for your personal inspection at its offices, or a copy of it will be mailed upon your written request.

If you have an option account, each of the transaction confirmations that we sent you itemizes the commissions that you have paid. Upon request, we will also furnish to you a statement of the total option commissions paid by you for this calendar year.

For a schedule of fees charged by RBC, you may visit Advisor Connect through your advisor's website or directly at www.rbcadvisorconnect.com where a list of fees is included in the section titled "other". Please contact your advisor with additional questions about the list of fees, or for help accessing Advisor Connect.

**ABOUT YOUR STATEMENT** – Statements are mailed monthly to clients who have transactions during the month that affect money balances and/or security positions. Statements are mailed quarterly to all other clients provided that their account contains a money or security balance. Please review these statements carefully, and keep them for your records. If you note any discrepancies in your money balance, security positions, tax lots chosen for disposition, or unauthorized activity in your account, please report this to us immediately in writing at RBC Clearing & Custody, Attn: Client Service Team, 250 Nicollet Mall, Suite 1700, Minneapolis, MN 55401-1931 or at 612-371-7830. In addition, you should reconfirm any oral communications with us in writing to further protect your rights, including your rights under the Securities Investor Protection Act (SIPA).

Your statement is intended to provide only a summary of activity in your account(s) for the statement period. The information provided on the statement includes, among other things, a snapshot of the value of your account(s), a summary of the income you received for the statement and year-to-date periods, contributions to traditional, Roth or other Individual Retirement Account(s), and transactions in mutual funds shares. The presentation of the value of your account(s) value, as well as changes in value, includes all deposits, withdrawals, and other changes in market value. It may also reflect a reduction in value as the result of the return of principal on certain fixed income securities. However, changes in the value of unpriced securities, special products, or accrued interest are not reflected.

If you have questions about your individual tax situation, please consult your tax advisor.

The prices for most securities and certain securities transactions reported on this statement are obtained from independent quotation services whose appraisal(s) are based on closing prices, bid-ask quotations or other factors; however, in some cases, RBC calculates prices for certain securities using information from independent and internal sources. If you hold municipal revenue bonds, please be aware that the price you may receive on their sale may vary significantly from the price shown on your statement. Moreover, certain securities may have unique valuation requirements. Certain securities prices may not be current as of the statement date, and certain adjustments to your holdings may not yet have been included. If you purchase and/or hold securities traded in a market outside of the United States, and/or denominated in a currency other than United States dollars, the price of those securities may be converted into United States dollars for inclusion on your statement. The risks of adverse changes in the value of non-United States currencies relative to the United States dollar are borne by you; RBC does not hedge or otherwise mitigate such risks. While we obtain pricing and currency conversion information from sources that we believe are reliable, RBC cannot guarantee the accuracy of the prices and currency conversion information that appear on your statement. You should always request a current valuation of your securities prior to making an investment decision or placing an order to buy or sell securities. Note that securities that are not actively traded have not been priced and, therefore, are excluded from the total shown in your summary.

RBC's Dividend Reinvestment Program (DRIP) is available to holders of eligible securities. For more information on the program, please refer to the terms and conditions of your agreement with us in the Client Account Agreement and the "Dividend Reinvestment Program Disclosure" which can be found at https://www.rbcclearingandcustody.com/en-us/legal/. If you have additional questions, please contact your Financial Advisor.

**Non-priced Securities** – Securities that are not actively traded and for which no independent quotation-service pricing is readily available are excluded from the (i) Market Price, (ii) Market Value and (iii) Account Summary Total sections of your statement. In these instances, the Market Value and Total Account Summary sections of the statement will reflect a $0.00 value for these securities until such time that they begin active trading and/or have a readily available independent quotation-service price. Accrued interest for non-priced (N/P) securities will be reflected on your statement where applicable. Examples of N/P securities may include, but are not limited to, auction rate securities, auction rate preferred securities and certain structured products and over-the-counter equity securities.

If you have elected to receive interest on free credit balances maintained in your account, please be advised that under federal securities laws and the rules of FINRA, we are permitted to pay such interest only on balances arising as an incidence of securities trading activities. We may use a free credit balance in your account in the course of our business, subject to limitations of 17CFR Section 240.15c3-3 under the Securities Exchange Act of 1934. You may demand and receive from us during normal business hours the delivery of any free credit balances or fully-paid securities in your account, and/or any securities purchased in your loan account upon full payment of any indebtedness to us. Any balance in the RBC Insured Deposits or shares in a money market fund in your account may be liquidated on your order and the proceeds returned to your account or remitted to you upon the full payment of any indebtedness to us.

If this is an RBC Express Credit™ (margin) account and we maintain a special memorandum account for you, this is a combined statement of both your general account and the special memorandum account maintained for you under Regulation T of the Federal Reserve system. The permanent record of the special memorandum account as required by Regulation T is available for your inspection at your request. RBC reserves the right to limit RBC Express Credit (margin) purchases and short sales and to alter its margin requirements and due dates for house or other margin calls in accordance with the firm's guidelines, market conditions and regulatory requirements.

The prices reported on your RBC statement for securities issued through or by a Direct Participation Program, Real Estate Investment Trust, or private securities, including hedge funds are estimates. RBC does not calculate the prices of these securities, and has not confirmed the prices or verified that they are determined correctly. Instead, RBC relies on independent quotation services or the management, trustee or general partner of the issuer of the securities to provide such prices. The prices may be based on independent appraisals, the book value of the entity's assets, the prices paid or offered for the securities, or another method or basis (or a combination of any of these). These securities are illiquid, and do not trade in a public market. Consequently, the estimated value of the securities (which is shown on your statement) may not equal the amount(s) that you receive if you attempt to sell your investment. In some cases, accurate valuation information relating to these securities may not be available. For current or estimated price information on the estimated value of the securities, the source of the actual or estimated value of the securities, or the method by which the value was determined or estimated, please call 866-295-8555.

FINRA BrokerCheck Hotline – FINRA has made available to investors a pamphlet describing FINRA BrokerCheck for your information. To obtain a copy of the brochure, please contact FINRA at 800-289-9999 or visit their website at www.finra.org.

Same Day Cash Sweep Redemptions – If your transaction has the description "Same Day", the transaction you requested required same day payment—RBC retained the last day's dividend to offset the cost of advancing a same day payment on your behalf. For more information see the "Cash Sweep Program Overview" on our public website at https://www.rbcclearingandcustody.com/en-us/legal/, as well as "Program Banks" under RBC Insured Deposits.

RBCWM_PrimeCap



**BERONE**
CAPITAL



## ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number

Page 3 of 11

## ASSET ALLOCATION SUMMARY



| | CURRENT VALUE | PERCENT |
|---|---|---|
| ☐ Cash & Cash Alternatives | $5,341,551.37 | 96% |
| ▨ Equity | 229,777.00 | 4% |
| Current account value | $5,571,328.37 | 100% |

*Mutual funds are included in the above categories. Funds that invest in more than one category are reported as "Mixed Assets."*
*The Cash & Cash Alternatives figure is net of debits including any RBC Express Credit (margin) debit, if applicable.*

## GAIN/LOSS SUMMARY

| | THIS PERIOD | THIS YEAR |
|---|---|---|
| Total realized gain or loss | $0.00 | $24,064.74 |
| Short–term gain or loss | 0.00 | 24,064.74 |
| Long–term gain or loss | 0.00 | 0.00 |
| | | AS OF NOVEMBER 30, 2022 |
| Unrealized gain or loss | | $7,817.23 |

*Please see "About Your Statement" on page 2 for further information.*

## ACTIVITY SUMMARY

| | | |
|---|---|---|
| Total account value last statement | | $11,011,554.01 |
| **Cash activity** | | |
| Beginning balance | 10,841,209.01 | |
| **Money coming into your account** | | |
| Deposits | 441,303.00 | |
| Interest | 7,577.99 | |
| Dividends | 3,423.57 | |
| Total | 452,304.56 | |
| **Money going out of your account** | | |
| Funds to purchase securities | −51,942.20 | |
| Cash withdrawals | −5,900,000.00 | |
| Fees | −20.00 | |
| Total | −5,951,962.20 | |
| Ending balance | 5,341,551.37 | |
| Net change cash activity | | −$5,499,657.64 |
| **Change in security value** | | |
| Beginning value of priced securities | 170,345.00 | |
| Securities purchased | 51,942.20 | |
| Change in value of priced securities | 7,489.80 | |
| Ending value of priced securities | 229,777.00 | |
| Net change in securities value | | $59,432.00 |
| Total account value as of November 30, 2022 | | $5,571,328.37 |



## ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

BERONE CAPITAL FUND LP
3595 CANTON RD / STE 312—223

Account number:

Page 4 of 11

## ASSET DETAIL

*The Estimated Annualized Income ("EAI") for certain securities could include a return of principal or capital gains, in which case EAI depicted on this account statement would be overstated. EAI is only an estimate of income generated by the investment and the actual income may be higher or lower. In the event the investment matures, is sold or called, the full EAI may not be realized.*

*\* The Unrealized Gain/Loss may not reflect your investments' total return. Specifically, the net cost may include dividend and capital gains distributions which have been reinvested. Additionally, the information that appears in these columns may be based on information provided by you or at your direction. RBC has not verified such data. Please see "About Your Statement" on page 2 for further information.*

*Your Financial Advisor has elected to display Asset Detail with the following options: asset purchases (tax lots) consolidated.*

**CASH & CASH ALTERNATIVES**

**RBC INSURED DEPOSITS**

*Deposits in the RBC Insured Deposits, with the exception of amounts classified as "Pending Deposits," are held by the Program Banks, not RBC Clearing & Custody. They are not covered by SIPC. Balances classified as "Pending Deposits" are scheduled to be deposited in the Program Banks on the business day following the statement date, and thus, these deposits are covered by SIPC until such time as they are deposited in the Program Banks. Deposits are insured by the Federal Deposit Insurance Corporation (FDIC) up to $250,000 per depositor at each bank subject to certain limitations. **This means that your funds in excess of $250,000 in the same insurable capacity at any single Program Bank are not insured.** FDIC insurance coverage amounts are subject to the combined total of all deposits at a specific Program Bank including deposits held by the Program Bank outside of this account. Please refer to the RBC Insured Deposits Disclosure Statement and our website at www.rbcadvisorconnect.com for more details, including the current aggregate FDIC deposit insurance amount available through the Program. For questions concerning bank balances, please contact your Financial Advisor.*

| DESCRIPTION | | BANK BALANCE | CURRENT BALANCE | PREVIOUS STATEMENT BALANCE | YTD INCOME |
|---|---|---|---|---|---|
| RBC INSURED DEPOSITS NOT SIPC COVERED | | | $5,000,000.00 | $5,000,000.00 | $7,784.76 |
| | | | | | |
| DEPOSITS ARE HELD AT: | | | | | |
| Associated Bank NA | Green Bay, WI | $249,000.00 | | | |
| Simmons Bank | Pine Bluff, AR | $249,000.00 | | | |
| Truist Bank | Lumberton, NC | $249,000.00 | | | |
| Bank of Hope | Los Angeles, CA | $167,743.59 | | | |
| Citibank NA | Sioux Falls, SD | $249,000.00 | | | |
| Tristate Capital Bank | Pittsburgh, PA | $249,000.00 | | | |
| Axos Bank | San Diego, CA | $249,000.00 | | | |
| Enterprise Bank and Trust | Clayton, MO | $249,000.00 | | | |
| East West Bank | Pasadena, CA | $249,000.00 | | | |
| EagleBank | Bethesda, MD | $249,000.00 | | | |
| Bremer Bank NA | St. Paul, MN | $249,000.00 | | | |
| Synovus Bank | Columbus, GA | $101,256.41 | | | |
| Umpqua Bank | Portland, OR | $249,000.00 | | | |
| City National Bank | Los Angeles, CA | $249,000.00 | | | |
| Manufacturers Bank | LOS ANGELES, CA | $249,000.00 | | | |
| Israel Discount Bank of N | New York, NY | $249,000.00 | | | |
| First Internet Bank of In | Fishers, IN | $249,000.00 | | | |
| HSBC Bank USA NA | Tysons, VA | $249,000.00 | | | |
| State Street Bank and Tru | Boston, MA | $249,000.00 | | | |
| Bridgewater Bank | Saint Louis Park, MN | $249,000.00 | | | |

RBCWM_PrimeCap



## ACCOUNT STATEMENT
**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number:

Page 5 of 11



BERONE
CAPITAL

### CASH & CASH ALTERNATIVES
*(continued)*

### RBC INSURED DEPOSITS
*(continued)*

*Deposits in the RBC Insured Deposits, with the exception of amounts classified as "Pending Deposits," are held by the Program Banks, not RBC Clearing & Custody. They are not covered by SIPC. Balances classified as "Pending Deposits" are scheduled to be deposited in the Program Banks on the business day following the statement date, and thus, these deposits are covered by SIPC until such time as they are deposited in the Program Banks. Deposits are insured by the Federal Deposit Insurance Corporation (FDIC) up to $250,000 per depositor at each bank subject to certain limitations. **This means that your funds in excess of $250,000 in the same insurable capacity at any single Program Bank are not insured.** FDIC insurance coverage amounts are subject to the combined total of all deposits at a specific Program Bank including deposits held by the Program Bank outside of this account. Please refer to the RBC Insured Deposits Disclosure Statement and our website at www.rbcadvisorconnect.com for more details, including the current aggregate FDIC deposit insurance amount available through the Program. For questions concerning bank balances, please contact your Financial Advisor.*

| DESCRIPTION | | BANK BALANCE | CURRENT BALANCE | PREVIOUS STATEMENT BALANCE | YTD INCOME |
|---|---|---|---|---|---|
| Sandy Spring Bank | Olney, MD | $249,000.00 | | | |
| **TOTAL RBC INSURED DEPOSITS** | | | **$5,000,000.00** | | **$7,784.76** |

### US Cash & Cash Alternatives

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | MARKET PRICE | CURRENT MARKET VALUE | PREVIOUS STATEMENT MARKET VALUE | YTD INCOME |
|---|---|---|---|---|---|---|
| CASH | | | | $542.40 | | |
| US GOVT MONEY MARKET FUND RBC INVESTOR CLASS | TUIXX | 341,008.970 | $1.000 | $341,008.97 | $5,841,209.01 | $4,040.69 |
| **TOTAL US Cash & Cash Alternatives** | | | | **$341,551.37** | | **$4,040.69** |

| **TOTAL CASH & CASH ALTERNATIVES** | | | | **$5,341,551.37** | | |

### EQUITY

### Emerging Markets Equity

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | MARKET PRICE | MARKET VALUE | NET COST * | UNREALIZED GAIN/LOSS * | ESTIMATED ANNUALIZED INCOME |
|---|---|---|---|---|---|---|---|
| GRAB HOLDINGS LIMITED CLASS A ORDINARY SHARES | GRAB | 10,000.000 | $3.020 | $30,200.00 | $28,400.00 | $1,800.00 | |
| **TOTAL Emerging Markets Equity** | | | | **$30,200.00** | **$28,400.00** | **$1,800.00** | |

RBCWM_PrimeCap_

BERONE CAPITAL FUND LP
3595 CANTON RD / STE 312−223

**ACCOUNT STATEMENT**

NOVEMBER 1, 2022 - NOVEMBER 30, 2022

Account number:

Page 6 of 11

## EQUITY
(continued)

### US Large Cap Equity

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | MARKET PRICE | MARKET VALUE | NET COST * | UNREALIZED GAIN/LOSS * | ESTIMATED ANNUALIZED INCOME |
|---|---|---|---|---|---|---|---|
| BANK OF AMERICA CORP | BAC | 500.000 | $37.850 | $18,925.00 | $16,180.00 | $2,745.00 | $440.00 |
| CORNERSTONE STRATEGIC VALUE FD COMMON SHARES | CLM | 3,000.000 | $8.440 | $25,320.00 | $23,544.30 | $1,775.70 | $4,422.00 |
| DEVON ENERGY CORPORATION NEW | DVN | 600.000 | $68.520 | $41,112.00 | $34,293.00 | $6,819.00 | $3,102.00 |
| **TOTAL US Large Cap Equity** | | | | **$85,357.00** | **$74,017.30** | **$11,339.70** | **$7,964.00** |

### US Mid Cap Equity

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | MARKET PRICE | MARKET VALUE | NET COST * | UNREALIZED GAIN/LOSS * | ESTIMATED ANNUALIZED INCOME |
|---|---|---|---|---|---|---|---|
| AKAMAI TECHNOLOGIES INC | AKAM | 500.000 | $94.860 | $47,430.00 | $53,310.97 | −$5,880.97 | |
| NEWMONT CORPORATION COMMON STOCK | NEM | 1,000.000 | $47.470 | $47,470.00 | $42,190.00 | $5,280.00 | $2,200.00 |
| **TOTAL US Mid Cap Equity** | | | | **$94,900.00** | **$95,500.97** | **−$600.97** | **$2,200.00** |

### US Small Cap Equity

| DESCRIPTION | SYMBOL/CUSIP | QUANTITY | MARKET PRICE | MARKET VALUE | NET COST * | UNREALIZED GAIN/LOSS * | ESTIMATED ANNUALIZED INCOME |
|---|---|---|---|---|---|---|---|
| SOFI TECHNOLOGIES INC COMMON STOCK | SOFI | 4,000.000 | $4.830 | $19,320.00 | $24,041.50 | −$4,721.50 | |
| **TOTAL US Small Cap Equity** | | | | **$19,320.00** | **$24,041.50** | **−$4,721.50** | |

| **TOTAL EQUITY** | | | | **$229,777.00** | **$221,959.77** | **$7,817.23** | **$10,164.00** |

| **TOTAL ASSETS** | | | | **$5,571,328.37** | | | **$10,164.00** |

RBCWM_PrimeCap



## ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number:

Page 7 of 11



## ACTIVITY DETAIL

*Realized gain/loss column includes fees and commissions. It does not include accrued interest.*

*Purchases, sales and other activity all represent an exchange of cash and/or money market funds for securities and, as such, do not represent deposits to or withdrawals from your account.*
*Account value changes due to commissions, mark ups, mark downs and accrued interest are shown in the "Change in value of priced securities" line of the Account Value Summary.*

*\* Information that appears in these columns may be based on information provided by you or at your direction; RBC has not verified such data.*
*Please see "About Your Statement" on page 2 for further information.*

### PURCHASES

#### Regular Purchases

| DATE | DESCRIPTION | QUANTITY | PRICE | NET COST/ ACCRUED INTEREST | COMMENTS |
|------|-------------|----------|-------|-----------------------------|----------|
| 11/01/22 | NEWMONT CORPORATION COMMON STOCK WE MAKE A MKT IN THIS SECURITY | 1,000.000 | $42.190 | −$42,190.00 | |
| 11/21/22 | SOFI TECHNOLOGIES INC COMMON STOCK WE MAKE A MKT IN THIS SECURITY | 2,000.000 | $4.876 | −$9,752.20 | |
| | Total regular purchases | | | −$51,942.20 | |
| | **TOTAL PURCHASES** | | | **−$51,942.20** | |

### DEPOSITS

#### Cash deposits

| DATE | DESCRIPTION | AMOUNT | COMMENTS |
|------|-------------|--------|----------|
| 11/29/22 | SIGNATURE BK NY RECD FUNDS WIRED | $441,303.00 | |
| | **TOTAL DEPOSITS** | **$441,303.00** | |

### WITHDRAWALS

#### Cash withdrawals

| DATE | DESCRIPTION | | AMOUNT | COMMENTS |
|------|-------------|---|--------|----------|
| 11/08/22 | FUNDS WIRE TRANSFER BERONE CAPITAL FUND LP | SIGNATURE BANK BANK REFERENCE NUMBER: | −$5,900,000.00 | |

RBCWM_PrimeCap_

BERONE CAPITAL FUND LP
3595 CANTON RD / STE 312−223



## ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number

Page 8 of 11

### Fees

| DATE | DESCRIPTION | | SYMBOL/CUSIP | AMOUNT | COMMENTS |
|------|-------------|---|---|---|---|
| 11/08/22 | WIRE FEE | | | −$20.00 | |
| **TOTAL WITHDRAWALS** | | | | **−$5,900,020.00** | |

## ACTIVITY DETAIL

### TAXABLE INCOME

#### Interest

| DATE | DESCRIPTION | | SYMBOL/CUSIP | AMOUNT | COMMENTS |
|------|-------------|---|---|---|---|
| 11/28/22 | RBC INSURED DEPOSITS<br>APYE#: 01.88 %<br># APYE = Annual Percentage Yield Earned | MONTHLY INTEREST 10/26−11/27<br>INTEREST | | $7,577.99 | |

#### Dividends

| DATE | DESCRIPTION | | SYMBOL/CUSIP | AMOUNT | COMMENTS |
|------|-------------|---|---|---|---|
| 11/09/22 | US GOVT MONEY MARKET FUND<br>ACCRUED DIV ON FULL LIQ | RBC INVESTOR CLASS<br>DIVIDEND | TUIXX | $2,881.17 | 2.45% AVERAGE MONTHLY YIELD |
| 11/30/22 | CORNERSTONE STRATEGIC VALUE FD<br>CASH DIV ON   3000 SHS<br>DIVIDEND | COMMON SHARES<br>REC 11/15/22 PAY 11/30/22 | CLM | $542.40 | |
| **Total dividends** | | | | **$3,423.57** | |
| **TOTAL TAXABLE INCOME** | | | | **$11,001.56** | |



## ACCOUNT STATEMENT

### NOVEMBER 1, 2022 - NOVEMBER 30, 2022

Account number:

Page 9 of 11



BERONE
CAPITAL

## MONTHLY TRANSACTION CONFIRMATION SUMMARY

*As you requested, we are providing a summary of transaction confirmations rather than printing and mailing transaction confirmations separately. If you would like to receive separate transaction confirmations, please contact your Financial Advisor.*

| DATE | | | DESCRIPTION | | | | |
|------|------|------|-------------|------|------|------|------|
| Transaction | 11/01/22 | Action BOUGHT | NEWMONT CORPORATION | Quantity | 1000.000 | Gross amount | $42,190.00 |
| Processing | 11/01/22 | Account type CASH | COMMON STOCK | Price | $42.190 | Accrued interest | $0.00 |
| Settlement | 11/03/22 | Transaction type 61 | WE MAKE A MKT IN THIS SECURITY | Mark up/down per share | $0.00 | Commission | $0.00 |
| | | Symbol NEM | | Sales charge rate | | Net amount | $42,190.00 |
| | | CUSIP | | | | | |
| Transaction | 11/21/22 | Action BOUGHT | SOFI TECHNOLOGIES INC | Quantity | 2000.000 | Gross amount | $9,752.20 |
| Processing | 11/21/22 | Account type CASH | COMMON STOCK | Price | $4.876 | Accrued interest | $0.00 |
| Settlement | 11/23/22 | Transaction type 61 | WE MAKE A MKT IN THIS SECURITY | Mark up/down per share | $0.00 | Commission | $0.00 |
| | | Symbol SOFI | | Sales charge rate | | Net amount | $9,752.20 |
| | | CUSIP | | | | | |



BERONE CAPITAL FUND LP
3595 CANTON RD / STE 312–223

## ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number:

Page 10 of 11

### Conditions

- RBC Capital Markets, LLC (RBC) Member NYSE/FINRA/SIPC, is an indirect, wholly owned subsidiary of Royal Bank of Canada.
- This transaction is subject to the rules, regulations, practices and customs of the exchange and its clearinghouse, if any, where the transaction was executed, or of the Financial Industry Regulatory Authority if not executed on an exchange. This transaction may have incurred other fees which may include handling fees or transaction fees paid to an exchange. A complete description of fees associated with this transaction will be provided upon your written request.
- We will also provide upon written request the date and time when this transaction took place and the name of the other party to the transaction.
- Any order for your account(s) may be aggregated with orders for the account(s) of other clients and executed as one order. As a result, you may receive a price or average price that is different than the price or average price that you would have received had your order not been aggregated. In addition, aggregation of your order with orders of other clients may result in your order being only partially completed.
- RBC has established electronic connectivity with certain exchanges, broker-dealers and/or other market centers (collectively, "market centers") for the purpose of routing orders in equity securities and options for executions. These connections have been entered into based upon the execution quality provided by these market centers, evaluated on the basis of price improvement performance, liquidity enhancement, and speed of execution. For options orders, RBC receives payment in the form of rebates and credits including credits that exceed the amount we are charged in return for routing client orders. Any remuneration that RBC receives for directing orders to any market center will not accrue to your account. RBC contracts with a third-party vendor, S3 Matching Technologies, LP, to receive execution metrics to meet its best execution requirement under FINRA rules. RBC has arranged for its market centers to remit payment for a portion of this service based on previous years' volumes routed to each destination. RBC may execute the order itself or with other market centers. The source and nature of the compensation received by RBC in connection with the transaction described on this confirmation will be provided upon your written request. For information with respect to RBC C&C's handling of customer orders see "SEC Oder Handling Disclosures" at www.rbcclearingandcustody.com/en-us/legal/. Should you desire a written copy of this information, contact your financial advisor.
- If this transaction involves when-issued securities, payment therefor and delivery thereof shall be made in accordance with the terms of a subsequent confirmation to be delivered on the date the securities are issued.
- Complete information about call features will be provided upon request. In the case of debt securities, call features may exist which could affect yield. The actual yield of an asset-backed security (securities which represent an interest in or are secured by a pool or receivables or other financial assets that are subject to continuous payment) may vary according to the rate at which the underlying assets are prepaid. Additional information concerning the factors that affect yield will be provided upon written request.
- If this is an averaged price transaction, details regarding the actual prices are available upon request.
- Payment for securities purchased and delivery of securities sold are due promptly on the settlement date. Until payment is made by you, securities purchases by you or held by us for your account are or may be hypothecated and commingled with securities carried for other clients. If payment or delivery is not made by the settlement date, we reserve the right without further notice to charge interest on the amount due shown on the face hereof, at our current rate on client general accounts, or to sell securities purchased and held by you liable for any loss thereby incurred, or to cancel this transaction.
- This confirmation shall be deemed to be correct unless written notice of correction is immediately delivered to us.
- Unless you indicate non-consent in writing, this agreement shall inure to and be binding upon RBC's successors and assigns, and your administrators, legal representatives and assigns.
- You may be eligible for breakpoint discounts based on the size of your purchase, current holdings, or future purchases. The sales charge you paid may differ slightly from the prospectus-disclosed rate due to rounding calculations. Please refer to the Prospectus or Statement of Additional Information, or contact your Financial Advisor for further information.
- Auction Rate Securities: See "Auction Rate Procedures" on our public website at rbcwm.com/disclosures for a written description of our material auction practices and procedures. Please contact your Financial Advisor to request that a copy be mailed to you.
- Variable Rate Demand Bonds/Notes/Obligations: See "Variable Rate Demand Notice" on our public website at rbcwm.com/disclosures for a notice regarding the risk considerations relating to the Remarketing Agent's role and duties. Please contact your Financial Advisor to request that a copy be mailed to you.
- This transaction may be subject to the "U.S. Treasury Securities Fails Charge Trading Practice" and the "Agency Debt and Agency Mortgage-Backed Securities Fails Charge Trading Practice," published by the Treasury Market Practices Group and the Securities Industry and Financial Markets Association and available at www.sifma.org/resources/general/fails-charge-trading-practices/
- Investments and transactions that are ineligible for SIPC protection are commodity futures contracts and currency, as well as investment contracts (such as limited partnerships), fixed annuity contracts that are not registered with the U.S. Securities and Exchange Commission under the Securities Act of 1933 and foreign currency transactions.
- For a buy, any mark-up is calculated as the price you paid for the security in this transaction minus the prevailing market price of the security at the time you bought it. For a sell, any mark-down is calculated as the prevailing market price of the security at the time you sold it minus the amount you received in this transaction.

*PLEASE RETAIN THIS CONFIRMATION FOR INCOME TAX PURPOSES.*

### Transaction Type (first digit defines Market and second digit defines Capacity)

**Market**

| | |
|---|---|
| 1 | New York Stock Exchange |
| 2 | NYSE Alternext/NYSE AMEX Options |
| 3 | Market/Exchange of execution available upon request |
| 4 | Mutual Funds |
| 5 | CBOE Options or Canadian Stock Exchange |
| 6 | Over the Counter |
| 7 | Syndicate |
| 8 | Foreign Stock Exchanges |
| 9 | NASDAQ/NASDAQ Options Market |
| A | Chicago Stock Exchange |
| B | National Stock Exchange |
| C | NASDAQ OMX BX/Boston Options Exchange |
| D | International Securities Exchange |
| E | ARCA/Pacific Stock Exchange |
| F | NASDAQ OMX PHLX Stock Exchange |
| O | Other Exchange |

**Capacity in which we are acting**

| | |
|---|---|
| 1-5 | As agent |
| 6 | We have acted as agent for both buyer and seller; source and amount of our commissions or other remunerations in this trade will be provided on written request. |
| 7 | We, as principal, have sold to you or bought from you and may have received a profit from the transaction. |
| 8 | Special: In connection with this security and we as principal. We are being paid a commission by the other party to this transaction. Details available on written request. |
| 9 | As specialist, we are a specialist in this security and we are acting for our own account in this transaction. |

*If the letter "P" appears in the transaction type box, postage and handling fees have been charged and are included in the Commission/Handling amount.*

### Credit Ratings – by Moody's/Standard & Poor's (Ratings are either short-term or long-term, depending on the duration of the note.)

| | |
|---|---|
| **Non-Rated** | |
| NR | Not being rated by the rating agencies does not necessarily reflect credit-worthiness |
| **Withdrawn Rating** | |
| WR | Formerly rated by Moody's but withdrawn for either business or credit concerns. |
| **Issue Rating** | |
| | The optimal rating available on a note, including all insurance and enhancement programs. |
| **Underlying Rating** | |
| | The rating on the note solely based on the issuer's payment ability exclusive of insurance and enhancement programs. |
| **Investment Grade** | |
| Aaa/AAA | Highest possible rating; optimal ability to pay principal and interest until maturity. |
| Aa3 to Aa1/AA- to AA+ | High quality; excellent ability to pay principal and interest until maturity. |
| A3 to A1/A- to A+ | Good ability to pay principal and interest until maturity |
| Baa3 to Baa1/BBB- to BBB+ | Adequate ability to pay principal and interest until maturity. |
| **Non-Investment Grade** | |
| Ba3 to Ba1/BB- to BB+ | Speculative; marginal ability to pay principal and interest until maturity. |
| Ba to B3/B- to B+ | Highly speculative; very questionable ability to pay principal and interest until maturity. |
| C to Caa1/D to CCC+ | Either high risk of default or currently in default. |

Additional information regarding the risks associated with "Below Investment Grade" bonds is available upon request.

# – Issue secured by escrowed funds held in trust which are reinvested in direct, non-callable U.S. Government obligations or non-callable obligations unconditionally guaranteed by the U.S. Government or Resolution Funding Corporation.

RBCWM_PrimeCap_



## ACCOUNT STATEMENT

**NOVEMBER 1, 2022 - NOVEMBER 30, 2022**

Account number:

Page 11 of 11

**BERONE**
**CAPITAL**

## CASH SWEEP PROGRAM DETAIL

*\* Transaction details are only provided for cash sweep programs that sweep funds into bank deposit accounts.  Please refer to the Asset Detail section of this statement for more information.*

**RBC INSURED DEPOSITS**
**NOT SIPC COVERED**

| DATE | DESCRIPTION | AMOUNT | DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|------|-------------|--------|
| 11/01/22 | BALANCE FORWARD | $5,000,000.00 | 11/08/22 | WITHDRAWAL | −101,000.99 |
| 11/10/22 | DEPOSIT | 2,881.17 | 11/23/22 | WITHDRAWAL | −9,752.20 |
| 11/28/22 | INTEREST REINVEST | 7,577.99 | 11/30/22 | DEPOSIT | 441,303.00 |
| 11/30/22 | WITHDRAWAL | −341,008.97 | 11/30/22 | ENDING BALANCE | $5,000,000.00 |

**INCOME FROM NOVEMBER 1, 2022  – NOVEMBER 30, 2022: $7,577.99**

## MONEY MARKET DETAIL

*\* Transaction details are only provided for money market funds that are set up for automated sweep.*

**US GOVT MONEY MARKET FUND**
**RBC INVESTOR CLASS**

| DATE | DESCRIPTION | AMOUNT | DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|------|-------------|--------|
| 11/01/22 | BALANCE FORWARD | $5,841,209.01 | 11/03/22 | REDEMPTION | −42,190.00 |
| 11/08/22 | SAME DAY; SEE DISCLOSURE PG2 | −5,799,019.01 | 11/30/22 | PURCHASE | 341,008.97 |
| 11/30/22 | ENDING BALANCE | $341,008.97 | | | |

**INCOME FROM NOVEMBER 1, 2022  – NOVEMBER 30, 2022: $2,881.17**

RBCWM_PrimeCap_

# EXHIBIT "F"

# Paul Levine Receiver for Prime Capital Ventures LLC

## Balance Sheet

### As of February 29, 2024

| | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| 1000 Prime Capital Ventures Checking- 6607 | 0.00 |
| 1005 Prime Capital Ventures Savings- 5959 | 1,604,767.80 |
| **Total Bank Accounts** | **$1,604,767.80** |
| Accounts Receivable | |
| 1025 Loan Receivable | |
| 1025.1 135 Railroad LLC | 2,100,000.00 |
| 1025.2 Bradley Apartments | 17,366,250.00 |
| 1025.3 Brightsmith Tulsa LLP | 7,875,000.00 |
| 1025.4 Hudson & Hudson LLC | 5,250,000.00 |
| **Total 1025 Loan Receivable** | **32,591,250.00** |
| **Total Accounts Receivable** | **$32,591,250.00** |
| Other Current Assets | |
| 1030 Prepaid Expense | |
| 1030.1 Prepaid Interest | 6,275,000.00 |
| **Total 1030 Prepaid Expense** | **6,275,000.00** |
| **Total Other Current Assets** | **$6,275,000.00** |
| **Total Current Assets** | **$40,471,017.80** |
| Fixed Assets | |
| 1045 Assets Held By Receiver | |
| 1045.1 Virginia Beach House | 3,750,000.00 |
| 1045.2 Russ Milliear Skull Watch | 2,275,000.00 |
| **Total 1045 Assets Held By Receiver** | **6,025,000.00** |
| **Total Fixed Assets** | **$6,025,000.00** |
| **TOTAL ASSETS** | **$46,496,017.80** |
| **LIABILITIES AND EQUITY** | |
| Liabilities | |
| Long-Term Liabilities | |
| 2020 Deferred Lender Fees | 1,385,000.00 |
| 2025 Deferred Interest Income | 6,275,000.00 |
| **Total Long-Term Liabilities** | **$7,660,000.00** |
| **Total Liabilities** | **$7,660,000.00** |
| Equity | |
| 3000 Retained Earnings | |
| 3005 Opening Balance Equity | 38,834,232.64 |
| Net Income | 1,785.16 |
| **Total Equity** | **$38,836,017.80** |
| **TOTAL LIABILITIES AND EQUITY** | **$46,496,017.80** |

# EXHIBIT "G"

# Paul Levine Receiver for Prime Capital Ventures LLC

### Balance Sheet

As of March 31, 2024

|  | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| 1000 Prime Capital Ventures Checking- 6607 | 0.00 |
| 1005 Prime Capital Ventures Savings- 5959 | 1,423,376.30 |
| **Total Bank Accounts** | **$1,423,376.30** |
| Accounts Receivable | |
| 1025 Loan Receivable | |
| 1025.1 135 Railroad LLC | 2,100,000.00 |
| 1025.2 Bradley Apartments | 17,366,250.00 |
| 1025.3 Brightsmith Tulsa LLP | 7,875,000.00 |
| 1025.4 Hudson & Hudson LLC | 5,250,000.00 |
| **Total 1025 Loan Receivable** | **32,591,250.00** |
| **Total Accounts Receivable** | **$32,591,250.00** |
| Other Current Assets | |
| 1030 Prepaid Expense | |
| 1030.1 Prepaid Interest | 6,275,000.00 |
| 1030.2 Prepaid Insurance | 7,272.60 |
| **Total 1030 Prepaid Expense** | **6,282,272.60** |
| **Total Other Current Assets** | **$6,282,272.60** |
| **Total Current Assets** | **$40,296,898.90** |
| Fixed Assets | |
| 1045 Assets Held By Receiver | |
| 1045.1 Virginia Beach House | 3,750,000.00 |
| 1045.2 Russ Milliear Skull Watch | 2,275,000.00 |
| **Total 1045 Assets Held By Receiver** | **6,025,000.00** |
| **Total Fixed Assets** | **$6,025,000.00** |
| **TOTAL ASSETS** | **$46,321,898.90** |
| **LIABILITIES AND EQUITY** | |
| Liabilities | |
| Current Liabilities | |
| Accounts Payable | |
| 2000 Accounts Payable | 39,591.38 |
| **Total Accounts Payable** | **$39,591.38** |
| **Total Current Liabilities** | **$39,591.38** |
| Long-Term Liabilities | |
| 2020 Deferred Lender Fees | 1,385,000.00 |
| 2025 Deferred Interest Income | 6,275,000.00 |
| **Total Long-Term Liabilities** | **$7,660,000.00** |
| **Total Liabilities** | **$7,699,591.38** |

# Paul Levine Receiver for Prime Capital Ventures LLC

Balance Sheet

As of March 31, 2024

|  | TOTAL |
|---|---|
| Equity | |
| 3000 Retained Earnings | |
| 3005 Opening Balance Equity | 38,834,626.08 |
| Net Income | -212,318.56 |
| **Total Equity** | **$38,622,307.52** |
| **TOTAL LIABILITIES AND EQUITY** | **$46,321,898.90** |

# EXHIBIT "H"

# Paul Levine Receiver for Prime Capital Ventures LLC

## Profit and Loss
### February 2024

|  | TOTAL |
|---|---|
| Income |  |
| **Total Income** |  |
| Expenses |  |
| **Total Expenses** |  |
| NET OPERATING INCOME | **$0.00** |
| Other Income |  |
| 7005 Interest Income | 1,785.16 |
| **Total Other Income** | **$1,785.16** |
| NET OTHER INCOME | **$1,785.16** |
| NET INCOME | **$1,785.16** |

# EXHIBIT "I"

# Paul Levine Receiver for Prime Capital Ventures LLC

## Profit and Loss

### March 2024

| | TOTAL |
|---|---|
| Income | |
| **Total Income** | |
| Expenses | |
| 6000 Legal Fees | 169,115.01 |
| 6005 Accounting Fees | 9,833.75 |
| 6035 Insurance Expense | 1,454.52 |
| 6055 Trustee Professional Fees & Expenses | 39,591.38 |
| **Total Expenses** | **$219,994.66** |
| NET OPERATING INCOME | **$ -219,994.66** |
| Other Income | |
| 7005 Interest Income | 5,890.94 |
| **Total Other Income** | **$5,890.94** |
| NET OTHER INCOME | **$5,890.94** |
| NET INCOME | **$ -214,103.72** |

# EXHIBIT "J"

**Paul Levine Receiver for Prime Capital Ventures LLC**
**Transaction Detail by Account**
February 2024

| Date | Transaction Type | Name | Memo/Description | Amount | Balance |
|---|---|---|---|---|---|
| **1000 Prime Capital Ventures Checking- 6607** | | | | | |
| 02/01/2024 | Deposit | Farmers State Bank of Alto Pass | Incoming Wire Deposit from Prime Capital Ventures LLC- Coming from Farmers State Bank of Alto Pass | 29,607.82 | 29,607.82 |
| 02/07/2024 | Deposit | RBC Capital Markets | Incoming wire deposit from Prime Capital Ventures LLC from RBC Capital Markets | 1,248,369.84 | 1,277,977.66 |
| 02/23/2024 | Transfer | | Transfer from Checking acct to Savings | -1,277,977.66 | 0.00 |
| **Total for 1000 Prime Capital Ventures Checking- 6607** | | | | $    0.00 | |
| | | | | | |
| **1005 Prime Capital Ventures Savings- 5959** | | | | | |
| 02/13/2024 | Deposit | Interactive Brokers LLC | Incoming wire deposit from Prime Capital Ventures LLC from Interactive Brokers LLC | 325,004.98 | 325,004.98 |
| 02/23/2024 | Transfer | | Transfer from Checking acct to Savings | 1,277,977.66 | 1,602,982.64 |
| 02/29/2024 | Deposit | | Interest Earned | 1,785.16 | 1,604,767.80 |
| **Total for 1005 Prime Capital Ventures Savings- 5959** | | | | $1,604,767.80 | |

# EXHIBIT "K"

**Paul Levine Receiver for Prime Capital Ventures LLC**
**Transaction Detail by Account**
March 2024

| Date | Transaction Type | Num | Name | Memo/Description | Split | Amount | Balance |
|------|------------------|-----|------|-----------------|-------|--------|---------|
| **1005 Prime Capital Ventures Savings- 5959** | | | | | | | |
| 03/12/2024 | Deposit | | CHIPS | Incoming CHIPS funds transfer Prime Capital Ventures LLC | 3005 Opening Balance Equity | 393.44 | 393.44 |
| 03/21/2024 | Bill Payment (Check) | ACH | Lemery Greisler LLC | | 2000 Accounts Payable | -177,842.13 | -177,448.69 |
| 03/21/2024 | Bill Payment (Check) | ACH | BST & Co, CPAs | | 2000 Accounts Payable | -9,833.75 | -187,282.44 |
| 03/21/2024 | Deposit | | Lemery Greisler LLC | Deposit back in Savings account- Payment failed and was sent back to account | 6000 Legal Fees | 177,842.13 | -9,440.31 |
| 03/21/2024 | Check | ACH | Lemery Greisler LLC | Payment to Lemery Greisler- M&T Bank Error- payments will be returned | 6000 Legal Fees | -177,842.13 | -187,282.44 |
| 03/31/2024 | Deposit | INTEREST | | Interest Earned | 7005 Interest Income | 5,890.94 | -181,391.50 |
| **Total for 1005 Prime Capital Ventures Savings- 5959** | | | | | | **-$181,391.50** | |

# EXHIBIT "L"

# Paul Levine Receiver for Berone Capital Fund LP

## Balance Sheet

As of February 29, 2024

|  | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| 1005 M&T Bank- Savings acct# 3204 | 132,901.16 |
| **Total Bank Accounts** | **$132,901.16** |
| **Total Current Assets** | **$132,901.16** |
| **TOTAL ASSETS** | **$132,901.16** |
| **LIABILITIES AND EQUITY** | |
| Liabilities | |
| **Total Liabilities** | |
| Equity | |
| 3005 Opening Balance Equity | 132,621.17 |
| Retained Earnings | |
| Net Income | 279.99 |
| **Total Equity** | **$132,901.16** |
| **TOTAL LIABILITIES AND EQUITY** | **$132,901.16** |

# EXHIBIT "M"

# Paul Levine Receiver for Berone Capital Fund LP

## Balance Sheet

As of March 31, 2024

|  | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| 1005 M&T Bank- Savings acct# 3204 | 133,510.27 |
| **Total Bank Accounts** | **$133,510.27** |
| **Total Current Assets** | **$133,510.27** |
| **TOTAL ASSETS** | **$133,510.27** |
| **LIABILITIES AND EQUITY** | |
| Liabilities | |
| **Total Liabilities** | |
| Equity | |
| 3005 Opening Balance Equity | 132,721.15 |
| Retained Earnings | |
| Net Income | 789.12 |
| **Total Equity** | **$133,510.27** |
| **TOTAL LIABILITIES AND EQUITY** | **$133,510.27** |

# EXHIBIT "N"

# Paul Levine Receiver for Berone Capital Fund LP

## Profit and Loss
February 2024

| | TOTAL |
|---|---|
| Income | |
| **Total Income** | |
| Expenses | |
| **Total Expenses** | |
| NET OPERATING INCOME | **$0.00** |
| Other Income | |
| 7005 Interest Income | 279.99 |
| **Total Other Income** | **$279.99** |
| NET OTHER INCOME | **$279.99** |
| NET INCOME | **$279.99** |

# EXHIBIT "O"

# Paul Levine Receiver for Berone Capital Fund LP

## Profit and Loss

### March 2024

|  | TOTAL |
|---|---|
| Income |  |
| **Total Income** |  |
| Expenses |  |
| **Total Expenses** |  |
| NET OPERATING INCOME | **$0.00** |
| Other Income |  |
| 7005 Interest Income | 509.13 |
| **Total Other Income** | **$509.13** |
| NET OTHER INCOME | **$509.13** |
| NET INCOME | **$509.13** |

# EXHIBIT "P"

**Paul Levine Receiver for Berone Capital Fund LP**
**Transaction Detail by  Account**
February 2024

| | Date | Transaction Type | Name | Memo/Description | Amount | Balance |
|---|---|---|---|---|---|---|
| **1005 M&T Bank- Savings acct# 3204** | | | | | | |
| | 02/09/2024 | Deposit | TD Bank | Branch deposit to close prior Berone account at TD Bank (3 checks included in deposit) | 14,285.27 | 14,285.27 |
| | 02/13/2024 | Deposit | Interactive Brokers LLC | Incoming wire deposit from Berone Capital Partners LLC for 331.00 fom Interactive Brokers | 331.00 | 14,616.27 |
| | 02/13/2024 | Deposit | Interactive Brokers LLC | Incoming wire deposit from Bereone Capital Partners LLC for $118,004.90 | 118,004.90 | 132,621.17 |
| | 02/29/2024 | Deposit | | Interest Earned | 279.99 | 132,901.16 |
| **Total for 1005 M&T Bank- Savings acct# 3204** | | | | | **$132,901.16** | |

# EXHIBIT "Q"

# Paul Levine Receiver for Berone Capital Fund LP
## Transaction Detail by  Account
### March 2024

| Date | Transaction Type | Memo/Description | Split | Amount | Balance |
|---|---|---|---|---|---|
| **1005 M&T Bank- Savings acct# 3204** | | | | | |
| 03/12/2024 | Deposit | Incoming Fedwire Funds Transfer Berone Capital Partners LLC | 3005 Opening Balance Equity | 99.98 | 99.98 |
| 03/29/2024 | Deposit | Interest Earned | 7005 Interest Income | 509.13 | 609.11 |
| **Total for 1005 M&T Bank- Savings acct# 3204** | | | | **$609.11** | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC

                              Plaintiff,

    - against -                                          **Case No. 24-cv-55 (MAD/DJS)**

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL
PARTNER, LLC, BERONE CAPITAL LLC,
BERONE CAPITAL EQUITY FUND I, LP,
405 MOTORSPORTS LLC F/K/A BERONE
CAPITAL EQUITY PARTNERS, LLC,

                              Defendants.
-----------------------------------------------------------------


## <u>ERRATA SHEET TO FOURTH REPORT OF PERMANENT RECEIVER</u>




                                        Respectfully submitted,


                                        Paul A. Levine, Esq.
                                        RECEIVER
                                        LEMERY GREISLER LLC
                                        Office and P.O. Address
                                        677 Broadway, 8th Floor
                                        Albany, New York 12207
                                        Ph:  (518) 433-8800
                                        Fax: (518) 433-8823

                                        plevine@lemerygreisler.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC

Plaintiff,

- against -                                       **Case No. 24-cv-55 (MAD/DJS)**

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL
PARTNER, LLC, BERONE CAPITAL LLC,
BERONE CAPITAL EQUITY FUND I, LP,
405 MOTORSPORTS LLC F/K/A BERONE
CAPITAL EQUITY PARTNERS, LLC,

Defendants.
----------------------------------------------------------------

**<u>ERRATA SHEET TO FOURTH REPORT OF PERMANENT RECEIVER</u>**

To:     Hon. Mae D'Agostino, United States District Court Judge

Paul A. Levine, Esq., Permanent Receiver (the "Receiver") for Defendants Prime Capital

Ventures LLC ("Prime") Berone Capital Fund, LP, Berone Capital Partner, LLC, Berone Capital

LL C, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity

Partners, LLC (collectively "Berone") (Prime and Berone are collectively the "Defendants")

respectfully submits this Errata Sheet to his Fourth Report (Doc. No. 173) as follows.

1.      At page 7 the Fourth Report makes reference to a $5,000,000 deposit made by ER

Tennessee.  The report should have read "a deposit in the amount of **<u>$15,000,000</u>** ER made in

connection with a proposed loan from Prime."

1

2.      Later on at page 7, the Fourth Report refers to the Court's March 19, 2024

Memorandum-Decision and order but mistakenly referred to the date of "2023."

Dated: April 22, 2024

Respectfully submitted,

/s/Paul A. Levine
Paul A. Levine, Esq.
RECEIVER
LEMERY GREISLER LLC
Office and P.O. Address
677 Broadway, 8th Floor
Albany, New York 12207
Ph:  (518) 433-8800
Fax:  (518) 433-8823

plevine@lemerygreisler.com

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
COMPASS-CHARLOTTE 1031, LLC

                          Plaintiff,

      - against -                                    **Case No. 24-cv-55 (MAD/DJS)**

PRIME CAPITAL VENTURES, LLC, BERONE
CAPITAL FUND, LP, BERONE CAPITAL
PARTNER, LLC, BERONE CAPITAL LLC,
BERONE CAPITAL EQUITY FUND I, LP,
405 MOTORSPORTS LLC F/K/A BERONE
CAPITAL EQUITY PARTNERS, LLC,

                          Defendants.
-----------------------------------------------------------------

## FIFTH REPORT OF PERMANENT RECEIVER

To:     Hon. Mae D'Agostino, United States District Court Judge

      In order to keep the Court and parties advised on matters since his Fourth Report, Paul A.

Levine, Esq, Permanent Receiver (the "Receiver"), for Defendants Prime Capital Ventures LLC

("Prime") respectfully submits his Fifth Report to the Court as follows.

### The Chapter 11 Bankruptcy and Continued Need for Urgent Bankruptcy Relief

      As the Court is aware, the Receiver determined to and did file a chapter 11 bankruptcy

case on behalf of Prime on May 14, 2024 (Case No. 24-10531, NDNY).  The purpose of the

filing was to generally use the bankruptcy court to further efforts to locate and protect Prime's

assets from numerous creditor lawsuits and to seek to preserve a preference claim against B&R

Acquisition Partners, LLC and JHM Lending Ventures, LLC (together, "B&R") who obtained a

$4,300,000 pre-petition judgment secured by certain real property with a value of at least

$3,750,000.  The Receiver filed the bankruptcy case at the time he did to seek to unwind the

1

18298790.v4-8/27/24

B&R judgment lien and to avoid a windfall to B&R at the expense of a distribution of all assets to all creditors evenly and fairly on a *pro rata* basis all in connection with the management of Prime's business affairs.  Over the opposition of the Receiver, the Plaintiff in this action and the Chapter 7 Trustee for Kris Roglieri, the bankruptcy case was dismissed on motion of B&R by Memorandum Decision and Order of the Bankruptcy Court entered July 23, 2024 (the "Bankruptcy Court Order").  The Bankruptcy Court Order was timely appealed.  An application for a stay pending appeal by the same parties was denied by this Court by its Memorandum Decision and Order entered August 15, 2024 (Doc. No. 21 in Case No. 24-cv-939) (the "Stay Denial Decision").  The Receiver also notes that throughout his appointment he has been conferring on a near-daily basis with the key creditors in this case concerning how best to locate and protect Prime's assets to maximize recoveries.

The reason for the timing of the filing was to preserve the preference claim against B&R and to ensure that the filing was made before the expiration of the ninety (90) day preference period under 11 U.S.C. § 547.  The reasons why the Receiver and his counsel believed he was fully vested with authority to proceed with respect to the bankruptcy are set forth in the Stay Motion and will not be reiterated. (Doc. No. 2 in Case No. 24-cv-939, ¶¶s 49-57). With that said, and in response to the Court's questions, the Receiver states that his actions were taken in good faith, and with the specific goal of locating and protecting Prime's assets such that all creditors would be treated fairly as is Prime's obligation to those creditors.  The Receiver believed that the chapter 11 filing was in the furtherance of his duties.

The Receiver of course respects the Court's Stay Denial Decision but nonetheless firmly believes that Prime's assets and liabilities are best resolved in the Bankruptcy Court.  The Receiver respectfully believes that the Bankruptcy Court erred at least with regard to the

2

18298790.v4-8/27/24

ratification issue. He is seriously considering pursuing the appeal based on what he and other involved parties believe to be Trustee Dribusch having ratified the Prime bankruptcy filing and understands that Trustee Dribusch is taking steps to refile a bankruptcy case based on his authority under the Bankruptcy Code as the holder of the 100% membership interest in Prime

The urgent reasons for a bankruptcy filing remain because the Receiver is authorized by the Court's January 24, 2024 order to control Prime's assets which will be very difficult to do in light of numerous creditors pursuing judgments in different courts and then executions on those judgments, as well as locating and ascertaining the amount of Prime's assets. Specifically, those reasons include:

1.      The several lawsuits pending against Prime that now, without a bankruptcy court stay, will likely be proceeding.

2.      Based on the Stay Denial Decision, and putting aside the very real question of what *bona fide* good faith defenses may actually exist, if any, the Receiver now has serious concerns that he may not have the authority to defend such lawsuits. As a result, those lawsuits may result in judgments and other prejudicial outcomes, such as mortgage liens in favor of Prime being declared void, resulting in harm to Prime's numerous victims.

3.      The urgent need to engage in nationwide discovery under Bankruptcy Rule 2004 to trace tens of millions of dollars that the Receiver's forensic accountant has identified as being transferred from Prime's accounts over the time of its brief existence. Without such discovery, the Receiver is unable to locate substantial potential assets.

3

4.     The urgent need to commence numerous recovery actions for fraudulent conveyances under either Bankruptcy Code §548 or New York's Debtor and Creditor Law Article 10 as well as other potential causes of action.

5.     The need for a vehicle to treat all victims of Prime's fraud equitably and fairly which the bankruptcy court and code uniquely provide.

6.     The need for a forum where all creditors may file claims and have their claims and any other issues heard and determined on notice to all other parties.

7.     The need to coordinate activities between this case and the personal bankruptcy filing of Kris Roglieri (Case No. 24-10157) which is now in chapter 7, with Christian Dribusch, Esq. serving as Trustee.  There are numerous significant claims that overlap both Prime and Mr. Roglieri's personal bankruptcy case  And, as a pass-through tax entity, there will be a need to coordinate tax filings.

8.     The need for an orderly process to sell assets of Prime, such as the Virginia Beach House and the Richard Mille watch, a task bankruptcy is well suited to handle.

## **Investigative Activities**

As the Court is aware, the Receiver has retained BST & Co. CPAs, LLC ("BST") to conduct a forensic accounting analysis of Prime's and Berone's bank accounts.  That work commenced and was substantially progressed as detailed in the Receiver's Fourth Report to the Court.  It had been the Receiver's intent upon receiving BST's work, to begin serving a rolling series of subpoenas on parties receiving the substantial monies identified through BST's work. However, by text order entered April 15, 2024 (Doc. No. 170), in response to the Receiver's inquiry, the Court stated that no discovery is to take place other than in the arbitration between Prime and Compass-Charlotte 1031, LLC.  On August 19, 2024, the Court *sua sponte,* issued a

4

general stay order in the case (the "Stay Order").  (Doc. No. 188).  Respectfully, to best discover

and protect Prime's assets, discovery must be commenced, either in this Court or, if another

bankruptcy case is filed for Prime, in Bankruptcy Court.

A motion for comprehensive relief under Bankruptcy Rule 2004 had been filed in the

Bankruptcy Court which, if granted, would have allowed Prime to serve numerous subpoenas on

numerous parties to start the effort to recover monies.

### Berone

By  Memorandum Decision and Order entered June 24, 2024 (Doc. No. 184) the Court

granted the motion of the Berone defendants to be removed from the Receivership. All funds,

other than a very minor interest accrual, recovered by the Receiver from Berone's accounts have

been returned to Berone.  The minor interest accrual will also be sent to Berone. The Berone

defendants have since been dismissed from the case without prejudice to any claims that

Compass or Prime may later bring.  Doc. No. 187.

### Litigation Activities

Without bankruptcy protection, the Receiver has serious concerns that the following legal

actions will continue (details on each are set forth in the Receiver's Fourth Report).  In light of

the Stay Denial Decision, the Receiver is concerned that he may no longer have the authority to

participate in any of these cases.[1]

- **ER Tennessee LLC ("ER")**. ER commenced an action against Prime and Berone

  Capital LLC in New York State Supreme Court, New York County (Index No.

  650231/2024).  ER alleges fraud and other causes of action against Prime and

---

[1] **135 Railroad, LLC** is a case listed in the Receiver's Fourth Report. 135 Railroad, LLC entered into a loan transaction pursuant to which it paid to Prime $400,000 as a loan deposit and received $400,000 in loan proceeds. Counsel. Given the "wash," the Receiver reached a resolution whereby 135 Railroad released all claims against Prime and Prime released its liens.

18298790.v4-8/27/24

Berone relating to a deposit in the amount of $5,000,000 ER made in connection with a proposed loan from Prime.  The loan was not made and the deposit was not returned. It is anticipated that State Court will reissue a scheduling order in this action which will involve discovery deadlines at the very least.

- **<u>Caruso Home Builders, LLC and Sage Estates Malta, LLC ("Caruso").</u>** Caruso commenced an action in New York Court, Saratoga County (Index No. EF2024312) against Prime alleging breach of a loan agreement. Caruso paid Prime $2,600,000 and received $5,000,000 in partial loan proceeds with regard to its construction project in Saratoga County. Caruso, unlike most victims in this case, was a "net winner" having received more in loan proceeds than it paid. Caruso seeks to recover damages and to have Prime's liens voided. This action needs to be defended.

-

- **Reign.** This is the case that involves Martin Karo, Esq. and Berone having sent a total of $11,000,000 to Mr. Karo's IOLTA accounts at JP Morgan Chase.  This matter needs to be pursued on behalf of Prime but with stay on discovery in this case, and now the Stay Denial Decision and the Stay Order, the Receiver is concerned that he may lack the authority to do so.

- **Onward**. Onward sued Prime and Mr. Roglieri in U.S. District Court, District of Utah and, due to Prime's involuntary bankruptcy, was awarded a default judgment against Mr. Roglieri only. Onward may continue its action against Prime.

6

- **Camshaft CRE 1 LLC.** Camshaft is suing Prime in state court in Florida, for nearly identical misconduct as alleged in this case for the return of a $12.4 million ICA deposit and may resume prosecution of its claims.

- **1800 Park Avenue LLC** commenced an adversary proceeding in Mr. Roglieri's personal Chapter 11 case objecting to his discharge and also seeking recovery of its $5,000,000 from him along with Prime and Prime Commercial Lending LLC and other individual defendants. The Receiver asserted that the Adversary Proceeding was stayed by Prime's now dismissed bankruptcy case. As indicated above, the Receiver is concerned that he may no longer have the authority to defend this action.

### Status of Assets Over Which the Receiver has Control

With respect to Prime's assets, the Receiver has serious concerns that the Stay Order may prevent the Receiver from moving forward with any effort to liquidate assets.

### Real Estate

As previously reported the Receivership estate includes a valuable luxury beach house in Virginia Beach, Virginia that was purchased, for cash, by Prime in January 2023 for $3,750,000. The house remains insured. This is the property that is subject to the $4,300,000 B&R judgment.

### Investment assets

As previously reported based on information provided by Berone, Prime's investment assets, such as they are, appear to be presently illiquid.

### Vehicles

The FBI has now seized numerous vehicles which the Receiver had targeted in his third party action thereby preventing the Receiver from taking any meaningful action in this regard. The Receiver understands that the Chapter 7 Trustee for Mr. Roglieri is working with the government with regard to a possible sale of certain vehicles which are titled in other Roglieri entities.

The Receiver had been working on a settlement with Tina Roglieri with regard to two high value SUVs she has which were paid for with Prime's funds and had intended to pursue approval of that settlement in the context of the bankruptcy case.

### Watch

For the same reasons expressed above, the Receiver is holding off taking any action with regard to the Richard Mille Skull Watch which Mr. Roglieri caused Prime to purchase for $2,275,000 and which remains in the Receiver's possession secured in a safe deposit box at a local bank.

### Bank accounts

The funds in the Receiver's possession are at M&T Bank in the amount of $1,128,018.85 as of the July 31, 2024. Citibank continues to hold $751,385.  After the dismissal of the Second Circuit appeal, the Receiver had intended to transfer the monies to a debtor possession account but given the dismissal of the bankruptcy case, he needs to retitle the accounts with M&T Bank and can then once again engage with Citi to transfer the monies. A small amount of monies that were at KeyBank have since been transferred.

18298790.v4-8/27/24

**Loan Receivables**

As stated in his Fourth Report, Prime does have a small number of significant loan receivables.  The Receiver has been in contact with each Borrower and the loans remain pending with long maturities.

**Status of Issues Remaining in Prime Involuntary**

As the Court is aware, Prime's involuntary bankruptcy case (23-11302 NDNY) was dismissed with the Bankruptcy Court retaining jurisdiction over the disposition of $5,000,000 paid by 1800 Park Avenue LLC that was misappropriated by Prime and Mr. Roglieri[2], as well as Prime's motion under Bankruptcy Code §303(g) for the posting of a bond to secure any alleged damages suffered by Prime as a result of the involuntary filing.  Despite the Receiver and Trustee Dribusch having requested the Bankruptcy Court to take both matters off its calendar, the matters remain pending.  Given the Stay Denial Decision, the Receiver is uncertain that he can participate in any further hearings on the issues.

**Status Of Roglieri Personal Bankruptcy**

As the Court is aware, on February 15, 2024, Mr. Roglieri filed a personal bankruptcy case under Subchapter V of Chapter 11 in the United States Bankruptcy Court for the Northern District of New York (Case No. 24-10157). Since the date of his last report, Mr. Roglieri's case was converted to Chapter 7, with Trustee Dribusch serving.  Because he was uncertain that anyone else would do so and the case conversion had not yet happened, the Receiver timely commenced an adversary proceeding prior to the conversion objecting to Mr. Roglieri receiving a discharge.  The Bankruptcy Court has since dismissed that adversary proceeding stating that the Receiver did not have authority to conduct legal matters.  Given that both the United States

---

[2] Mr. Roglieri was since arrested by the FBI based on this matter and has twice been denied pretrial release based on his alleged threats made about the judiciary, the FBI, the Receiver and the Trustee.

18298790.v4-8/27/24

Trustee and Trustee have filed their own adversary proceedings objecting to discharge, the Receiver has elected to not pursue an appeal of the dismissal. The Receiver also filed a proof of claim in Mr. Roglieri's case.

### General Communications From Victims

The Receiver continues to regularly be contacted from victims of Prime's fraud and other parties impacted by the cases, including those that have contacted him in the past and new parties seeking information.  The Receiver has regularly consulted with many of Prime's defrauded creditors who contact him on a regular basis concerning the Receiver's steps taken in this case.

### Accounting to the Court

As set forth above, all funds received by the Receiver continue to be on deposit, at interest, at M&T Bank.  With additional monies frozen at Citibank.

The Receiver's Fourth Report previously provided comprehensive financial reporting prepared by BST.  It had been the Receiver's intent, and indeed an application was filed, to retain BST in the bankruptcy case to do required comprehensive bankruptcy reporting and continued forensic activities.  Given the dismissal of the bankruptcy, that application was never considered. With the Receiver constrained as to further legal affairs and the Court having just entered the Stay Order in this case, and with little financial activity happening, the Receiver has paused further work with BST.  Other than interest accruals, fees paid and the small deposit relating to the transfer of KeyBank monies, there has been no meaningful change in the Receivership's financial position other than the payment of professional fees as set forth below.

Since the Receiver's Fourth Report:

18298790.v4-8/27/24

Case 24-11029-1-rel Doc 121-1 Filed 09/26/24 Entered 09/26/24 Page 144 of 13 Desc
Case 24-11029-1-rel Doc 241-CFH Filed 09/23/24 Entered 09/23/24 Page 144 of 13 Desc
Exhibits 1-2 - Receivers Accounting    Page 121 of 123

- BST billed and was paid $74,996.25 for both continued forensic and bookkeeping services for March, April and May (up to the date of the bankruptcy) at hourly rates ranging from $200.00 to $400.00.

- The Receiver's law firm Lemery Greisler LLC billed and was paid $34,947.30 for 111 hours worked in March, April and May (up to the date of the bankruptcy case) at hourly rates ranging from $350.00 to $425.00.

- The Receiver has been compensated for work in, March, April and May, up to the date of the bankruptcy, the money has gone to his law firm) in the amount of $55,387.79 for 125 hours worked at an hourly rate of $450.00, which also includes reimbursement of expenses in the amount of $1,919.09.

- Since the bankruptcy filing, as of August 19, 2024, the Receiver has incurred $35,370.00 in billable time for which he has not been paid. Significant portions of the time relate to matters other than the Prime bankruptcy, such as its prior involuntary case, on going proceedings in Mr. Roglieri's bankruptcy case and Mr. Roglieri's criminal case (such as monitoring detention hearings given the threats the government's filings disclosed) and ongoing communications with interested parties.

- The Receiver also paid Bond Schoeneck & King ("BSK") a retainer of $100,000 on April 22, 2024 concerning work to prepare for and file the Prime chapter 11 case.  As reported in the statement of financial affairs field in connection with the bankruptcy case, for pre-bankruptcy work BSK was paid $60,506.50 for a total of 137.7 hours at rates ranging from $295.00 to $585.00, along with reimbursement of expenses in the amount of $1,738.00, with the balance being held as a retainer.

11

Since the bankruptcy filing, BSK has incurred approximately $200,000 in billable

time which has not been paid. BSK also filed a retention application in the

Bankruptcy Court which, for the reasons stated above with regard to BST, was

never acted upon by that Court.  The Receiver notes that much of the work that

BSK performed, if a new case can be filed, would easily be useable with simple

updating such as the petition, schedules, statement of financial affairs, turnover

motion for the beach house, Rule 2004 motion, retainer applications and the

motion with respect to coordination of the Roglieri estate and the Prime case.

Based on the language of the Court's January 12, 2024 order (Doc. No. 8) the Receiver in

good faith believed he was within his authority to hire and pay professionals in the ordinary

course as the case progressed. As a result, he believed he was authorized to retain and pay BSK.

While the Receiver now understands that the Court limited that authority in its January 24th

order, respectfully it did not appear apparent on its face that the Court would remove the

Receiver's authority in this respect when: (i) the forensic accounting was going to proceed, and

was mentioned by the Court in subsequent decisions which would then allow further

investigation into the amount and location of Prime's assets; (ii) the Receiver was pursuing his

third party action as to which preliminary relief was granted in the Court's March 24th order; (iii)

several lawsuits against Prime were pending; and (iv) a New York State Supreme Court's ruling

which agreed with the Receiver's view of his authority.

BSK worked in good faith, as has the Receiver, to take steps to locate, ascertain the

amount of and to protect Prime's assets such that Prime could, at least in part, redress the

damages caused to its creditors.  The Receiver, as advised by counsel, believed that a bankruptcy

was the best method to discharge his duties including ensuring the fair and equal treatment to all

12

18298790.v4-8/27/24

Case 24-11209-1-rel Doc 121-1 Filed 09/26/24 Entered 09/26/24 Page 124 of 13 Desc
Case 1:20-cv-10055-DAL-CFH Doc. 89 Filed 09/23/24 Page 14 of 13
Exhibits 1-2 - Receivers Accounting    Page 123 of 123

creditors, which Prime, as the debtor, has a duty to achieve.  As explained above, much of BSK's

work product can be utilized in a subsequent bankruptcy filing.  The Receiver respectfully

submits it would be inequitable to not allow BSK to be compensated for that work.  As to the

Receiver, he has continued in his duties on a nearly daily basis which regularly consume

substantial portions of his time in detriment to other professional and family commitments.  The

Receiver requests permission to pay both the Receiver and BSK.

     The Receiver respectfully seeks guidance from the Court concerning his role and duties

in this case.  By separate correspondence, the Receiver is requesting a conference with the Court

to address matters moving forward.

     WHEREFORE it is respectfully requested that the Court consider this Fifth Report,

authorize the payment of the Receiver's and BSK's outstanding compensation, and grant such

other and further relief as is just, necessary and proper.

Dated: August 28, 2024

                    Respectfully submitted,

                    /s/Paul A. Levine           
                    Paul A. Levine, Esq.
                    RECEIVER
                    LEMERY GREISLER LLC
                    Office and P.O. Address
                    677 Broadway, 8th Floor
                    Albany, New York 12207
                    Ph:  (518) 433-8800
                    Fax:  (518) 433-8823

                    plevine@lemerygreisler.com