**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Lauren C. Kiss

**Current Hearing Date/Time:**
**November 13, 2024 @ 9:15 a.m.**

**Proposed Hearing Date/Time:**
**December 18, 2024 @ 10:30 a.m.**

*Counsel to Debtor Prime Capital Ventures, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,                    Case No. 23-11302-REL
                                                Chapter 7

                                    Debtor.

In re:

PRIME CAPITAL VENTURES, LLC,                    Case No. 24-11029-REL
                                                Chapter 11

                                    Debtor.

**DEBTOR'S APPLICATION FOR AN ORDER: (I) ADJOURNING THE**
**HEARING ON THE PROPOSED ABANDONMENT FROM NOVEMBER**
**13, 2024, TO DECEMBER 18, 2024; AND (II) AUTHORIZING THE**
**DEBTOR TO FILE A REPLY TO HOGAN LOVELLS' RESPONSE TO**
**THE OBJECTION OF KRIS ROGLIERI TO THE DEBTOR'S NOTICE**
**OF ABANDONMENT OF PROPERTY PURSUANT TO 11 U.S.C. § 554**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Prime Capital Ventures, LLC, the debtor (or alleged debtor) in each of the above-captioned

bankruptcy cases (the "Debtor")[1], by and through its counsel, Klestadt Winters Jureller Southard

& Stevens, LLP, as and for its application (the "Application") for an order (i) adjourning the

---

[1] There have been three bankruptcy cases filed in this Court where the Debtor was the debtor or alleged debtor as
follows: (i) Case No. 23-11302 filed on December 19, 2023 ("Case 1"); (ii) Case No. 24-10531 filed on May 14, 2024
("Case 2"); and (iii) Case No. 24-11029 filed on September 16, 2024 ("Case 3").

hearing (the "Hearing") on the Debtor's proposed abandonment of certain property pursuant to 11

U.S.C. § 554(a) (the "Proposed Abandonment") as set forth in the Court's order providing for the

abandonment of the Potential Claims (defined below) if no objections were filed by October 16,

2024 [Dkt. No. 31][2] (the "Abandonment Order"), entered based upon the Debtor's stated intention

to abandon all right, title, and interest in connection with the Debtor's motion to compel the

petitioning creditors in Case 1, Compass-Charlotte 1031, LLC, 526 Murfreesboro, LLC, and

Newlight Technologies, Inc. (collectively, the "Petitioning Creditors"), to post a bond in the

amount of $37 million [Case 1 Dkt. No. 69], and any interest the Debtor has in connection with

seeking damages or other forms of relief under 11 U.S.C. § 303(i) against Petitioning Creditors in

connection with the involuntary petition filed by the Petitioning Creditors against the Debtor

commencing Case 1 (the "Potential Claims") [*See* Case 1 Dkt. Nos. 72, 123, and 133], from

November 13, 2024, at 9:15 a.m. to December 18, 2024, at 10:30 a.m.; and (ii) authorizing the

Debtor to file a reply (the "Reply") to Hogan Lovells US LLP's ("Hogan Lovells") response (the

"Hogan Lovells Response") [Dkt. No. 50] to the objection to the Proposed Abandonment, dated

October 13, 2024 [Dkt. No. 39] (the "Objection"), of Kris Roglieri ("Roglieri"); respectfully sets

forth as follows:

## **APPLICATION**

### A. Procedural History

     1.     On October 2, 2024, this Court entered the Abandonment Order (i) authorizing the

Debtor's abandonment of the Potential Claims, and (ii) withdrawing the (alleged) Debtor's motion

to compel the Petitioning Creditors to post a bond, subject to the rights of any parties to file an

objection to the Proposed Abandonment by October 16, 2024 [Dkt. No. 31].

---

[2] Unless otherwise stated, all referenced documents have been entered in both Case 1 and Case 3. All references to docket entries herein are to the docket for the most recent and active case (Case 3) unless otherwise stated.

2.      On October 15, 2024, Roglieri timely filed the Objection to the Proposed Abandonment [Dkt. No. 39].

3.      On October 16, 2024, the Court scheduled the Hearing on the Proposed Abandonment and Objection for November 13, 2024, at 9:15 a.m., and authorized parties to file a response to the Objection by no later than November 6, 2024 [Dkt. No. 40].

4.      On October 25, 2024, the Debtor timely filed a response to Roglieri's Objection (the "Debtor Response") [Dkt. No. 43].

5.      On November 6, 2024, Hogan Lovells filed the Hogan Lovells Response to the Objection [Dkt. No. 50].

**B. The Debtor Requests Permission to File a Reply to the Hogan Lovells Response**

6.      The Hogan Lovells Response is not a timely response to Roglieri's Objection as it is labeled.  Rather, it is clearly an objection to the Proposed Abandonment filed 21 days after the deadline established by this Court's Abandonment Order.

7.      Had the Hogan Lovells Response been properly and timely filed as what it actually is, an objection to the Proposed Abandonment, the Debtor would have timely filed a response to it by the November 6 deadline.  Since the Debtor did not have that opportunity, it now needs to respond to the substance of Hogan Lovells' objection to the Proposed Abandonment set forth in the Hogan Lovells Response.

8.      Since the Debtor's reply would technically qualify as a sur-reply, which is generally disfavored by the Court, the Debtor requires and respectfully seeks the Court's permission to file the reply by no later than December 6, 2024.

3

### C.  The Requested Adjournment to December 18, 2024

9.      The Debtor respectfully requests that the Hearing be adjourned from November 13, 2024, to December 18, 2024, at 10:30 a.m. in order to give it an opportunity to file the reply and to accommodate the schedules of the attorneys.  The Debtor's and Hogan Lovells' counsel have discussed and agreed upon the adjourned Hearing date.

10.      The Debtor's counsel sent an email to Linda Oliver, who according to a filing with the Court on October 11, 2024 [Dkt. No. 36], holds a power of attorney for Roglieri who is representing himself *pro se* in these proceedings, and requested consent.  Ms. Oliver responded and consented to the adjourned Hearing date on Roglieri's behalf.

11.      The Debtor respectfully requests that the Hearing be adjourned.

### <u>NO PRIOR RELIEF</u>

12.      No prior request for the relief sought herein has been made to this or any other court.

*[Continued on next page]*

4

**WHEREFORE**, the Debtor respectfully requests that (i) it be authorized to file a reply to the Hogan Lovells Response by no later than December 6, 2024, (ii) the Hearing be adjourned to December 18, 2024 at 10:30 a.m., and (iii) it be granted such other and further relief as is just.

Dated:    New York, New York
          November 12, 2024

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Fred Stevens*
      Fred Stevens
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, New York 10036-7203
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email:  fstevens@klestadt.com
              lkiss@klestadt.com

      *Counsel to Debtor Prime Capital Ventures,
      LLC*

5