## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>**PRIME CAPITAL VENTURES, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 24-11029 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

B and R Acquisition Partners, LLC ("B&R") and JHM Lending Ventures, LLC ("JHM," and together with B&R, the "Movants"), creditors and parties-in-interest to the above-styled bankruptcy case, hereby file this motion (the "Motion") seeking the entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d). In support of this Motion, the Movants state as follows:

### Jurisdiction and Venue

1. The Movants file this Motion pursuant to Section 362 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

**The Judgment Lien**

4. While the history of the present case is simple, the events leading up to the present case are quite complex; for the sake of conciseness, the Movants will here only describe those facts

most relevant to the Motion. The present case is the third iteration of bankruptcy proceedings for Prime Capital Ventures, LLC (the "Debtor") with this Court,[1] which is in addition to the bankruptcy proceedings currently pending for the Debtor's sole member, Kris Daniel Roglieri ("Roglieri").[2] All of these facts have been described or discussed in more detail within, among other documents, the *B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC's Motion to Dismiss Bankruptcy Case* [Prime Bankr. II, Doc. 57] and this Court's *Memorandum Decision and Order* [Prime Bankr. II, Doc. 85].

5. Prior to the initiation of this bankruptcy case, the Debtor and B&R entered into a certain Business Expansion Line of Credit Agreement (the "Credit Agreement"). This Credit Agreement had an effective date of November 14, 2022.

6. Pursuant to the Credit Agreement, the Debtor agreed to lend B&R up to $22,575,000.00 to be used to fund an asset purchase (the "Loan"). In return, B&R was required to deliver to the Debtor a $4.3 million interest credit account deposit (the "ICA Deposit") which would be used to prepay interest following the closing and funding of the Loan.

7. B&R delivered the ICA Deposit to the Debtor on November 31, 2022. The Debtor never funded the Loan, and on June 15, 2023, B&R exercised its right to terminate the Credit Agreement and made a demand for the return of the ICA Deposit. The Debtor failed to return the ICA Deposit.

8. On August 21, 2023, the Movants instituted an arbitration proceeding (the "Arbitration") against the Debtor and its sole member and manager, Roglieri, for, among other things, the failure to return the ICA Deposit.

---

[1] The relevant case numbers for these two prior proceedings are, respectively, 23-11302 ("Prime Bankr. I") and 24-10531 ("Prime Bankr. II").
[2] U.S. Bankruptcy Court for the Northern District of New York, Case No. 24-10157 ("Roglieri Bankr.").

9. On January 15, 2024, the Movants were awarded $4.3 million in monetary damages against the Debtor in the Arbitration (the "Award"). A true and correct copy of the Award is attached hereto as **Exhibit A**.

10. On January 18, 2024, the Movants applied for an order to confirm the Award, filed as *In the Matter of the Application of B and R Acquisition Partners, LLC and JHM Lending Ventures, LLC v. Prime Capital Ventures, LLC*, Index No. 900844-24, Supreme Court, State of New York, Third Judicial District, Albany County (the "Confirmation Proceeding"). On February 8, 2024, a judgment was issued in the Confirmation Proceeding confirming the Award (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit B**.

11. The Movants proceeded to domesticate their Judgment against the Debtor in the Circuit Court of Virginia Beach, Virginia, pursuant to Virginia Code 8.01-465.3. Notice of this domestication was filed in the City of Virginia Beach, Virginia Judgment Lien Docket as Instrument No. 202404002909 on February 28, 2024 (the "Judgment Lien"). A true and correct copy of the Judgment Lien is attached hereto as **Exhibit C**.

12. The Judgment Lien creates a valid lien against any and all real property of the Debtor in Virginia Beach, Virginia, including the Virginia Beach House (as defined below).

13. The Movants have not received any payment or other recovery on account of the Judgment.

**Bankruptcy and the Virginia Beach Property**

14. On September 16, 2024 (the "Petition Date"), Christian Dribusch, Chapter 7 Trustee of the Estate of Kris Daniel Roglieri (the "Roglieri Trustee"), acting as the sole member and manager of Debtor, filed a voluntary petition on behalf of the Debtor under chapter 11 of the Bankruptcy Code, thereby commencing the present case.

15. Among the property currently included within the Debtor's bankruptcy estate is a certain piece of real property located at 600 Linkhorn Drive, Virginia Beach, Virginia (the "Virginia Beach House").

16. Upon information and belief, the Virginia Beach House is a piece of luxury real estate which the Debtor purchased on or around January 31, 2023, for $3,750,000.00. *See Motion for Entry of an Order Directing Turnover of Property of the Debtor's Estate* [Prime Bankr. II, Doc. 53, pg. 2].

17. In the Debtor's schedules of assets filed in this case, the Debtor stated that the current value of its interest in the Virginia Beach Home was $4,023,154.00 [Doc. 1, pg. 19] (the "Estimated Value").

18. Upon information and belief, aside from the Judgment Lien, the Virginia Beach House is unencumbered, and the Debtor has expressed a willingness to move forward with a sale of this property for a price that is much lower than the amount of the Judgment Lien.

19. Further, upon information and belief, a possible co-conspirator of Roglieri named Kimberly Patricia Owen a/k/a Kimberly Owen Humphrey a/k/a Kimberly Ann Humphrey a/k/a Kimmy Humphrey ("Humphrey") is currently residing in the Virginia Beach House.

20. Upon information and belief, Humphrey is occupying the Virginia Beach House without the Debtor's consent, without any written lease agreement, and without payment of any rent.

21. Upon information and belief, on or around February 5, 2024, Humphrey was arrested at the Virginia Beach House and charged with felony drug possession[3].

---

[3] Virginia Beach General District Court Case #GC24001209-00

4

22.  Despite previous attempts to remove Humphrey from the Virginia Beach House, including sending a notice to vacate, she has remained in occupancy. *See* Prime Bankr. II, Doc. 53, pg. 3.

23.  Upon information and belief, the Virginia Beach House has been damaged during Humphrey's occupation of it, with at least one broken window visible upon a recent drive-by inspection of the property.

24.  Upon information and belief, the Debtor has not been able to inspect the Virginia Beach House, has been unable to communicate with Humphrey and is unable to confirm that the property is being duly maintained.

25.  Upon information and belief, since the Petition Date, the Debtor has not initiated any legal action to remove Humphrey from the Virginia Beach House.

## Request for Relief from the Automatic Stay

26.  "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay …. (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [and] (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(1) and (2).

27.  The Movants seek relief from the automatic stay to exercise their rights and remedies with respect to the Virginia Beach House, including foreclosing on their Judgment Lien and removing any and all parties currently occupying the Virginia Beach House.

**Lack of Equity in the Virginia Beach House**

28. The Movants are entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Virginia Beach House, and the Virginia Beach House is not necessary to an effective reorganization.

29. As previously noted, upon information and belief, the Debtor previously purchased the Virginia Beach House for $3,750,000.00, and it has listed the Estimated Value as being just $4,023,154.00. Both of these amounts are less than the $4.3 million Judgment Lien.

30. Accordingly, even though there may be no further encumbrances of the Virginia Beach House, the Debtor has no equity in this property.

31. The Virginia Beach House is also not necessary to the Debtor's effective reorganization. The Debtor is not currently engaging in any business operations, and it is likely to face substantial and continuous litigation about its past operations throughout the near and distant future. Moreover, upon information and belief, the Debtor never engaged in any legitimate, lawful business operations that could form the basis for any effective reorganization.

32. Accordingly, there is no reasonable argument to be made that the Virginia Beach House would, in any circumstance, be necessary for an effective reorganization of the Debtor.

**Lack of Adequate Protection**

33. "'Cause' [under 11 U.S.C. § 362(d)(1)] is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *In re Project Orange Associates, LLC*, 432 B.R. 89, at 103 (Bankr. S.D. N.Y. 2010) (citing *In re Brown*, 311 B.R. 409, at 412-13 (E.D. Pa. 2004)). Further, a "party moving to lift the stay under section 362(d)(1) 'must initially produce evidence establishing 'cause' for the relief he requests… [o]nce the moving party establishes a prima facie case for 'cause,' the burden shifts to the debtor to disprove its existence." *Id.* (citing *In*

*re Burger Boys, Inc.*, 183 B.R. 682, at 687 (S.D. N.Y. 1994); and *In re Touloumis*, 170 B.R. 825, at 828 (Bankr. S.D. N.Y. 1991).

34. Upon consideration of the present facts and circumstances, the Movants are also entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) for "cause," because their interest in the Virginia Beach House is not adequately protected.

35. Upon information and belief, the Debtor is not in possession and control of the Virginia Beach House. Instead, the property is occupied by a party that is not paying rent, has no obligation to maintain the property, has not demonstrated the financial or other ability to maintain the property, and has no other articulable legal right to occupy it.

36. This occupant has no motivation to protect or safeguard the Virginia Beach House and, upon information and belief, has already established a history of engaging in illegal activities there.

37. Because the Debtor is not in possession or control of the Virginia Beach House and is not adequately safeguarding and maintaining the property, the Movants' interests in the property are not adequately protected.

38. Accordingly, unless the automatic stay is lifted to allow the Movants to exercise their remedies in respect to the Virginia Beach House, the ability of the Movants to gain possession or control of the Virginia Beach House, and to protect their interests in the Virginia Beach House from the whims of its occupant, may be unreasonably compromised or lost.

WHEREFORE, the Movants respectfully request that this Court enter an Order:

(i) Granting Movants relief from the automatic stay to exercise all of their rights and remedies against the Virginia Beach House pursuant to the Judgment Lien, including, without limitation, foreclosing on the Virginia Beach House and taking

7

        any and all actions which the Movants deem necessary and appropriate to remove the present occupant from the Virginia Beach House; and

(ii)    Such other and further relief as this Court deems proper.

| | |
|---|---|
| Dated: November 19, 2024<br>Jackson, Mississippi | Respectfully Submitted:<br><br>/s/ M. Patrick Everman<br>M. Patrick Everman<br>Bradley Arant Boult Cummings LLP<br>188 E. Capitol Street, Suite 1000<br>Jackson, Mississippi 39201<br>Telephone: (601) 592-9948<br>Email: peverman@bradley.com<br><br>*Counsel for Movants* |