UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

PRIME CAPITAL VENTURES, LLC,     Case No. 24-11029-REL
                                 Chapter 11

Debtor.

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 542(a) DIRECTING TURNOVER OF PROPERTY OF THE DEBTOR'S ESTATE**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Prime Capital Ventures, LLC, the above-captioned debtor (the "Debtor"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, hereby submits this motion (the "Motion") seeking the entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 542(a), directing the turnover of the Virginia Beach Property (defined below). In support of the Motion, the Debtor represents as follows:

**PRELIMINARY STATEMENT**

The Debtor was created by its principal, Kris Roglieri ("Roglieri") in December 2021 as "a fund specifically designed to provide capital for large development, commercial development and commercial real estate transactions from $50 million to more than $1 billion."[1] The Debtor advertised that it would offer non-recourse lines of credit with rates at 4 to 6% with interest-only payments but would require borrowers to provide 20% cash upfront based on the total project cost (the "Borrower Prepayments"). The Borrower Prepayments would be held by the Debtor "'as prepaid interest throughout the term of the loan.'"[2] The Debtor obtained millions of dollars in

---

[1] *See Petitioning Creditors' Motion for a Trustee*, Case No. 23-11302, Dkt. No. 4, ¶¶22-23 (Dec. 19, 2023) (quoting May 2, 2022 marketing in DealMaker Magazine).
[2] *Id*., ¶26.

Borrower Prepayments from multiple companies throughout the country which in most cases, upon information and belief, were used by the Debtor and Roglieri before the loans were closed and funded.[3]

On May 28, 2024, a criminal complaint was filed by the United States of America (the "Government") against Roglieri commencing Case No. 24-cr-00392 (MAD) (N.D.N.Y.) (the "Criminal Case"), wherein Roglieri is charged with five counts of wire fraud in violation of 18 U.S.C. § 1343, and for forfeiture of assets pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[4]  In the Criminal Case, the Government alleges, among other things, that Roglieri and others used the Debtor to operate a fraud and money laundering scheme.[5]  Roglieri was arrested on May 31, 2024[6] and has been incarcerated since his arrest.[7]

The Debtor is now under the custody and control of Christian H. Dribusch, in his capacity as the chapter 7 trustee (the "Roglieri Trustee") of Roglieri's bankruptcy estate, the owner of all membership interests in the Debtor.  In 2023, the Debtor purchased with cash a luxury home located at 600 Linkhorn Drive, Virginia Beach, Virginia 23451 (the "Virginia Beach Property") for $3,750,000.

Upon information and belief, the Virginia Beach Property is occupied by Kimberly Humphrey a/k/a Kimberly Owen ("Kimmy"), the Debtor's former Executive Vice President, her ex-husband, Bryce Humphrey and his girlfriend.  As manager of the Debtor, the Roglieri Trustee is not aware of any leases or agreements between the occupants of the Virginia Beach Property and the Debtor and the Debtor has not received any rent from any of the occupants of the Virginia

---

[3] *Id.*, ¶37.
[4] Criminal Case, Dkt. No. 1 and Indictment at Dkt. No. 35 (Sept. 19, 2024).
[5] Criminal Case, Dkt. No. 1, ¶4.
[6] *Id.* at Dkt. No. 12.
[7] *Id.* at Dkt. No. 32 (Aug. 5, 2024).

Beach Property. The occupants have refused to vacate the Virginia Beach Property, despite requests that they do so.

For these reasons and as more fully set forth below, the Debtor respectfully requests entry of the proposed order (the "Proposed Order"), attached hereto as Exhibit A, directing the turnover of the Virginia Beach Property to the Debtor within thirty (30) days after entry of the Proposed Order.

## JURISDICTION

1. This Court has jurisdiction over the bankruptcy case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and Rule 81.1 of the Local Rules for the United States District Court for the Northern District of New York referring matters arising under Title 11 of the United States Code (the "Bankruptcy Code") to the Bankruptcy Court (Jan. 1, 2024).

2. Venue of this case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 542(a) of the Bankruptcy Code.

## CASE BACKGROUND

### A. The Debtor's Bankruptcy Cases and Receivership

4. By December 2023, the Debtor was besieged by litigation largely from borrowers who did not get their loans funded and wanted the return of their Borrower Prepayments. *See*, *e.g.*, *Tuss Financial LLC v. Prime Capital, et al.*, Index No. 2023/510389 (N.Y.Sup. Ct. Kings Cty. Apr. 5, 2023) (seeking and apparently obtaining the return of $13.4 million); *B&R Acquisition Partners v. Prime Capital* (JAMS Arb., Aug. 2023) (seeking the return of $4 million); *Sturm v.*

3

*Prime Capital*, Case No. 23-cv-1033 (N.D.N.Y. Aug. 22, 2023) (seeking the return of $2 million); *Camshaft CRE 1, LLC v. Prime Capital*, Case No. 2023-023173 (Fla. Circ. Ct., Miami-Dade Cty., Sept. 15, 2023) (seeking the return of $13.4 million); *The Lion Group DFW, LLC v. Prime Capital*, Case No. 23-DCV-34617 (Tex. Dist. Ct., 146th Dist., Sept. 21, 2023) (demand unknown); *Onward Partners, LLC, v. Prime Capital, et al.*, Case No. 23-cv-833 (D. Utah Nov. 13, 2023) (seeking the return of $20 million).

5. On December 19, 2023, Compass-Charlotte 1031, LLC, 526 Murfreesboro, LLC, and Newlight Technologies, Inc. (collectively, the "Petitioning Creditors") filed an involuntary petition against the Debtor for relief under chapter 7 of the Bankruptcy Code commencing Case No. 23-11302 ("Case 1"). The Petitioning Creditors commenced Case 1 for the obvious purpose of ensuring that the Debtor's assets and liabilities could be liquidated in a single, public forum, and that no single creditor could win the proverbial "race to the courthouse".

6. On December 22, 2023, upon order of the Court, the United States Trustee appointed Christian H. Dribusch ("Dribusch") as the interim chapter 7 trustee of the Debtor's estate.

7. Rather than submit to the orderly winddown or restructuring of the Debtor's business in Case 1, Roglieri pushed the Debtor in an entirely different direction. Roglieri caused the Debtor to retain the venerable international law firm of Hogan Lovells US LLP ("Hogan Lovells") and instructed the Debtor to move for the dismissal of the involuntary petition on the basis that at least two of the Petitioning Creditors' claims were subject to a bona fide dispute because litigation concerning their claims was pending. *See Debtor's Motion for Judgment Dismissing the Petition*, Case 1 Dkt. No. 72, p.1 (Jan. 8, 2024).

8. On January 8, 2024, the Petitioning Creditors filed their own motion to dismiss

4

Case 1 [Case 1 Dkt. No. 74], which motion was granted by the Court on January 9, 2024 [Case 1 Dkt. No. 87]. Thereafter, Dribusch was discharged from his duties as chapter 7 trustee.

9. Three (3) days after dismissal of Case 1, on January 12, 2024, Petitioning Creditor Compass-Charlotte 1031, LLC commenced an action in the United States District Court for the Northern District of New York (the "District Court") under Case No. 24-cv-00055 (MAD) (CFH) (N.D.N.Y. Jan. 12, 1014) (the "Receivership Case"), seeking, among other things, the appointment of a federal equity receiver to take possession and control of the Debtor's assets and affairs. That same day, the District Court entered an order appointing Paul Levine as the temporary receiver (the "Receiver"). Receivership Case Dkt. No. 8.

10. Again, Roglieri directed Hogan Lovells to file an emergency motion to, among other things, dismiss the Receivership Case. *Id.* at Dkt. No. 12-14. On January 24, 2024, the District Court entered a memorandum decision and order making the Receiver's appointment permanent and defining his powers with respect to the Debtor and its property and denying the Debtor's motion to dismiss the case. *Id*. at Dkt. No. 56.

11. On February 15, 2024, Roglieri filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code commencing Case No. 24-10157 (REL) (the "Roglieri Case").

12. On May 14, 2024, the Debtor, by and through the Receiver, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court commencing Case No. 24-10531 ("Case 2").

13. On May 15, 2024, the Court entered an order converting Roglieri's case to one under chapter 7 of the Bankruptcy Code. Roglieri Case at Dkt. No. 159. Thereafter, the United States Trustee appointed Dribusch as the interim chapter 7 trustee. *Id.* at Dkt. No. 160. Dribusch

has since qualified and is currently serving as permanent trustee, defined above as the "Roglieri Trustee".

14. On June 25, 2024, B and R Acquisition Partners, LLC ("B&R") and JHM Lending Ventures, LLC ("JHM" and together with B&R, the "B&R Parties") filed a motion to dismiss Case 2 on the basis that the Receiver was not authorized to file the petition on behalf of the Debtor because they asserted that he lacked the authority pursuant to the terms of the orders of the District Court. Case 2 at Dkt. No. 57.

15. On July 23, 2024, the Court entered a memorandum decision and order dismissing Case 2 finding essentially that the Receiver did not have the authority to file Case 2 on behalf of the Debtor and that the Roglieri Trustee did not have the ability to waive the defect and ratify the filing *ex post facto* (the "Dismissal Order"). *Id.* at Dkt. No. 85. The Debtor took an appeal of the Dismissal Order, which appeal is pending before the District Court at Case No. 24-civ-000939.

16. On September 16, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court commencing this bankruptcy case. In this case, the Debtor is under the control of the Roglieri Trustee as the party in possession and control of all equity interests in the Debtor, who is acting as the manager of the Debtor.

### B. The Virginia Beach Property

17. On about January 31, 2023, the Debtor purchased the Virginia Beach Property, with cash, for $3,750,000. A copy of the title report establishing the Debtor as the fee owner of the Virginia Beach Property is attached to the Declaration of Christian H. Dribusch, dated November 20, 2024 (the "Dribusch Declaration") as Exhibit A.

18. On June 21, 2024, in Case 2, the Debtor, by and through the Receiver, filed a motion for entry of an order directing turnover of the Virginia Beach Property (the "Case 2 Turnover Motion"). Case 2 at Dkt. No. 53.

6

19. Upon entry of the Dismissal Order, the Case 2 Turnover Motion was rendered moot.

20. Upon information and belief, the Virginia Beach Property is occupied by Kimmy, the Debtor's former Executive Vice President, her ex-husband, Bryce Humphrey and his girlfriend (and together with any other occupants of the Virginia Beach Property, the "Occupants"). The Roglieri Trustee, as manager of the Debtor, is not aware of any leases or agreements between the Occupants and the Debtor and the Debtor has not received any rent from any of the Occupants. The Occupants have refused to vacate the Virginia Beach Property, despite multiple requests that they do so.

21. As set forth in the Case 2 Turnover Motion, to comply with Virginia law on evictions, on May 29, 2024, the Receiver issued to Kimmy a notice to vacate the Virginia Beach Property on or before June 28, 2024, and turn over to the Debtor all keys and security codes to the Virginia Beach Property (the "Notice to Vacate"). *Id.* at ¶ 13. A copy of the Notice to Vacate is attached to the Dribusch Declaration as Exhibit B.

22. On November 14, 2024, the Debtor, through the Roglieri Trustee, sent an email to Kimmy and her ex-husband in an attempt to reach a consensual resolution of this matter so that he can begin the marketing and sale of the Virginia Beach Property. To date, no response has been received to the email and the Occupants have refused to vacate the Virginia Beach Property, thereby necessitating the instant Motion.

23. On November 19, 2024, the B&R Parties filed a motion seeking the entry of an order granting relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow the B&R Parties to exercise their remedies in respect of the Virginia Beach Property as a result of a certain judgment lien in the amount of $4.3 million (the "Judgment Lien") that the B&R Parties hold against the Virginia Beach Property (the "Stay Relief Motion"). Dkt. No. 56. The

7

Debtor intends to object to the Stay Relief Motion because, among other things, (i) the Judgment Lien is subject to dispute by the Debtor as a preference and/or fraudulent transfer and (ii) entry of the Proposed Order would render the Stay Relief Motion moot.  It is in the best interests of all parties to allow the Debtor and its professionals to obtain possession of the Virginia Beach Property so it can market and sell the Virginia Beach Property and place the sale proceeds in segregated account pending resolution of the disputes between the Debtor and the B&R Parties.

## RELIEF REQUESTED

24. The Debtor respectfully requests that the Court enter an order, pursuant to 11 U.S.C. §§ 105(a) and 542(a), directing the turnover of the Virginia Beach Property to the Debtor.[8]

## BASIS FOR RELIEF REQUESTED

25. Section 541 of the Bankruptcy Code defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).

26. Section 542(a) of the Bankruptcy Code generally requires a noncustodial entity that has possession, custody, or control of property of the estate to deliver the property or the value thereof to a trustee or debtor-in-possession. 11 U.S.C. § 542(a).

27. More specifically, section 542(a) of the Bankruptcy Code provides that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may

---

[8] Although Federal Rule of Bankruptcy Procedure 7001(1) states that an adversary proceeding is required for "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee", courts have granted such relief by motion instead. For example, in *In re Cypress Health Systems Florida, Inc.*, the Bankruptcy Court determined that a $50,000 escrow fund held by a title company was property of the debtor's estate and ordered it to be turned over on the debtor in possession's motion. *In re Cypress Health Systems Florida, Inc.*, 536 B.R. 334 (Bankr. N.D. Fla. 2015). Further, this is not a complex situation under which the Bankruptcy Court is being asked to determine whether property is "property of the estate". Here, it is undisputed that the Virginia Beach Property is property of the estate. The Debtor submits there is no prejudice to the Occupants' rights by proceeding by motion rather than adversary proceeding. The only thing that would be accomplished by an adversary proceeding is further delay.

exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

28.    To prevail on a claim under section 542(a), the Debtor must establish the following three elements: "(1) the property is in the possession, custody, or control of another entity; (2) the property can be used in accordance with the provisions of section 363; and (3) the property has more than inconsequential value to the debtor's estate." *Geltzer v. Brizinova (In re Brizinova)*, 554 B.R. 64, 75 (Bankr. E.D.N.Y. 2016) (citations omitted).

29.    First, the Debtor has demonstrated that, as of the Petition Date, the Debtor was the owner of the Virginia Beach Property and continues to hold title as of the date of this Motion. The Title Report, effective as of January 12, 2024 lists the Debtor as the owner of the Virginia Beach Property and a search of the property records in Virginia Beach, as of November 20, 2024, confirms that the Debtor is still the owner of the Virginia Beach Property. *See* Dribusch Declaration, Exhibit A; https://propertysearch.virginiabeach.gov/#/property/24188414010000 (last visited November 20, 2024). Further, to date, the Occupants have refused to vacate the Virginia Beach Property.

30.    Second, the Virginia Beach Property can be sold by the Debtor to generate proceeds for the benefit of the Debtor's estate pursuant to section 363(b) of the Bankruptcy Code, which provides that that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

31.    Third, the Virginia Beach Property has more than inconsequential value to the Debtor's estate. According to Zillow, the Virginia Beach Property is valued at approximately $4.1 million. There is no mortgage on the Virginia Beach Property. While the B&R Parties have a

Judgment Lien against the Virginia Beach Property, the Judgment Lien is subject to dispute by the Debtor as a preference and/or fraudulent transfer and the Debtor will therefore be able to sell the Virginia Beach Property free and clear of the Judgment Lien under section 363(f)(4) of the Bankruptcy Code. The Debtor is hopeful that its challenges to the Judgment Lien held by the B&R Parties will be successful. The Debtor is also aware that there are outstanding real property taxes assessed against the Virginia Beach Property, totaling approximately $40,000. Other than the foregoing, the Debtor is not aware of any other liens or encumbrances on the Virigina Beach Property.

32. Based on the foregoing, the Debtor respectfully requests that this Court enter an order directing the turnover of the Virginia Beach Property to the Debtor pursuant to sections 105(a) and 542(a) of the Bankruptcy Code.

33. If the Occupants fail to comply with the thirty (30) day deadline set forth in the Proposed Order to vacate the Virginia Beach Property, the Debtor further requests that the Order require the Clerk of the Bankruptcy Court to issue a writ of assistance, directing the United States Marshals Service to immediately remove the Occupants from the Virginia Beach Property.

34. The Debtor respectfully submits that the relief requested herein is in the best interest of the Debtor, its estate, and other parties in interest, and will foster the efficient and economic administration of this Chapter 11 Case.

## NOTICE

35. Notice of this Motion will be given to (i) the Occupants by Federal Express and, if possible, personal delivery; (ii) the Office of the United States Trustee for the Northern District of New York; and (iii) all parties entitled to notice pursuant to Rule 2002 of the Federal Rules of

Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtor submits that no other further notice is required.

## **NO PRIOR RELIEF**

36. Except as specifically stated, no previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the relief requested herein be granted and the Court enter an order, substantially in the form of the Proposed Order annexed hereto as Exhibit A, and grant such other and further relief as is just and proper.

Dated:  New York, New York
        November 20, 2024

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
    Fred Stevens
    Lauren C. Kiss
    200 West 41st Street, 17th Floor
    New York, New York 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: fstevens@klestadt.com
           lkiss@klestadt.com

*Counsel to Debtor Prime Capital Ventures, LLC*