**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,   Case No. 24-11029-REL
                              Chapter 11

                    Debtor.

**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Prime Capital Ventures, LLC, the above-captioned debtor (the "Debtor"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, hereby submits this objection (the "Objection") to the motion of B and R Acquisition Partners, LLC ("B&R") and JHM Lending Ventures, LLC ("JHM," and together with B&R, the "Movants"), for an order granting Movants relief from the automatic stay pursuant to 11 U.S.C. §362(d) (the "Motion") [Dkt. No. 56]. In support of the Objection, the Debtor represents as follows:

**PRELIMINARY STATEMENT**

The Debtor and Movants are in agreement on several things. Each agrees that the current occupants of the Debtor's real property at 600 Linkhorn Drive, Virginia Beach, Virginia 23451 (the "Virginia Beach Property"), which, upon information and belief, include Kimberly Humphrey a/k/a Kimberly Owen ("Kimmy"), the Debtor's former Executive Vice President, Kimmy's ex-husband, Bryce Humphrey, and Mr. Humphrey's current girlfriend (collectively with any other potential occupants, the "Occupants"), must be removed, and that the Virginia Beach Property should thereafter be sold in a value-maximizing manner. Indeed, the Debtor filed a motion seeking an order of this Court compelling the Occupants to turn the Virginia Beach Property over to the Debtor pursuant to 11 U.S.C. §§ 105(a) and 542(a) (the "Turnover Motion") [Dkt. No. 59]. The

Turnover Motion is scheduled to be heard at the same time as the Motion on December 18, 2024. Once the Virginia Beach Property is vacated, the Debtor intends to market and sell it subject to the approval of this Court. In fact, the Debtor has maintained insurance on the Virginia Beach Property and has already received an offer to purchase the property which was communicated to the Movants.

The Debtor and Movants disagree however with respect to the integrity of the Movants' judgment lien against the Virginia Beach Property (the "Judgment Lien"). The Debtor asserts that the Judgment Lien is (i) subject to vacatur because it was created in violation of the District Court's grant of exclusive control over the property to a federal equity receiver without leave of the District Court[1], (ii) avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b) to the extent that the Debtor prevails in its appeal of this Court's decision dismissing the Debtor's prior bankruptcy case (Case No. 24-10531 ("Case 2")), and/or (iii) avoidable as an actual fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A), and/or N.Y. Debt. & Cred. L. § 273(a)(1), and/or Va. Code § 55.1-400 (collectively, the "Lien Challenge Claims"). The Debtor's plan is to move forward immediately with the removal of the Occupants and then the sale of the Virginia Beach Property. The Debtor will work with and consult with Movants during that process to ensure that the value of the Virigina Beach Property is maximized. The Debtor will then deposit the net proceeds into a segregated,

---

[1] By orders dated January 8 and 24, 2024, the United States District Court for the Northern District of New York (the "District Court") appointed Paul Levine as receiver (the "Receiver") with "exclusive dominion and control over all the assets" of the Debtor, which authority was "vested in and extended to all of [Debtor's] real property. . . ". *See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, Case No. 24-cv-55 (MAD/CFH) (N.D.N.Y. Jan. 2024), Dkt. No. 8 at pp. 2-3 (Jan. 12, 2024), Dkt. No. 56 at p. 22 (Jan. 24, 2024) (collectively, the "Receiver Orders"). The Receiver recorded a notice of lis pendens with respect to the District Court's Receiver Orders and his authority with the Clerk's Office of Virginia Beach on January 25, 2024. The Movants filed the Judgment Lien 34 days later on February 28, 2024, without obtaining leave of the District Court. Therefore, the Judgment Lien is void or voidable because it was obtained in violation of the Receiver Orders. *See, e.g., Digit. Media Sols, LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 778-79 (6th Cir. 2023) (the receivership court "obtained exclusive jurisdiction over the debtor's res (the property) and sole authority to determine who should possess it").

interest-bearing account, which proceeds will remain subject to the Judgment Lien pending resolution of the Lien Challenge Claims.

Based upon the foregoing and as set forth below, the Debtor respectfully submits that the Movants are adequately protected, provided, of course, that the Debtor executes on its plan to expeditiously remove the Occupants, liquidate the Virginia Beach Property, and hold the net proceeds in a segregated, interest-bearing account subject to the Judgment Lien pending resolution of the Lien Challenge Claims.

## OBJECTION

A. **The Movants Cannot Demonstrate Cause Under 11 U.S.C. § 362(d)(1) Because Their Interests in the Virginia Beach Property are Being Adequately Protected**

1. Even though the Judgment Lien is subject to a *bona fide* dispute in the nature of the Lien Challenge Claims, the Movants are still entitled to adequate protection to the extent that the stay, use, sale, or lease of the Virginia Beach Property "results in a decrease in the value of [Movants'] interest in such property". 11 U.S.C. § 361(1). The Movants argue that because "the Debtor is not in possession or control of the Virginia Beach [Property] and is not adequately safeguarding and maintaining the property, the Movants' interests in the property are not adequately protected." Motion, ¶ 37. The Debtor does not necessarily disagree, except that this issue is being remedied by prosecution of the Turnover Motion. Prior to filing the Turnover Motion, the Debtor was engaged in dialogue with Kimmy intended to result in the Occupants' voluntary vacatur of the Virginia Beach Property. When that failed, the Debtor filed the Turnover Motion. If that were to fail, the Debtor would avail itself of all other remedies under law to remove the Occupants and protect the property. Accordingly, the Movants' basis for asserting that they lack adequate protection is being addressed by the Debtor *post haste*.

3

2.      Once the Occupants are removed, the Debtor intends to market and sell the Virginia Beach Property in the customary value-maximizing manner that debtors and trustees typically liquidate property under 11 U.S.C. § 363(b).  The Debtor has already discussed this proposed process with the Movants, and fully intends to continue doing so in the future.

3.      Once the Virginia Beach Property is sold, the Debtor will deposit the net proceeds in an interest-bearing, segregated account, and the Judgment Lien will attach to the funds in that account with the same extent, validity, and priority that it has against the Virigina Beach Property now.  To the extent that the Trustee recovers any rent or use and occupancy from Kimmy or any other Occupants, those funds will be deposited into the same account.

4.      The Debtor submits that the Movants' interests in the Virginia Beach Property are adequately protected, and respectfully proposes carrying the Motion to ensure that the Debtor is making substantial progress towards its stated goals.  If the Debtor fails to make sufficient progress, the Motion can be heard and considered by the Court at the successive adjourn dates.

5.      Alternatively, if the Court grants the Motion, it is unclear what mechanism the Movants have under law to remove the Occupants.  They cannot avail themselves of the processes of this Court, and it is unclear whether Virginia law provides a judgment lienholder with the right to evict occupants of its collateral.  Thus, if relief from the stay is granted, the Movants may have no alternative but to cause a sheriff's sale or sale by other judicial means while the Occupants are still there.  It is highly unlikely that the value of the property can or will be maximized if it is sold while the Occupants continue in possession.  Thus, while the Debtor can offer significant protections to the Movants by way of removal of the Occupants, conducting a sale in a value-maximizing manner subject to the processes of this Court, and housing the net sale proceeds pending resolution of the Lien Challenge Claims, the Movants can hardly provide the same

protections to the Debtor and its estate in the event that the Debtor prevails on one or more of the Lien Challenge Claims.

> B. **The Movants Cannot Satisfy the Requirements of 11 U.S.C. § 362(d)(2) Because the Parties Dispute Whether There is Equity in the Virginia Beach Property**

6. Section 362(d)(2) of title 11 of the United State Code (the "Bankruptcy Code") provides that relief from the stay shall be granted if "the debtor does not have equity in such property" and "such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

7. To prevail under section 362(d)(2) of the Bankruptcy Code, a secured creditor must demonstrate "(1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property." *Marine Midland Bank v. Bennett Funding Group, Inc. (In re Bennett Funding Group, Inc.)*, Case No. 96-61376, 1997 Bankr. LEXIS 2194, at *63 (Bankr. N.D.N.Y. May 30, 1997) (citations omitted). The party requesting stay relief has the burden of proof on the issue of the debtor's equity in the property. *See* 11 U.S.C. § 362(g)(1).

8. Here, the Movants assert a Judgment Lien in the approximate amount of $4.3 million. However, the Debtor scheduled the Judgment Lien on the Debtor's Schedule D as "disputed" (*see* Dkt. No. 1) because of the Lien Challenge Claims.[2] Therefore, on the record that is currently before it, the Bankruptcy Court cannot determine, as a matter of law, whether or not there is equity in the Virginia Beach Property and, as a result, cannot grant stay relief under section 362(d)(2). *See, e.g., In re Fin. Oversight & Mgmt. Bd.*, 485 F. Supp. 3d 345, 348 (D.P.R. 2020) (reasoning that "because the [movants'] argument rests at least in part on disputed factual

---

[2] The statute of limitations for certain Lien Challenge Claims is May 14, 2026 (for the preference claims emanating from Case 2) and September 16, 2026 (for the fraudulent transfer claims emanating from this case).

contentions, the Court cannot determine at this time whether the [movants] have met their burden of showing lack of equity . . . Thus, further proceedings, including the consideration of disputed issues of fact, are necessary to determine the question of the [movants] entitlement to stay relief under section 362(d)(2)"); *In re Huggins*, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (scheduling an evidentiary hearing where, among other things, the parties disagreed on the debtor's equity in the property under section 362(d)(2)).

9. For all the foregoing reasons, the Debtor respectfully requests that the Motion be denied or, alternatively, that it be adjourned for the purpose of monitoring the Debtor's progress in evicting the Occupants and liquidating the Virginia Beach Property. Alternatively, if the Motion is granted, the Debtor requests that the Movants provide the Debtor and the estate with the same protections that the Debtor is proposing to provide to the Movants.

Dated:  New York, New York
        December 11, 2024

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
    Fred Stevens
    Lauren C. Kiss
    200 West 41st Street, 17th Floor
    New York, New York 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: fstevens@klestadt.com
           lkiss@klestadt.com

    *Counsel to Debtor Prime Capital Ventures, LLC*