IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRIME CAPITAL VENTURES, LLC | ) | Case No. 24-11029 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

SouthernTrust Bank, an Illinois banking institution ("Movant"), by and through its undersigned counsel, respectfully moves this Court for an order determining that the automatic stay under 11 U.S.C. § 362(a) does not apply to its interest in certain property owned by a nondebtor, or, in the alternative, for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). In support of this Motion, Movant states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

### BACKGROUND

4. On September 16, 2024, Debtor, Prime Capital Ventures, LLC ("Debtor"), filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 of the Bankruptcy Code.

5. Movant holds a first and second mortgage against the below identified real property located in Illinois, all of which is legally owned by Hudson & Hudson, LLC, an Illinois limited liability company (the "Nondebtor Owner"):

    a. 704 N. Springer Street, Carbondale, Illinois 62901 (the "704 Property");

    b. 302 N. Oakland, Carbondale, Illinois 62901 (the "302 Property");

    c. 412 E. Hester St., Carbondale, Illinois 62901 (the "412 Property");

    d. 401 E. Mill St., Carbondale, Illinois 62901 (the "401 Property");

    e. 701 S. Wall St., Carbondale, Illinois 62901 (the "701 Property");

    f. 608 N. Oakland, Carbondale, Illinois 62901 (the "608 Property"); and

    g. 514 S. University Ave., Carbondale, IL 62901 (the "514 Property").

6. Movant's priority lien on the 704 Property was created by the first mortgage dated September 23, 2023, recorded September 23, 2023, in the Recorder's Office of Jackson County, Illinois as Document No. 2013R005952 and the second mortgage dated April 23, 2020, recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as File No. 2020R001895. See Exhibits A and B attached hereto and made a part hereof.

7. Movant's priority lien on the 302 Property was created by the first mortgage dated April 9, 2014, recorded April 14, 2014, in the Recorder's Office of Jackson County, Illinois as Document No. 2014R002695 and the second mortgage dated April 23, 2020, recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001901. See Exhibits C and D attached hereto and made a part hereof.

8. Movant's priority lien on the 412 Property was created by the first mortgage dated July 9, 2013, recorded July 11, 2013, in the Recorder's Office of Jackson County, Illinois as Document No. 2023R004495 and the second mortgage dated April 23, 2020, recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001898. See Exhibits E and F attached hereto and made a part hereof.

9. Movant's priority lien on the 401 Property was created by the first mortgage dated September 10, 2013, recorded September 16, 2013, in the Recorder's Office of Jackson County, Illinois as Document No. 2013R005790 and the second mortgage dated April 23, 2020, recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001900. See Exhibits G and H attached hereto and made a part hereof.

10. Movant's priority lien on the 701 Property was created by the first mortgage dated June 12, 2013, and recorded June 19, 2013, in the Recorder's Office of Jackson County, Illinois as Document No. 2013R004025 and the second mortgage dated April 23, 2020, recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001897. See Exhibits I and J attached hereto and made a part hereof.

11. Movant's priority lien on the 608 Property was created by the mortgage dated April 23, 2020, and recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001894. See Exhibit K attached hereto and made a part hereof.

12. Movant's priority lien on the 514 Property was created by the mortgage dated April 23, 2020, and recorded April 27, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001896. See Exhibit L attached hereto and made a part hereof.

13. Debtor has no legal or equitable ownership interest in any of the aforementioned properties, namely the 704 Property, the 302 Property, the 412 Property, the 401 Property, the 701 Property, the 608 Property, and the 514 Property (hereinafter collectively referred to as the "Property"), but holds only a junior lien interest therein pursuant to its Mortgage dated September 15, 2023, and recorded September 25, 2023, as File No. 2023R003978 in the Recorder's Office of Jackson County, Illinois. Said mortgage is subordinate to Movant's mortgages. See Exhibit M attached hereto and made a part hereof.

14. Pursuant to 11 U.S.C. § 541, the Property itself is not part of the bankruptcy estate, as it is owned solely by the Nondebtor Owner. *See also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 n.8 (1983) ("**[t]he legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title.**"); *See also Invest Vegas, LLC v. 21st Mortg. Corp. (In re Residential Capital, LLC)*, 556 B.R. 555, 560 (Bankr. S.D.N.Y. 2016) ("**the property of a bankruptcy estate does not include the property of others in which the debtor only has a security interest.**").

15. Despite the Property being owned by the Nondebtor Owner, Debtor's bankruptcy filing has created uncertainty regarding Movant's ability to enforce its lien against the Property, as some may argue the automatic stay provisions of 11 U.S.C. § 362(a) apply.

16. To the best of Movant's knowledge, information and belief, entities/parties that have a legal interest or equitable interest in the Property are as follows:

   a. Hudson & Hudson, LLC, 206 W. College St., Ste. 11, Carbondale, IL 62901;

   b. Prime Capital Ventures, LLC, 187 Wolf Rd., Suite 300-20, Albany, NY 12205; and

   c. SouthernTrust Bank, 701 North Court Street, Marion, IL 62959.

## RELIEF REQUESTED

### A. Determination That the Automatic Stay Does Not Apply

17. Movant seeks a determination that the automatic stay under 11 U.S.C. § 362(a) does not apply to the Property or Movant's enforcement of its lien, as the Property is not property of the Debtor's estate under 11 U.S.C. § 541(a).

18. The Debtor's junior lien interest in the Property does not transform the Property into estate property; therefore, Movant's actions to enforce its lien does not violate the stay.

### B. Relief from the Automatic Stay Under 11 U.S.C. § 362(d)

19. In the alternative, if the Court determines that the automatic stay applies, Movant requests relief from the stay pursuant to 11 U.S.C. § 362(d) to allow it to enforce its rights under applicable non-bankruptcy law.

20. Cause exists to grant relief from the stay under § 362(d)(1) because Debtor has no legal or equitable ownership interest in the Property, and Movant's inability to enforce its lien unduly prejudices its rights.

21. Additionally, under § 362(d)(2), Debtor has no equity in the Property, and the Property is not necessary for an effective reorganization.

## CONCLUSION

WHEREFORE, Movant respectfully requests that this Court enter an Order:

A. Determining that the automatic stay under 11 U.S.C. § 362(a) does not apply to Movant's enforcement of its lien against the Property;

B. Alternatively, granting Movant relief from the automatic stay under 11 U.S.C. § 362(d) to permit it to proceed with enforcement of its lien; and

C. Granting such other and further relief as this Court deems just and proper.

Dated: December 27, 2024

LAWLER BROWN LAW FIRM

By: /s/Adam B. Lawler
Adam B. Lawler #6283341
Lawler Brown Law Firm
1600 W. Main St/P.O. Box 1148
Marion, IL 62959
Telephone: (618) 993-2222
Facsimile: (618) 731-4141
Email: alawler@lblf.com
Counsel to Movant SouthernTrust Bank, an Illinois banking institution