UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

PRIME CAPITAL VENTURES, LLC,                    Case No. 24-11029-REL
                                                Chapter 11

                        Debtor.

**DEBTOR'S LIMITED OBJECTION TO MOTION FOR
RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Prime Capital Ventures, LLC, the above-captioned debtor (the "Debtor"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, hereby submits this limited objection (the "Objection") to the motion of SouthernTrust Bank ("Movant"), for an order finding that the automatic stay does not apply, or, alternatively, granting relief from the automatic stay pursuant to 11 U.S.C. §362(d) (the "Motion") [Dkt. No. 96]. In support of the Objection, the Debtor represents as follows:

**LIMITED OBJECTION**

1.      The Movant and Debtor assert liens against various parcels of real property owned by Hudson & Hudson, LLC (defined in the Motion as the "Nondebtor Owner") as described more fully in paragraph 5 of the Motion (collectively, the "Property"). In nearly all cases, the Movant's lien position(s) was recorded substantially prior to the Debtor's.[1]

2.      By the Motion, the Movant argues that the automatic stay does not apply to its intended foreclosure against the Property. If that is the case, the Motion is unnecessary and does

---

[1] On at least one occasion, there is an overlap. With respect to the 704 Property (as defined in the Motion), the Debtor was granted its lien on September 15, 2023, eight (8) days prior to the grant of one of Movant's liens on September 23, 2023. However, the Movant claims to have filed its lien the day it was given on September 23, 2023, and further claims that the Debtor did not record its lien until two (2) days later on September 25, 2023.

not require a decision from this Court. The Movant alternatively argues that it should be granted relief from the automatic stay because "Debtor has no equity in the Property, and the Property is not necessary for an effective reorganization." Motion, ¶21.

3. Since the filing of the Motion on December 27, 2024, the Debtor has tried in earnest to learn the nature of its position and interest in the Property, the underlying transactions, and the financial condition of the Nondebtor Owner. The Debtor's due diligence has been impeded by the facts that: (i) the Debtor does not have traditional books and records and the Debtor (which is now under the control of a professional fiduciary) does not have any of the underlying transactional documents needed to assess the nature and extent of its interest in the Property; and (ii) the Debtor has requested but does not yet have complete information related to the financial condition of the Nondebtor Owner. The Debtor needs this information verified before it can determine whether it has any sound opposition to the relief sought in the Motion. Moreover, if the Movant wants a finding that the "Debtor has no equity in the Property" as it alleges in the Motion, it has an obligation to demonstrate that fact which it has not done.

4. If the Movant is right and the stay does not apply, then it is free to withdraw its Motion and continue with its collection activities at its own risk. However, if the Movant wants a ruling from this Court, the Debtor should get an ample opportunity to determine whether and what interest it has in the Property, and/or the Movant should have to prove that the Debtor in fact has no equity in the Property. The Debtor is actively trying to obtain the necessary information. Accordingly, the Debtor respectfully requests that the hearing on the Motion be adjourned for approximately thirty (30) days so that it can continue and hopefully complete its due diligence.

*[Signature on next page]*

Dated: New York, New York
        January 29, 2025

                                              **KLESTADT WINTERS JURELLER**
                                              **SOUTHARD & STEVENS, LLP**

                                      By: */s/ Fred Stevens*
                                            Fred Stevens
                                            Lauren C. Kiss
                                            200 West 41st Street, 17th Floor
                                            New York, New York 10036
                                            Tel: (212) 972-3000
                                            Fax: (212) 972-2245
                                            Email: fstevens@klestadt.com
                                                         lkiss@klestadt.com

                                            *Counsel to Debtor Prime Capital Ventures, LLC*