So Ordered.

Signed this 3 day of February, 2025.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRIME CAPITAL VENTURES, LLC | ) | Case No. 24-11029 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### STIPULATED AND AGREED ORDER REGARDING
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulated and Agreed Order (the "Order") is entered into between Prime Capital Ventures, LLC, the above-captioned debtor (the "Debtor"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, and SouthernTrust Bank, an Illinois banking institution (the "Movant"), by and through its counsel, Lawler Brown Law Firm (collectively the "Parties"), and, together, stipulate and agree as follows:

1. On September 16, 2024, Debtor filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 of the Bankruptcy Code.

2. On December 27, 2024, Movant filed its Motion for Determination that the Automatic Stay Does Not Apply, or, in the Alternative, for Relief from the Automatic Stay ("Motion"), as it relates to the following properties ("Property"):

  a. 704 N. Springer Street, Carbondale, Illinois 62901 (the "704 Property");

  b. 302 N. Oakland, Carbondale, Illinois 62901 (the "302 Property");

  c. 412 E. Hester St., Carbondale, Illinois 62901 (the "412 Property");

  d. 401 E. Mill St., Carbondale, Illinois 62901 (the "401 Property");

  e. 701 S. Wall St., Carbondale, Illinois 62901 (the "701 Property");

  f. 608 N. Oakland, Carbondale, Illinois 62901 (the "608 Property"); and

  g. 514 S. University Ave., Carbondale, IL 62901 (the "514 Property").

3. On January 29, 2025, Debtor filed its Limited Objection to Motion for Relief from Automatic Stay, requesting that the hearing on the Motion be adjourned for approximately thirty (30) days so that it can learn the nature of its position and interest in the Property, the underlying transactions, and the financial condition of Hudson & Hudson, LLC, (defined in the Motion as the "Nondebtor Owner").

4. The Parties have agreed to lift the automatic stay on the Property to permit the Movant to enforce its rights against the Property identified herein under applicable non-bankruptcy law, providing that, any surplus following the payment of Movant's first priority lien, shall be paid to the second priority lien holder, up to and including the amount of the mortgage plus any applicable interest and penalties that may accrue prior to confirmation of a foreclosure sale.

IT IS THEREFORE ORDERED THAT:

1. Movant is granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and is permitted to enforce its rights against the Property identified in the Motion under applicable non-bankruptcy law.

2. Any surplus following the payment of Movant's first priority lien, shall be paid to the second priority lien holder, up to and including the amount of the mortgage plus any applicable interest and penalties that may accrue prior to confirmation of a foreclosure sale.

3. Movant shall provide notice of any sale or disposition of the Property to the Debtor through counsel at c/o Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036, Attn: Fred Stevens and Lauren C. Kiss.

4. This Order is without prejudice to any rights or claims that the Debtor may have against the Nondebtor Owner, any of its owners or principals, or any other party, with respect to the transactions between the Debtor and Nondebtor Owner, all of which are preserved.

# # #