IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRIME CAPITAL VENTURES, LLC | ) | Case No. 24-11029 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

Farmers State Bank of Alto Pass, an Illinois banking institution ("Movant"), by and through its undersigned counsel, respectfully moves this Court for an order determining that the automatic stay under 11 U.S.C. § 362(a) does not apply to its interest in certain property owned by a nondebtor, or, in the alternative, for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). In support of this Motion, Movant states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

### BACKGROUND

4. On September 16, 2024, Debtor, Prime Capital Ventures, LLC ("Debtor"), filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 of the Bankruptcy Code.

5. Movant holds a first mortgage against the below identified real property located in Illinois, all of which is legally owned by Hudson & Hudson, LLC, an Illinois limited liability company (the "Nondebtor Owner"):

a. 309 W. College, Carbondale, Illinois 62901 (the "309 Property");

b. 401 W. College, Carbondale, Illinois 62901 (the "401 Property");

c. 508 S. Ash, Carbondale, Illinois 62901 (the "508 Property");

d. 511 W. College, Carbondale, Illinois 62901 (the "511 Property");

e. 704 N. Almond, Carbondale, Illinois 62901 (the "704 Property");

f. 815 N. James, Carbondale, Illinois 62901 (the "815 Property");

g. 1305 W. Walnut, Carbondale, IL 62901 (the "1305 Property");

h. 108 N. Springer, Carbondale, IL 62901 (the "108 Property");

i. 612 N. Allyn, Carbondale, IL 62901 (the "612 Property");

j. 106 S. Hewitt, Carbondale, IL 62901 (the "106 Property");

k. 1201 W. College, Carbondale, IL 62901 (the "1201 Property");

l. 505 S. Hays, Carbondale, IL 62901 (the "505 Property");

m. 918 N. Bridge, Carbondale, IL 62901 (the "918 Property");

n. 600 S. University, Carbondale, IL 62901 (the "600 Property");

o. 604 N. Carico, Carbondale, IL 62901 (the "604 Property");

p. 617 W. Owens, Carbondale, IL 62901 (the "617 Property");

q. 204 W. College, Carbondale, IL 62901 (the "204 Property");

r. 407 W. Monroe, Carbondale, IL 62901 (the "407 Property");

s. 602/603 Walnut, Carbondale, IL 62901 (the "602/603 Property");

t. 1315 Washington Ave., Cairo, IL 62914 (the "1315 Property");

u. 800 S. Locust, Centralia, IL 62801 (the "800 Property"); and

v. 108 Denny Drive, Anna, IL 62906 (the "108 Property").

6. Movant's priority lien on the 309 Property, 401 Property, 508 Property, and the 511 Property was created by the first mortgage dated March 11, 2020, recorded March 18, 2020, in the Recorder's Office of Jackson County, Illinois as Document No. 2020R001398. See Exhibit A attached hereto and made a part hereof.

7. Movant's priority lien on the 704 Property, 815 Property, 1305 Property, 108 Property, 612 Property, 106 Property, 1201 Property, 505 Property, 918 Property, 600 Property, 604 Property, 617 Property, 204 Property, and the 407 Property was created by the first mortgage dated March 3, 2023, recorded March 9, 2023, in the Recorder's Office of Jackson County, Illinois as Document No. 2023R00114. See Exhibit B attached hereto and made a part hereof.

8. Movant's priority lien on the 602/603 Property was created by the first mortgage dated March 3, 2023, recorded March 9, 2023, in the Recorder's Office of Jackson County, Illinois as Document No. 2023R001111. See Exhibit C attached hereto and made a part hereof.

9. Movant's priority lien on the 1315 Property was created by the first mortgage dated March 3, 2023, recorded March 14, 2023, in the Recorder's Office of Alexander County, Illinois as Document No. 20230180. See Exhibit D attached hereto and made a part hereof.

10. Movant's priority lien on the 800 Property was created by the first mortgage dated March 11, 2020, and recorded March 17, 2020, in the Recorder's Office of Marion County, Illinois as Document No. 2020R01323. See Exhibit E attached hereto and made a part hereof.

11. Movant's priority lien on the 108 Property was created by the mortgage dated March 3, 2023, and recorded March 9, 2023, in the Recorder's Office of Union County, Illinois as Document No. 2023R0356. See Exhibit F attached hereto and made a part hereof.

12. Debtor has no legal or equitable ownership interest in any of the aforementioned properties, namely the 309 Property, the 401 Property, the 508 Property, the 511 Property, the 704 Property, the 815

Property, the 1305 Property, the 108 Property, the 612 Property, the 106 Property, the 1201 Property, the 505 Property, the 918 Property, the 600 Property, the 604 Property, the 617 Property, the 204 Property, the 407 Property and the 602/603 Property, (hereinafter collectively referred to as the "Property"), but holds only a junior lien interest therein pursuant to its Mortgage dated September 15, 2023, and recorded September 25, 2023, as Document No. 2023R003978 in the Recorder's Office of Jackson County, Illinois. Said mortgage is subordinate to Movant's mortgage. See Exhibit G attached hereto and made a part hereof.

13. Debtor has no legal or equitable ownership in the 1315 Property (hereinafter referred to as the "Property"), but holds only a junior lien interest therein pursuant to its Mortgage dated September 15, 2023, and recorded September 26, 2023, as Document No. 20230697 in the Recorder's Office of Alexander County, Illinois. Said mortgage is subordinate to Movant's mortgage. See Exhibit H attached hereto and made a part hereof.

14. Debtor has no legal or equitable ownership in the 800 Property (hereinafter referred to as the "Property"), but holds only a junior lien interest therein pursuant to its Mortgage dated September 15, 2023, and recorded September 26, 2023, as Document No. 2023R03912 in the Recorder's Office of Marion County, Illinois. Said mortgage is subordinate to Movant's mortgage. See Exhibit I attached hereto and made a part hereof.

15. Debtor has no legal or equitable ownership in the 108 Property (hereinafter referred to as the "Property"), but holds only a junior lien interest therein pursuant to its Mortgage dated September 15, 2023 recorded September 27, 2023, as Document No. 2023R2436 in the Recorder's Office of Union County, Illinois. Said mortgage is subordinate to Movant's mortgage. See Exhibit J attached hereto and made a part hereof.

16. Pursuant to 11 U.S.C. § 541, the Property itself is not part of the bankruptcy estate, as it is owned solely by the Nondebtor Owner. *See also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 n.8

(1983) ("[t]he legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title."); *See also Invest Vegas, LLC v. 21st Mortg. Corp. (In re Residential Capital, LLC)*, 556 B.R. 555, 560 (Bankr. S.D.N.Y. 2016) ("the property of a bankruptcy estate does not include the property of others in which the debtor only has a security interest.").

17. Despite the Property being owned by the Nondebtor Owner, Debtor's bankruptcy filing has created uncertainty regarding Movant's ability to enforce its lien against the Property, as some may argue the automatic stay provisions of 11 U.S.C. § 362(a) apply.

18. To the best of Movant's knowledge, information and belief, entities/parties that have a legal interest or equitable interest in the Property are as follows:

    a. Hudson & Hudson, LLC, 206 W. College St., Ste. 11, Carbondale, IL 62901;

    b. Prime Capital Ventures, LLC, 187 Wolf Rd., Suite 300-20, Albany, NY 12205;

    c. Farmers State Bank of Alto Pass, 2806 Outer Drive, Marion, IL 62959; and

    d. Peoples Nation Bank, N.A., 520 S. 42nd St., Mount Vernon, IL 62864.

## RELIEF REQUESTED

### A. Determination That the Automatic Stay Does Not Apply

19. Movant seeks a determination that the automatic stay under 11 U.S.C. § 362(a) does not apply to the Property or Movant's enforcement of its lien, as the Property is not property of the Debtor's estate under 11 U.S.C. § 541(a).

20. The Debtor's junior lien interest in the Property does not transform the Property into estate property; therefore, Movant's actions to enforce its lien does not violate the stay.

**Relief from the Automatic Stay Under 11 U.S.C. § 362(d)**

21. In the alternative, if the Court determines that the automatic stay applies, Movant requests relief from the stay pursuant to 11 U.S.C. § 362(d) to allow it to enforce its rights under applicable non-bankruptcy law.

22. Cause exists to grant relief from the stay under § 362(d)(1) because Debtor has no legal or equitable ownership interest in the Property, and Movant's inability to enforce its lien unduly prejudices its rights.

23. Additionally, under § 362(d)(2), Debtor has no equity in the Property, and the Property is not necessary for an effective reorganization.

## CONCLUSION

WHEREFORE, Movant respectfully requests that this Court enter an Order:

A. Determining that the automatic stay under 11 U.S.C. § 362(a) does not apply to Movant's enforcement of its lien against the Property;

B. Alternatively, granting Movant relief from the automatic stay under 11 U.S.C. § 362(d) to permit it to proceed with enforcement of its lien; and

C. Granting such other and further relief as this Court deems just and proper.

Dated: February 6, 2025

LAWLER BROWN LAW FIRM
By:___/s/Adam B. Lawler___
Adam B. Lawler #6283341
Lawler Brown Law Firm
1600 W. Main St/P.O. Box 1148
Marion, IL 62959
Telephone: (618) 993-2222
Facsimile: (618) 731-4141
Email: alawler@lblf.com
Counsel to Movant Farmers State Bank of Alto Pass, an Illinois banking institution