# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRIME CAPITAL VENTURES, LLC,<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-11029 (REL) |

### DECLARATION OF PIETER VAN TOL

Pieter Van Tol, pursuant to 28 U.S.C. § 1746, declares as follows:

1.　　I am a member of Van Tol Law PLLC. I am admitted to the bar of the State of New York and to practice before this Court.

2.　　Prior to January 3, 2025, I was a partner at Hogan Lovells US LLP ("Hogan Lovells"). As discussed below, Hogan Lovells was predecessor counsel to Debtor Prime Capital Ventures, LLC ("Debtor" or "Prime Capital") in various matters before this Court and elsewhere, and it is a creditor of Prime Capital.

3.　　I respectfully submit this declaration, which is based on my personal knowledge and a review of certain filings, in connection with the limited objection filed by Hogan Lovells to the *Second Amended Disclosure Statement for First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 9, 2025 (Dkt. No. 118) (the "Disclosure Statement"), filed by the Debtor in the above-captioned matter.

**I.　　Case 1 — Involuntary Bankruptcy, Case No. 23-11302 (REL) (Bankr. N.D.N.Y.)**

4.　　The Debtor's description of "Case 1" (as defined above) is incomplete, and I have provided additional details below.

1

5. Upon its engagement on December 29, 2023, Hogan Lovells began conducting an investigation into the facts surrounding the filing of the involuntary bankruptcy petition (the "Petition") filed by the petitioning creditors (the "Petitioning Creditors") that commenced Case 1. Hogan Lovells immediately learned that the Petition was deficient because two of the Petitioning Creditors were ineligible as a result of their separate, ongoing litigation against Prime Capital in which the amounts sought by those Petitioning Creditors were in dispute (directly contrary to their sworn representations in the Petition). Hogan Lovells also discovered that the Petitioning Creditors had admitted, in communications with Prime Capital, that they brought the Petition for the improper purpose of harassing Prime Capital and obtaining settlement leverage. Hogan Lovells brought all of these facts to the attention of Petitioning Creditors' counsel during the week of January 1, 2024, but they initially refused to withdraw the Petition.

6. Over the course of the week of January 1, Hogan Lovells, on behalf of Prime Capital, pushed for an early evidentiary hearing and adjudication of the issue of whether the Petition was properly filed. Counsel for the Petitioning Creditors resisted, and insisted on the need for discovery on their own filing. During my communications with counsel for the Petitioning Creditors on issues relating to discovery and the evidentiary hearing, I advised them that Prime Capital had communications from their clients revealing the true purpose of the Petition.

7. On the morning of January 8, 2024, Prime Capital was forced to make two filings in Case 1. *First*, Prime Capital filed an application for a bond to secure its entitlement to fees and costs in connection with the bad-faith filing of the Petition. (*See* Case 1, Dkt. Nos. 69-71.) *Second*, Prime Capital moved to dismiss the Petition on the grounds discussed above. (*See* Case 1, Dkt. Nos. 72-73.) Later that day, the Petitioning Creditors moved to dismiss the Petition. (Case 1, Dkt. No. 74.)

2

8.      The Disclosure Statement asserts that the Petitioning Creditors moved to dismiss the Petition because, among other things, Prime Capital had made multiple "misrepresentations" to this Court. (Dkt. No. 118, 7.) To the extent that the Disclosure Statement is referring to the approximately $52 million in a Berone-controlled account, Prime Capital submitted documentary evidence to the District Court in the federal receivership action on January 21, 2024 showing that (a) Prime Capital had been defrauded by Berone; and (b) Berone falsely led Prime Capital to believe that Berone still held those funds to cover ICA deposits. (*See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et al.*, 1:24-cv-00055-MAD-PJE, Dkt. No. 43-1, 6-7.)

II.     **Federal Receivership and Related Appeal**

9.      The Disclosure Statement inaccurately describes certain of the actions taken by Prime Capital in response to the federal receivership. The Debtor states that Mr. Roglieri "directed" Hogan Lovells to file a motion to dismiss the federal receivership and an appeal from the District Court's denial of the motion to dismiss. (*See* Dkt. No. 118, 7-8.) The Debtor thus implies that Hogan Lovells acted on behalf of Mr. Roglieri. Hogan Lovells, however, was counsel only to Prime Capital in the federal receivership at the time of those filings.

10.     The Disclosure Statement also fails to mention that Prime Capital agreed to withdraw the appeal in June 2024 because, at that time, the Trustee and Receiver for Prime Capital insisted that they controlled the affairs of Prime Capital, including the direction of litigation. Prime Capital did not withdraw the appeal because it doubted the appeal's merit.

III.    **Case 2 — Bankruptcy Filed by Receiver, Case No. 24-10531 (REL) (Bankr. N.D.N.Y.)**

11.     The Disclosure Statement notes that, in "Case 2" (as defined above), Hogan Lovells filed a motion to dismiss the bankruptcy petition. (Dkt. No. 118, 10.) Again, the Debtor implies

3

that this action was taken on behalf of Mr. Roglieri, when, in fact, the motion was filed on behalf of Prime Capital (the alleged debtor).

12. The trustee in Mr. Roglieri's personal bankruptcy, who asserted that he controlled the affairs of Prime Capital, withdrew the motion to dismiss. However, it should be noted that the basis for the motion—which was that the Receiver lacked the authority to commence Case 2—was later accepted by the Court when another party made a similar application to dismiss.

## IV. Abandonment Motion

13. In discussing the motion for abandonment, the Disclosure Statement describes Hogan Lovells' filing of a response as "an alleged creditor." (Dkt. No. 118, 20.)

14. While the Debtor may be disputing the claim of Hogan Lovells, it has filed a proof of claim and is a creditor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2025 in Nassau, New York.

*/s/ Pieter Van Tol*
Pieter Van Tol