UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

PRIME CAPITAL VENTURES, LLC,

                      Debtor.

Case No. 24-11029-REL
Chapter 11

---

### DECLARATION OF FRED STEVENS REGARDING VOTING AND TABULATION OF BALLOTS CAST ON THE DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION

I, FRED STEVENS, declare, pursuant to section 1746 of Title 28 of the United States Code, as follows:

1. I am an attorney at law admitted to practice in the State of New York and the Bankruptcy Courts and District Courts for the Eastern, Northern and Southern Districts of New York. I am a partner at the firm of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"), which maintains an office at 200 West 41st Street, 17th Floor, New York, NY 10036. KWJS&S is counsel to Prime Capital Ventures, LLC, debtor and debtor-in-possession (the "Debtor") in the above-referenced chapter 11 case (the "Chapter 11 Case").[1]

2. I submit this Declaration with respect to the *First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code,* dated December 23, 2024 (together with any subsequent modifications, the "Plan") [Docket No. 91].[2] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents.

---

[1] On October 16, 2024, the Court entered an order approving KWJS&S's retention as bankruptcy counsel to the Debtor, effective as of September 16, 2024 [Docket No. 37].

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan and/or the Disclosure Statement (as defined below).

If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

      A.      **The Solicitation of Votes and Noticing of Non-Voting Classes**

3.      On December 23, 2024, the Debtor filed the *Debtor's Ex-Parte Motion for Entry of an Order (I) Scheduling a Combined Hearing on (A) Adequacy of the Disclosure Statement and (B) Confirmation of the Plan, (II) Approving Form and Manner of Notice of Combined Hearing, (III) Establishing Procedures for Objecting to (A) Disclosure Statement and/or (B) Plan, and (IV) Approving Solicitation Procedures* (the "Scheduling Motion") [Docket No. 94].

4.      On January 8, 2025 the Court entered its *Order (I) Scheduling a Combined Hearing on (A) Adequacy of the Disclosure Statement and (B) Confirmation of the Plan, (II) Approving Form and Manner of Notice of Combined Hearing, (III) Establishing Procedures for Objecting to (A) Disclosure Statement and/or (B) Plan, and (IV) Approving Solicitation Procedures* (the "Scheduling Order") [Docket No. 114][3].  The Scheduling Order outlines the procedures for solicitation and tabulation of votes on the Plan.  Given the size of this Chapter 11 Case, the Debtor did not hire a third party to serve as solicitation and balloting agent.  Rather, KWJS&S solicited and tabulated votes on the Plan in accordance with the Scheduling Order.

5.      As specified in the Scheduling Order, December 23, 2024 was established as the record date for determining which creditors are entitled to vote on the Plan (the "Voting Record Date").

6.      On January 9, 2025, solicitation of votes on the Plan (the "Solicitation") was commenced when the holders of Claims in Class 2, as of the Voting Record Date, were mailed a

---

[3] Pursuant to the Scheduling Order, approval of the Disclosure Statement and confirmation of the Plan is being heard at the same time (the "Combined Hearing").

package (the "Solicitation Package") containing the (a) Disclosure Statement, (b) Plan, (c) Scheduling Order, (d) notice of the Combined Hearing (the "Combined Hearing Notice") [Docket No. 120], (e) ballot, a copy of which was attached to the Solicitation Affidavit (defined herein) as Exhibit F, (f) assignment of claim form, a copy of which was attached to the Solicitation Affidavit (defined herein) as Exhibit C, and (g) pre-addressed return envelopes. See Certificate of Service of Lauren C. Kiss, dated January 9, 2025 (the "Solicitation Affidavit") [Docket No. 121], Exhibit E.

7. On January 15, 2025, the Bankruptcy Court held a hearing to consider a letter filed by creditor Starsight.io, Inc. ("Starsight") seeking to allow its claim, filed after the bar date, as a timely filed claim and the Court subsequently entered an order allowing the late filed claim. *See* Docket No. 128. After the hearing on January 15, 2025, KWJS&S mailed the Solicitation Package to Starsight. See Certificate of Service of Lauren C. Kiss, dated January 15, 2025 (the "Supplemental Solicitation Affidavit" and together with the Solicitation Affidavit, the "Solicitation Affidavits") [Docket No. 129].

8. In addition, as required by the Scheduling Order, on January 9, 2025, Kris Roglieri was mailed a package containing the (a) Disclosure Statement, (b) Plan, (c) Scheduling Order, (d) Notice of Combined Hearing, and (e) notice of non-voting status (the "Notice of Non-Voting Status"), a copy of which was attached to the Solicitation Affidavit as Exhibit B. See Solicitation Affidavit, Exhibit G.

9. Further, as required by the Scheduling Order, on January 9, 2025, holders of Unclassified Claims and Class 1 Claims and Class 3 Equity Interests were mailed a package containing (a) the Combined Hearing Notice and (b) the Notice of Non-Voting Status. See Solicitation Affidavit, Exhibit D.

3

10. Finally, all parties having filed notices of appearance in the Debtor's case were mailed a package containing the (a) Disclosure Statement, (b) Plan, (c) Combined Hearing Notice, and (d) Scheduling Order and all other interested parties were mailed the Combined Hearing Notice. See Solicitation Affidavit, Exhibits H and I.

B. **Voting Tabulation**

11. Pursuant to the Plan, only holders of Claims in Class 2 (General Unsecured Claims) were entitled to vote to accept or reject the Plan.

12. Ballots returned by mail, hand delivery, or overnight courier were received by personnel at KWJS&S, at our office. All Ballots received were scanned upon receipt and were processed in accordance with the procedures set forth in the Scheduling Order.

13. For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Scheduling Order and executed by the relevant holder, or such holder's authorized representative, and must have been received by KWJS&S no later than February 14, 2025 (the "Voting Deadline").

14. KWJS&S received a total of five (5) ballots before the Voting Deadline. The Scheduling Order provided that "each Voting Claim shall be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the Debtor's Schedules filed in the Bankruptcy Case." The Scheduling Order goes on to provide that "[i]f a claim, for which a proof of Claim has been timely filed, is wholly contingency, unliquidated, or disputed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00 . . . ."

15. I declare that the results of the voting by holders of Claims in Class 2 are set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by KWJS&S.

16. A report of all Ballots not included in the tabulation prepared by KWJS&S and the reason for exclusion of such Ballots is attached as **Exhibit B** hereto.

17. Based on the foregoing, holders of Class 2 Claims holding more than two-thirds in amount and more than one-half in number of the claims held by the class members that have cast votes on the Plan have voted to accept the Plan.

18. Holders of Claims in Class 1 (Secured Claims) are unimpaired and are presumed to accept the Plan, and as such, are not entitled to vote to accept or reject the Plan.

19. Holders of Claims in Class 3 (Equity Interests) are deemed to reject the Plan and, as such, are not entitled to vote to accept or reject the Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of February 2025, in New York, New York.

*/s/ Fred Stevens*
Fred Stevens