**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **PRIME CAPITAL VENTURES, LLC** | ) | Case No. 24-11029 |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**STIPULATED AND AGREED ORDER REGARDING**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This Stipulated and Agreed Order (the "Order") is entered into between Prime Capital Ventures, LLC, the above-captioned debtor (the "Debtor"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, and Farmers State Bank of Alto Pass, an Illinois banking institution (the "Movant"), by and through its counsel, Lawler Brown Law Firm (collectively the "Parties"), and, together, stipulate and agree as follows:

1. On September 16, 2024, Debtor filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 of the Bankruptcy Code.

2. On February 6, 2025, Movant filed its Motion for Determination that the Automatic Stay Does Not Apply, or, in the Alternative, for Relief from the Automatic Stay ("Motion"), as it relates to the following properties ("Property"):

a. 309 W. College, Carbondale, Illinois 62901 (the "309 Property");

b. 401 W. College, Carbondale, Illinois 62901 (the "401 Property");

c. 508 S. Ash, Carbondale, Illinois 62901 (the "508 Property");

d. 511 W. College, Carbondale, Illinois 62901 (the "511 Property");

e. 704 N. Almond, Carbondale, Illinois 62901 (the "704 Property");

f. 815 N. James, Carbondale, Illinois 62901 (the "815 Property");

g. 1305 W. Walnut, Carbondale, IL 62901 (the "1305 Property");

h. 108 N. Springer, Carbondale, IL 62901 (the "108 Property");

i. 612 N. Allyn, Carbondale, IL 62901 (the "612 Property");

j. 106 S. Hewitt, Carbondale, IL 62901 (the "106 Property");

k. 1201 W. College, Carbondale, IL 62901 (the "1201 Property");

l. 505 S. Hays, Carbondale, IL 62901 (the "505 Property");

m. 918 N. Bridge, Carbondale, IL 62901 (the "918 Property");

n. 600 S. University, Carbondale, IL 62901 (the "600 Property");

o. 604 N. Carico, Carbondale, IL 62901 (the "604 Property");

p. 617 W. Owens, Carbondale, IL 62901 (the "617 Property");

q. 204 W. College, Carbondale, IL 62901 (the "204 Property");

r. 407 W. Monroe, Carbondale, IL 62901 (the "407 Property");

s. 602/603 Walnut, Carbondale, IL 62901 (the "602/603 Property");

t. 1315 Washington Ave., Cairo, IL 62914 (the "1315 Property");

u. 800 S. Locust, Centralia, IL 62801 (the "800 Property"); and

v. 108 Denny Drive, Anna, IL 62906 (the "108 Property").

3. The Parties have agreed to lift the automatic stay on the Property to permit the Movant to enforce its rights against the Property identified herein under applicable non-bankruptcy law, providing that, any surplus following the payment of Movant's first priority lien, shall be paid to the second priority lien holder, up to and including the amount of the mortgage plus any applicable interest and penalties that may accrue prior to confirmation of a foreclosure sale.

IT IS THEREFORE ORDERED THAT:

1. Movant is granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and is permitted to enforce its rights against the Property identified in the Motion under applicable non-bankruptcy law.

2. Any surplus following the payment of Movant's first priority lien, shall be paid to the second priority lien holder, up to and including the amount of the mortgage plus any applicable interest and penalties that may accrue prior to confirmation of a foreclosure sale.

3. Movant shall provide notice of any sale or disposition of the Property to the Debtor through counsel at c/o Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036, Attn: Fred Stevens and Lauren C. Kiss.

4. This Order is without prejudice to any rights or claims that the Debtor may have against the Nondebtor Owner, any of its owners or principals, or any other party, with respect to the transactions between the Debtor and Nondebtor Owner, all of which are preserved.