Phoebe A. Wilkinson
**HOGAN LOVELLS US LLP.**
390 Madison Avenue
New York, New York 10017
(212) 918-3000
*Counsel to Hogan Lovells US LLP*

Christopher R. Bryant
(*Admitted Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
(212) 918-3000
*Former Counsel to the Putative Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRIME CAPITAL VENTURES, LLC<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 23-11302 (REL) |
| In re:<br><br>PRIME CAPITAL VENTURES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-11029 (REL) |

**AMENDED APPLICATION OF
HOGAN LOVELLS US LLP AS COUNSEL FOR THE PUTATIVE DEBTOR FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE
<u>PERIOD DECEMBER 19, 2023, THROUGH AND INCLUDING JULY 31, 2024</u>**

| | |
|---|---|
| Name of Applicant: | Hogan Lovells US LLP |
| Authorized to Provide Professional Services to: | Putative Debtor |
| Date of Retention: | December 29, 2023 |
| Period for which compensation and reimbursement is sought: | December 19, 2023, through and including July 31, 2024 |

1

| Amount of compensation sought as actual, reasonable and necessary: | $1,521,989.00 |
|---|---|
| Amount of reimbursement sought as actual, reasonable and necessary: | $18,265.79 |

This is a final application

The total time expended for the application fee preparation is approximately 30 hours, and the corresponding compensation requested is approximately $24,890.00.

### SUMMARY OF COMPENSATION BY PROFESSIONAL
December 19, 2023, through and including July 31, 2024

| Name of Professional | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (USD) | Total Billed Hours | Total Compensation (USD) |
|---|---|---|---|---|
| Pieter Van Tol | Position: Partner<br><br>Expertise: Litigation, bankruptcy and restructuring<br><br>Year Admitted: 1995 | 1,585.00 (2023 rate)<br><br>1,695.00 (2024 rate)<br><br>1,691.29 (weighted avg) | 593.3 | 1,003,443.50 |
| Christopher R. Bryant | Position: Counsel<br><br>Expertise: Bankruptcy and restructuring<br><br>Year Admitted: 2001 | 1,230.00 (2023 rate)<br><br>1,315.00 (2024 rate)<br><br>1,298.89 (weighted avg) | 110.3 | 143,268.00 |
| Kevin Hagey | Position: Associate<br><br>Expertise: Litigation<br><br>Year Admitted: 2024 | 695.00 | 144.6 | 100,497.00 |

| Name | Details | Rate | Hours | Amount |
|---|---|---|---|---|
| William Winter | Position: Associate<br><br>Expertise: Litigation<br><br>Year Admitted: 2024 | 695.00 | 110.5 | 76,797.50 |
| David B. Massey | Position: Partner<br><br>Expertise: Litigation<br><br>Year Admitted: 2010 | 1,200.00 | 52.7 | 63,240.00 |
| Katherine Lynn | Position: Associate<br><br>Expertise: Bankruptcy and restructuring<br><br>Year Admitted: 2021 | 820.00 (2023 rate)<br><br>950.00 (2024 rate)<br><br>925.69 (weighted avg) | 47.6 | 44,063.00 |
| Kevin Carey | Position: Partner/Senior Counsel<br><br>Expertise: Bankruptcy and restructuring<br><br>Year Admitted: 1986 | 1,690.00 (2023 rate)<br><br>1,810.00 (2024 rate)<br><br>1,805.47 (weighted avg) | 21.2 | 38,276.00 |
| Peter Bautz | Position: Associate<br><br>Expertise: Litigation<br><br>Year Admitted: 2019 | 1,080.00 | 21.5 | 23,220.00 |
| James DalCero | Position: Paralegal | 550.00 | 36.9 | 20,295.00 |
| Eileen Fitzgerald | Position: Manager, Docketing and Court Services/Practice Support | 360.00 | 20.3 | 7,308.00 |
| Robert B. Buehler | Position: Partner<br><br>Expertise: Litigation<br><br>Year Admitted: 1990 | 1,695.00 | 0.8 | 1,356.00 |

3

| Wilfred Lancaster | Position: Paralegal | 450.00 | 0.5 | 225.00 |
|---|---|---|---|---|
| **Total** | | | 1,160.2 | 1,521,989.00 |

| **GRAND TOTAL: $1,521,989.00** |
|---|
| **BLENDED RATE: $1,311.83** |
| **ATTORNEY BLENDED RATE: $1,355.25** |

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY**
December 19, 2023, through and including July 31, 2024

| Category Description | Total Hours | Total Fees (USD) |
|---|---|---|
| Case Administration | 50.8 | 58,031.00 |
| Meetings and Communications with Putative Debtor | 14.8 | 17,983.00 |
| Meetings and Communications with Creditors | 1.8 | 3,051.00 |
| Work Related to Dismissing Involuntary Bankruptcy | 260.9 | 395,462.50 |
| Work Related to Requests from Trustee | 22.2 | 35,104.00 |
| Work Related to Dismissing Receivership | 537.7 | 650,808.50 |
| Motion to Compel Arbitration | 37.1 | 51,439.50 |
| Work Related to ER Tennessee State Receivership | 144.0 | 163,069.50 |
| Work Related to Second Circuit Appeal | 90.9 | 147,040.00 |
| **TOTAL** | **1,160.2** | **$ 1,521,989.00** |

**SUMMARY OF EXPENSES**
December 19, 2023 through July 31, 2024

| Expense Category | Total Expenses (USD) |
|---|---|
| Research fees | 10,148.58 |
| Court/filing fees | 3,191.60 |
| Document services | 2,931.50 |
| Consulting fees | 1,092.00 |
| Transportation | 431.84 |
| Transcript fees | 308.20 |
| Shipping fees | 162.07 |
| **TOTAL** | **$ 18,265.79** |

Phoebe A. Wilkinson
**HOGAN LOVELLS US LLP.**
390 Madison Avenue
New York, New York 10017
(212) 918-3000
*Counsel to Hogan Lovells US LLP*

Christopher R. Bryant
(*Admitted Pro Hac Vice*)
**HOGAN LOVELLS US LLP.**
390 Madison Avenue
New York, New York 10017
(212) 918-3000
*Former Counsel to the Putative Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PRIME CAPITAL VENTURES, LLC, <br><br>      Alleged Debtor. | Chapter 7 <br><br> Case No. 23-11302 (REL) |
| In re: <br><br> PRIME CAPITAL VENTURES, LLC, <br><br>      Debtor. | Chapter 11 <br><br> Case No. 24-11029 (REL) |

**AMENDED APPLICATION OF
HOGAN LOVELLS US LLP AS COUNSEL FOR THE PUTATIVE DEBTOR FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE
<u>PERIOD DECEMBER 19, 2023, THROUGH AND INCLUDING JULY 31, 2024</u>**

  Hogan Lovells US LLP ("<u>Hogan Lovells</u>"), former bankruptcy counsel to Prime Capital

Ventures, LLC, the putative debtor (the "<u>Putative Debtor</u>") in this involuntary chapter 7 case,

1

submits its amended fee application (the "Amended Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §§ 303(i) and 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), for allowance of and payment of compensation in the amount of $1,521,989.00 for professional services rendered and reimbursement of expenses in the amount of $18,265.79 for the period of December 19, 2023 through and including July 31, 2024 (the "Application Period"), and payment of compensation in the amount of $24,890.00 for preparation of the fee application. In support of this Amended Application, Hogan Lovells represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On December 19, 2023 (the "Petition Date"), an involuntary Chapter 7 case was commenced by 526 Murfreesboro, LLC, Compass-Charlotte 1031, LLC, Newlight Technologies, Inc. (collectively, the "Petitioning Creditors") against the Putative Debtor (the "Chapter 7 Case").

4. On December 21, 2023, at the request of the Petitioning Creditors, the Bankruptcy Court appointed an interim trustee (the "Interim Trustee") to oversee the Putative Debtors' estate. [Dkt. No. 13].

5. The United States Trustee appointed Christian H. Dribusch as the Interim Trustee.

2

[Dkt. No. 15] on December 22, 2023.

6.  On December 29, 2023, Hogan Lovells and the Putative Debtor executed an engagement letter pursuant to which Hogan Lovells agreed to represent the Putative Debtor in connection with the Chapter 7 Case.

7.  Upon its engagement, Hogan Lovells began conducting an investigation into the facts surrounding the filing of the involuntary bankruptcy petition (the "Petition") by the Petitioning Creditors. Hogan Lovells immediately learned that the Petition was deficient because two of the Petitioning Creditors were ineligible as a result of their separate, ongoing litigation against the Putative Debtor in which the amounts sought by those Petitioning Creditors were in dispute (directly contrary to their sworn representations in the Petition). Hogan Lovells also discovered that the Petitioning Creditors had admitted, in communications with the Putative Debtor, that they brought the Petition for the improper purpose of harassing the Putative Debtor and obtaining settlement leverage. Hogan Lovells brought all of these facts to the attention of Petitioning Creditors' counsel during the week of January 1, 2024, but they initially refused to withdraw the Petition.

8.  Therefore, on January 8, 2024, Hogan Lovells was forced to make two filings on behalf of the Putative Debtor. *First*, the Putative Debtor filed an application for a bond to secure its entitlement to fees and costs in connection with the bad-faith filing of the Petition. [Dkt. Nos. 69-71]. *Second*, the Putative Debtor moved to dismiss the Petition on the grounds discussed above. [Dkt. Nos. 72-73]. In that motion, the Putative Debtor conclusively established that the Petition was improperly filed.

9.  Immediately thereafter, on January 8, 2024, the Petitioning Creditors filed the *Motion to Dismiss the Bankruptcy Case.* [Dkt. No. 74]. The Bankruptcy Court granted the motion

3

to dismiss on January 9, 2024 [Dkt. No. 87].

10. The *Second Amended Disclosure Statement for First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated January 9, 2025 [Dkt. No. 118] (the "Disclosure Statement") asserts that the Petitioning Creditors moved to dismiss the Petition because, among other things, Prime Capital had made multiple "misrepresentations" to this Court. [Dkt. No. 118, at 7]. To the extent that the Disclosure Statement is referring to the approximately $52 million in a Berone-controlled account, Prime Capital submitted documentary evidence to the District Court in the federal receivership action on January 21, 2024, showing that (a) Prime Capital had been defrauded by Berone; and (b) Berone falsely led Prime Capital to believe that Berone still held those funds to cover ICA deposits. (*See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et al.*, 1:24-cv-00055-MAD-PJE, Dkt. No. 43-1, 6-7.)

11. Hogan Lovells was later engaged by the Putative Debtor to represent it in connection with the receivership that was filed against the Putative Debtor by Compass-Charlotte 1031, LLC on January 12, 2024, and a Third-Party Complaint related thereto brought by Paul A. Levine, as Receiver of Prime Capital Ventures, LLC, on January 29, 2024 (collectively, the "Receivership").

12. On February 5, 2024, Hogan Lovells and the Putative Debtor executed an engagement letter pursuant to which Hogan Lovells agreed to represent the Putative Debtor in connection with the Receivership. The Debtor states that Mr. Roglieri "directed" Hogan Lovells to file a motion to dismiss the federal receivership and an appeal from the District Court's denial of the motion to dismiss. [Dkt. No. 118, at 7-8]. The Debtor thus implies that Hogan Lovells acted on behalf of Mr. Roglieri. Hogan Lovells, however, was counsel only to Prime Capital in the federal receivership at the time of those filings.

4

13. The Disclosure Statement also fails to mention that Prime Capital agreed to withdraw the appeal in June 2024 because, at that time, the Trustee and Receiver for Prime Capital insisted that they controlled the affairs of Prime Capital, including the direction of litigation. Prime Capital did not withdraw the appeal because it doubted the appeal's merit.

14. On May 14, 2024, the Receiver filed a Chapter 11 bankruptcy petition for the then Putative Debtor with the Bankruptcy Court under Case No. 24-10531 (REL) (Bankr. N.D.N.Y) (the "Receiver Case").

15. The Disclosure Statement notes that, in the Receiver Case, Hogan Lovells filed a motion to dismiss the bankruptcy petition. [Dkt. No. 118, at 10]. Again, the Debtor implies that this action was taken on behalf of Mr. Roglieri, when, in fact, the motion was filed on behalf of Prime Capital (the alleged debtor).

16. The Trustee in Mr. Roglieri's personal bankruptcy, who asserted that he controlled the affairs of Prime Capital, withdrew the motion to dismiss. However, it should be noted that the basis for the motion—which was that the Receiver lacked the authority to commence the Receiver Case—was later accepted by the Court when another party made a similar application to dismiss.

17. On September 16, 2024, Christian H. Dribusch, chapter 7 Trustee of Mr. Roglieri's bankruptcy estate, in his capacity as the authorized agent for the Debtor, filed a voluntary bankruptcy petition on behalf of the Debtor for relief under Chapter 11 of the Bankruptcy Code under Case No. 24-11029 (REL) (Bankr. N.D.N.Y).

18. Following a hearing held on September 25, 2024, the Debtor submitted for the Court's consideration proposed orders (1) (i) confirming the Debtor's abandonment of any claims against the Petitioning Creditors on account of their commencement of the Chapter 7 Case, and (ii) dismissing Debtor's January 8, 2024 motion for an order requiring the Petitioning Creditors to

5

post a bond in the amount of $37 million, representing the costs, fees and damages that Prime estimated it would incur on account of the Petitioning Creditors alleged bad faith in filing the involuntary petition (the "Bond Motion") and (2) dismissing the Chapter 7 Case. [Dkt. No. 28].

19. On October 2, 2024, the Bankruptcy Court entered an order (i) authorizing the Debtor's abandonment of any claims against the Petitioning Creditors in connection with their filing of the Chapter 7 Case and (ii) withdrawing the Bond Motion unless an objection is filed with the Bankruptcy Court by no later than October 16, 2024 (the "Abandonment Order"). [Dkt. No. 31].

20. On October 15, 2024, Roglieri filed an objection to the Abandonment Order (the "Roglieri Objection"). [Dkt. No. 39].

21. On October 25, the Debtor filed its response to the Roglieri Objection. [Dkt. No. 43].

22. On November 6, 2024, Hogan Lovells, as an alleged creditor of the Debtor, filed an objection to the proposed abandonment couched as a response to the Roglieri Objection. *Id.* at Dkt. No. 50.

23. In discussing the motion for abandonment, the Disclosure Statement describes Hogan Lovells' filing of a response as "an alleged creditor." [Dkt. No. 118, 20.]

24. While the Debtor may be disputing the claim of Hogan Lovells, it has filed a proof of claim and is a creditor.

**RELIEF REQUESTED**

25. Hogan Lovells submits this Amended Application for (i) final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as bankruptcy counsel for the Putative Debtor during the Application Period (and for fees

6

incurred preparing this first and final fee application) and (i) final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Putative Debtor during the Application Period.

26. Attached hereto at **Exhibit A** are the invoices as submitted to then alleged Debtor reflecting the services performed by Hogan Lovells, the time expended by each professional, the hourly rate for each professional during the Application Period, as well as the actual and necessary costs and expenses incurred during the Application Period. Because the billing system for this matter, was not set up in the traditional fee application format as they were representing at the time, service rendered in the successful defense of the involuntary filing and related and subsequent matters, we have prepared a task code key for the ready identification of the differing matters related to Hogan Lovell's representation of the then-alleged Debtor. (*See*, task codes summarized *infra* at ¶ 33.)

27. Charts summarizing the services performed by task code and professional and summarizing actual and necessary costs and expenses incurred during the Amended Application are attached hereto at **Exhibit B**.

28. The detailed recitation of the legal basis upon which Hogan Lovells is entitled to the fees referenced herein is contained in its *Response to the Objection of Kris Roglieri to the Debtor's Notice of Abandonment of Property* filed at Dkt. No. 50, pages six through seven, and is incorporated herein by reference. Moreover, this Court discussed at length the basis upon which fees incurred pursuant to the successful challenge to the involuntary Chapter 7 petition and subsequent proceedings are potentially *bona fide* claims of the debtor in its *Memorandum Decision* contained in Dkt. No. 122. This Applicant respectfully submits that there is no need to belabor the record by repeating the arguments and legal analysis in the court record other than to incorporate

the foregoing into this discussion by reference.

29. The only additional point that needs to be made in connection with this Amended Application is that the Applicant's entitlement to recovery and its claim is not dependent upon the disposition of the Debtor toward the recovery to which it is entitled against the petitioning creditors pursuant to 11 U.S.C. §303(i). Under 11 U.S.C. § 303, the court may award costs and reasonable attorney's fees to the debtor if the involuntary petition is dismissed, regardless of whether the debtor pursues a claim against the petitioning creditors. *In re Mt. Dairies, Inc.*, 372 B.R. 623 (Bankr. S.D.N.Y. 2007), *In re Palace Oriental Rugs*, 193 B.R. 126 (Bankr. D. CT. 1996), *In re Anmuth Holdings LLC*, 600 B.R. 168 (Bankr. E.D.N.Y. 2019). The Debtor has previously evinced a recalcitrance to pursue its claims against the petitioning creditors. Accordingly, the Applicant respectfully submits that the point needs to be made that such a disposition has no impact upon the Applicant's entitlement to its claim.

30. In cases such as *In re Mt. Dairies, Inc.,* the court awarded attorney's fees to the debtor upon dismissal of the involuntary petition without requiring the debtor to pursue additional claims against the petitioning creditors. *In re Mt. Dairies, Inc.*, *supra*. Similarly, in *In re Anmuth Holdings LLC*, *supra*, the court granted attorney's fees based on the totality of the circumstances, emphasizing the reasonableness of the debtor's actions and the unreasonableness of the petitioning creditors' actions, *In re Anmuth Holdings LLC*, *supra*. Therefore, the debtor's entitlement to professional fees is based on the dismissal of the involuntary petition itself and not on any subsequent actions taken by the debtor against the petitioning creditors.

## SUMMARY OF SERVICES BY PROJECT

31. Hogan Lovells endeavored to represent the Putative Debtor in the most expeditious and economical manner possible. Tasks were assigned to attorneys, paralegals, and other support

8

staff at Hogan Lovells so that work was performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.

32. Hogan Lovells does not charge for outgoing domestic facsimiles and does not charge for incoming facsimiles.

33. The primary services rendered by Hogan Lovells during the Application Period can be grouped into the categories set forth below:

> **Case Administration (Task Code 01)**: (50.8 hours, $58,031.00). This category includes many different tasks necessary to comply with the requirements of this Court, the Office of the United States Trustee, and the Bankruptcy Code, including, without limitation, services in connection with dismissing the Putative Debtor's involuntary petition, declarations, reviewing of general case documents, reviewing and maintaining dockets and case calendars, scheduling of hearings, preparation of affidavits of services, pro hac vice motions, as well as other miscellaneous tasks not otherwise separately classifiable.
>
> **Meetings and Communications with Putative Debtor (Task Code 02):** (14.8 hours, $17,983.00). This category includes Hogan Lovells' various communications with the Putative Debtor, including, without limitation, telephone conferences, videoconferences, emails, and other communications.
>
> **Meetings and Communications with Creditors (Task Code 03):** (1.8 hours, $3,051.00). As counsel to the Putative Debtor, Hogan Lovells interacted regularly with various creditors, including the Petitioning Creditors and their counsel.
>
> **Work Related to Dismissing Involuntary Bankruptcy (Task Code 04):** (260.9 hours, $395,462.50). Hogan Lovells spent substantial time and resources attending to the various contested matters in the involuntary Chapter 7 Case. This included drafting and filing motions, letters, memoranda of law, and answers. Hogan Lovells also engaged in a number of strategy sessions, which included meetings with the Hogan Lovells team and the Putative Debtor related to the contested matters.
>
> **Work Related to Requests from Trustee (Task Code 05):** (22.2 hours, $35,104.00). The interim trustee, Christian Dribusch, made numerous requests to Hogan Lovells, as counsel for Prime Capital, for documentation in the first two weeks of January 2024 (to which Hogan Lovells complied). Occasionally, the US Trustee would make direct requests as well, but generally she made

9

those through Dribusch.

**Work Related to Dismissing Receivership (Task Code 06):** (537.7 hours, $650,808.50). This category includes all work done on behalf of the Putative Debtor to dismiss the receivership commenced against it on January 12, 2024.

**Motion to Compel Arbitration (Task Code 07):** (37.1 hours, $51,439.50). All of the Prime Capital agreements had arbitration clauses; Hogan Lovells argued that the receivership action violated those clauses. To support that argument, Hogan Lovells filed a demand for arbitration and moved to compel arbitration, invoking favorable case law saying that a party cannot use litigation to avoid arbitration.

**Work Related to ER Tennessee State Receivership (Task Code 08):** (144.0 hours, $163,069.50). One of Prime Capital's borrowers, ER Tennessee, started a separate action in New York State court (New York County) for the appointment of a receiver. That case had the potential to interfere with both the federal receivership and the arbitration provision in the ER Tennessee contract, so Hogan Lovells opposed it. The New York court later stayed the action in favor of the federal receivership action.

**Work Related to Second Circuit Appeal (Task Code 09):** (90.9 hours, $147,040.00). In late January 2024, after the District Court denied Prime Capital's motion to vacate the receivership order, Hogan Lovells filed an appeal on Prime Capital's behalf and filed related motions to stay. Hogan Lovells also started the merits briefing before the case was voluntarily dismissed in June 2024.

34. No agreement or understanding exists between Hogan Lovells and any other person or entity for the sharing of compensation received or to be received for services rendered in or in connection with the Chapter 7 Case or Receivership.

## CERTIFICATION

35. A Certification of Phoebe A. Wilkinson, pursuant to section 504 of the Bankruptcy Code, is attached hereto as **Exhibit C** and part of this Amended Application.

36. Hogan Lovells submits a statement in connection with Local Rule 2016-1(d), which is attached hereto as **Exhibit D**.

## COMPLIANCE WITH GUIDELINES

37. Hogan Lovells submits that this Amended Application substantially complies with

10

the Local Rules and the U.S. Trustee Guidelines. To the extent there has not been material compliance with any particular rule or guideline, Hogan Lovells respectfully requests a waiver or an opportunity to cure.

38. This is Hogan Lovell's first and final fee application pursuant to sections 330 and 331 of the Bankruptcy Code for allowance of fees and reimbursement of expenses in the Chapter 7 Case. Hogan Lovells has made no prior or other application to this or any other Court for the relief requested herein. However, Hogan Lovells did file a proof of claim in Prime Capital Ventures, LLC's voluntary Chapter 11 case (Case No. 24-11029) in the amount of $1,558,743.29 (Claim No. 7-1), which overlaps with certain of the amounts sought in this Amended Application.

**WHEREFORE**, Hogan Lovells respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit E**, (i) allowing Hogan Lovells (a) compensation in the amount of $1,521,989.00 for actual, reasonable, and necessary professional services rendered on behalf of the Putative Debtor during the Application Period, (b) reimbursing Hogan Lovells in the amount of $18,265.79 for actual, reasonable and necessary expenses incurred during the Application Period, and (c) compensation in the amount of $24,890.00 for preparation of the fee application; (ii) authorizing and directing the payment to Hogan Lovells in an amount equal to the sum of such allowed compensation and reimbursement; and (iii) granting such other and further relief as is just and proper.

Dated: March 21, 2025  
New York, New York

*/s/ Phoebe A. Wilkinson*
Phoebe A. Wilkinson
**HOGAN LOVELLS US LLP.**
390 Madison Avenue
New York, New York 10017
(212) 918-3000
*Counsel to Hogan Lovells US LLP*

*/s/ Christopher R. Bryant*
Christopher R. Bryant  (*Admitted Pro Hac Vice*)
**HOGAN LOVELLS US LLP.**
390 Madison Avenue
New York, New York 10017
(212) 918-3000
*Former Counsel to the Putative Debtor in the Chapter 7 Case*