**KLESTADT WINTERS JURELLER**
 **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Lauren Kiss
Kevin Collins

*Counsel to Prime Capital Ventures, LLC,*
 *Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:                                                   :
                                                         :         Chapter 11
PRIME CAPITAL VENTURES, LLC                              :
                                                         :         Case No. 24-11029-REL
                             Debtor.                     :
---------------------------------------------------------x

### NOTICE OF THE DEBTOR'S ISSUANCE OF A SUBPOENA TO ALEX VASILAKOS AS AUTHORIZED BY THIS COURT'S MAY 7, 2025 ORDER

**PLEASE TAKE NOTICE** that on May 7, 2025, the United States Bankruptcy Court for

the Northern District of New York (the "Court") issued an order authorizing Prime Capital

Ventures, LLC, the above-captioned debtor (the "Debtor"), to examine, among others, Alex

Vasilakos [Dkt. No. 236].

**PLEASE TAKE FURTHER NOTICE** that as authorized by the 2004 Order, the Debtor

issued the subpoena *duces tecum* annexed hereto as Exhibit A to Alex Vasilakos.


*[Signature on next page]*

Dated:   New York, New York
         May 12, 2025

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:   */s/ Fred Stevens*
      Fred Stevens
      Lauren C. Kiss
      Kevin Collins
      200 West 41st Street, 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com
             lkiss@klestadt.com
             kcollins@klestadt.com

      *Counsel to Debtor Prime Capital Ventures,
      LLC*

# <u>Exhibit A</u>

# <u>Subpoena to Alex Vasilakos</u>

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of NEW YORK

In re PRIME CAPITAL VENTURES, LLC _____     Case No. 24-11029 (REL) _____

           Debtor

                                             Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alex Vasilakos _____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |
|  |  |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit B
_____

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/12/2025 _____

                    CLERK OF COURT

                                    OR

_____         *Kevin Collins* _____

    *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Prime Capital Ventures, LLC _____ , who issues or requests this subpoena, are:

Fred Stevens, Lauren C. Kiss, Kevin Collins, Klestadt Winters Jureller Southard & STevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036
Tel: (212) 972-3000; Emails: fstevens@klestadt.com; lkiss@klestadt.com; kcollins@klestadt.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                      _____
                                                                    *Server's signature*

                                                      _____
                                                                  *Printed name and title*


                                                      _____
                                                                     *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **EXHIBIT A**

So Ordered.

Signed this 7 day of May, 2025.



_____

Robert E. Littlefield, Jr.

United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:                                  :

                                       :           Chapter 11

PRIME CAPITAL VENTURES, LLC    :

                                       :           Case No. 24-11029-REL

                   Debtor.     :
---------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. § 542(e) AND FED. R. BANKR. P. 2004,**
**DIRECTING THE TURNOVER OF CERTAIN DOCUMENTS TO THE DEBTOR, AND**
**AUTHORIZING THE DEBTOR TO EXAMINE AND SEEK DOCUMENTS AND**
**INFORMATION FROM FORMER OFFICERS, REPRESENTATIVES, EMPLOYEES,**
**AND AGENTS OF THE DEBTOR OR ITS AFFILIATES**

Upon the application (the "Application")[1] of Prime Capital Ventures LLC (the "Debtor"),

for entry of an order, pursuant to 11 U.S.C. § 542(e) and Fed. R. Bankr. P. 2004, authorizing the

Debtor to issue subpoenas demanding the production and turnover of all books, records, and

documents, whether in paper or electronic format, including without limitation, all

communications, emails, text messages, computers (desktop and laptop), account statements, hard

drives, computer servers, back-up tapes, and electronically stored documents related to the Debtor,

the Debtor's affiliates, and/or property of the Debtor, concerning or otherwise evidencing the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Debtor's assets and financial affairs (collectively, the "Books and Records")[2] from former officers,

representatives, employees, and agents of the Debtor or its affiliates (each proposed examinee, an

"Examinee," collectively, the "Examinees")[3], and requiring the Examinees to turn over the Books

and Records to the Debtor; and a hearing on the Application having been held before this Court

on May 7, 2025 (the "Hearing"); and sufficient notice of the relief sought in the Application and

Hearing having been given to the Examinees; and after due deliberation and sufficient cause

appearing therefore, it is

      **ORDERED** that the Application is **GRANTED** as set forth herein; and it is further

      **ORDERED** that pursuant to Bankruptcy Rules 2004 and 9016, the Debtor is authorized to

serve subpoena(s) *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") in substantially

the same form as the Proposed Subpoena annexed to the Application as Exhibit A upon each of

the Examinees; and it is further

      **ORDERED** that the Examinees are directed to either timely comply with the terms of this

Order and any Subpoena issued to it and timely produce the documents required to be produced

---

[2] The foregoing description of the Books and Records is not intended to be limiting and includes all books, records, correspondence, and other information and documents concerning the Debtor's financial affairs and estate.

[3] The Examinees include:

| EXAMINEE | RELATIONSHIP |
|---|---|
| Andrew Altschuler | VP of Business Development of the Debtor and/or its affiliates |
| Lukas Bull | Loan Officer for the Debtor and/or its affiliates |
| Jon Cosentino | EVP of the Debtor and/or its affiliates |
| Michael Geisler | SVP of Enrollment for the Debtor and/or its affiliates |
| Kimberly Humphrey a/k/a Kimberly Owen | VP of the Debtor and/or its affiliates |
| Gary Lockwood | Director of Working Capital Products for the Debtor and/or its affiliates |
| Thor Mault | Person in charge of IT and Technology for the Debtor and affiliates |
| Sam Perez | Client Relationship Manager for the Debtor and/or its affiliates |
| Chris Snyder | COO of the Debtor and/or its affiliates |
| Adam Steinberg | Client Relationship Manager for the Debtor and/or its affiliates |
| Victoria Swann | Associate Marketing Director of the Debtor and/or its affiliates |
| Alex Vasilakos | CMO of the Debtor and/or its affiliates |
| Brandon Wheeless | Consultant to the Debtor |

under the Subpoena, or make a timely motion for a protective order or to quash the Subpoena; and
it is further

**ORDERED** that unless otherwise ordered by this Court, the Subpoenas shall seek the
production or inspection of documents or things on less than fourteen (14) days' notice; and it is
further

**ORDERED** that subpoenas authorized by this Order may be served by the Debtor by
FedEx, other nationally recognized overnight carrier, or any other method of service permitted
under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed parties; and it is
further

**ORDERED** that the Examinees are directed to turn over and produce to the Debtor all
Books and Records relating to the Debtor's property or financial affairs in accordance with 11
U.S.C. § 542(e) within fourteen (14) days of service of this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any disputes that arise
with respect to this Order, or any Subpoena issued hereunder.

###

**Exhibit B**

| | |
|---|---|
| PROPOUNDING PARTY: | Prime Capital Ventures, LLC |
| RESPONDING PARTY: | Alex Vasilakos (the "Examinee") |
| SET NO.: | 1 |
| PURSUANT TO: | Bankruptcy Court's order dated May 7, 2025, authorizing the issuance of a subpoena upon Examinee pursuant to Fed. R. Bankr. P. 2004 [Docket No. 236] (the "2004 Order"), attached hereto. |
| DOCUMENT PRODUCTION DEADLINE: | June 6, 2025, at 5:00 p.m. (EST). |

The Examinee is requested to produce the following documents for inspection and copying at the offices of Klestadt Winters Jureller Southard & Stevens LLP, Counsel to Prime Capital Ventures, LLC located at 200 West 41st Street, 17th Floor, New York, New York 10036. Any questions regarding this request should be directed to:

> Kevin B. Collins
> Klestadt Winters Jureller Southard & Stevens, LLP
> 200 West 41st Street, 17th Floor
> New York, New York 10036
> Direct: (646) 998-7525
> Email: kcollins@klestadt.com

## I. INSTRUCTIONS

1. These requests for the production of documents and things require the Examinee to produce all responsive documents and things in the Examinee's possession, custody, or control, without regard to the physical location of such documents and things. Examinee has the duty to search for the responsive documents and things in all media sources in the Examinee's possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive

facilities and backup facilities.  Examinee has the duty to ensure that no responsive documents or things are destroyed, deleted or otherwise disposed of.

2.    In connection with any objection or request for relief with respect to the document requests herein, Examinee shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer, and immediately following each specification set forth the basis of the objection or relief requested.  Any such objection or request for relief shall state all grounds with specificity.  Any ground not stated in such objection or request for relief within the time provided by the Federal or Local Bankruptcy Rules shall be waived.

3.    Each of these requests for production of documents shall be deemed to be a request for all such documents, whether prepared by or for you by any other party or any other person, which documents are in your possession, custody or control or in the possession, custody or control of your attorneys, accountants, consultants, employees, agents, or anyone acting on your behalf.

4.    If any responsive documents or parts of document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted or otherwise disposed of.

5.    If any of the requested documents cannot be produced in full, you are to produce said documents to the extent possible, specifying your reasons for your inability to produce the

remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

6.      If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, Examinee's written objection to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and Examinee shall provide, at the time of the response to this request, a list setting forth as to each document or portion of document withheld, the following information:  (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) where not apparent, the relationship of the author of the document to the recipients of the document; (vii) the number of pages of the document; (viii) the title of the document; and (ix) the privilege claimed as to the document and the specific grounds for withholding the document.

7.      You are required to produce documents as they are kept in the usual course of business or to organize and label them to correspond to the categories in this request.  **Documents should be produced in their native format.**

8.      You are required to produce complete documents, including all drafts of any such documents.

9.      Any comments, notes, or signatures appearing on any documents, and not a part of the original, are to be considered a separate document, and any draft, preliminary form, or superseded version of any document is also to be considered a separate document, which you are also required to produce.

## II.    **DEFINITIONS**

A.    <u>All/Any/Each</u>.   The terms "all", "any" and "each" shall each be construed as encompassing any and all.

B.    <u>And/Or</u>.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive, and bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.    <u>Bankruptcy Code</u>. The term "Bankruptcy Code" shall mean §§ 101, et seq. of Title 11 of the United States Code.

D.    <u>Bankruptcy Court</u>. The term "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of New York.

E.    <u>Communication</u>.   The term "communication" means any written or oral statement, dialogue, colloquialism, discussion, conversation or agreement of any kind or character, including, by way of example and without limitation, any act or instance whereby messages, facts, data or any other information is transmitted orally, visually, in writing, electronically or by any other means or media from natural person or firm to another (e.g., personal conversations, telephone conversations, letters, e-mails, meetings, memoranda, telegraphic and telex communications or transmittals of documents), any manner or form of information, memorandum or notes or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which was distributed or circulated between or among persons, or data storage or processing units and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

F.      <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.      <u>Debtor</u>.  The term "Debtor" means Prime Capital Ventures, LLC, and shall include any individual, entity, employee, attorney, or other agent, acting on behalf of the Debtor.

H.      <u>Debtor Affiliate(s)</u>.  The term "Debtor Affiliate(s)" means any entity that meets the statutory definition of "affiliate" set forth in section 101(2) of the Bankruptcy Code including, but not limited to, the following entities:

> i.      The Finance Marketing Corp.;
>
> ii.     National Alliance of Commercial Loan Brokers;
>
> iii.    DealMaker;
>
> iv.     Dunham Commercial Capital;
>
> v.      Prime Commercial Lending, LLC;
>
> vi.     Commercial Capital Trading Group, LLC;
>
> vii.    FUPME, LLC;
>
> viii.   Shark Ventures LLC;
>
> ix.     ABBJ, LLC;
>
> x.      Capital Investments US, LLC;
>
> xi.     CPH, LLC; and
>
> xii.    Blackwater Capital Group.

I.      <u>Document</u>.  The term "document" shall mean the original and any non-identical copy of the original, of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan

agreements, bills, e-mails, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other memory devices (including IBM or similar cards for information, data and programs), or any other information retrievable on storage systems (including computer generated reports and printouts).  The term "document" is intended to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

      J.    <u>Electronic Data/Data</u>. The phrase "Electronic Data" or the term "Data" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether nonidentical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description

whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic Data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, Database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, TIF files, batch files, ASCII files, .pdf (portable document format) files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.  Electronic Data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term Electronic Data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

K.    <u>ESI</u>.  The acronym "ESI" means data including writings, drawings, emails, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

L.    <u>Examinee/You/Your</u>.  The terms "Examinee," "You," or "Your," mean the Examinee any any individual or entity acting on behalf of the Examinee.

M.    <u>Identify</u>.  The term "identify" shall have the following meaning when used in the following contexts:

When used in connection with a natural person, please state his or her: (i) full name; (ii) present or last known address (including street name and number, city and state); (iii) present or last known business address; (iv) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known for such information; and (v) position, business affiliation, and job description at the time in question, with respect to the request involved.

ii.     When used in connection with a corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, please state in the answer in each instance (i) the full name and address and (ii) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

iii.     When used in connection with a Document that is being produced in response to the accompanying subpoena, state the Document's bates number or range of bates numbers. When used in connection with a Document that has not been produced please state in the answer in each instance: (i) whether or not such Document is known to be in existence at the time of the answer; (ii) the date of the Document; (iii) the type of Document (e.g. letter, memorandum, computer printout, estimate, etc.); (iv) the identity of the author(s), addressee(s), and any other person to whom the Document was shown or distributed; (v) any filing or identifying number; and (vi) the present or last known location and/or custodian thereof. If any requested Document was, but is no longer in your possession or subject to your control, please identify the Document, state what disposition was made of it, and identify each person who has had possession or control of the Document.

iv.     When used in connection with a communication that has been produced in response to the subpoena, state the communication's bates number or range of bates numbers. When used in connection with a communication that is not being produced, state in the answer in each instance: (i) the identity of each person communicating; (ii) the identity of the recipient(s) and intended recipient(s) of the communications; (iii) the identity of each person presently or otherwise aware of the substance of the communication; (iv) the date and the place where the communication was made; and (v) the identity of any Document that embodies, includes, reflects, concerns, relates to, or is based upon the communication.

N.     <u>Including</u>.  The term "including" means "including but not limited to."

O.     <u>Item</u>.  The term "item" means any physical thing.

P.     <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

Q.     <u>Person</u>.  The term "person" is defined as any natural person or business, legal or governmental entity or association.

R.      The terms "possession," "custody," or "control" include the joint or several possession, custody or control not only by the person or entity to whom these requests are directed, but also the joint and several possession, custody or control by each or any other person or entity acting or purporting to act on behalf of said person or entity, whether as an employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

S.      Related To.  The term "related to, "relate to," "relating to," "pertaining to," "concerning" and "refer to" shall mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical or causal connection.

T.      Relevant Period.  Unless otherwise stated, the "Relevant Period" for each of the topics and document requests set forth herein is September 16, 2018 through and including September 16, 2024.

U.      Roglieri.  The term "Roglieri" means Kris Daniel Roglieri.

V.      Thing. The term "thing" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every type of physical specimen or tangible item other than a document.

W.      Writings.  The term "writings" shall include any handwriting, typewriting, printing, Photostatting, photographing, and every other means of recording upon any tangible thing, and form of communicational representation, including letters, words, pictures, sounds, or symbols or combinations thereof.

## III.    DOCUMENTS REQUESTED

Unless otherwise stated, these Requests should be deemed to include communications and/or documents made, created, and/or transmitted during the Relevant Period:

1. **Books and Records of the Debtor or Debtor Affiliate(s)**.  All books and records of the Debtor or any Debtor Affiliate(s) including, but not limited to, any documents, in physical or electronic form, related to the Debtor's or any Debtor Affiliate(s)' financial activities, operations, legal obligations, assets, liabilities, governance, contracts, payroll, tax filings, income, expenses, customers, prospective or actual borrowers, prospective or actual lenders, employees, stock, equity, membership interests, business, or marketing.

2. **Agreements with Debtor or Debtor Affiliate(s)**.  All agreements between You and the Debtor, Debtor Affiliate(s), or any of the Debtor's insiders including, but not limited to Roglieri.

3. **Communications By/With the Debtor or Debtor Affiliate(s)**.  All Communication(s) by any means including, but not limited to, electronic mail, text messages, letters, messages through social media platforms or other technology applications, between any Debtor or Debtor Affiliate(s), whether by You as a representative of such entities' or any other person, and any other individual or entity.

4. **Communications With Roglieri and Other Individuals Related to the Debtor**. All Communication(s) by any means including, but not limited to, electronic mail, text messages, letters, messages through social media platforms or other technology applications, between You and any person who was affiliated with the Debtor or any Debtor Affiliate(s) at any point in time, which includes, but is not limited to: (i)

Case 24-11029-1-rel   Doc 241   Filed 05/12/25   Entered 05/12/25 14:00:00   Desc
Main Document    Page 21 of 23

Roglieri; (ii) Tina Roglieri; (iii) Andrew Altschuler; (iv) Lukas Bull; (v) Jon Cosentino; (vi) Michael Geisler; (vii) Kimberly Humphrey a/k/a Kimberly Owen; (viii) Gary Lockwood; (ix) Thor Mault; (x) Sam Perez; (xi) Chris Snyder; (xii) Adam Steinberg; (xiii) Victoria Swann; (xiv) Alex Vasilakos; and (xv) Brandon Wheeless.

5. **Communications Concerning the Debtor/Debtor Affiliate(s)/Roglieri**.  All Communication(s) by any means including, but not limited to, electronic mail, text messages, letters, messages through social media platforms or other technology applications, between You and any person concerning the Debtor, any Debtor Affiliate(s), or Roglieri.  For the avoidance of doubt, this shall include any Communication(s) in the Examinee's possession, custody, or control, that contains any of the following search terms:

   a. "ABBJ"

   b. "Alux"

   c. "Berone"

   d. "Blackwater Capital"

   e. "Commercial Capital Trading"

   f. "Commercial Loan Brokers"

   g. "DealMaker"

   h. "Dunham Commercial"

   i. "Finance Marketing Corp"

   j. "FUPME"

   k. "Prime Capital Ventures" or "Prime Capital"

   l. "Prime Commercial Lending"

    m.  "Roglieri"

    n.  "Shark Ventures"

    o.  "TeamLoanSharks"

6. **<u>Documents Concerning the Debtor/Debtor Affiliate(s)/Roglieri</u>**. Any and all Document(s), Electronic Data, and/or ESI concerning, referring to, relating to, reflecting, and/or evidencing the Debtor, any Debtor Affiliate(s), or Roglieri during the Relevant Period. For the avoidance of doubt, this shall include any Document(s), Electronic Data, and/or ESI in the Examinee's possession, custody, or control, that contain any of the following search terms:

    a.  "ABBJ"

    b.  "Alux"

    c.  "Berone"

    d.  "Blackwater Capital"

    e.  "Commercial Capital Trading"

    f.  "Commercial Loan Brokers"

    g.  "DealMaker"

    h.  "Dunham Commercial"

    i.  "Finance Marketing Corp"

    j.  "FUPME"

    k.  "Prime Capital Ventures" or "Prime Capital"

    l.  "Prime Commercial Lending"

    m.  "Roglieri"

    n.  "Shark Ventures"

o.   "TeamLoanSharks"