Nicole L. Milone, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP.
Counsel to Berone Capital Fund LP, Berone
Capital Partners LLC, Berone Capital LLC,
Berone Capital LLC, Berone Capital Equity
Fund I, LP and 405 Motorsports LLC f/k/a
Berone Capital Equity Partners LLC, Jeremiah
Beguesse and Fabian Stone
90 Merrick Avenue
East Meadow, New York 11554
Telephone (516) 296-7000

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                            Chapter 11

PRIME CAPITAL VENTURES, LLC                                       Case No. 24-11029-rel

                         Debtor.
-----------------------------------------------------------------X

**OBJECTION OF BERONE CAPITAL FUND LP, BERONE CAPITAL PARTNERS LLC, BERONE CAPITAL LLC, BERONE CAPITAL EQUITY FUND I, LP, AND 405 MOTORSPORTS LLC F/K/A BERONE CAPITAL EQUITY PARTNERS LLC TO DEBTOR'S APPLICATION PURSUANT TO FED. R. BANKR. P. 2004 AUTHORIZING DISCOVERY REGARDING DEBTOR'S $20 MILLION TRANSFER TO BERONE <u>CAPITAL FUND LP</u>**

TO:   THE HONORABLE ROBERT E. LITTLEFIELD, JR.
      UNITED STATES BANKRUPTCY JUDGE

Berone Capital Fund LP ("Berone CF"), Berone Capital Partners LLC, Berone Capital LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (collectively, "Berone") and Jeremiah Beguesse and Fabian Stone (collectively, the "Barone Principals, and collectively with Berone, the "Berone Witnesses"), by and through their attorneys, Certilman Balin Adler & Hyman, LLP, hereby object to the *Debtor's Application for an Order, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Debtor to Examine and Seek Documents and Information From Parties in Connection with the Debtor's $20*

8582430.1

*Million Transfer to Berone Capital Fund LP and the Series of Transfers and Other Events That Came After, Including Any Financial Institutions Where the Recipients of the Debtor's Funds Hold Accounts and Transact Business* [ECF Doc. No. 228] (the "Rule 2004 Application"), filed on May 5, 2025, by Prime Capital Ventures, LLC (the "Debtor"); and respectfully state as follows:

1.  The Debtor improperly seeks under Rule 2004 of the Federal Rules of Bankruptcy Procedure documents and information from the Berone Witnesses and/or financial institutions which one or more of the Berone Witnesses have in the past or currently transacts business. Prime is already the plaintiff in an action commenced against others of its targeted Party Examinees[1], i.e., Reign Financial International, Inc., Giorgio Johnson, Gary Mills and Martin Karo (collectively, the "Reign Party Examinees"), pending in the U.S. District Court, Northern District of New York, styled *Prime Capital Ventures, LLC v. Reign Financial International, Inc., Giorgio Johnson, Gary Mills and Martin Karo*, 23-cv-00207 (FJS/DJS) (the "Reign Litigation"). In the Reign Litigation, the Debtor accuses the Reign Party Examinees of fraud, fraudulent concealment, breach of contract and conversion concerning the Debtor's investment of $20,000,000.00 (the "Transaction") with Berone CF which is not a party to the Reign Litigation. *See generally*, Amended Complaint, 23-cv-00207, ECF Doc. No. 4.

2.  Although none of the Berone Witnesses are parties in the Reign Litigation, Berone CF is mentioned in eleven of the factual paragraphs of the Amended Complaint (*see* Amended Complaint ¶¶ 12, 13, 16, 17, 24, 26, 34, 38, 39, 54, 82) thereby making Berone CF, and possibility other of the Berone Witnesses, third party witnesses in the Reign Litigation.

---

[1] Capitalized terms not otherwise defined herein shall reference the definition assigned in the Rule 2004 Application, provided, however, that such reference is solely for informational purposes and consistency of definitions and is not and cannot be construed as an admission or acknowledgment by any of the Berone Witnesses concerning the alleged facts and circumstances set forth in the Rule 2004 Application.

3. At no point in the Amended Complaint does the Debtor allege any wrongdoing or knowledge of wrongdoing by the any of the Berone Witnesses. In fact, contrary to the Debtor's allegation in the Rule 2004 Application that "the Debtor's money remains outstanding and unaccounted for" and that "[b]asic questions like why the Debtor transferred the money, and where the money went, have yet to be answered" (App. 4), the Debtor admits in the Amended Complaint that the Transaction was an investment into "non-party hedge fund Berone [CF]." Amended Compl. ¶ 12, 82.

4. Moreover, in or about April 2024, the Berone Witnesses provided Paul Levine, as Permanent Receiver, during the time he was the permanent receiver of the Debtor, with documents evidencing the Transaction being an investment relationship between Berone CF and the Debtor. The Berone Witnesses do not know if Debtor's current counsel is in possession of those documents, but, if not, the Debtor should gather those from Mr. Levine.

5. Regardless, to date, none of the Berone Witnesses have been served with any discovery demands in the Reign Litigation and understand that discovery is currently stayed in that action. *See* Reign Litigation ECF Docket Entry #58 (ordering that "the Court declines to open limited discovery at this time.").

6. As a result of the Reign Litigation and a reasonable assumption that one or more of the Berone Witnesses, or at least Berone CF, will be third-party witnesses in that litigation, the Court should apply the pending proceeding rule thereby requiring the Debtor to seek discovery from the Berone Witnesses concerning the Transaction, if at all, "under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *see also In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (stating that "[t]he well recognized rule is that once an adversary proceeding or contested matter has been

commenced, discovery is made pursuant to the Fed.R.Bankr.P. 7026 *et seq.*, rather than by a Fed.R.Bankr.P. 2004 examination."). There is no doubt that the Reign Litigation already seeks relief concerning the Transaction, with the Debtor and the Reign Party Examinees all being parties to that action. The Rule 2004 Application is focused on the Transaction. As such, "[d]iscovery of evidence *related* to the pending proceeding must be accomplished in accord with more restrictive provisions of Fed.R.Bankr.P." *Bennett Funding*, 203 B.R. at 29.

7. Separately, the Debtor improperly seeks documents and information far wider than just the Transaction. The Debtor already has documents that evidence the $20,000,000.00 transfer from the Debtor's account to an account held by Berone CF, and proof of the Debtor's investment into one of the Berone Witnesses' hedge funds have also already been provided to the Debtor, through production to Mr. Levine during the time he was permanent receiver.

8. Accordingly, there is simply no basis to seek information from any of the Berone Entities other than Berone CF, and certainly not from the Berone Principals. Furthermore, other than the bank account(s) of Berone CF, there is nothing to suggest that any of the other Berone Witnesses' banking relationships have anything to do with the Transaction. Some or all of the Berone Witnesses, including, Berone CF, may have financial or business dealings which have zero connection to the Transaction and the Debtor, which takes such targets outside the permissible scope of Rule 2004 which is limited to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

9. Here, the Berone Witnesses previously provided the Debtor with documents concerning the Debtor's investment into one of their hedge funds. Anything outside of that

investment is simply outside the permissible scope of Rule 2004 and any such extraordinary unrelated discovery should be denied.

## Conclusion

10. For the reasons set forth above, the Court should find that the prior proceeding rule applies here thereby requiring the Debtor to seek discovery in that proceeding and deny the Rule 2004 Application in its entirety as against the Berone Witnesses, and, in the alternative, find that the scope of documents and information sought in the Rule 2004 Application is far broader than that permitted under the Rule and thereby limit any such documents and information requests to Berone CF and then only to the Transaction, and not to other unrelated documents and information, and grant the Berone Witnesses such other and further relief as is just and proper.

Dated: East Meadow, New York
       June 5, 2025

          **CERTILMAN BALIN ADLER & HYMAN, LLP**
          Attorneys for Counsel to Berone Capital Fund LP, Berone
          Capital Partners LLC, Berone Capital LLC,
          Berone Capital LLC, Berone Capital Equity
          Fund I, LP and 405 Motorsports LLC f/k/a
          Berone Capital Equity Partners LLC, Jeremiah
          Beguesse and Fabian Stone

By: /s/Nicole L. Milone_____
     **Nicole L. Milone, ESQ.**
     90 Merrick Avenue
     East Meadow, New York 11554
     (516) 296-7000
     nmilone@certilmanbalin.com

8582430.1