<span style="color:red">**EXHIBIT A**</span>

Yann Geron, Esq.
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

------------------------------------------------------------- x
In re                                                         :
                                                              :  Chapter 11
PRIME CAPITAL VENTURES, LLC,                                  :
                                                              :  Case No. Case No. 24-11029-REL
                                                      Debtor. :
------------------------------------------------------------- x

## DECLARATION OF DISINTERESTEDNESS BY YANN GERON

I, Yann Geron, pursuant to 28 U.S.C. *§* 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.  I am a partner in the law firm of Geron Legal Advisors LLC ("GLA"), a New York limited liability company, operating as a law firm with offices located at 370 Lexington Avenue, Suite 1208, New York, New York 10017. GLA provides distinguished services and has as a team of experienced professionals in the bankruptcy and reorganization area. The attorneys at GLA have acted in professional capacities in numerous out-of-court insolvency cases and proceedings under the various chapters of the Bankruptcy Code, as attorneys for debtors and debtors-in-possession, as attorneys for creditors, and as attorneys for trustees in bankruptcy.

2.  I am duly admitted and in good standing to practice law before the courts of the State of New York, as well as in the federal courts for the Southern and Eastern Districts of New York[1]. I have served as a member of the panel of trustees appointed by the United

---

[1] My admission to the Northern District of New York is pending.

States Trustee for the Southern District of New York since 1993.

3. I submit this Declaration in support of the application for my appointment as the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor, pursuant to section 1104 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), and Bankruptcy Rules 2007.1 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

5. I make the following disclosures (i) to establish that I am qualified to act as trustee in this chapter 11 proceeding, and (ii) to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. Section 101(14).

6. My curriculum vitae is annexed, which details my specific experience and demonstrates that I am qualified and well-suited to serve as chapter 11 trustee of the Debtor's estate.

7. I have been a practicing bankruptcy attorney since 1988 and have been a member of the Panel of Trustees for the Southern District of New York since 1993 in continuous good standing. In that capacity, I have served as trustee for many large and complex chapter 11, Subchapter V chapter 11, and chapter 7 cases including, by way of example only[2]:

- *In re The Northwest Company LLC*, SDNY Case No. Case No. 20-10990-mew, a company that was in the business of designing, importing and selling decorative home products, including blankets, throws, bedding and pillows. While in chapter 11 and prior to my appointment as trustee, the debtor sold substantially all of its assets. My duties included administering the remaining property owned by the debtor, and pursuing third-party preference claims and claims against the debtor's principal, former officers, and related individuals and entities. As a result of these efforts, the estate realized in excess of $17.3 million for the benefit of the estate and its creditors.

---

[2] My enclosed CV includes a more detailed list of notable recent cases in which I have served as trustee.

2

- *In re Thelen LLP*, SDNY Case No. 09-15631-mew, a complex law-firm liquidation. In connection with this case, my duties included prosecuting claims against former partners and third-parties which realized in excess of $11.5 million for the benefit of the estate and its creditors.

I believe that my 35+ years of experience as a bankruptcy attorney and 30+ years as a panel trustee provide me with the necessary skills and objectivity to perform the duties of a chapter 11 trustee essential to review, analyze and conclude this case.

8.  If appointed, to assist me in the performance of my duties as trustee, I will consider retaining GLA to assist me in this matter as general counsel to the trustee. I will coordinate with the professionals currently working on this matter to achieve a smooth transition and to manage the estate as efficiently as possible. I have retained GLA as my general counsel in numerous cases and can ensure maximum efficiency of that firm and its professionals if I decide to retain them in connection with this case. Notably, I keep separate and meticulous track of my time devoted to duties as trustee from my efforts and those of my firm as counsel to the trustee. I may also engage additional counsel as befit the requirements and economics of this case. Any firm I engage will be disinterested and retained by separate application and order, upon full disclosure.

9.  With respect to my "disinterestedness" under Section 101(14) of the Bankruptcy Code, I provide the following information:

(a)  I am not, and have not been during the pendency of this chapter 11 case, a creditor, equity security holder or insider of the Debtor.

(b)  I am not, and have not been, a director, officer or employee of the Debtor's business.

(c)  I do not have an interest materially adverse to the interests of this bankruptcy case or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

3

(d)    I am not a relative of any Bankruptcy Judge of the Unites States Bankruptcy Court for the Northern District of New York, the United States Trustee (Region 2) or any person employed by the United States Trustee (Region 2).

10.    In connection with my proposed appointment as chapter 11 trustee in this case, I caused a search of the records of GLA for the Debtor, its members, all parties appearing in this case and listed on the legal docket and the Debtor's known creditors and parties-in-interest, to determine if any conflicts of interest would arise from my appointment. Based upon this review, to the best of my knowledge, neither GLA nor I have any known substantive legal connection with the Debtor or any interested party in this case. The Debtor's chapter 11 counsel, Klestadt Winters Jureller Southard & Stevens, LLP, has in the past and does currently serve as my counsel in a limited number of my trustee cases, none of which are related to this case. Each of my trustee cases has its own distinct attorney-client relationship.

11.    To ensure that as trustee I will remain disinterested throughout the term of this appointment, I represent that GLA also agrees that it will not represent any client other than me as trustee in connection with this chapter 11 case.

12.    As required by Section 504 of the Bankruptcy Code neither GLA nor I have agreed to share any compensation or reimbursement received in connection with this case and there shall be no division of compensation by myself or to GLA and no agreement prohibited by 18 U.S.C. § 155 has been or will be made.

13.    Any request for payment from the Debtor's estate for compensation and reimbursement of expenses incurred in the performance of my services as trustee will be subject to prior approval by the Court, and will be made in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Northern District of New York and orders of this

4

Court and the United States Trustee's applicable guidelines for the submission of fee requests under the applicable provisions of the Bankruptcy Code.

      14.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5th day of June, 2025.

*/s/ Yann Geron*
Yann Geron, Proposed Chapter 11 Trustee of
the Estate of Prime Capital Ventures, LLC
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
Telephone: (646) 560-3224
ygeron@geronlegaladvisors.com

5



## Yann Geron, Esq.

Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, NY 10017
O: 646 560 3224 | C: 914 582 6965
Email:ygeron@geronlegaladvisors.com
Web:www.geronlegaladvisors.com
LinkedIn: https://www.linkedin.com/in/yann-geron-4b339040/

Mr. Geron is an experienced and well-regarded attorney concentrating his practice on bankruptcy and restructuring with a focus on trusteeships, wind-downs, bankruptcy litigations, and fiduciary representations. Mr. Geron was admitted to the practice of law in 1988. Since 1993, Mr. Geron has served continually and in good standing as a member of the Federal Panel of Bankruptcy Trustees for the Southern District of New York (Manhattan). Mr. Geron is also a Federal Chapter 11 Subchapter V Panel Trustee for Region 2 (which encompasses New York City and adjacent areas) and a Chapter 11 Trustee in numerous cases in the Southern and Eastern Districts of New York.

Ms. Geron has served as trustee of numerous large chapter 11 and chapter 7 estates, including, Repapers Enterprises (SDNY chapter 7 trustee, recycling), Mercury Capital Advisors LLC (SDNY chapter 7, investment banking), All In Jets LLC (SDNY Sub V chapter 11 trustee and post-confirmation trustee, aviation), David Ghatanfarb (SDNY Sub V chapter 11 trustee and chapter 7 trustee, individual), Eight-115 Associates, LLC (SDNY chapter 7 trustee, real estate), Robert Francis Xavier Sillerman (SDNY chapter 11 and chapter 7 trustee, individual), The Northwest Company LLC (SDNY chapter 7 trustee, national licensee and wholesale), Jar 259 Food Corp. (EDNY Sub V chapter 11 trustee and chapter 7 trustee, food retail and distribution), Thelen LLP (SDNY chapter 7 trustee, national law firm), Pali Capital, Inc. and related case (SDNY chapter 7 trustee, investment banking), Sun Property Consultants, Inc. (EDNY chapter 11 and chapter 7 trustee, single real estate holding company), Chelsea Craft Brewing Company, LLC (SDNY chapter 11 trustee and chapter 7 trustee, restaurant and brewery), Louis Frey Company, Inc. (SDNY chapter 7 trustee, national reprographics), Third Toro LLP (SDNY chapter 7, trustee food production), Dallek, Inc. (SDNY chapter 11 trustee, furniture retailer), and scores of other companies.  Mr. Geron has also represented other panel and non-panel bankruptcy trustees in New York and other jurisdictions.

Mr. Geron serves as attorney for private clients in bankruptcy matters, including debtors, creditors, and defendants. He has significant experience in complex wind-downs and liquidations and in the investigation and recovery of estate claims through litigation (and when appropriate mediation), including claims against prior management, insiders, creditors, and third parties.



Mr. Geron also serves as a court-approved mediator in the bankruptcy courts for the Southern and Eastern Districts of New York.

While in law school, Mr. Geron interned for a bankruptcy judge in the Southern District of New York and at a law firm. In 1988, he graduated from Hofstra University School of Law and became associated with Salomon Green & Ostrow, P.C., a bankruptcy boutique law firm in New York City. In 1992, Mr. Geron decided to start his own law practice, Geron & Associates, which grew significantly until 2005, when Mr. Geron merged his firm with Fox Rothchild LLC, a national full service law firm, to serve as the first partner in Fox's New York office with a charge of growing that office. In addition to continuing his active law practice, Mr. Geron served as the Office Managing Partner of Fox's New York office for several years and he was then elected as an at-large member of the firm's national executive management committee for several years. Under Mr. Geron's leadership, Fox's New York office grew to more than sixty lawyers by the time of his departure from the firm. In 2015, Mr. Geron decided to return to his roots in boutique bankruptcy and insolvency law, first joining a small corporate law firm and then, in 2021, forming Geron Legal Advisors LLC as a high-end boutique law firm focusing on corporate bankruptcies and bankruptcy related litigations, corporate dissolutions, and fiduciary representations in bankruptcy and insolvency matters.