YANN GERON, Chapter 7 Trustee
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,                         Case No. 24-11029-REL
                                                     Chapter 11

                    Debtor.

**TRUSTEE'S APPLICATION TO RETAIN GERON LEGAL ADVISORS LLC**
**AS HIS GENERAL COUNSEL EFFECTIVE AS OF JUNE 5, 2025**

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case (the "Bankruptcy Case"), as and for his application (the "Application") for entry of an order in the form annexed hereto as Exhibit A, pursuant to 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing him to retain Geron Legal Advisors LLC ("GLA") as his general counsel effective as of June 5, 2025.  In support of this Application, the Trustee submits the declaration of Yann Geron (the "Geron Declaration") attached hereto as Exhibit B, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014, and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Bankruptcy Rules").

## INTRODUCTION

5. On September 16, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") [Docket No. 1].

6. Information regarding the Debtor is set forth in the *Local Bankruptcy Rule 2015 Affirmation* [Docket No. 6].

7. On June 5, 2025, the Court entered an order directing the U.S. Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 282] and the U.S. Trustee appointed Yann Geron as the Trustee [Docket No. 283].

8. As of the date of this Application, no examiner or creditors' committee has been appointed in the Bankruptcy Case.

## RELIEF REQUESTED

9. The Trustee seeks to retain GLA as his general counsel pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 effective as of June 5, 2025, the day on which the Trustee was appointed and GLA began work on this matter at the request of the Trustee.

10. Section 327 (a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other

professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

11. Rule 2014(a) of the Bankruptcy Rules provides, in relevant part:

*Application for an Order of Employment*. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

## RETENTION OF GERON LEGAL ADVISORS LLC

12. The Trustee respectfully submits that he requires general counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

a. advise the Trustee with respect to his rights, powers and duties as trustee of the Debtor's estate in the liquidation of its assets;

b. attend meetings and negotiate with governmental authorities and representatives of creditors and other parties in interest and advise and consult on the conduct of the Bankruptcy Case, including all of the legal and administrative requirements of operating under chapter 11;

c. take all necessary action to protect the Trustee and the Debtor's estate and preserve the Debtor's estate, including objections to claims filed against the estate;

d. prepare on behalf of the Trustee such motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

3

    e. assist the Trustee in analysis and negotiations with any third-party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;

    f. draft plan or disclosure statement to be proposed by the Trustee;

    g. represent the Trustee at all hearings and other proceedings;

    h. assist the Trustee in analysis of matters relating to the legal rights and obligations of the Debtor with respect to various agreements and applicable laws;

    i. review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Trustee as to their propriety;

    j. assist the Trustee in preparing pleadings and applications as may be necessary in furtherance of the Trustee's and the Debtor's estate's interests and objectives;

    k. assist and advise the Trustee regarding communications to governmental authorities and the general creditor body regarding any proposed chapter 11 plan or other significant matters in the Bankruptcy Case;

    l. assist the Trustee with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to Sections 1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Trustee and the Debtor's estate to obtain confirmation of such plan; and

    m. perform such other legal services as may be required and/or deemed to be in the interest of the Trustee in accordance with its powers and duties as set forth in the Bankruptcy Code.

    13. The Trustee has selected GLA because it has extensive experience and knowledge in the fields of debtors' and creditors' rights, general corporate law, debt restructuring, investigations, corporate reorganizations, and litigation. Further, GLA has significant experience in representing trustees, debtors and other interested parties in bankruptcy cases, including cases analogous or relevant to the Debtor's case in many ways. Accordingly, the Trustee believes that GLA is well qualified to represent it as his general counsel in the Bankruptcy Case.

**PROFESSIONAL COMPENSATION**

14. GLA has indicated its willingness to serve as general counsel to the Trustee herein and to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the U.S. Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by GLA. The current hourly rates charged by GLA for its attorneys and paralegal are set forth in the Geron Declaration. GLA will seek compensation payable to GLA on an hourly basis, plus reimbursement of actual and necessary expenses incurred by GLA.

15. GLA intends to work closely with the Trustee and his other professionals to ensure that there is no duplication of services performed or charged to the Debtor's estate. Notably, the Trustee keeps meticulous track of his time devoted to duties as trustee separately from his work as attorney at GLA providing legal services as counsel to the Trustee.

16. GLA has indicated a willingness to act on behalf of the Trustee and to render the necessary professional services as general counsel to the Trustee.

17. To the best of the Trustee's knowledge, GLA has not performed any services for the Debtor and is, therefore, not a creditor of the Debtor's estate. Additionally, GLA does not have any connection with the Debtor, its creditors, the U.S. Trustee or any other party in interest, or its respective attorneys, except to the extent set forth in the Geron Declaration.

18. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Geron Declaration, (i) GLA does not hold or represent any interest adverse to the Trustee or the Debtor's estate, (ii) GLA is a "disinterested person" as that term is defined in Section 101(14) of

5

the Bankruptcy Code, (iii) neither GLA nor its professionals have any connection with the Debtor, its estate or creditors, and (iv) GLA's employment is necessary and in the best interests of the Trustee and the Debtor's estate.

## **NO PRIOR RELIEF**

19. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, in substantially the same form as that annexed hereto as Exhibit A, granting him authority to retain GLA as his general counsel effective as of June 5, 2025, and granting such other and further relief as may be just and proper.

Dated:   New York, New York
         June 16, 2025

*s/ Yann Geron*
Yann Geron, Chapter 11 Trustee of the Estate
Prime Capital Ventures, LLC

GERON LEGAL ADVISORS LLC
*Proposed Attorneys for Yann Geron,*
  *Chapter 11 Trustee*

By:   *s/ Yann Geron*
      Yann Geron
      Jeannette Litos
      Nicole N. Santucci
      370 Lexington Avenue, Suite 1208
      New York, New York 10017
      (646) 560-3224
      ygeron@geronlegaladvisors.com
      jlitos@geronlegaladvisors.com
      nsantucci@geronlegaladvisors.com

6

<u>Exhibit A</u>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,           Case No. 24-11029-REL
                                       Chapter 11

                    Debtor.

**ORDER AUTHORIZING THE RETENTION OF GERON LEGAL**
**ADVISORS LLC AS GENERAL COUNSEL TO THE TRUSTEE**
**EFFECTIVE AS OF JUNE 5, 2025**

Upon the application (the "Application")[1] of Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case, for an order approving his retention of Geron Legal Advisors LLC ("GLA") as his general counsel; and upon the declaration of Yann Geron attached to the Application as Exhibit B (the "Geron Declaration"); and it appearing that GLA represents no interest adverse to the Trustee or the Debtor's estate, that GLA is a disinterested person as that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that the retention of GLA as the Trsutee's general counsel is hereby approved pursuant to section 327(a) of the Bankruptcy Code effective as of June 5, 2025; and it is further

**ORDERED**, that the compensation to be paid to GLA shall be subject to the approval of this Court upon notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by GLA; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Geron Declaration, the terms of this Order shall govern.

###

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re:

PRIME CAPITAL VENTURES, LLC,   Case No. 24-11029-REL
                               Chapter 11

                Debtor.

---

**DECLARATION AND DISCLOSURE STATEMENT OF YANN GERON, ON BEHALF OF GERON LEGAL ADVISORS LLC, PURSUANT TO SECTIONS 327(a), 329 AND 504 OF THE BANKRUPTCY CODE AND RULE 2016(b) OF THE FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE</u>**

YANN GERON makes this declaration pursuant to 28 U.S.C. § 1746 and Bankruptcy Rule 2014, and states:

1. I am fully familiar with the facts stated herein and make this declaration in support of an order authorizing Yann Geron (the "<u>Trustee</u>"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "<u>Debtor</u>"), the above-captioned debtor in the above-referenced chapter 11 case, to retain the law firm of Geron Legal Advisors LLC ("<u>GLA</u>") as his general counsel herein, effective as of June 5, 2025.

2. I am the managing member of GLA, a New York limited liability company, operating as a law firm located at 370 Lexington Avenue, Suite 1208, New York, New York 10017.

3. The Trustee has submitted an application simultaneously herewith stating his desire to retain GLA as his general counsel herein.

4. I have read and am fully familiar with Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Bankruptcy Rules. I am the member at GLA who will be primarily responsible for GLA's representation of the Trustee in this case, and I am fully competent to handle whatever might be expected of the Trustee's general counsel in this matter.

5. GLA has not performed any work on behalf of the Debtor; consequently, GLA is not a creditor of the Debtor or its estate.

6. GLA has not received a retainer, advance or any other property of the Debtor in connection with its representation of the Trustee.

7. In preparing this Declaration, I used a set of procedures developed by GLA to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of this Court regarding the retention of professionals by a trustee. Specially, GLA maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine GLA's connections with the Debtor, its creditors, any other party in interest, and their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that GLA has with potential parties-in-interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

8. Insofar as I have been able to ascertain, GLA is a disinterested party within the meaning of Section 101(14) of the Bankruptcy Code, has no interest adverse to, and no connections to, the Debtor, the Debtor's estate, its creditors or any other party in interest herein or their respective attorneys and accountants with respect to matters for which GLA is to be engaged.[1]

9. GLA has not undertaken and shall not undertake the representation of any other entity in this case while GLA is retained to represent the Trustee.

---

[1] GLA will make every effort to disclose all future connections to any related parties as they become known to GLA. GLA will file additional and supplemental disclosure statements as, and when, GLA becomes aware of any additional connections.

10. GLA has not agreed to share any compensation it may receive with another party or person, other than with the members and associates of GLA.

11. GLA agrees to charge, subject to this Court's approval in accordance with Section 330(a) of the Bankruptcy Code, GLA's standard hourly rates for work of this nature and for this type of matter, plus its customary reimbursements as charged to bankruptcy and non-bankruptcy clients. GLA's current rates for lawyers' time range from $495 to $895 an hour, and GLA's current rate for paralegals is $275. My hourly rate is currently $895. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are set at a level designed to fairly compensate GLA for the work of its attorneys and staff. It is GLA's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express and overnight mail charges, special or hand delivery charges, travel expenses, expenses for "working meals", computerized research, and transcription costs. GLA will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to GLA's other clients. GLA believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. GLA will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

12. Based upon the information available to me, and except as otherwise described herein, GLA holds no interest adverse to the Trustee, the Debtor, its estate or its creditors as to the matters in which it is to be employed. I believe GLA is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code. I know of no reason why GLA cannot act as attorneys for the Trustee.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2025

                                                */s/ Yann Geron*
                                                Yann Geron

4