**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,   Case No. 24-11029-REL
                               Chapter 11

                    Debtor.

**CHAPTER 11 TRUSTEE'S APPLICATION TO RETAIN**
**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
**AS HIS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF JUNE 6, 2025**

TO THE HONORABLE ROBERT E. LITTLEFIELD, JR.,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case (the "Bankruptcy Case"), as and for his application (the "Application") for entry of an order in the form annexed hereto as Exhibit A, pursuant to 11 U.S.C. § 327(e) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing him to retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as his special litigation counsel effective as of June 6, 2025.  In support of this Application, the Trustee submits the declaration of Fred Stevens (the "Stevens Declaration") attached hereto as Exhibit B, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014, and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Bankruptcy Rules").

## INTRODUCTION

5. On September 16, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court" or this "Court") [Docket No. 1].

6. Information regarding the Debtor is set forth in the *Local Bankruptcy Rule 2015 Affirmation* [Docket No. 6].

7. On October 16, 2024, the Court entered an order authorizing the retention of KWJS&S as general counsel to the Debtor [Docket No. 37].

8. On June 5, 2025, the Court entered an order directing the U.S. Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 282] and the U.S. Trustee appointed Yann Geron as the Trustee [Docket No. 283].

9. On June 10, 2025, the Court entered an order approving the appointment of Yann Geron as the Trustee [Docket No. 287].

10. As of the date of this Application, no examiner or creditors' committee has been appointed in the Bankruptcy Case.

## RELIEF REQUESTED

11. The Trustee seeks to retain KWJS&S as his special litigation counsel pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014 effective as of June 6, 2025, the day on which KWJS&S began work on this matter at the request of the Trustee.

12. Section 327(e) of the Bankruptcy Code provides:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

13. Rule 2014(a) of the Bankruptcy Rules provides, in relevant part:

*Application for an Order of Employment*. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

**RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

14. The Trustee respectfully submits that he requires special litigation counsel pursuant to section 327(e) of the Bankruptcy Code to, *inter alia*:

   a. investigate any potential claims and causes of action against various recipients of transfers made by the Debtor, and other parties which may have inappropriately damaged the Debtor and its assets (each a "Claim," collectively, the "Claims"), by review of the Debtor's books and records, and/or any informal or formal discovery device including the issuance of subpoenas under Bankruptcy Rule 2004;

   b. work with the Trustee's general counsel, Geron Legal Advisors LLC, in the investigation and prosecution of any Claims;

   c. analyze any Claims that the Trustee may have against third parties and/or equity

3

      holders, former directors or officers, or other insiders of the Debtor as designated by the Trustee, and advise the Trustee with respect to same;

d. negotiate with the target of any Claims (each a "Target," collectively, the "Targets") in an effort to reach an advantageous settlement;

e. draft complaints seeking recovery of any Claims and if necessary, file those complaints with the Court and commence actions (collectively, "Actions");

f. conduct all discovery related activities in the Actions;

g. represent the Trustee at all hearings and other proceedings in the Actions;

h. conduct a trial of the Action(s) if necessary;

i. prosecute and/or defend any appeal from any final judgment or order entered in the Actions;

j. prosecute the Actions and otherwise take such other actions as directed by the Trustee to protect his and the estate's rights and interests in any Claim(s), Action(s) and Case; and

k. represent the Trustee in any other matter or action as directed where the Trustee believes such matter or action falls under the umbrella of litigation.

15. The Trustee has selected KWJS&S because it has extensive experience and knowledge in the fields of debtors' and creditors' rights, general corporate law, debt restructuring, investigations, corporate reorganizations, and litigation, among others. Further, KWJS&S has significant experience in representing debtors, trustees, and other interested parties in bankruptcy cases, including cases analogous or otherwise relevant to the Debtor's case in many ways. Accordingly, the Trustee believes that KWJS&S is well qualified to represent him as his special litigation counsel in the Bankruptcy Case.

16. Additionally, prior to the appointment of the Trustee, KWJS&S, as counsel to the Debtor, did substantial work in connection with the significant investigation that needs to be undertaken in the Chapter 11 Case, including issuing over forty (40) subpoenas to financial institutions, law firms, and insiders of the Debtor. Accordingly, the Trustee believes that KWJS&S is well qualified to serve as his special litigation counsel in the Chapter 11 Case and the Debtor's

estate would benefit from KWJS&S's institutional knowledge of the Chapter 11 Case.

## PROFESSIONAL COMPENSATION

17.    KWJS&S has indicated its willingness to serve as general counsel to the Trustee herein and to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S. The current hourly rates charged for attorneys and paralegals are set forth in the Stevens Declaration. KWJS&S will seek compensation payable to KWJS&S on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KWJS&S.

18.    KWJS&S intends to work closely with the Trustee and his other professionals to ensure that there is no duplication of services performed or charged to the Debtor's estate.

19.    To the best of the Trustee's knowledge, other than as disclosed in the Stevens Declaration, KWJS&S and its respective attorneys have no connection with and no interests adverse to the Trustee, the Debtor or its estate, the creditors, or any other party in interest herein or their respective attorneys or accountants in matters relating to the Debtor or its estate.

20.    To the best of the Trustee's knowledge and except as otherwise disclosed in the Stevens Declaration, KWJS&S does not hold or represent any interest adverse to the Trustee, the Debtor, its estate or creditors with respect to matters for which it is being retained and KWJS&S's employment is necessary and in the best interests of the Debtor's estate.

21.    The Trustee believes that the retention of KWJS&S is in his best interest, as well as that of the Debtor's estate and its creditors.

## NO PRIOR RELIEF

22. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that an order be entered, substantially in the form annexed as Exhibit A, authorizing him to employ and appoint KWJS&S to represent him as his special litigation counsel, and that he be granted such other and further relief as is just.

Dated: New York, New York
June 11, 2025

/s/ Yann Geron
Yann Geron, Chapter 11 Trustee of the Estate of Prime Capital Ventures, LLC

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: /s/ Fred Stevens
Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
lkiss@klestadt.com

*Proposed Special Litigation Counsel to the Chapter 11 Trustee*

6

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,                    Case No. 24-11029-REL
                                                Chapter 11

                      Debtor.

**ORDER AUTHORIZING THE RETENTION OF KLESTADT WINTERS
JURELLER SOUTHARD & STEVENS, LLP AS SPECIAL LITIGATION
COUNSEL TO THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF JUNE 6, 2025**

Upon the application (the "Application")[1] of Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case (the "Bankruptcy Case"), for an order approving his retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as his special litigation counsel; and upon the declaration of Fred Stevens attached to the Application as Exhibit B (the "Stevens Declaration"); and it appearing that KWJS&S represents no interest

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

adverse to the Trustee or the Debtor's estate, and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that the retention of KWJS&S as the Trustee's special litigation counsel is hereby approved pursuant to section 327(e) of the Bankruptcy Code effective as of June 6, 2025; and it is further

**ORDERED**, that the compensation to be paid to KWJS&S shall be subject to the approval of this Court upon notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Stevens Declaration, the terms of this Order shall govern.

###

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,   Case No. 24-11029-REL
                                Chapter 11

                    Debtor.

### DECLARATION OF FRED STEVENS IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION TO RETAIN KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS HIS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF JUNE 6, 2025

**FRED STEVENS**, declares under penalty of perjury as follows:

1. I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Court for the Northern District of New York. I am a partner at the law firm known as Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"). KWJS&S maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, New York 10036-7203.

2. I am familiar with the matters set forth herein and make this declaration in support of the application of Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case (the "Bankruptcy Case") to employ KWJS&S as his special litigation counsel.

3. Insofar as I have been able to ascertain, KWJS&S does not hold and does not represent any interest adverse to the Trustee, the Debtor, its creditors, professionals or any other party in interest, or any of their respective attorneys or professionals, except as disclosed herein.

4. KWJS&S has not received a retainer, advance or any other property of the Debtor or other person in connection with its representation of the Trustee.

5. KWJS&S maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine KWJS&S's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that KWJS&S has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness. Though it does not rise to the level of conflict, it warrants disclosure that I am a member of the panel of private chapter 7 bankruptcy trustees in the Southern District of New York established by the United States Trustee pursuant to 28 U.S.C. §586(a)(1).

6. In the interest of full disclosure, KWJS&S has represented or currently represents Yann Geron in his capacity as chapter 7 trustee, chapter 11 trustee, wind-down officer, and/or post-confirmation trustee in matters unrelated to this case and may represent Yann Geron in his fiduciary capacity as trustee in future unrelated matters. Specifically, KWJS&S has represented Yann Geron in the following matters:

   a) <u>Past Representation(s)</u>: KWJS&S served as counsel to Yann Geron in his capacity as chapter 7 trustee in:

   i. *In re Daedalus Capital Relative Value Fund I, LLC*, Case No. 05-13790 (SCC) (Bankr. S.D.N.Y. 2005) (special litigation counsel to the trustee); and

   ii. *In re RD Rice Construction, Inc.*, Case No. 16-10898 (SHL) (Bankr. S.D.N.Y. 2016) (general counsel to the trustee);

   iii. *In re Nanobeak Biotech, Inc.*, Case No. 21-11600 (MG) (special litigation counsel to the trustee); and

   b) <u>Current Representation(s)</u>: KWJS&S serves as counsel to Yann Geron as an independent fiduciary in the following cases:

   i. *In re Sillerman*, Case No. 17-13633 (LGB) (general counsel to the chapter 7

      trustee);

    ii. *In re Eight-115 Associates LLC*, Case No. 20-11812 (MG) (general counsel to the chapter 7 trustee);

    iii. *In re All In Jets, LLC d/b/a JetReady*, Case No. 20-11831 (MEW) (special litigation counsel to post-confirmation liquidating trustee);

    iv. *Savile Opportunity Fund, LP* (general counsel to wind-up officer in out-of-court liquidation);

    v. *In re Jar 259 Food Corp.*, Case No. 22-40304 (JMM) (special litigation counsel to chapter 7 trustee); and

    vi. *In re Townhouse 308W78 LLC,* Case No. 22-10514 (DSJ) (general counsel to chapter 7 trustee).

KWJS&S does not believe that any of these prior relationships result in a conflict of interest with respect to its proposed engagement by the Trustee, or reason that KWJS&S cannot represent the Trustee and the interests of the Debtor's estate.

    7.    KWJS&S did serve as general counsel to the Debtor from September 16, 2024, to the Trustee's appointment. To date, KWJS&S has not applied for or received any award of fees or reimbursement of expenses on account of its representation of the Debtor and has accrued fees and expenses of approximately $762,526.00 and $13,134.58, respectively. KWJS&S fully reserves its right to file an application for the payment of fees and reimbursement of expenses on account of its representation of the Debtor in the future.

    8.    In addition, KWJS&S partner Fred Stevens was proposed to be a receiver in the matter of *ER Tennessee LLC v. Prime Capital Ventures LLC, et al.*, Index No. 650231/2024 (N.Y. Sup. Ct., NY Cty.), but was never actually appointed and the matter was deemed closed without relief or appointment of any receiver due to the Debtor's prior bankruptcy filing.

    9.    KWJS&S does not believe that any of these prior relationships result in a conflict of interest with respect to its proposed engagement by the Trustee, or reason that KWJS&S cannot

3

represent the Trustee and the interests of the Debtor's estate.

10. Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. Currently, partners of the firm bill from $750 to $995 per hour; associates of the firm bill from $495 to $595 per hour; and the firm's paralegals bill at $275 per hour. My current hourly rate is $875 per hour. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are expected to increase on January 1, 2026. KWJS&S shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with Section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

11. The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate KWJS&S for its work, the work of its associates and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses. KWJS&S's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

12. This declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). KWJS&S intends to apply to this Court for compensation for professional services rendered

4

in connection with this case. KWJS&S has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. KWJS&S does not have, nor will it agree to have, an agreement with any other entity to share with such entity any compensation KWJS&S receives.

    I declare under penalty of perjury that the foregoing is true and correct on this the 11th day of June, 2025.

                                */s/ Fred Stevens*
                                Fred Stevens