**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,   Case No. 24-11029-REL
                                Chapter 11

                    Debtor.

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AND FED. R. BANKR. P. 2002 AND 6004 (I) AUTHORIZING AND APPROVING (A) PUBLIC AUCTION SALE OF ESTATE'S VEHICLES FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, AND (B) THE FORM, MANNER AND EXTENT OF NOTICE OF THE PUBLIC AUCTION SALE, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[1] of Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), for entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004 (i) authorizing and approving (a) the public auction sale of the Vehicles free and clear of all liens, claims, and encumbrances (collectively, the "Liens") to the successful bidders at the Auction Sale, and (b) the form, manner and extent of notice of the Auction Sale; and (ii) granting related relief; and upon the record of the hearing held on the Application and this Court having determined that the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and other parties-in-interest;

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

and it appearing that adequate and appropriate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause,

**THE COURT HEREBY FINDS THAT**:

A. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Trustee has articulated good and sufficient business reasons for the Court to grant the relief requested in the Application, including this Court's approval of the Auction Sale of the Vehicles.

C. The Trustee has established one or more of the grounds under Bankruptcy Code section 363(f) for the proposed sales to be free and clear of all Liens to the successful bidders at the Auction Sale, with the same to attach to the proceeds thereof pursuant to 11 U.S.C. § 363.

D. Good and sufficient notice of the Application has been given, and no additional or further notice is required.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Pursuant to Bankruptcy Code Section 363(b)(1), the Trustee, through its proposed auctioneer, Saratoga Automobile Museum a/k/a Saratoga Motorcar Auction ("SAM"), is authorized to proceed with the Auction Sale of the Vehicles.

2. The Notice of Sale that was served by the Trustee in connection with the Application shall constitute good and sufficient notice of the Auction Sale of the Vehicles to be conducted by SAM. No other or further notice of the Auction Sale of the Vehicles shall be required.

3. The Sale Terms shall govern the Auction Sale of the Vehicles, provided, however, that the Trustee may, in the exercise of his business judgment, modify non-material Sale Terms as may be reasonably necessary to effectuate the Auction Sale of the Vehicles.

4. The Vehicles shall be sold: (a) "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such Vehicles; and (b) free and clear of all Liens, with such Liens, if any, to attach to the net proceeds of Auction Sale from the encumbered Vehicles.

5. That the Trustee is authorized to pay the secured claim of Denali State Bank and Woodside Credit, LLC (collectively, the "Secured Creditor") against the 2020 Lamborghini Aventador in the principal amount of $392,068.57, plus accrued interest, costs and fees, pursuant to a stipulation between the Trustee and the Secured Creditor, dated August ___ 2025, which is annexed hereto as Exhibit 1.

6. Upon transfer of titles to the Vehicles, the successful bidders at the Auction Sale shall be entitled to the protections of Section 363(m) of the Bankruptcy Code.

7. The Trustee is authorized to execute such documentation as maybe reasonably requested to convey the estate's interest in the Vehicles, including by limited power of attorney the transfer of title on the Vehicles not held in the name of the Debor.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.

9. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

###

# Exhibit 1 to Sale Order

Stipulation between the Trustee and the Secured Creditor, dated August ___ 2025, fixing Secured Creditor's claim and authorizing trustee to pay claim from proceeds of sale – **to be provided prior to the Hearing**.