**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re:

PRIME CAPITAL VENTURES, LLC,                    Case No. 24-11029-REL
                                                Chapter 11

                        Debtor.

---

**DECLARATION OF MEGAN A. HENNESSEY IN SUPPORT OF TRUSTEE'S
APPLICATION TO RETAIN SARATOGA AUTOMOBILE MUSEUM
AS AUCTIONEER TO MARKET AND SELL ESTATE VEHICLES**

MEGAN A. HENNESSEY makes this declaration pursuant to 28 U.S.C. § 1746 and Bankruptcy Rule 2014, and states:

1. I am fully familiar with the facts stated herein and make this declaration in support of the Application (the "Application")[1] of Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), the above-captioned debtor in the above-referenced chapter 11 case, to retain the Saratoga Automobile Museum a/k/a Saratoga Motorcar Auction ("SAM") as auctioneer to market and sell the Vehicles.

2. I am the Executive Director of SAM with offices located at 110 Avenue of the Pines, Saratoga Springs, New York.

3. Insofar as I have been able to ascertain, SAM does not hold and does not represent any interest adverse to the Trustee, the Debtor, its creditors, or any other party in interest herein, or any of their respective attorneys or professionals, except as disclosed herein.

4. SAM has not received a retainer, advance, or any other property of the Debtor or other person in connection with its representation of the Trustee.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

5. To the best of my knowledge, after due inquiry, SAM:

   (a) is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code");

   (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

   (c) does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker, or for any other reason.

Accordingly, I believe SAM is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

6. SAM has agreed to accept the following compensation in exchange for its agreement and efforts to market and sell the Vehicles: buyer's premium of 10%[2], plus reimbursement of actual and necessary expenses, with payment to be automatically deducted from the auction sale proceeds. While SAM traditionally also charges a 10% seller's commission, SAM has agreed to waive this commission which would otherwise be payable by the Debtor's estate.

7. SAM maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine SAM's connections with the Trustee, the Debtor, its creditors, any other party in interest herein, any of their respective attorneys or professionals, the United States Trustee, or any person employed by the Office of the United States Trustee. In addition, I have reviewed the relationships that SAM may have with potential parties in interest to determine if any such relationship may give rise to an actual or potential conflict in interest or otherwise affect its distinerestedness. Insofar as I have been able to ascertain, SAM does not represent any interest

---

[2] SAM utilizes Proxibid's platform for online bidding. In the event the successful bidder is an online bidder, the buyer's premium is increased to 13% (10% to SAM and 3% to Proxibid).

2

adverse to the Trustee, the Debtor, its creditors, or any other party in interest herein, or any of their respective attorneys or professionals. Accordingly, I believe SAM is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

8. Subject to the Court's approval, at the Trustee's expense, SAM will secure an auctioneer's bond in favor of the United States of America, in the amount of $2 million, issued by a surety company approved by the Department of Treasury. The bond will be filed electronically on the case docket prior to the Auction.

9. SAM is willing to serve as the Trustee's auctioneer and to receive compensation subject to the approval of this Court and compliance with section 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for the professional services to be rendered by SAM.

10. SAM has not received any promises relating to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. SAM does not have, nor will it agree to have, an agreement with any other entity to share with such entity any compensation that SAM receives.

11. Neither SAM, nor any of its officers, directors, stockholders, agents, or employees, will purchase directly or indirectly, or have a financial interest in, the Vehicles which SAM is being employed to sell.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on August 6, 2025

*/s/ Megan A. Hennessey*
Megan A. Hennessey

4