UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

PRIME CAPITAL VENTURES, LLC,

                          Debtor.

Case No. 24-11029-REL
Chapter 11

---

## LIMITED OBJETION AND RESERVATION OF RIGHTS OF DENALI STATE BANK AND WOODSIDE CREDIT, LLC TO THE APPLICATION AUTHORIZING AND APPROVING THE SALE OF DEBTOR'S VEHICLES AT PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Denali State Bank ("Denali") and Woodside Credit, LLC ("Woodside") (Denali and Woodside, collective "Secured Creditor"), by and through their undersigned counsel, Harris Beach Murtha Cullina PLLC, submit this limited objection and reservation of rights ("Limited Objection") to the *Application for an Order Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004(I) Authorizing and Approving (A) Public Auction Sale of the Debtor's Vehicles Free and Clear of All Liens, Claims, and Encumbrances to the Successful Bidders at the Auction Sale, and (B) the Form, Manner and Extent of Notice of the Public Auction Sale; and (II) Granting Related Relief* (the "Sale Motion") [Dkt. No. 317], and in support thereof respectfully states as follows:

### BACKGROUND

**A. Purchase of the 2020 Lamborghini Aventador**

1. On or about April 10, 2020, Kris Daniel Roglieri ("Roglieri") financed the purchase of a 2020 Lamborghini Aventador with VIN ZHWUM6ZD9LLA09436 (the "Vehicle") from

Lamborghini Paramus ("Seller") with Woodside pursuant to a Promissory Note and Security Agreement (the "Contract"). A copy of the Contract is attached hereto as **Exhibit A**.

2. Pursuant to the Contract, Roglieri financed the sum of $473,363.76 of the purchase price of the Vehicle at an interest rate of 6.50%. The Contract provides that the Debtor shall make one hundred and eighty (180) monthly payments in the amount of $4,134.52 beginning on May 25, 2020.

3. The Contract also provides that Roglieri grants Woodside a security interest in the Vehicle. *See* Exh. A, "Security Interest." Furthermore, Roglieri agreed to not permit the Vehicle to be seized in any legal proceeding. *See Id.*, "Use of Vehicle".

4. The Contract specifically gives Woodside the right to assign the Contract with such terms of the Contract to be binding on Roglieri to the benefit of Woodside and any successors and assigns. *See Id.*, "Other Terms."

5. Pursuant to the Contract, Roglieri is in default under the Contract by, *inter alia*, (a) failing to make timely payment, (b) failing to keep his promises or fulfill his obligations under the Agreement, (c) becoming insolvent or filing a petition in bankruptcy, or (d) using the Vehicle in a manner that is prohibited by the Agreement. *See Id.*, "Default."

6. Upon default, Woodside and/or its assigns, may (a) declare that all that is owed become immediately due and payable, (b) file suit for the unpaid sums owed under the Contract, (c) take immediate possession of the Vehicle, and (d) exercise any other legal or equitable remedy. *See Id.*, "Remedies."

7. On or about April 13, 2020, funds were wired directly from Woodside to Seller for the purchase of the Vehicle. A redacted copy of the wire transfer is attached hereto as **Exhibit B**.

2

8. On or before July 24, 2020, Woodside filed a validly perfected purchase money security interest in the Vehicle (the "Lien"). A copy of the Notice of Recorded Lien from the New York State Department of Motor Vehicles on the title of the Vehicle is attached hereto as **Exhibit C**.

**B. The Assignment of the Contact**

9. On or about April 14, 2020, Woodside assigned its interest and obligations in the Contract and Lien to Denali (the "Assignment") pursuant to the terms and conditions of the Master Loan Purchase and Sale Agreement between Denali and Woodside (the "Master Loan Agreement"). A redacted copy of the Assignment is attached hereto as **Exhibit D**. A copy of the Master Loan Agreement, without exhibits, is attached hereto as **Exhibit E**.

10. Additionally, on or about January 7, 2019, Woodside and Denali entered into a Master Power of Attorney whereby Denali is appointed the true and lawful attorney for Woodside with full power of substitution to: (a) execute in the name of Woodside any financing statements, insurance policies, assignments, instruments, documents, and statements that Woodside is obligated to give Denali under the Master Loan Agreement; and (b) to do such other further acts and deeds, in the name of Woodside that Denali may deem necessary or desirable to enforce any lien or perfect Denali's security interest or lien in any collateral purchased by Denali under the Master Loan Agreement. A copy of the Master Power of Attorney is attached hereto as **Exhibit F**.

11. As of July 28, 2025, Roglieri owed the Secured Creditor the sum of $444,921.58 under the Contract. A copy of the loan information payoff as of July 28, 2025 is attached hereto as **Exhibit G**.

### C. The Bankruptcy Case

12. September 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Court").

13. On January 28, 2025, the Court approved a stipulation [Dkt. No. 134] between the Debtor, the Chapter 7 trustee of the related bankruptcy estate of Kris Daniel Roglieri (the "Roglieri Trustee"), and counsel to the Secured Creditor which recognized and allowed the Secured Creditor's lien against the Vehicle, as evidenced by the recordation and acknowledge of the lien with the New York State Department of Motor Vehicles on the Vehicle's title.

14. On January 29, 2025, the Court approved a stipulation [Dkt. No. 136] between the Debtor, the Roglieri Trustee, and the United States of America pursuant to which the Vehicle, among others, were deemed property of the Debtor's bankruptcy estate:

15. Pursuant to the Motion, the Trustee is seeking authority to sell certain vehicles free and clear of all liens, claims and encumbrances, including the Secured Creditor's Vehicle.

16. On August 14, 2024, the Trustee filed a stipulation and order ("Stipulation") [Dkt. No. 335] entered into between the Trustee and the Secured Creditor authorizing Trustee to pay the Secured Creditor an estimated amount of $444,921.58 (plus additional accrued interest and legal fees) from the proceeds of any sale of the Vehicle within five (5) business days of the Trustee's receipt of the sale proceeds of the Vehicles. The Secured Creditor agreed to provide the Trustee with a Release of Lien within ten (10) business days of the Secured Creditor's receipt of payment of its claim. The Stipulation is subject to Court approval.

## ARGUMENT AND RESERVATION OF RIGHTS

17. The Secured Creditor does not object to the Sale Motion so long as the terms of the Stipulation are approved by the Court. The Secured Creditor's only potential objection to the Sale Motion is to the extent the Vehicle will be sold free and clear of the Secured Creditor's Lien without the Secured Creditor being paid the amount of its claim (including post-petition interest and attorneys' fees).

18. The Secured Creditor is in first position to be paid from any sale proceeds of the Vehicle (to the extent the Secured Creditor consents to any sale). and the Motion does not specifically address Secured Creditor's claims and/or interests in the Vehicle. Accordingly, any Order granting the Motion must provide that the Secured Creditor is to be paid *first*, *in full*, from any sale proceeds of the Vehicle.

19. As referenced above, in this case the Secured Creditor has a validly perfected Lien in the Vehicle and is owed $444,921.58 as of July 28, 2025.

20. Nothing herein shall be considered a waiver of any rights or claims that the Secured Creditor might have against the Debtor or Roglieri under the Contract, the Bankruptcy Code or applicable law. The Secured Creditor reserves the right to amend and/or supplement this Limited Objection and/or join in any other statements and/or objections related to the relief requested by the Debtor in the Sale Motion. The Secured Creditor also reserves its rights to assert any legal right, title, or interest in the Vehicle, as well as any potential defenses, in any forfeiture proceeding or proceeding before this Bankruptcy Court in relation to the Vehicle.

## CONCLUSION

21.   For the reasons set forth above, the Secured Creditor respectfully requests that the terms of any Order granting the Sale Motion should reflect the terms set forth in the Stipulation that were agreed to by the Trustee and the Secured Creditor.

Dated: August 19, 2025                                                  Respectfully submitted,

/s/ *Brian D. Roy*
Brian D. Roy, Esq.
HARRIS BEACH MURTHA
333 W. Washington Street, Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Email:  broy@harrisbeach.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2025, I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing.

/s/ *Brian D. Roy*
Brian D. Roy