So Ordered.

Signed this 3 day of September, 2025.



_____
Robert E. Littlefield, Jr.
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,   Case No. 24-11029-REL
                                Chapter 11

                    Debtor.

**ORDER AUTHORIZING THE TRUSTEE'S RETENTION SARATOGA AUTOMOBILE MUSEUM AS AUCTIONEER TO MARKET AND SELL ESTATE VEHICLES**

Upon the application (the "Application")[1] of Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Prime Capital Ventures, LLC (the "Debtor"), for entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the retention of Saratoga Automobile Museum a/k/a Saratoga Motorcar Auction ("SAM") as auctioneer to market and sell the Vehicles; and upon the terms and conditions contained in the Consignment Contract, which is annexed to the Application as Exhibit B; and upon the declaration of Megan A. Hennessey, Executive Director of SAM, which is annexed to the Application as Exhibit C (the "Hennessey Declaration"); and it appearing that SAM represents no interest adverse

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

to the Trustee, the Debtor, its estate or creditors, that SAM is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. §§ 327(a) and 328 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Trustee be and he hereby is authorized and empowered to employ and retain SAM as his auctioneers herein on the terms and conditions set forth in the Application, the Consignment Contract, and the Hennessey Declaration; and it is further

**ORDERED**, that SAM shall be entitled to a buyer's premium of 10%[2], plus reimbursement of actual and necessary expenses, with payment to be automatically deducted from the auction sale proceeds[3]; and it is further

**ORDERED**, that upon completion of the auction, SAM shall file with the Court a report summarizing the results of the auction and detailing the commissions and expenses paid to SAM in accordance with this Order. The report shall be served only on the Trustee, the United States Trustee, all parties who have filed notices of appearance, and any other interested party who specifically requests a copy. Upon the filing of the report, SAM shall be entitled to deduct its commissions and expenses from the sale proceeds and the net sale proceeds from the auction shall be paid to "Yann Geron, as Chapter 11 Trustee of the Estate of Prime Capital Ventures, LLC"; provided however, that all commissions and reimbursement of expenses paid to SAM shall be subject to the filing of a final fee application by SAM and award by this Court pursuant to 11 U.S.C. §§ 330 and 331 and the Bankruptcy Rules. To the extent commissions and/or expenses

---

[2] SAM utilizes Proxibid's platform for online bidding. In the event the successful bidder is an online bidder, the buyer's premium is increased to 13% (10% to SAM and 3% to Proxibid).

[3] While SAM traditionally also charges a 10% seller's commission, SAM has agreed to waive this commission which would otherwise be payable by the Debtor's estate.

previously paid to SAM are not approved by this Court, SAM will return such funds to the Trustee; and it is further

**ORDERED**, that the Trustee is authorized to pay the $20,000 auctioneer bond premium from the funds currently in the Debtor's estate; and it is further

**ORDERED**, that the Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, the Consignment Contract, and the Hennessey Declaration, the terms of this Order shall govern.

###