**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re:                                              :
                                                    :         Chapter 11
PRIME CAPITAL VENTURES, LLC                         :
                                                    :         Case No. 24-11029-PGR
                              Debtor.               :
----------------------------------------------------------x

**TRUSTEE'S MOTION TO APPROVE THE LATE FILING OF**
**BRIGHTSMITH TULSA LLP'S PROOF OF CLAIM NUNC PRO TUNC TO**
**THE BAR DATE PURSUANT TO RULES 3003(c) AND 9006(b) OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO THE HONORABLE PATRICK G. RADEL,**
**UNITED STATES BANKRUPTCY JUDGE:**

Yann Geron, as Chapter 11 trustee (the "Trustee") of Prime Capital Ventures, LLC, the

above-captioned debtor (the "Debtor"), by and through his special litigation counsel, Klestadt

Winters Jureller Southard & Stevens, LLP, hereby submits this motion (the "Motion") seeking the

entry of an order, pursuant to Rules 3003(c) and 9006(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), deeming as timely filed Brightsmith Tulsa LLP's

("Brightsmith") proof of claim ("Proof of Claim" or "Claim 31," a copy of which is attached hereto

as **Exhibit A**) against the Debtor.  The Parties have entered into a Stipulation and Order Allowing

Late Claim Filed by Brightsmith (the "Stipulation"), a copy of which is attached hereto as **Exhibit**

**B**.  In support of the Motion, the Trustee respectfully submits as follows:

**JURISDICTION AND VENUE**

1.        This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.

2.        Venue is proper pursuant to 28 U.S.C. §§ 1408 et seq. This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), and Rule 81.1 of the Local Rules for the United States District

Court for the Northern District of New York referring matters arising under Title 11 of the United States Code (the "Bankruptcy Code") to the Bankruptcy Court (Jan. 1, 2024).

3.      The statutory predicates for the relief requested herein are sections 105, 502, and 1111(a) of the Bankruptcy Code and Rules 3003 and 9006(b) of the Bankruptcy Rules.

**BACKGROUND**

4.      On September 16, 2024 (the "Petition Date"), Christian H. Dribusch, the Chapter 7 trustee (the "Roglieri Trustee") of Kris Daniel Roglieri ("Roglieri"), filed a voluntary petition for relief for the Debtor under chapter 11 of the Bankruptcy Code in the Bankruptcy Court commencing Case No. 24-11029 (REL) (the "Bankruptcy Case"). *See In re Prime Capital Ventures, LLC*, Case No. 24-11029 (Bankr. N.D.N.Y.), Dkt. No. 1.   On the Petition Date, the Debtor was under the control of the Roglieri Trustee as the party in possession and control of all equity interests in the Debtor, who was acting as the manager of the Debtor.

5.      The address listed on Schedule E/F for Brightsmith was:

> 1821 N. Collins Avenue
> Okmulgee, OK 74447

*Id*.

6.      The above-referenced address was not a valid service address for mailings to Brightsmith.

7.      On September 26, 2024, the Bankruptcy Court entered an *Amended Order Fixing Deadlines To File Proofs Of Claim*, setting the deadline for non-governmental units to file proofs of claim or interest as December 16, 2024, pursuant to Bankruptcy Rule 3003(c)(3) (the "Bar Date") [Dkt. No. 29].

8.      On March 28, 2025, Brightsmith filed a proof of claim, which was assigned Claim No. 31 ("Claim 31").  A copy of the Claim 31 is attached hereto as **Exhibit A**.

9.      On June 5, 2025, the Court entered an order directing the U.S. Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 282] and the U.S. Trustee appointed Yann Geron as the Trustee [Docket No. 283].

10.      On June 10, 2025, the Court entered an order approving the appointment of Yann Geron as the Trustee [Docket No. 287].

11.      On December 24, 2025, the Trustee and Brightsmith entered into the Stipulation acknowledging that the Debtor sent mailings to Brightsmith at an invalid service address and requesting the Bankruptcy Court's approval of the Parties' Stipulation allowing Claim 31 to be deemed a timely filed claim. *See* Exhibit B.

12.      By this Motion, the Trustee respectfully requests that the Stipulation be approved by the Court by "So Ordering" the Stipulation, which deems Claim 31 timely filed *nunc pro tunc* to the Bar Date.

**RELIEF REQUESTED**

13.      Bankruptcy Rules 3003(c) and 9006(b) govern extensions of time for Chapter 11 bankruptcies. Rule 3003(c)(3) provides, in relevant part, "[t]he court must set the time to file a proof of claim or interest and may, for cause, extend the time. If the time has expired, the proof of claim or interest may be filed to the extent and under the conditions stated in Rule 3002 . . . (c)(7)." FED. R. BANKR. P. 3003(c)(3). Bankruptcy Rule 3002(c)(7), in turn, provides that a motion for an extension of time "may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim." FED. R. BANKR. P. 3002(c)(7).

14.      Bankruptcy Rule 9006(b) also applies to Rule 3003(c)(3) because Rule 9006(b) cross-references Rule 3002(c). Rule 9006(b)(3) provides, in pertinent part, that "[t]he court may

extend the time to . . . act under Rule[] 3002(c) . . . but only as permitted by th[is] rule . . . ." FED. R. BANKR. P. 9006(b)(3).

15.　"Creditors in a bankruptcy proceeding are entitled to adequate notice of a claims deadline." *In re Peabody Energy Corp.*, 579 B.R. 208, 215 (Bankr. E.D. Mo. 2017). "A creditor who does not receive proper notice of the claims deadline is not bound by it." *Id.* (citing *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S. Ct. 299, 97 L. Ed. 333 (1953)).

16.　"[U]nder either Rule 3003(c) or Rule 3002(c)([7]), insufficient notice may constitute cause to extend the bar date." *In re Tw Automation*, No. 23-21184-RDB, 2024 Bankr. LEXIS 1743 at *2 n.8 (Bankr. D. Ky. 2024) (granting creditor's motion to file a late proof of claim in a Chapter 11 bankruptcy case where notice was insufficient to give the creditor a reasonable time to file a proof of claim).

17.　Notably, use of an invalid service address to send mailings to a known creditor fails to provide notice to creditors as required by the Bankruptcy Rules. *See In re Mitrano*, No. 6:24-bk-02053-TPG, 2024 Bankr. LEXIS 2494 (Bankr. M.D. Fla. 2024) (granting creditor's motion to allow untimely proof of claim in Chapter 13 bankruptcy case where debtor conceded he supplied an inaccurate or incomplete address for the creditor on his schedules).

18.　Here, the Trustee acknowledges that the Debtor was not using a valid service address for mailings to Brightsmith. *See* Exhibit B. As such, Brightsmith's late filing of Claim 31 was plainly the result of insufficient notice because it never received notice of the commencement of the bankruptcy proceeding or the Bar Date. *See* FED. R. BANKR. P. 3003(c)(3) (citing FED. R. BANKR. P. 3002(c)(7)).

19.　As a result, the Court should deem Claim 31 timely filed *nunc pro tunc* to the Bar Date.

**NOTICE**

20.    The Trustee will provide notice of this Motion and the hearing thereon to (i) Brightsmith, (ii) Office of the United States Trustee, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002.

**NO PRIOR RELIEF**

21.    Except as specifically stated, no previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the relief requested herein be granted, that the Court approve the Stipulation by "So Ordering" it and entering it on the Court's docket, and that the Court grant such other and further relief as is just and proper.

Dated:    New York, New York
          December 29, 2025

                                   **KLESTADT WINTERS JURELLER**
                                   **SOUTHARD & STEVENS, LLP**


                            By:    /s/ Lauren C. Kiss
                                   Fred Stevens
                                   Lauren C. Kiss
                                   Kevin Collins
                                   200 West 41st Street, 17th Floor
                                   New York, New York 10036
                                   Tel: (212) 972-3000
                                   Fax: (212) 972-2245
                                   Email: fstevens@klestadt.com
                                          lkiss@klestadt.com
                                          kcollins@klestadt.com

                                   *Special Litigation Counsel to Yann Geron,*
                                   *   Chapter 11 Trustee of Prine Capital*
                                   *   Ventures, LLC*

5