So Ordered.

Signed this 4 day of March, 2026.



_____
Patrick G. Radel
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                    :
                                                         :     Chapter 11
PRIME CAPITAL VENTURES, LLC,                             :
                                                         :     Case No. 24-11029 (PGR)
                                        Debtor.          :
------------------------------------------------------------x

**STIPULATION SETTLING ALL CLAIMS AND
CONTROVERSIES BETWEEN TRUSTEE AND COMPASS-
CHARLOTTE 1031, LLC**

This stipulation (the "Stipulation") is made and entered into by and between (I) Yann Geron (the "Trustee"), the Chapter 11 bankruptcy trustee of Prime Capital Ventures, LLC, the above-captioned debtor ("Prime" or the "Debtor"), and (II) Compass-Charlotte 1031, LLC ("Compass-Charlotte," and together with the Trustee, the "Parties" or each a "Party"), as follows:

**RECITALS**

A.     From in or around December 14, 2021, to December 2023, Prime was controlled by its principal, Kris Roglieri ("Roglieri"), and billed itself as "a fund specifically designed to

provide capital for large development, commercial development and commercial real estate transactions from $50 million to more than $1 million".

B.  Prime advertised that it offered non-recourse lines of credit with rates at 4 to 6% with interest-only payments but would require borrowers to provide 20% cash upfront based on the total project cost to be placed in an interest credit account (each an "ICA Deposit"). Prime told prospective borrowers that their ICA Deposits would be held as prepaid interest throughout the term of the loan.

C.  On April 24, 2023, Compass-Charlotte (as borrower) entered into a Development Line of Credit with Prime (as purported lender), whereby Prime was to make a loan to Compass-Charlotte in the principal amount of $79,511,250 (the "Compass/Prime Agreement").

D.  On April 27, 2023, Compass-Charlotte remitted $15,902,250 to Prime on account of the ICA Deposit required by the Compass/Prime Agreement (the "Compass-Charlotte ICA Deposit"). At the time of entering into this Stipulation, no portion of the Compass-Charlotte ICA Deposit has been returned to or recovered by Compass-Charlotte.

E.  On December 19, 2023, Compass-Charlotte, 526 Murfreesboro, LLC and Newlight Technologies, Inc. (collectively, the "Petitioning Creditors") filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Prime in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court"), which case is pending under Case No. 23-11302 (PGR) ("Case 1"). The standing of certain Petitioning Creditors to commence the involuntary case against Prime was aggressively contested by Prime while under Roglieri's control.

F.  On January 8, 2024, after discovering that Prime, while under Roglieri's control, made multiple misstatements and misrepresentations to the Bankruptcy Court and recognizing that

the Bankruptcy Court lacked jurisdiction over certain non-debtor entities that were believed to be holding certain of the ICA Deposits, the Petitioning Creditors filed a motion to dismiss Case 1 in order to pursue recovery of their deposits in a different forum. On January 9, 2024, the Bankruptcy Court granted the Petitioning Creditors' motion and dismissed Case 1 without prejudice, and retained jurisdiction over all unresolved matters, including the Debtor's claim for damages against the Petitioning Creditors pursuant to section 303(i) of the Bankruptcy Code ("303(i) Damages Claim"). Case 1 remains open to this day for purposes of determining whether Prime is entitled to any 303(i) Damages Claim.

G. Following dismissal of Case 1, on January 12, 2024, Compass-Charlotte filed a complaint (the "District Court Complaint") with the United States District Court for the Northern District of New York (the "District Court") against (i) Berone Capital Fund, LP, (ii) Berone Capital Partners LLC, (iii) Berone Capital LLC, (iv) Berone Capital Equity Fund I, LP, and (v) 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (collectively, the "Berone Entities")[1] and (vi) Prime (and together with the Berone Entities, the "District Court Defendants") asserting claims for breach of contract and fraud in the inducement against Prime, and claims for conversion and unfair and deceptive trade practice against all the District Court Defendants, which was assigned Case No. 24-cv-00055 (the "Receivership Action"). Paul A. Levine was appointed to serve as Prime's receiver (the "Receiver") in the Receivership Action. The Receivership Action is currently pending but stayed and inactive.

H. During the course of the Receivership Action, Compass-Charlotte, by and through its counsel, issued numerous subpoenas to third-parties including financial institutions, vendees,

---

[1] During Case 1, Compass-Charlotte learned of a purported Joint Venture Agreement between Prime and the Berone Entities, pursuant to which the Berone Entities would assist Prime in obtaining the funds for the proposed lines of credit. Prime also asserted in Case 1 that the Berone Entities held millions of dollars in a bank account on behalf of Prime. For these reasons, Compass-Charlotte included the Berone Entities in the Receivership Action.

3

and the Berone Entities, among others with knowledge and information related to Prime's financial affairs, and collected significant important and valuable information in the process. Compass-Charlottee has provided all of the documents and information collected in that process to Prime, the Trustee, and the Receiver, together with information which Compass-Charlotte separately obtained from interviews and discussions with other creditors and its own investigations.

I. On February 15, 2024, Roglieri filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code with the Bankruptcy Court under Case No. 24-10157 (the "Roglieri Bankruptcy Case"). On May 15, 2024, the Bankruptcy Court entered an order converting the Roglieri Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code. Also on May 15, 2024, the U.S. Trustee appointed Christian H. Dribusch as interim trustee for the Roglieri bankruptcy estate (the "Former Roglieri Trustee").

J. On May 14, 2024, the Receiver filed a Chapter 11 bankruptcy petition for Prime with the Bankruptcy Court, under Case No. 24-10531 (REL) ("Case 2"). On July 23, 2024, the Bankruptcy Court issued a Memorandum Decision and Order wherein the Bankruptcy Court dismissed Case 2 finding that the Receiver did not have the authority to file Case 2 on behalf of Prime.

K. On September 16, 2024, the Former Roglieri Trustee, in his capacity as the authorized agent for Prime, filed a voluntary bankruptcy petition on behalf of Prime for relief under Chapter 11 of the Bankruptcy Code commencing the above-captioned case ("Case 3").

L. On September 30, 2024, Compass-Charlotte filed a proof of claim against Prime's bankruptcy estate asserting a general, unsecured claim in the amount of $53,853,962.61, on account of the Compass-Charlottee ICA Deposit, due diligence deposit, and interest thereon in the amount of $17,951,320.87, plus $35,902,641.74 representing a trebling of the actual damages to

which Compass-Charlotte claims to be entitled pursuant to 18 U.S.C. § 1964 and N.C. Gen. Stat. 75-16 [Claim 2-1], together with attorneys' fees in an undetermined amount (the "Compass-Charlotte GUC Claim").

M.  In the Compass-Charlotte GUC Claim, Compass-Charlotte also asserted and reserved all rights with respective to "an administrative expense claim pursuant to 11 USC 105 and 503(b) for the costs and expenses it has incurred which have made a substantial contribution to this case . . . ."

N.  On June 10, 2025, the Bankruptcy Court entered an order approving the U.S. Trustee's appointment of the Trustee on June 5, 2025, and consequently, since June 5, 2025, the Trustee has been in control of Prime's bankruptcy estate and is the sole representative of Prime.

O.  In addition to the Compass-Charlotte GUC Claim, Compass-Charlotte asserts a claim for no less than $804,111.36 on account of its payments for the services of four law firms, Crowell & Moring LLP, Hinkley, Allen & Snyder LLP, Nolan Heller Kauffman LLP, and Parker Poe, in connection with prosecuting Case 1 and the Receivership Action and the alleged substantial contribution and benefits such efforts bestowed upon Prime's bankruptcy estate (the "Compass-Charlotte 503(b) Claim").  Compass-Charlotte has provided all billing statements in connection with the Compass-Charlotte 503(b) Claim to the Trustee.

P.  Compass-Charlotte also believes that it may have valid claims against (i) various financial institutions where Prime was a customer, and (ii) legal, accounting, or other professional firms that advised Prime, in connection with Compass-Charlotte's loss for aiding and abetting Prime's fraud, among potentially other things (collectively, "Compass-Charlotte Third-Party Claims").

5

Q. The Parties have had extensive discussions regarding, among other things, the allowability of the Compass-Charlotte Claim and the Compass-Charlottee 503(b) Claim, and the Trustee's potential entitlement to a 303(i) Damages Claim.

R. Following good faith negotiations, the Parties are willing to resolve these and other matters as set forth herein on the following terms:

**STIPULATION**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. <u>Incorporation of Recitals</u>. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2. <u>Bankruptcy Court Approval Required</u>. This Stipulation is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by the Bankruptcy Court or the entry of an Order approving this Stipulation in its entirety in Case 3 (an "<u>Approval Order</u>"). The Trustee will seek the entry of the Approval Order in Case 3 within ten (10) business days following all Parties' execution of this Stipulation.

3. <u>Conditions Precedent</u>. The effective date of this Stipulation will be the 15th day following entry of the Approval Order provided no party has filed a notice of appeal from, or motion for reconsideration or other relief from, the Approval Order (the "<u>Effective Date</u>").

4. <u>Reduction and Allowance of the Compass-Charlotte 503(b) Claim</u>. The Compass-Charlotte 503(b) Claim shall be reduced and allowed in the amount of $650,000.00 as an administrative, priority claim. Compass-Charlotte waives its right to payment of its allowed Compass-Charlotte 503(b) Claim on the effective date of any plan of liquidation confirmed in

Prime's case, provided, however, that all other allowed priority, administrative claims shall be paid in the same proportion(s) and at the same time(s) as the Compass-Charlotte 503(b) Claim.

5. <u>Reduction and Allowance of the Compass-Charlotte GUC Claim</u>. The Compass-Charlotte GUC Claim shall be reduced and allowed in the amount of $18,105,432.23 as a general, unsecured claim. This reduction in the amount of the Compass-Charlotte GUC Claim is specifically contingent upon no other creditor in Prime's bankruptcy being allowed a claim amount which includes double, treble, punitive or similar damages in excess of compensatory damages ("<u>Exemplary Damages</u>"). To the extent any other creditor in the Prime bankruptcy case is allowed Exemplary Damages, then the allowed Compass-Charlotte GUC Claim shall be increased to allow for Exemplary Damages as requested in the filed proof of claim. This provision is required to ensure that all victim creditors are treated equitably.

6. <u>Payments on All Compass-Charlotte Claims</u>. All payments on account of the Compass-Charlotte GUC Claim or Compass-Charlotte 503(b) Claim shall be made by check made payable to "Compass-Charlotte 1031, LLC" and sent to Parker Poe, Attn: William L. Esser IV, 620 South Tryon Street, Suite 800, Charlotte, NC 28202.

7. <u>Waiver of 303(i) Damages Claim</u>. The Trustee, on behalf of Prime's bankruptcy estate, hereby waives, releases, and discharges any entitlement to a 303(i) Damages Claim against Compass-Charlotte.

8. <u>Assignment of Third-Party Claims</u>. Provided that the pending Chapter 11 bankruptcy plan filed by the Trustee is confirmed by the Court, Compass-Charlotte does hereby irrevocably assign, give over, transfer, and convey, to the Trustee and bankruptcy estate, any and all Compass-Charlotte Third-Party Claims including claims, demands, causes of action, class in action, and other obligations of any type or description, whether known or unknown, liquidated or

unliquidated, asserted or unasserted, whether arising in tort, contract or other basis or theory, which Compass-Charlotte has or may have that are related to Prime's conduct of its business, and Compass-Charlotte's claim against Prime's or Roglieri's bankruptcy estates. Such Compass-Charlotte Third-Party Claims include, but may not be limited to: (i) any claims against Prime's former attorneys, accountants, auditors, or other professionals, in connection with aiding and abetting any breach of fiduciary duty owed by Roglieri or other principals (collectively, "Prime Management") to Prime or Prime's creditors, fraud, aiding and abetting fraud on the part of Prime and/or Prime Management, or otherwise; (ii) any claims against banks or any other financial institutions used by Prime and Prime Management, or that are involved in transactions with Prime, in connection with aiding and abetting any breach of fiduciary duty owed by Prime Management to Prime and its creditors, fraud, aiding and abetting fraud on the part of Prime and Prime Management, unjust enrichment, aiding and abetting conversion by Prime and Prime Management, or otherwise; and (iii) any other claims against third parties related to Prime's and Prime Management's wrongdoing that if pursued by Prime or its bankruptcy estate may be subject to the defense of *in pari delicto* or the Wagoner Rule (collectively, the "Assigned Claims"). The assignment of the Assigned Claims is made without warranty or representation of any kind other than that undersigned represents that the Assigned Claims have not previously been assigned or conveyed to any other persons. This assignment entitles Compass-Charlotte to participate in the distribution of any recoveries on account of Assigned Claims, net of professional fees and other costs of the recovery, on account of the Compass-Charlotte GUC Claim. The estate's distribution of any recovery on account of the Assigned Claims, net of all costs and fees related to such recovery plus any costs of the estate associated with administering the funds, in any plan of liquidation or otherwise, shall be limited to creditors of Prime's bankruptcy estate that: (i) are

similarly situated to Compass-Charlotte in that their claims relate solely to an unreturned ICA Deposit; and (ii) execute a substantially identical assignment of third-party claims to Prime's bankruptcy estate. In the event that the Trustee proposes, or the Bankruptcy Court approves, any use of the net proceeds of the Assigned Claims that violates these conditions, then Compass-Charlotte's assignment of the Assigned Claims shall be deemed null and void and the Assigned Claims shall be revested in Compass-Charlotte.

For the avoidance of doubt, the Assigned Claims do <u>not</u> include Compass-Charlotte's claims against Roglieri's bankruptcy estate[2], or any victims' fund established by the government in connection with the criminal prosecution of Prime Management.[3]

9. <u>Release of Claims by the Trustee and the Debtor's Estate.</u> Upon the Effective Date, the Trustee on behalf of himself and on behalf of Prime, and Prime's estate, shall be deemed to have waived, set aside, discharged, settled, compromised and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have, against Compass-Charlotte, except for any rights and benefits set forth in this Stipulation.

10. <u>Release of Claims by Compass-Charlotte.</u> Upon the Effective Date, Compass-Charlotte shall be deemed to have waived, set aside, discharged, settled, compromised and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies it has, had or may have, against the Trustee, Prime, and Prime's bankruptcy estate, except for the rights and benefits set forth in this Stipulation. This release by Compass-Charlotte of the

---

[2] *See In re Kris Daniel Roglieri*, Chapter 7 Case No. 24-10157 (PGR) (Bankr. N.D.N.Y. Feb. 15, 2024).
[3] *See:* (i) *United States of America v. Kris Roglieri*, Case No. 24-cr-261 (N.D.N.Y. May 28, 2024); (ii) *United States of America v. One 2003 Ferrari Enzo AB Version E., et al.*, Case No. 24-cv-1345 (N.D.N.Y. Oct. 22, 2024); (iii) *United States of America v. Christopher Snyder*, Case No. 25-cr-195 (N.D.N.Y. May 16, 2025); and (iv) *United States of America v. Kimberly Humphrey*, Case No. 25-cr-238 (N.D.N.Y. June 10, 2025).

Trustee, Prime and Prime's bankruptcy estate shall have no affect upon the Assigned Claims or serve as a defense or release for any party under the Assigned Claims. All rights in connection with the Assigned Claims are specifically preserved by the Parties.

11. <u>Dismissal of Case 1</u>. Case 1 shall be dismissed. Upon the Effective Date, the Trustee shall submit the proposed order annexed hereto as <u>Exhibit A</u> to the Bankruptcy Court in Case 1 for the Court's consideration and approval.

12. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a Party via electronic transmission shall be deemed an original signature hereto.

13. <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

14. <u>No Waiver</u>. No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

15. <u>Entire Agreement/No Oral Modification</u>. The Parties represent that this Stipulation constitutes the entire agreement among them and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

16. <u>No Admissions</u>. No Party shall be deemed to have admitted to any wrongdoing, to any of the allegations set forth in any pleadings filed by the other Parties, or to having any liability to any other Parties, solely by virtue of having entered into this Stipulation.

17. <u>Severability.</u>  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

18. <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he or she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he or she so signs.  The undersigned counsel each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

19. <u>Costs</u>.  Each Party to this Stipulation shall bear its own attorneys' fees and costs.

[*Signature page follows*]

**Signature Page**

| | |
|---|---|
| Dated: Greenville, North Carolina<br>January 21, 2026 | Dated: New York, New York<br>January 21, 2026 |

**COMPASS-CHARLOTTE 1031, LLC**

By: *Tom Taft*

Name: Tom Taft

Title:

**YANN GERON, AS CHAPTER 11 TRUSTEE OF PRIME CAPITAL VENTURES, LLC**

By: *Yann Geron*

Yann Geron, solely in his capacity as Chapter 11 Trustee on behalf of the Trustee, and Prime Capital Ventures, LLC and its bankruptcy estate

Dated: Charlotte, North Carolina
January 21, 2026

Dated: New York, New York
January 21, 2026

**PARKER, POE, ADAMS & BERNSTEIN LLP**

By: *Will Esser*

William L. Esser IV
620 Soth Tryon Street, Suite 800
Charlotte, North Carolina 28202
Tel: (704) 372-9000
Email: willesser@parkerpoe.com

*Counsel to Compass-Charlotte 1031, LLC*

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: *Fred Stevens*

Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: fstevens@klestadt.com
　　　 lkiss@klestadt.com

*Special Litigation Counsel to Yann Geron, Chapter 11 Trustee of Prime Capital Ventures, LLC*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 7
PRIME CAPITAL VENTURES, LLC,                                   :
                                                               :    Case No. 23-11302 (PGR)
                           Debtor.                             :
----------------------------------------------------------------x

## ORDER DISMISSING CHAPTER 7 CASE

Upon the involuntary petition filed by creditors Compass-Charlotte 1031, LLC, 526 Murfreesboro, LLC, and Newlight Technologies, Inc. (collectively, the "Petitioning Creditors") commencing the above-captioned Case No. 23-11302 (the "Chapter 7 Case") against debtor Prime Capital Ventures, LLC (the "Debtor") [23-11302 Dkt. No. 1]; and upon the Petitioners' motion to dismiss the Chapter 7 Case [23-11302 Dkt. No. 74]; and upon the Court's orders dismissing the Chapter 7 Case and clarifying outstanding issues [23-11302 Dkt. No. 87 and 133]; and upon the Bankruptcy Court's approval of a certain stipulation of settlement between Yann Geron, as Chapter 11 Trustee of Prime Capital Ventures, LLC (the "Trustee"), and Compass-Charlotte in the Debtor's

Exhibit A-1

Chapter 11 case filed in the Bankruptcy Court under Case No. 24-11029 providing for, among other things, the Trustee's waiver of any damages claims under 11 U.S.C. § 303(i) against the Petitioning Creditors and the dismissal of the above-captioned case; and upon all prior proceedings in the Chapter 7 case; and for good and sufficient cause, it is hereby

**ORDERED**, that this Chapter 7 Case is hereby fully and finally dismissed with all pending motions and contested matters within this Chapter 7 Case being deemed dismissed or withdrawn; and it is further

**ORDERED**, that the Clerk of this Court is hereby directed to issue a final decree in the Chapter 7 Case and indicate on the Court's docket that the Chapter 7 Case is closed; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###

Exhibit A-2