GERON LEGAL ADVISORS LLC
Yann Geron, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

*Attorneys for Yann Geron, Plan Administrator*

**Hearing Date: April 16, 2026**
**At: 10:00 a.m. (ET)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                        Case No.: 24-10157-1-pgr

KRIS DANIEL ROGLIERI,                                        Chapter 7

           Debtor.
--------------------------------------------------------X
In re:                                                                        Case No.: 24-11029-1-pgr

PRIME CAPITAL VENTURES, LLC,                        Chapter 11 (Plan Confirmed)

           Debtor.
--------------------------------------------------------X

**SUPPLEMENTAL SUBMISSION OF PLAN ADMINISTRATOR OF PRIME CAPITAL
VENTURES, LLC REGARDING JOINT MOTION SEEKING, AMONG OTHER
THINGS, (i) APPROVAL OF THE SALE OF THE RICHARD MILLE WATCH,
AND (ii) APPROVAL OF THE DIVISION OF THE NET SALE PROCEEDS**

     1.     On March 23, 2026, the Roglieri Successor Trustee[1] and the Prime Administrator filed a joint motion seeking, among other things, (i) approval of the sale of the RM Skull Watch, and (ii) approval of the division of the net sale proceeds between the Debtors' estates (the "Motion"). This supplemental submission is being made by the Prime Administrator upon consultation with the Oversight Committee (the "OC") that was formed pursuant to the confirmed plan of liquidation (the "Plan") [DE 401] in the Prime bankruptcy case.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

2.      On June 5, 2025, Yann Geron was appointed as chapter 11 trustee of Prime's bankruptcy estate [DE 285].  This appointment was approved on June 10, 2025 [DE 287]. One of the Prime trustee's initial responsibilities was to liquidate the Debtor's tangible assets, including the RM Skull Watch. In approximately July 2025, the Prime trustee started interviewing prospective auction houses that specialize in the sale of collector quality watches.

3.      In September 2025, the Prime trustee started discussions with the Roglieri Successor Trustee concerning the sale of the RM Skull Watch based on a recognition that the Roglieri Successor Trustee claimed that the Roglieri estate holds at least partial ownership of the RM Skull Watch.  After many months of negotiations, in November 2025, the Trustees reached an agreement which was memorialized in the recently filed Motion to sell the RM Skull Watch.  The agreement involved the joint sale of the RM Skull Watch through Phillips, and a 50/50 split of the net sale proceeds between the Roglieri and Prime estates.  At the time that the Prime trustee reached this agreement with the Roglieri Successor Trustee, he was acting as the Prime trustee and believed it to be in the best interests of creditors.

4.      On February 11, 2026, after the Trustees reached their agreement regarding the RM Skull Watch, this Court confirmed the Plan [DE 401].  The Plan became effective on February 26, 2026, at which time the Prime trustee became the Plan Administrator under the Plan [DE 407].  Notably, Article 5 of the confirmed Plan and the Plan Administrator Agreement provide for the appointment of the OC which has independent standing to review and approve the main activities of the Prime Administrator.  The OC is comprised of the largest creditors in the Prime chapter 11 case who are also the largest creditors in the Roglieri chapter 7 case.

5.       The OC did not exist at the time of the Prime trustee's initial agreement with the Roglieri Successor Trustee which forms the basis for the Motion to sell the RM Skull Watch.  The

OC was constituted on the effective date of the Plan but had not convened a meeting before the Motion was served and filed.  The Prime trustee's role was terminated on the effective date of the Plan.  The role of the post-confirmation Prime Administrator is separate and distinct from his prior role as Prime trustee.  As Prime Administrator, Mr. Geron must consult with, and answer to, the OC.  Any compromise or settlement of claims or assets belonging to the Prime post-confirmation estate must be approved by the OC, or in the event the OC does not approve the proposed compromise or settlement, by this Court.

6.     On April 2, 2026, the Prime Administrator held his first meeting with the OC.  At that meeting, the OC advised that, while it supports the part of the Motion which seeks to retain Phillips to sell the RM Skull Watch, it currently opposes the inter-estate agreement to split the net sale proceeds 50/50.  The OC instructed the Prime Administrator to ask the Roglieri Successor Trustee to defer Court consideration of that part of the Motion which seeks to split the net sale proceeds between the Debtors' estates.  The OC explained that it cannot realistically evaluate the proposed inter-estate distribution until it has a full understanding of the market value of the RM Skull Watch. This can only be determined, and analyzed by the OC, after the auction sale occurs and the market value of the RM Skull Watch is known.

7.     The Roglieri Successor Trustee advised the Prime Administrator that, given the prior agreement, she is unable to accommodate the OC's request to defer that part of the Motion which seeks approval of the division of the net sale proceeds among the Debtors' estate. Therefore, the OC has advised the Prime Administrator that it intends to file a limited objection to the Motion.

8.     As noted, the Prime Administrator is required by the Plan and Plan Administrator Agreement to consult with and, to the extent reasonable, follow the directions of the OC. Since the OC has articulated a justified reason for requesting that sale of the RM Skull Watch proceed, but

3

that consideration of the inter-estate division of the net sale proceeds be deferred pending the results of the auction, the Plan Administrator was compelled to file this supplemental statement so that this Court is fully informed as to relevant underlying circumstance which may impact the relief sought by the Motion.

Dated:   New York, New York
          April 9, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Plan Administrator*

By:   */s/ Yann Geron*
       Yann Geron
       370 Lexington Avenue, Suite 1208
       New York, New York 10017
       (646) 560-3224
       ygeron@geronlegaladvisors.com

4