YANN GERON, FORMER CHAPTER 11
TRUSTEE
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                    Chapter 11

PRIME CAPITAL VENTURES, LLC,               Case No. 24-11029-PGR

                            Debtor.

--------------------------------------------------------x

## FORMER CHAPTER 11 TRUSTEE'S FINAL REPORT

Yann Geron, former chapter 11 trustee (the "Trustee") of the estate of Prime Capital

Ventures, LLC (the "Debtor"), the above-captioned debtor, respectfully submits this final

report reflecting estate receipts and disbursements during his tenure as Trustee for the

period June 10, 2025, through February 26, 2026 (the "Period").

### Background

1.      On September 16, 2024 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Northern District of New York (the "Court") [DE 1]

2.      Information regarding the Debtor is set forth in the *Local Bankruptcy Rule*

*2015 Affirmation* [DE 6].

3.      On June 5, 2025, the Court entered an order directing the United States

Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [DE 282],

and the United States Trustee appointed Yann Geron as the Trustee [DE 283].

4.     On June 10, 2025, the Court entered an order approving the appointment of Yann Geron as the Trustee [DE 287].

5.     No examiner or creditors' committee was appointed in the Debtor's chapter 11 case.

6.     On December 16, 2025, the Trustee filed his Plan and accompanying Disclosure Statement [DE 365]. On December 22, 2026, the Trustee filed his Amended Plan (the "Plan") and Disclosure Statement [DE 369].

7.     The Plan was the result of the Trustee's efforts to propose a fair and equitable resolution of the financial and legal issues presented in the chapter 11 case and allow for the continued investigation into, and likely prosecution of, estate claims.

8.     No objections were filed to confirmation of the Plan, and the Court confirmed the Plan by order entered on February 11, 2026 [DE 401].

9.     The effective date of the Plan was February 26, 2026 (the "Effective Date").

10.    The Trustee briefly served as Plan Administrator from February 26, 2026, through April 22, 2026, when a successor Plan Administrator was appointed.

11.    This report is being submitted pursuant to Chapter 7.D.3. of the United States Trustee Chapter 11 Handbook, which requires trustees to file a final report and final accounting of the administration of the estate.

**Estate Cash Activity**

12.    During my tenure as trustee, estate receipts for the Period totaled $4,151,049.79, and estate disbursements totaled $1,297,621.82.

13. Estate receipts generally consisted of the turnover of funds from the Debtor, proceeds from the sale of the Debtor's automobiles, and interest earned. These receipts are further detailed on Form 2, which is attached as Exhibit A.

14. Estate disbursements generally consisted of post-petition electronic records storage fees, bond fees, United States Trustee quarterly fees, and payment to creditors pursuant to Court orders. These disbursements are further detailed on Form2, which is annexed as Exhibit A.

15. My role as Trustee ended upon the Effective Date of the Plan. At that time, the estate account had a balance of $2,630,734.82. This amount was promptly turned over to the successor Plan Administrator.

## Assets Remaining

16. On the Effective Date, estate assets were as follows: (i) funds totaling $2,630,734.83, (ii) interest in a Richard Mille Skull Tourbillon watch, (ii) potential interest in 2021 Mercedes GLS, (iv) potential interest in 2021 Audi RS7, (v) potential interest in unused retainer, and (vii) estate claims and causes of action. These assets have been turned over to, and are under the control of, the successor Plan Administrator to be administered in accordance with the terms of the Plan and Plan Administrator Agreement.

## Pending Matters

17. Pursuant to the terms of the Plan, the successor Plan Administrator is responsible for: (i) liquidating remaining assets, (ii) reviewing and objecting to claims filed against the Debtor's estate, (iii) analyzing and pursuing estate claims, and (iv) distributing Plan funds to allowed creditors pursuant to the terms of the Plan.

3

## Notice

18.    Notice of this Final Report has been served by email upon the successor Plan Administrator, the United States Trustee, and all parties requesting notice by ECF. The Trustees respectfully submit that such notice complies with Bankruptcy Rule 2002 and the United States Trustee Chapter 11 Handbook, and is otherwise reasonable and appropriate, and that no other or further notice is required or necessary.

*WHEREFORE*, the Trustee respectfully requests that this Final Report be approved, that he be discharged as Trustee, that his Trustee bond be released, and for such other and further relief as is deemed proper.

Dated:    New York, New York
July 7, 2026

*/s/ Yann Geron*

Yann Geron, Chapter 11 Trustee of the Estate of
Prime Capital Ventures, LLC
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
Telephone: (646) 560-3224
ygeron@geronlegaladvisors.com