So Ordered.

Signed this 8 day of July, 2026.



_____

Patrick G. Radel
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,

Debtor.

Case No. 24-11029-PGR
Chapter 11

**ORDER (I) AUTHORIZING PLAN ADMINISTRATOR TO MAKE FORENSIC
IMAGES OF CERTAIN ELECTRONIC DEVICES OWNED, USED OR
CONTROLLED BY DEBTOR'S PRINCIPALS, KRIS ROGLIERI AND KIMBERLY
HUMPHREY, (II) DIRECTING THE PRINCIPALS AND THEIR PROFESSIONALS IN
POSSESSION OF THOSE ELECTRONIC DEVICES OR IMAGES THEREOF TO
COOPERATE WITH THE PLAN ADMINISTRATOR, AND (III) ESTABLISHING
PROCEDURES FOR THE PLAN ADMINISTRATOR'S USE OF THE IMAGES**

Upon consideration of the motion (the "Motion") of Fred Stevens (the "Plan

Administrator"), in his capacity as the Plan Administrator for Prime Capital Ventures, LLC, the

above-captioned debtor ("Prime Capital," or the "Debtor"), for entry of an order (i) authorizing

the Plan Administrator to make forensic images ("Images") of certain electronic devices ("EDs")

owned, used or controlled by the Debtor's principals, Kris Roglieri ("Roglieri") and Kimberly

Humphrey ("Humphrey," and collectively with Rogieri, the "Principals"), (ii) directing the Principals and their professionals or others in possession of those EDs or images thereof to cooperate with the Plan Administrator, and (iii) establishing procedures for the Plan Administrator's use of the Images, respectfully represents, and a hearing having been held before the Court on July 8, 2026 to consider the Motion (the "Hearing"); and upon a record of the Hearing which is incorporated herein by reference:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    Production of EDs and Making Images. Upon entry into this Order, each of the Principals and their counsel including, but not necessarily limited to, the Federal Public Defender for the Northern District of New York, 54 State Street, Suite 310, Albany, New York 12207, Attn: Jeremy B. Sporn, Assistant Federal Public Defender ("Roglieri Counsel"), and Capezza Hill, LLP, 30 South Pearl Street – Suite P-110, Albany, New York, Attn: Thomas A. Capezza and Alexandra Von Stackelberg ("Humphrey Counsel"), shall make any EDs or images used to transact business of Prime Capital which shall include, but not be limited to, the images of the Principals' EDs taken and provided by the United States Attorney in connection with the criminal prosecution of the Principals, available for inspection and copying and permit Maragell Corporate Investigations ("Maragell"), with offices at 2 Coleman Ave., Suite 201, Cherry Hill, New Jersey, 08034, to create bit-by-bit forensic images and/or such other true and correct copies as needed of the EDs, at the sole cost and expense of the Debtor's estate.  Maragell shall make a duplicate copy of each image made and retained (an "Image" or collectively, the "Images") and provide one copy to Roglieri or Humphrey as the case may be and retain the other in Maragell's offices.

3.    Procedures for the Use of Images: The Plan Administrator's use of Images shall be

2

strictly limited in accordance with this Order, and Maragell may not grant the Plan Administrator or his counsel access to the Images or content thereof except as specifically provided for in the order.  The Plan Administrator may request Maragell to:

a) Perform appropriate tests to determine whether any documents or other information regarding the business of the Debtor or its financial affairs have been deleted, manipulated, damaged, or there has been any spoliation of electronic evidence.  If Maragell determines that any such spoliation has occurred, the Plan Administrator may request that Maragell produce a report regarding such spoliation, and testify as an expert at any appropriate hearing or trial with respect to such report and opinion;

b) Search the Images for documents, communications, or other electronic files that contain specific relevant search terms, or are contained in files designated for the storage of data or documents related to any business or financial affairs of the Debtor. Once Maragell completes the search or searches, it shall produce a copy of all responsive documents and files in electronic form to Roglieri or Humphrey as the case may be, or their respective counsel, as designated by a secure electronic transfer or through a secure portal.  Delivery will be deemed to have occurred upon Maragell sending an email to the party informing them of the transmission.  Unless the Plan Administrator and Maragell are informed otherwise in writing by recipient, (i) Roglieri's email address for purposes of this Order shall be c/o his counsel at Jeremy_Sporn@fd.org, and (ii) Humphrey's email address for purposes of this Order shall be c/o her counsel at Tom@capezzahill.com and allee@capezzahill.com.   The recipient Principal shall then have fourteen (14) days to review and inspect those documents and files and determine if any should be appropriately withheld from the Plan Administrator, and shall provide Maragell with a list of those documents that must be withheld.  Any documents and files not timely designated by the recipient shall be turned over to the Plan Administrator by Maragell.  The receiving Principal shall produce a log with respect to any documents designated to be withheld within seven (7) days of the designation, which shall contain:  (a) the size of the document withheld; (b) the identity of the author and his/her position; (c) the identity of the recipient and his/or position; (d) the nature of the communication or document; and (e) the privilege claimed or other basis for withholding.  If the recipient Principal fails to timely provide a log containing the required disclosures, then Maragell shall turn over the designated documents for which no proper log was timely produced to the Plan Administrator; and

c) Provide such other reports regarding the Images as may be appropriate to provide the Plan Administrator with information relevant to the Debtor's case concerning how the EDs were used and whether any other electronic devices or electronically stored pieces of information have not been produced by the Principals that may also contain relevant data, provided however, the reports/information provided to the Plan Administrator shall not contain any confidential or privileged information of the type contemplated in the preamble to this paragraph or otherwise designated in subparagraph (b) above.

4.      <u>Immediate Search</u>.  As soon after making the Images as is practicable, Maragell shall run the searches using the terms designated on <u>Exhibit 1</u> hereto, the use of which shall be subject to protocol established in Paragraph 3.

5.      <u>Rights Regarding Inadvertent Production</u>. The Plan Administrator may seek a ruling from this Court with respect to the propriety of any designation of any documents to be withheld.  The Principals have the right to claim a privilege and clawback any document subject to a privilege which was inadvertently turned over to the Plan Administrator.

6.      <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order, including, without limitation, for purposes of enforcing the terms and conditions of this Order.

###