**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,                   Case No. 24-11029 (PGR)
                                               Chapter 11

                         Debtor.

### PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE DEADLINE TO FILE OBJECTIONS TO CLAIMS

**TO THE HONORABLE PATRICK G. RADEL,**
**UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens (the "Plan Administrator"), in his capacity as the Plan Administrator for

Prime Capital Ventures, LLC, the above-captioned debtor ("Prime Capital," or the "Debtor"), by

and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his motion

(the "Motion") for entry of an order extending the deadline for the Plan Administrator to file

objections to Claims[1] (the "Claims Objection Deadline") through and including February 22, 2027.

In support of this Motion, the Plan Administrator respectfully states as follows:

#### JURISDICTION

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

#### BACKGROUND

2.      On September 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

Northern District of New York (the "Bankruptcy Court") [Docket No. 1].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan (as defined herein).

3. Information regarding the Debtor is set forth in the *Local Bankruptcy Rule 2015 Affirmation* [Docket No. 6].

4. On September 26, 2024, the Bankruptcy Court entered the *Amended Order Fixing Deadlines to File Proofs of Claim* (the "Bar Date Order") [Docket No. 29]. The Bar Date Order fixed December 16, 2024 as the deadline by which all claims which arose prior to September 16, 2024, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a deadline of March 17, 2025 with respect to governmental entities.

5. On June 5, 2025, the Court entered an order directing the U.S. Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 282], and the U.S. Trustee appointed Yann Geron as the Trustee [Docket No. 283].

6. On June 10, 2025, the Court entered an order approving the appointment of Yann Geron as the Trustee [Docket No. 287].

7. On February 11, 2026, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Pursuant to 11 U.S.C. § 1125 Approving Adequacy of Disclosure Statement for Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, as Modified, and (II) Pursuant to 11 U.S.C. § 1129 and Fed. R. Bankr. P. 3020 Confirming Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 401].

8. On February 26, 2026, the conditions precedent to the Effective Date set forth in section 7.2 of the Plan were satisfied or waived, and the Trustee certified that the Effective Date had occurred [Docket No. 407].

9. On April 22, 2026, pursuant to Section 5.1 of the Plan Administrator Agreement, Yann Geron, in his capacity as Plan Administrator, resigned.

10. On April 22, 2026, pursuant to Section 2.3 of the Plan Administrator Agreement, the Oversight Committee appointed Fred Stevens, as successor Plan Administrator, effective immediately as of April 22, 2026 and Fred Stevens agreed to serve as successor Plan Administrator.

11. Pursuant to the Plan and Confirmation Order, the Plan Administrator has the sole authority to dispute, object to, compromise or otherwise resolve all Claims in the Debtor's case.

12. Section 9.15(b) of the Plan provides that, subject to further extension by the Court, the Plan Administrator may object to the allowance of Claims against the Debtor up to one hundred eighty (180) days after the Effective Date, or August 25, 2026.

## REQUESTED RELIEF

13. By this Motion, the Plan Administrator requests the entry of an order, substantially in the form annexed hereto as Exhibit A, extending the Claims Objection Deadline through and including February 22, 2027 (*i.e.*, approximately 180 days from the current deadline), without prejudice to the Plan Administrator's ability to seek further extensions.

## BASIS FOR RELIEF

14. The Court has the express authority to extend the Claims Objection Deadline. *See* Plan, § 9.15(b) ("all objections to Claims shall be filed and served no later than one hundred eighty (180) days after the Effective Date, provided that the Plan Administrator may request (and the Bankruptcy Court may grant) one or more extensions of time by filing a motion with the Bankruptcy Court."). Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline. FED R. BANKR. P. 9006(b)(1).

15.     The authority to extend the Claims Objection Deadline is consistent with the Court's broad authority under section 105(a) of the Bankruptcy Court, which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

16.     To date, thirty-one (31) Claims have been filed against the Debtor's estate.  Since the Effective Date, the Plan Administrator and his professionals have carefully reviewed the Claims filed in this case.  While the process of reviewing and reconciling the Claims is underway, additional time is needed to continue analyzing all of the Claims to determine whether or not an objection is appropriate or warranted.  Extending the Claims Objection Deadline will provide the Plan Administrator adequate time to conduct this review and reconciliation in an efficient manner and to object to those Claims that are factually and legally unsupportable and that will also result in a net benefit to remaining unsecured claims.

17.     In addition, the Plan Administrator believes that certain of the objectionable claims can ultimately be consensually resolved, particularly if the Plan Administrator is afforded additional time.  Consensual resolution of outstanding claims will conserve judicial resources, minimize burdens on the Court that would necessarily accompany unnecessary claims litigation, and minimize related expenses that otherwise would be incurred by the Plan Administrator.  The Plan Administrator therefore believes that an extension of the Claims Objection Deadline is in the best interest of all parties in interest.

18.     For the foregoing reasons, the Plan Administrator requests an extension of the Claims Objection Deadline through and including February 22, 2027, without prejudice to the Plan Administrator's ability to seek further extensions.

**NOTICE**

19.     Notice of this Motion will be given to (i) the United States Trustee for the Northern District of New York; and (ii) all parties who have entered an appearance in this case pursuant to Bankruptcy Rule 2002.

**NO PRIOR REQUEST**

20.     No previous motion for the relief sought herein has been made to this or any other Court.  This is the first request for an extension of this nature.

[*Continued on Next Page*]

5

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, extending the Claims Objection Deadline through and including February 22, 2027, and for such other and further relief as the Court deems just and proper.

Dated:   New York, New York
        July 10, 2026

<div style="margin-left:40%">

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**


By:   */s/ Lauren C. Kiss*
      Fred Stevens
      Lauren C. Kiss
      Kevin Collins
      200 West 41st St., 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com
             lkiss@klestadt.com
             kcollins@klestadt.com

*Counsel to the Plan Administrator*

</div>