Docusign Envelope ID: F0917C47-385B-8112-8172-CD6BF9210C59



So Ordered.

Signed this 14 day of September, 2026.

Patrick G. Radel
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| | Chapter 11 |
| PRIME CAPITAL VENTURES, LLC, | |
| | Case No. 24-11029 (PGR) |
| Debtor. | |

**STIPULATION AND ORDER EXTENDING PLAN ADMINISTRATOR'S TIME TO ASSERT CLAIMS AND CAUSES OF ACTION AGAINST CARUSO HOME BUILDERS, LLC, ET AL.**

This stipulation (the "Stipulation") is made and entered into by and between (I) Fred Stevens (the "Plan Administrator"), in his capacity as the Plan Administrator for Prime Capital Ventures, LLC, the above-captioned debtor ("Prime Capital" or the "Debtor"), and (II) (A) Caruso Home Builders, LLC ("Caruso"), (B) Sage Estates Malta, LLC ("Sage"), and (C) Anthony V. Caruso ("Anthony," and with Caruso and Sage, each a "Potential Defendant" and collectively, the "Potential Defendants", and together with the Plan Administrator, the "Parties" or each a "Party"), as follows:

Docusign Envelope ID: F0917C47-385B-8112-8172-CD6BF9210C59


## RECITALS

A. On September 16, 2024 (the "Petition Date"), Prime Capital filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court").

B. Pursuant to the terms of that certain *Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 369-1][1] confirmed by Order of the Bankruptcy Court dated February 11, 2026 [Docket No. 401], the Plan Administrator and his predecessor were appointed and granted the standing, power, and authority to assert claims and causes of action of Prime Capital and its Bankruptcy Estate.

C. The Plan Administrator intends to assert certain claims against the Potential Defendants, including but not limited to claims and causes of action that exist under Chapter 5 of the Bankruptcy Code and common law claims for unjust enrichment (collectively, the "Plan Administrator Claims"). The Plan Administrator Claims shall include, but not be limited to, any and all claims and causes of action arising out of or relating to the Transfers as defined in that certain draft complaint (the "Draft Complaint") transmitted to counsel, whether or not specifically described in the draft complaint.

D. The deadline under section 546(a) of the Bankruptcy Code by which the Plan Administrator must assert at least certain of the Potential Claims is September 16, 2026 (the "Deadline").

E. The Parties wish to voluntarily extend the Deadline to avoid, if possible, the commencement of litigation if the Potential Claims can be resolved consensually.

---

[1] Any citation to "Docket No." contained herein shall refer to the docket entries within the bankruptcy case fashioned *In re Prime Capital Ventures, LLC*, Case No. 24-11029 (PGR) before the United States Bankruptcy Court for the Northern District of New York.

Docusign Envelope ID: F0917C47-385B-8112-8172-CD6BF9210C59


## AGREEMENT

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. Recitals. The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2. Tolling. The Deadline for the Plan Administrator to assert the Potential Claims against any of the other Parties to this Stipulation is hereby extended from September 16, 2026, through and including December 16, 2026 (the "Tolling Period").

3. Defenses Limitation. Any and all applicable statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised upon delay in filing, notifying or in taking any action (collectively, "Limitations Defenses") to prosecute the Potential Claims, and any defense and/or counterclaims of the Plan Administrator specifically related to these time-related deadlines (collectively, the "Defenses"), shall be waived and tolled during the Tolling Period. The Tolling Period shall not be used in calculating any Limitations Defenses applicable to the Potential Claims and the Defenses.

4. Effective Upon Signing. This Stipulation and the agreement embodied herein shall be effective upon execution by the Parties. To the extent that the Bankruptcy Court declines to sign and enter the Stipulation, or fails to sign and enter the Stipulation by the Deadline, the Parties agree to be bound by the terms herein and waive any claim that any such declination or delay by the Bankruptcy Court renders the terms of this Stipulation ineffective.

5. Amending the Draft Complaint. The Plan Administrator shall have the right to amend the Draft Complaint during the Tolling Period for any reason including to add additional facts or Plan Administrator Claims.

6. Preservation of Rights. Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the Parties hereto shall in no way be affected by this Stipulation and such rights, obligations, positions, claims and defenses are specifically reserved. The execution of this Stipulation, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall this Stipulation be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof. No independent claim or cause of action shall be created by this Stipulation; provided, however, that nothing contained in this Stipulation, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any Party to this Stipulation to seek to enforce this Stipulation.

7. Entire Agreement/No Oral Modification. The Parties represent that this Stipulation constitutes the entire agreement among the Parties in connection with the extension of Deadline with respect to the Potential Claims and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

8. Execution of Counterparts. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

9. Bankruptcy Court Jurisdiction/Choice of Law. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation. This Stipulation shall be governed by the laws of the State of New York.

10. No Waiver. No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

11. Severability. The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

12. Representations of Authority. The persons signing below each represent and warrant that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs. The undersigned counsel, each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

13. Costs. Each party to this Stipulation shall bear its own attorneys' fees and costs.

*[Signatures on next page]*

Dated: New York, New York
September 12, 2026

**KLESTADT & WINTERS JURELLER SOUTHARD & STEVENS, LLP**

DocuSigned by:

By: ______________________
848664190F3F4B7...

Fred Stevens
Lauren C. Kiss
Kevin B. Collins
286 Madison Avenue, 11th Floor
New York, New York 10017
Tel: (212) 972-3000
Email: fstevens@klestadt.com
lkiss@klestadt.com
kcollins@klestadt.com

*Counsel to Fred Stevens, Plan Administrator*

Dated: Syracuse, New York
9/11/2026

**HARRIS BEACH MURTHA**

Signed by:

By: Brian D. Roy
E4E39BC94CB64A3...

Brian D. Roy
333 West Washington Street
Suite 200
Syracuse, New York 13202
Tel: (315) 214-2052
Email: broy@harrisbeachmurtha.com

*Counsel to Caruso Home Builders, LLC, Sage Estates Malta, LLC, and Anthony V. Caruso*

#####