**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,

Debtor.

Case No. 24-11029 (PGR)
Chapter 11

**PLAN ADMINISTRATOR'S MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

**TO THE HONORABLE PATRICK G. RADEL,**
**UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens (the "Plan Administrator"), in his capacity as the Plan Administrator for Prime Capital Ventures, LLC, the above-captioned debtor ("Prime Capital," or the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his motion (the "Motion") seeking entry of an order establishing procedures (the "Proposed Procedures") to govern all adversary proceedings[1] brought by the Plan Administrator to recover damages under sections 544, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), New York Debtor and Creditor Law (the "DCL") §§ 273-276, and claims of unjust enrichment, aiding and abetting fraud, conversion, and breaches of fiduciary duties, among others. In support of the Motion, the Plan Administrator respectfully sets forth and states as follows:

## PRELIMINARY STATEMENT

Between September 14, 2026 and September 16, 2026, the Plan Administrator commenced forty (40) adversary proceedings (collectively, the "Avoidance Actions") seeking, among other things, the avoidance and recovery of certain fraudulent transfers. In order to efficiently administer

[1] This Motion applies to all Avoidance Actions (defined below).

and resolve the Avoidance Actions, the Plan Administrator seeks entry of the Proposed Order establishing certain procedures governing the Avoidance Actions, including: (a) extending the Avoidance Action Defendants' time to answer or otherwise respond to a complaint; (b) staying formal discovery in each Avoidance Action until, among other things, such action is mediated; and (c) establishing procedures for the mandatory mediation of each Avoidance Action. In addition, the Plan Administrator will file with the Court status updates every 90 days to keep the Court and interested parties informed of the status of each Avoidance Action.

The Plan Administrator believes that the Proposed Procedures set forth herein will promote a more efficient resolution of the Avoidance Actions without jeopardizing the purpose and effectiveness of the applicable Bankruptcy Rules. The Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 102(1) and 105(a) of the Bankruptcy Code and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## INTRODUCTION

3. On September 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") [Docket No. 1]

4. Information regarding the Debtor is set forth in the *Local Bankruptcy Rule 2015 Affirmation* [Docket No. 6].

5. On June 5, 2025, the Court entered an order directing the U.S. Trustee to appoint a trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 282], and the U.S. Trustee appointed Yann Geron as the Trustee [Docket No. 283].

6. On June 10, 2025, the Court entered an order approving the appointment of Yann Geron as the Trustee [Docket No. 287].

7. On February 11, 2026, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Pursuant to 11 U.S.C. § 1125 Approving Adequacy of Disclosure Statement for Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, as Modified, and (II) Pursuant to 11 U.S.C. § 1129 and Fed. R. Bankr. P. 3020 Confirming Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 401].

8. On February 26, 2026, the conditions precedent to the Effective Date set forth in section 7.2 of the Plan were satisfied or waived, and the Trustee certified that the Effective Date had occurred [Docket No. 407].

9. On April 22, 2026, pursuant to Section 5.1 of the Plan Administrator Agreement, Yann Geron, in his capacity as Plan Administrator, resigned.

10. On April 22, 2026, pursuant to Section 2.3 of the Plan Administrator Agreement, the Oversight Committee[2] appointed Fred Stevens, as successor Plan Administrator, effective immediately as of April 22, 2026 and Fred Stevens agreed to serve as successor Plan Administrator.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 369-1].

## RELIEF REQUESTED

11. The Plan Administrator filed the Avoidance Actions to avoid and recover transfers, pursuant to sections 544, 548, and 550 of the Bankruptcy Code and New York State law from approximately seventy (70) persons and businesses that are defendants in the Avoidance Actions (each a "Defendant" and, collectively, the "Defendants"). The Defendants are listed on **Schedule A** attached to this Motion. The Plan Administrator's claims against the Defendants range in amounts from $121,700 to $54 million.

12. By this Motion, the Plan Administrator seeks an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), approving the Proposed Procedures in connection with the Avoidance Actions. The Proposed Procedures are annexed as **Exhibit 1** to the Proposed Order. The Proposed Procedures are designed to streamline litigation and to promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate their claims and defenses in and to the Avoidance Actions before the Court.

## THE PROPOSED PROCEDURES

13. The following is a summary of the Proposed Procedures. The summary is intended to provide the Court and the interested parties with an overview of the Proposed Procedures. The Plan Administrator respectfully refers the Court and all parties in interest to the Proposed Procedures, attached as **Exhibit 1** to the Proposed Order for a full recitation of the Proposed Procedures.[3]

[3] To the extent there are any inconsistencies between the Proposed Procedures, as summarized and described in the Motion, and the Proposed Procedures annexed to the Proposed Order, the Proposed Order shall control.

**A. Extension of Time to Respond to Complaints**

14. The Proposed Procedures permit a Defendant to request up to four (4) thirty-day (30) extensions of the time to answer or otherwise respond to a complaint (the "Response Deadline") from the date set forth in the applicable summons served on that Defendant, inclusive of any extensions already consented to by the Plan Administrator.

15. The Plan Administrator shall be permitted to grant each requesting Defendant up to four (4) extensions of the Response Deadline without a written stipulation or agreement and without a specific order of the Court other than the relief provided in the Proposed Order to this Motion. However, neither the Plan Administrator nor any Defendant shall be prohibited from entering into a written stipulation extending the Response Deadline and other related relief on consent.

16. Upon a Defendant's second request for extension of the Response Deadline, the further extension requires the Defendant's agreement to waive its right to contest that service of the complaint was proper.

17. The Plan Administrator's authority to grant these extensions without Court intervention will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

**B. Waiver of Scheduling Conferences and Stay of Discovery Until Mediation Process Concludes**

18. The Plan Administrator also requests that the Court (a) waive the requirement of a scheduling conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these Avoidance Actions pursuant to Bankruptcy Rule 7026; and (b) stay formal discovery in all Avoidance Actions until the conclusion of the Mediation (defined below). Waiving and/or staying these requirements will facilitate settlements between the parties,

minimize costs and reduce the Court's administrative burden with respect to the Avoidance Actions.

19. Federal Rule 16(b), as incorporated by Bankruptcy Rule 7016, provides that a scheduling order may be issued only after the Court receives the parties' Rule 26(f) report or after the Court consults with the parties at a scheduling conference. However, good cause exists to waive the meet and confer requirement due to the filing of the Motion.

20. Following the conclusion of the mediation proposed herein, if mediation does not resolve the claims asserted against the named Defendants in each respective Avoidance Action, the Proposed Procedures provide a timeline for the service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact and expert discovery. Because of the number of Defendants, the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics and eases the administrative burden placed on the Court.

### C. The Mediation Process

21. Mandatory Mediation. The Proposed Procedures provide that, unless otherwise agreed by the Plan Administrator and a Defendant, any Avoidance Action that has not settled within thirty (30) days of the Defendant filing an answer or responsive pleading in the Avoidance Action (the "Mediation Trigger Date"), will be automatically referred to mediation (the "Mediation"). The Mediation will be privileged and confidential, and proceedings, discussions and written materials associated with the Mediation will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation operate as an admission of liability, wrongdoing or responsibility.

22. Mediators. Mediators will be chosen by Defendants from the list of mediators attached to the Proposed Order as **Exhibit 2** (collectively, the "Mediators"). Unless extended on consent of the Plan Administrator and the Defendant, a Defendant must select a mediator in writing within fourteen (14) days of the Mediation Trigger Date. If a Defendant does not timely choose a Mediator, the Plan Administrator will assign a Mediator. Limiting the number of Mediators assigned to the Avoidance Actions will, among other things: (a) ensure that the panel of Mediators that may be selected has a comprehensive understanding of the facts and issues common to the bankruptcy case and the Avoidance Actions, and (b) reduce the potential time and expense of negotiating with Defendants regarding proposed mediators.

23. Time/Place of Mediation. Avoidance Actions will be mediated either: (1) virtually by web-based video mutually agreed upon by the Mediator and the parties to the Mediation, which is preferred; or, alternatively (2) in the New York, New York metro area, at the law office of the Plan Administrator's counsel, the Mediator's office, or at another location agreed upon by the Mediator, unless the parties and the Mediator agree to another location to be determined by the Mediator after consideration of the parties' requests. Each Mediator will provide the Plan Administrator with dates when he or she is available. The Plan Administrator's counsel will contact Defendant or Defendant's counsel with a list of proposed dates for Mediation as provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis, and Defendants engaging in Mediation will receive at least twenty-one (21) calendar days' written notice of the date, time, and location of the mediation.

24. Position Papers/Presentations. At least fourteen (14) calendar days before Mediation, the Plan Administrator and the applicable Defendant(s) will be required to exchange position statements and to provide such statements to the selected Mediator, except that any party

that has confidential information may share the same solely with the Mediator. The Mediator will have full authority to determine the nature and order of the parties' presentations, and she/he may implement additional procedures as are reasonable, practical and appropriate under the circumstances. If any party fails to make required submissions or attend the Mediation as scheduled, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action, as applicable.

25. Attendance at Mediation. The Proposed Procedures anticipate that parties will participate in Mediation in good faith with a view towards settling the Avoidance Actions. Accordingly, each Mediation shall be attended in person by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, his/her counsel) as well as counsel for the Plan Administrator (who must have settlement authority from the Plan Administrator, as the Plan Administrator shall not be required to attend each Mediation in person). If any party fails to make the required submissions or to attend the Mediation as scheduled, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action, as applicable. The non-defaulting party shall promptly (within five (5) calendar days of the default) file with the Court a notice when the other party fails to comply with the mediation procedures set forth herein. Nothing herein shall prevent the Mediator from filing a letter or otherwise providing notice to the Court that one or more of the parties to the Mediation has not been acting in good faith. The Court, in its discretion, may schedule a conference to address the issues presented in the letter to the Court.

26. Fees. The parties shall share equally in the Mediator's fees, which shall be incurred on an hourly basis as agreed upon by the parties and the Mediator. In advance of the mediation and at the time Defendant provides the Mediator with its mediation or position statement,

Defendant shall also pay a retainer to the Mediator in the minimum amount of $2,500 (the "Mediation Retainer"), although the Mediator may require a larger Mediation Retainer as a condition to accepting the mediation. The Mediator shall hold the Mediation Retainer during the Mediation and will apply it against 50% of the fees incurred in the Mediation. The remaining 50% of the Mediator's fees will be invoiced to the Plan Administrator. The Mediator will return any unused portion of the Mediation Retainer to the Defendant upon the conclusion of the Mediation; however, the Mediator will be entitled to bill his/her time for preparation of cases which settle prior to Mediation. To the extent the Mediation Retainer is insufficient to cover the Defendant's portion of the costs of mediator, the Defendant shall pay any deficiency due to the Mediator without thirty (30) days of the close of the Mediation.

27. Conflicts of Interest. Without the prior consent of both parties, no Mediator will mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law firm represents a Defendant in another Avoidance Action, or any other proceeding pending in connection with the above-referenced Debtor's case, the Mediator will take all steps necessary to establish an ethical wall as required by any applicable rules of professional responsibility. So long as the ethical wall is effectively established, maintained, and observed, the Mediator's participation in the Mediation will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action, or any other proceeding pending in connection with the above-referenced Debtor's case. For the avoidance of doubt, each of the proposed mediators on the Mediator List has undertaken a preliminary conflict check prior to being added to the Mediator List filed in connection with the Plan Administrator's Motion.

**D. Settlement Procedures**

28. As part of the Procedures Order, the Plan Administrator is not requesting

streamlined procedures for resolving and approving settlement of the Avoidance Actions because the Plan included a provision regarding settlement procedures.

29. Section 5.3(a) of the Plan provides that the powers and duties of the Plan Administrator shall include, among other things:

> i. to act on behalf of the Debtor and the Post-Confirmation Estate in all adversary proceedings and contested matters (including, without limitation, any Avoidance Actions, Causes of Action, and Creditor Related Causes of Action to the extent of Creditor Assignments), then pending or that may be commenced in the Court and in all actions and proceedings pending or commenced elsewhere, and, subject to consultation with the Oversight Committee as stated below, to settle, retain, enforce, or dispute any adversary proceedings or contested matters (including, without limitation, any Causes of Action or Creditor Related Causes of Action to the extent of Creditor Assignments) and otherwise pursue actions involving Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise specifically waived or relinquished in the Plan;
>
> . . .
>
> ii. upon consultation with the Oversight Committee, to determine whether to bring, settle, release, or compromise Avoidance Actions, Causes of Action, and Creditor Related Causes of Action without the need for Court approval (all compromises must be approved by the Oversight Committee or the Court to the extent the Oversight Committee objects);
>
> . . .

Plan, §§ 5.3(iv), (vii).

30. Therefore, to the extent the Oversight Committee approves of a settlement recommended by the Plan Administrator, the resolution of the Avoidance Action will be noted in the status update. Alternatively, to the extent the Oversight Committee declines to approve a settlement recommended by the Plan Administrator, then Plan Administrator may file a motion seeking approval of such settlement under Bankruptcy Rule 9019 to the extent he disagrees with the Oversight Committee's declination.

**E. Status Updates**

31. If the Court authorizes the Proposed Procedures, the Plan Administrator proposes providing the Court with a written status update ninety (90) days after entry of the Proposed Order (and every 90 days thereafter). Each written report will list the status of each Avoidance Action and include the following information about each Avoidance Action, as applicable: (i) the case name and adversary proceeding number; (ii) the date the summons was served; (iii) the date a responsive pleading was filed or is due; (iv) the date a Notice of Mediator Selection (as defined in the Proposed Procedures) was filed and the name of the selected Mediator; (v) the date the Mediator's Report (as defined in the Proposed Procedures) was filed; (vi) whether the Avoidance Action has been consensually resolved; and (vii) the date on which any pretrial scheduling conference is scheduled or was held.

## ARGUMENT

### I. The Proposed Procedures are Reasonable and Appropriate to Streamline the Avoidance Actions to Maximize Cost Efficiency for the Debtor's Estate and to Reduce the Burden Placed on the Court

32. The Court has ample precedent upon which it can rely for authority to approve the Proposed Procedures. Federal Rule 16(a), as made applicable by Bankruptcy Rule 7016, authorizes courts to enter scheduling and other orders for the purpose of:

1. Expediting the disposition of the action;
2. Establishing early and continuing control, so that the case will not be protracted due to lack of management;
3. Discouraging wasteful pretrial activities; and
4. Facilitating the settlement of the case.

FED. R. CIV. P. 16(a).

33. Federal Rule 16(b) also authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to

the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

34. Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to implement the Proposed Procedures. In particular, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]." 11 U.S.C. § 105(a).

35. The Plan Administrator submits that the Plan Administrator's request for a referral to non-binding mediation comports with Rule 9019-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules") governing the referral of adversary proceedings to mediation. The Plan Administrator proposes a panel of six (6) mediators from which the Defendants can choose, rather than the entire mediation panel. A good faith reason exists for the creation of a specific mediator panel: a set list of specific mediators will aid the Plan Administrator and the Defendants alike, as a set group of mediators will become familiar with issues common to this bankruptcy case and the Avoidance Actions. Additionally, the costs to the estate are lessened when multiple adversary proceedings are mediated in blocks of time by the same mediator. Cost efficiencies will also be realized by Defendants in situations where defense counsel may represent multiple Defendants.

36. As the Proposed Procedures provide for non-binding mediation, it will not prejudice any party. In fact, the Plan Administrator submits that all parties and the Court will benefit from the mediation provisions in the Proposed Procedures by providing the opportunity to

resolve these matters without expensive, time consuming and burdensome litigation and/or a trial. Referring adversary proceedings to mediation has proven highly successful in other bankruptcy cases in which a debtor or Plan Administrator has prosecuted preference and/or fraudulent transfer actions.

37. Procedures orders containing mandatory, non-binding, facilitative mediation procedures similar to the provisions contained in the proposed Procedures Order have been entered in other cases with a large number of adversary proceedings. *See, e.g., In re SunEdison, Inc., et al.,* Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 18, 2018, ECF No. 5390)*; In re Advance Watch Co. Ltd.,* Chapter 11 Case No. 15-12690 (MG) (Bankr. S.D.N.Y. November 16, 2017, ECF No. 415); *In re Quebecor World (USA) Inc., et al.*, Chapter 11 Case No. 08-10152-JMP (Bankr. S.D.N.Y. March 10, 2016, ECF No. 3935); *In re Sears Holdings Corporation, et al.*, Chapter 11 Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Dec. 26, 2019, ECF No. 6282).

38. The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant; (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions; (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources; and (d) maximize the recovery of funds for creditors of the Debtor's estate. To the extent the Proposed Procedures deviate from the Local Rules and Appendix IV, Mediation Program for the U.S. Bankruptcy Court Northern District of New York, the Plan Administrator submits that such variations are warranted in light of the number of Avoidance Actions and the Defendants named therein, absent which it may be extremely difficult for this Court to administer these matters. Accordingly, the Plan Administrator believes that the Proposed Procedures are appropriate under the circumstances and in the best interest of the estate's creditors, as well as all other parties to the Avoidance Actions, and should

be approved.

**NOTICE**

39. The Plan Administrator will serve a copy of this Motion and notice on those parties who are required to receive notice under Bankruptcy Rule 2002, the U.S. Trustee, and all parties named as Defendants in the Avoidance Actions or their counsel.

40. No previous request for the relief sought herein has been made to this or any other Court.

*[Continued on next page]*

## CONCLUSION

**WHEREFORE**, the Plan Administrator respectfully requests that the Court grant the Motion, enter the Proposed Order in the form annexed hereto as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 24, 2026

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*

Fred Stevens
Lauren C. Kiss
Kevin B. Collins
286 Madison Avenue, 11th Floor
New York, New York 10017
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
lkiss@klestadt.com
kcollins@klestadt.com

*Counsel to the Plan Administrator*

# **Schedule A**

| Adversary Proceeding Number | Caption |
|---|---|
| 26-90021 | *Fred Stevens, as Plan Administrator v. 1stDibs.com, Inc.* |
| 26-90022 | *Fred Stevens, as Plan Administrator v. Automotive Intellect Design Inc. d/b/a AI Design* |
| 26-90023 | *Fred Stevens, as Plan Administrator v. Bonhams & Butterfields Auctioneers Corporation* |
| 26-90024 | *Fred Stevens, as Plan Administrator v. Cedric DuPont Antiques* |
| 26-90025 | *Fred Stevens, as Plan Administrator v. Giganti and Giganti, Inc. d/b/a Giganti & Giganti Fine Jewelry* |
| 26-90026 | *Fred Stevens, as Plan Administrator v. J-K Technologies, L.L.C.* |
| 26-90027 | *Fred Stevens, as Plan Administrator v. LuxAGe Group, Inc. d/b/a Luxury Bazaar* |
| 26-90028 | *Fred Stevens, as Plan Administrator v. New County Motor Car Group, Inc.* |
| 26-90029 | *Fred Stevens, as Plan Administrator v. S2T, LLC* |
| 26-90030 | *Fred Stevens, as Plan Administrator v. Timepiece Trading LLC* |
| 26-90031 | *Fred Stevens, as Plan Administrator v. Topgear Imports LLC* |
| 26-90032 | *Fred Stevens, as Plan Administrator v. Visbeen Architects, Inc.* |
| 26-90033 | *Fred Stevens, as Plan Administrator v. Wrist Aficionado LLC* |
| 26-90034 | *Fred Stevens, as Plan Administrator v. XO Global LLC* |
| 26-90035 | *Fred Stevens, as Plan Administrator v. RM Auctions, Inc.* |
| 26-90036 | *Fred Stevens, as Plan Administrator v. Commercial Capital Training Group, LLC* |
| 26-90037 | *Fred Stevens, as Plan Administrator v. Digital Marketing Training Group, LLC* |
| 26-90038 | *Fred Stevens, as Plan Administrator v. National Alliance of Commercial Loan Brokers, LLC* |
| 26-90039 | *Fred Stevens, as Plan Administrator v. Prime Commercial Lending, LLC* |
| 26-90041 | *Fred Stevens, as Plan Administrator v. 1000 Howard LLC* |
| 26-90042 | *Fred Stevens, as Plan Administrator v. Always There Transport Corporation* |
| 26-90043 | *Fred Stevens, as Plan Administrator v. Anvil Mechanical Inc. and Com company, LLC* |
| 26-90044 | *Fred Stevens, as Plan Administrator v. Bravo Enterprises Mid-South LLC and Matthew Thacker-Rhodes* |
| 26-90045 | *Fred Stevens, as Plan Administrator v. CMTH Development, Inc.* |
| 26-90046 | *Fred Stevens, as Plan Administrator v. Evepark London LP* |
| 26-90047 | *Fred Stevens, as Plan Administrator v. Heritage Farms Manistee LLC, CoCapital Funding Source LLC dba Capital Funding Source, and John and Jane Does 1 to 10* |
| 26-90048 | *Fred Stevens, as Plan Administrator v. Robert Sturm* |
| 26-90049 | *Fred Stevens, as Plan Administrator v. Wild Card Cannabis Incorporated* |
| 26-90050 | *Fred Stevens, as Plan Administrator v. Lake's Edge Development Group, LLC and Aspen Commercial Lending LLC* |

| Adversary Proceeding Number | Caption |
|---|---|
| 26-90051 | *Fred Stevens, as Plan Administrator v. The Lion Group DFW, LLC, Redeem-18 Main, LLC, Redeem Temple Courtyard, LLC, and Ketan Masters* |
| 26-90052 | *Fred Stevens, as Plan Administrator v. Onward Partners, LLC dba Brandless, Onward Holding, LLC and Clarke Capital Partners, LLC* |
| 26-90053 | *Fred Stevens, as Plan Administrator v. Lofts Phases 2 & 3 LLC* |
| 26-90054 | *Fred Stevens, as Plan Administrator v. SRA-CH Richland I LLC* |
| 26-90055 | *Fred Stevens, as Plan Administrator v. 3D Lundy, Ltd. And John or Jane Does 1 to 10* |
| 26-90056 | *Fred Stevens, as Plan Administrator v. Truss Financial LLC and CJI Trading LLC* |
| 26-90057 | *Fred Stevens, as Plan Administrator, and as assignee of third-party claims by creditor victims v. Indigo Pharmaceutical, LLC, Drawbridge Capital LLC, Dr. Murray Friedman, and John or Jane Does 1 to 10* |
| 26-90058 | *Fred Stevens, as Plan Administrator v. Norwell Ventures, LLC, Hudson & Hudson LLC, Lindey Fisher-Hudson, Henry Fisher, Nubridge Commercial Lending LLC, Farmers State Bank of Alto Pass, and John or Jane Does 1 to 10* |
| 26-90059 | *Fred Stevens, as Plan Administrator v. Berone Capital, LLC, Berone Capital Fund, LP, Jeremiah Beguesse, Fabian Stone, Reign Financial International, Inc., Giorgio Johnson, Gary Mills, Martin Karo, Juan Carlos A. Marquez, Quattro Capital LLC, Fran Karo, and John and Jane Does 1 to 10* |
| 26-90060 | *Fred Stevens, as Plan Administrator, and as assignee of third-party claims by creditor victims v. RBC Capital Markets, LLC and Royal Bank of Canada* |
| 26-90061 | *Fred Stevens, as Plan Administrator v. B and R Acquisition Partners LLC and JHM Lending Ventures LLC* |