So Ordered.

Signed this 16 day of October, 2026.

Patrick G. Radel
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

PRIME CAPITAL VENTURES, LLC,

Case No. 24-11029 (PGR)
Chapter 11

Debtor.

**ORDER ESTABLISHING STREAMLINED**
**PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

Upon the *Plan Administrator's Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings* (the "Motion")[1], filed by Fred Stevens (the "Plan Administrator"), in his capacity as the Plan Administrator for Prime Capital Ventures, LLC, the above-captioned debtor ("Prime Capital," or the "Debtor") by and through his counsel, Klestadt Winters Jureller Southard & Stevens LLP, for entry of an order (the "Procedures Order") establishing streamlined procedures governing the adversary proceedings brought by the Plan

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

Administrator to recover damages under sections 544, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), New York Debtor and Creditor Law §§ 273-276, and claims of unjust enrichment, aiding and abetting fraud, conversion, and breaches of the fiduciary duties, among others, from the Defendants set forth on Schedule A to the Motion (each an "Avoidance Action" and collectively, the "Avoidance Actions"); and the Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334 and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been given; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on October 15, 2026 (the "Hearing"); and upon the record of the Hearing and upon all proceedings had before the Court, and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and such relief is in the best interests of the Debtor's estate, its creditors and all parties in interest, including the Defendants named in the Avoidance Actions in that it will facilitate the prompt, economical and fair determination and resolution of the Avoidance Actions; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion be, and hereby is, granted.

2. All parties to the Avoidance Actions shall be governed by the procedures attached hereto as **Exhibit 1** (the "Avoidance Action Procedures") and incorporated herein by reference.

3. The Avoidance Action Procedures are hereby approved and shall govern the Avoidance Actions, retroactive to the date the Avoidance Actions were filed.

4. The Plan Administrator shall file a written status update ninety (90) days after entry of this Procedures Order and every ninety (90) days thereafter. Each written report shall list the status of each Avoidance Action and include the following information about each Avoidance Action, as applicable: (i) the case name and adversary proceeding number; (ii) the date the summons was served; (iii) the date a responsive pleading was filed or is due; (iv) the date a Notice of Mediator Selection (as defined in the Avoidance Action Procedures) was filed and the name of the selected Mediator (as defined in the Avoidance Action Procedures); (v) the date the Mediator's Report (as defined in the Avoidance Action Procedures) was filed; (vi) whether the Avoidance Action has been consensually resolved; and (vii) the date on which any pretrial scheduling conference is scheduled or was held.

5. The time periods set forth in this Procedures Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Procedures Order and the Avoidance Actions.

7. Counsel for the Plan Administrator shall serve a copy of this Procedures Order upon the Defendants in all the Avoidance Actions.

8. This Procedures Order shall be effective immediately upon its entry in the Debtor's case and the relief set forth herein shall be retroactive to the date the Plan Administrator filed the Avoidance Actions.

9. The Clerk shall file a copy of this Procedures Order in each Avoidance Action.

###

**Exhibit 1**

**AVOIDANCE ACTION PROCEDURES**

A. **Effectiveness of the Procedures Order**

1. The Procedures Order shall apply to all Defendants in the Avoidance Actions listed on **Schedule A** annexed to the Motion.

2. The Procedures Order will not alter, affect, or modify the rights of Defendants to seek a jury trial, to withdraw the reference, or to otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

B. **Extensions of Time to Answer or File Other Responsive Pleading to Complaint**

3. Defendants may receive up to four (4) thirty (30) day extensions of the time to file an answer or other responsive pleading to a complaint filed in the Avoidance Actions from the date set forth in the applicable summons (the "Response Deadline"). This is inclusive of any extensions already consented to by the Plan Administrator. The Plan Administrator shall be permitted to grant each requesting Defendant up to four (4) extensions of the Response Deadline without a written stipulation or agreement and without a specific order of the Court other than as provided in the Procedures Order. Nothing herein shall preclude the Plan Administrator from voluntarily entering into written stipulations with any of the Defendants to extend the Response Deadline.

   Upon a Defendant's second request for extension of the Response Deadline, the further extension requires the Defendant's agreement to waive its right to contest that service of the complaint was proper.

   If the parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter mediation prior to the Response Deadline, the Response Deadline shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Deadline shall be extended for an additional thirty (30) days following the completion and filing of the Mediator's Report (defined below).

C. **Waiver of Requirement to Conduct Pretrial Conference**

4. The pretrial conference requirement set forth in Federal Rule of Civil Procedure 16, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016, is waived and is not applicable with respect to the Avoidance Actions unless and until the Mediation process

(as detailed in Section E below) has concluded and the Parties are prepared to commence discovery.

D. **Waiver of Requirement to Conduct Scheduling Conference**

5. The mandatory meeting requirement set forth in Federal Rule of Civil Procedure 26(f), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026, is hereby waived and is not applicable with respect to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

E. **Discovery and Mediation**

6. All discovery in each of the Avoidance Actions is stayed until the mediation process (set forth below) is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plan Administrator and Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the mediation.

7. Any Avoidance Action that has not been resolved and/or settled within thirty (30) days from the date the answer is filed (the "Mediation Trigger Date") shall be referred to mandatory mediation ("Mediation") and the Mediation process that is further detailed in paragraphs 8 to 19 below. Notwithstanding the foregoing or any other requirement herein, the timing of mediation in a given adversary proceeding may be delayed in part upon agreement of all parties. The Mediation will be privileged, confidential and subject to all the protections of Federal Rule of Evidence 408 and its state law equivalents. The proceedings, discussions and written materials associated with the Mediation process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation process operate as an admission of liability, wrongdoing or responsibility, other than to prove that a party failed to comply with the Mediation process. All proceedings and writings incidental to the Mediation process shall be privileged and confidential and shall not be reported or placed in evidence.

8. Within fourteen (14) days of the Mediation Trigger Date, the Defendants in the Avoidance Actions shall choose a mediator from the list of proposed mediators, or such other mediator that the parties find mutually agreeable (each a "Mediator", collectively, the "Mediators") (the "Mediator List") attached as **Exhibit 2** to the Procedures Order and notify Plaintiff's counsel of their choice of Mediator by contacting counsel for the Plan Administrator, Fred Stevens and Lauren C. Kiss, Klestadt Winters Jureller Southard & Stevens LLP, in writing, via email at fstevens@klestadt.com and lkiss@klestadt.com. If a Defendant in an Avoidance Action does not timely choose a Mediator from the Mediator List and notify

Plaintiff's counsel of the same, Plaintiff will assign such Avoidance Action to one of the Mediators from the Mediator List. Within seven (7) days after the Defendant selects a Mediator or the Plan Administrator assigns a Mediator, the Plan Administrator shall file on the respective adversary proceeding docket a notice of mediator selection (the "Notice of Mediator Selection").

9. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether he/she has any conflicts with the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. The Mediators shall be required to file disclosures, if any, prior to the scheduling of any mediations in the Avoidance Actions. If the selected Mediator abstains, Defendant will be given another fifteen (15) days to select an alternate Mediator as described in Paragraph 8 above. For the avoidance of doubt, each of the proposed mediators on the Mediator List has undertaken a preliminary conflict check prior to being added to the Mediator List.

10. Without the prior consent of both parties, no Mediator will mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law firm represents a Defendant in another Avoidance Action, or any other proceeding pending in connection with the above-referenced Debtor's case, the Mediator will take all steps necessary to establish an ethical wall as required by any applicable rules of professional responsibility. So long as the ethical wall is effectively established, maintained, and observed, the Mediator's participation in the Mediation will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action, or any other proceeding pending in connection with the above-referenced Debtor's case. Upon the request of a Defendant when selecting a Mediator, the Mediator shall disclose whether his/her law firm represents any Defendant in another Avoidance Action.

11. Upon the selection of a Mediator, the Plaintiff, working with the Mediator, will commence scheduling the Mediation. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for Mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of the Mediation. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator. The Mediation will then be scheduled on a first-come, first-served basis. The mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

12. Plaintiff will give at least twenty-one (21) calendar days' written notice of the first date, time, and place of the Mediation in each Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant. Service by email upon the applicable Defendant, by and through its counsel, is acceptable.

13. Avoidance Actions will be mediated either: (1) virtually on a web-based video via a mutually agreeable platform between and among the Mediator and the parties to the Mediation, which is preferred; or, alternatively (2) in the New York, New York metro area, at the law office of the Plan Administrator's counsel, the Mediator's office, or at another location to be determined by the Mediator after consideration of the parties' requests. Rule 9019-1 of the Local Bankruptcy Rules for the Northern District of New York and Appendix IV, Mediation Program for the U.S. Bankruptcy Court Northern District of New York, concerning mediation procedures shall govern the mediations, except as otherwise set forth herein.

14. At least fourteen (14) days before the scheduled Mediation, the Plan Administrator and the applicable Defendant will be required to exchange position statements and to provide such statements to the selected Mediator, except to the extent that confidential information may be shared solely with the Mediator. The Mediator will have full authority to determine the nature and the order of the parties' presentations, and she/he may implement additional procedures as are reasonable, practical and appropriate under the circumstances. If any party fails to make required submissions or to attend the Mediation as scheduled, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action, as applicable. The non-defaulting party shall promptly (within 5 calendar days of the default) file with the Court a notice when the other party fails to comply with the mediation procedures set forth herein. Nothing herein shall prevent the Mediator from filing a letter or otherwise providing notice to the Court that one or more of the parties to a Mediation has not been acting in good faith. The Court, in its discretion, may schedule a conference to address the issues presented in the letter to the Court.

15. The Parties are expected to participate in Mediation in good faith with a view towards settling the Avoidance Actions. Accordingly, each Mediation must be attended in person by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, his/her counsel) as well as counsel for the Plan Administrator (who must have settlement authority from the Plan Administrator, as the Plan Administrator shall not be required to attend each Mediation in person). The Mediator will preside over the Mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances. Should a dispute arise between and among the parties with respect to the scheduling and logistics of the Mediation, which the Mediator is unable to resolve, then a party may apply to the Court via a letter to Judge Radel's chambers that is filed on the docket for the applicable Avoidance Action in advance of the scheduled Mediation outlining the issues and requesting a ruling thereon. The Court, in its discretion, may schedule a conference to address the issues presented in the letter to the Court. If the Court determines that a party

is not cooperating in good faith with the Mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the Mediation is not acting in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the Mediation. Sanctions may include, but are not limited to, attorneys' fees and costs of the Mediator.

16. Within seven (7) calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Avoidance Action, which shall be limited to stating only a) compliance or non-compliance with the Procedures Order and b) whether the Avoidance Action settled or did not settle.

17. The parties shall share equally in the Mediator's fees, which shall be incurred on an hourly basis as agreed upon by the parties and the Mediator. In advance of the mediation and at the time Defendant provides the Mediator with its mediation or position statement, Defendant shall also pay a retainer to the Mediator in the minimum amount of $2,500 (the "Mediation Retainer"), although the Mediator may require a larger Mediation Retainer as a condition to accepting the mediation. The Mediator shall hold the Mediation Retainer during the Mediation and will apply it against 50% of the fees incurred in the Mediation. The remaining 50% of the Mediator's fees will be invoiced to the Plan Administrator. The Mediator will return any unused portion of the Mediation Retainer to the Defendant upon the conclusion of the Mediation; however, the Mediator will be entitled to bill his/her time for preparation of cases which settle prior to Mediation. To the extent the Mediation Retainer is insufficient to cover the Defendant's portion of the costs of mediator, the Defendant shall pay any deficiency due to the Mediator without thirty (30) days of the close of the Mediation.

18. No Mediator shall be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or their agents, partners or employees or their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the Mediation or the subject matter of the Mediation, nor (b) shall be liable to any party for any act or omission in connection with any Mediation conducted pursuant to the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with these Mediation procedures or in the event a party is seeking sanctions pursuant to paragraph 15 above.

19. The Mediation shall be conducted so as to be completed within one hundred and twenty (120) days after the date the Notice of Mediator Selection is filed (the "Mediation End Date"), which deadline may be extended by the mutual consent of the Plan Administrator, the Defendant and the Mediator.

20. Following the conclusion of any Mediation that has not settled, or the Mediation End Date, whichever is first, the relevant parties shall have thirty (30) days to provide the disclosures required under Rule 7026(a)(1) (the "Initial Disclosures") to the other party.

21. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party at any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served by no later than forty-five (45) days after the Mediation End Date.

22. The parties to the Avoidance Actions shall have through and including one hundred and eighty (180) days from the Mediation End Date to complete non-expert fact discovery, including depositions of fact witnesses (the "Fact Discovery Deadline").

23. Unless the parties agree to a broader scope of discovery, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters (i) that are properly discoverable under the Bankruptcy Rules; and (ii) relate solely to the Avoidance Actions.

24. Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

25. Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Avoidance Actions.

26. Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

27. Should a discovery dispute arise, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery dispute, the complainant shall file with the Court and email to the Court's chambers, copying counsel for the respondent, a letter outlining said issues. The respondent must reply within two (2) business days by filing a letter on the docket with a copy email to the Court's chambers, copying counsel for the movant. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference or formal motion. At any ensuing

conference or hearing on a motion, the Court will ask the parties about their prior efforts to resolve the dispute.

28. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by Plaintiff on insolvency), and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtor, such report, if any, shall be made no later than forty-five (45) days after the Fact Discovery Deadline.

29. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts, and (b) Plaintiff's report on the insolvency of the Debtor, if any, shall be made to the adverse party no later than ninety (90) days after the Fact Discovery Deadline.

30. All expert discovery, including expert witness depositions, shall be concluded no later than one-hundred and fifty (150) days after the Fact Discovery Deadline.

31. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

F. **Dispositive Motions**

32. Any Defendant may file a dispositive motion, including but not limited to any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056), pursuant to the Federal Rules of Civil Procedure (made applicable to these adversary proceedings by the Federal Rules of Bankruptcy Procedure); however, if such dispositive motion is filed before mediation is concluded, the Plan Administrator's time to respond to such dispositive motion is extended until 30 days after the filing of a Mediator's Report stating that the mediation has concluded and a settlement has not been reached, or such other time to which the parties mutually agree. Further, any party seeking to file a motion for Summary Judgment must comply with Local Rule 7056-1.

G. **Settlement of Avoidance Actions**

33. As provided in Sections 5.3(iv), (vii) and (xvi) of the Trustee's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 369-1], the Plan Administrator is authorized to compromise or settle the Avoidance Actions without Court approval. Once

an Avoidance Action is concluded, a Notice of Dismissal or Stipulation of Dismissal shall be filed in the Avoidance Action.

H. **Miscellaneous**

34. If, after dispositive motions have been filed by a particular Defendant in an Avoidance Action and a decision on the same does not resolve the matter, the Avoidance Action against that particular Defendant shall be scheduled for a trial date that is convenient to the Court's calendar. Parties should be ready to proceed to trial within six (6) weeks after the Court renders such decision. Before seeking such trial date, the parties shall have met and conferred and agreed on their best estimate of the length of the trial, taking into account the procedures set forth below. When seeking such date, they shall inform the Court's Courtroom Deputy of such estimate, by filing a letter on the docket of the Avoidance Action. Normally, the Court expects the Avoidance Action trials will not take longer than one day. If the parties believe otherwise, they should arrange a pre-trial conference before scheduling the trial.

35. On or before two weeks before the trial, the parties shall have (a) met and conferred and used their best efforts to agree on a joint agreed exhibit book and shall have identified any exhibits whose admissibility is not agreed and (b) exchanged proposed witness lists.

36. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers (in hard copy) declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have previously sought (by email to the Court's chambers, with a copy to counsel for the opposing party) the Court's permission to examine direct witnesses at trial and (b) submit the joint exhibit book referred to in paragraph 35 above.

37. The deadlines and/or provisions contained in this Procedures Order may be extended and/or modified only by the Court upon written application and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court, and a copy emailed to the Judge's chambers, to be "So Ordered" by the Court.

38. FAILURE TO COMPLY WITH THESE PROCEDURES MAY RESULT IN DISMISSAL OR OTHER SANCTION. Delay or other acts or omissions may result in a sanction against the non-complying party. Therefore, it is incumbent upon the non-complying party to promptly bring such matters before the Court.

Exhibit 2-1

**Exhibit 2**

**LIST OF MEDIATORS**

1. David M. Banker
   Law Offices of David M. Banker, PLLC

2. Leslie A. Berkoff
   Moritt Hock & Hamroff LLP

3. Honorable Robert D. Drain (Ret.)

4. Lori Lapin Jones
   Lori Lapin Jones PLLC

5. Edward L. Schnitzer
   Womble Bond Dickinson (US) LLP

6. Honorable Alan S. Trust (Ret.)
   JAMS